**HAGENS BERMAN SOBOL SHAPIRO LLP**
REED R. KATHREIN (Bar No. 139304)
(reed@hbsslaw.com)
LUCAS E. GILMORE (Bar No. 250893)
(lucasg@hbsslaw.com)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel:     (510) 725-3000
Fax:     (510) 725-3001

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470

*Counsel for Ilya Trubnikov*
*and Roofers' Pension Fund, and*
*Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| FELICE BASSUK, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PLANTRONICS, INC., JOSEPH BURTON, CHARLES BOYNTON, and PAMELA STRAYER,<br><br>Defendants. | Case No. 4:19-cv-07481-JST<br><br>CLASS ACTION<br><br>**SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF THE STIPULATION AND [PROPOSED] ORDER APPOINTING ROOFERS' PENSION FUND AND ILYA TRUBNIKOV AS LEAD PLAINTIFF AND APPROVING THEIR SELECTION OF LEAD COUNSEL**<br><br>Date: February 26, 2020<br>Time: 2:00 p.m.<br>Dept.: Courtroom 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar |

SUPPLEMENTAL BRIEF
CASE NO. 4:19-cv-07481-JST

**TABLE OF CONTENTS**

I.      STATEMENT OF ISSUES TO BE DECIDED ...................................................................1

II.     INTRODUCTION .............................................................................................................1

III.    ARGUMENT.......................................................................................................................3

      A.      The PSLRA Expressly Permits Appointment of Co-Lead Plaintiffs.........................................................................................................3

      B.      Courts Routinely Appoint Co-Lead Plaintiffs When Movants Seek to Avoid Disputes Among Competing Movants........................................................................................4

      C.      Good Cause Exists to Appoint Both the Roofers' Pension Fund and Ilya Trubnikov as Co-Lead Plaintiff .....................................................................................................6

            1.      Appointing Co-Lead Plaintiffs Will Preserve Judicial Resources.......................................................................6

            2.      The Roofers' Pension Fund and Ilya Trubnikov Both Satisfy the Lead Plaintiff Requirements of the PSLRA.......................................................7

            3.      A Co-Lead Plaintiff Structure Yields Added Benefits to the Class.....................................................................9

      D.      The Proposed Co-Lead Counsel Structure Provides the Class With Substantial Benefits.......................................................10

IV.     CONCLUSION.................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Aronson v. McKesson HBOC, Inc.*,
   79 F. Supp. 2d 1146 (N.D. Cal. 1999) ........................................................................................8

*Bodri v. GoPro, Inc.*,
   2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) (Tigar, J.) ........................................................6, 8

*Booth v. Strategic Realty Trust, Inc.*,
   2014 WL 342625 (N.D. Cal. Jan. 27, 2014) (Tigar, J.) .............................................................4

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) .....................................................................................................4

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)........................................................................................................4

*In re Facebook, Inc. Sec. Litig.*,
   No. 5:18-cv-01725 (N.D. Cal. Aug. 3, 2018), ECF No. 56 (Davila, J.) ...................................5

*In re FireEye, Inc. Sec. Litig.*,
   No. 5:14-cv-05204 (N.D. Cal. May 1, 2015), ECF No. 64 (Davila, J.).....................................5

*Hatamian v. Advanced Micro Devices, Inc.*,
   No. 4:14-cv-00226 (N.D. Cal. Apr. 4, 2014), ECF No. 37 (Hamilton, C.J.)............................5

*Hedick v. Kraft Heinz Co.*,
   2019 WL 4958238 (N.D. Ill. Oct. 8, 2019)................................................................................7

*Hessefort v. Super Micro Comput., Inc.*,
   317 F. Supp. 3d 1056 (N.D. Cal. 2018) (Tigar, J.) .................................................................8, 9

*Huang v. Depomed, Inc.*,
   289 F. Supp. 3d 1050 (N.D. Cal. 2017) (Tigar, J.) .................................................................4, 7

*Kelly v. Elec. Arts, Inc.*,
   No. 3:13-cv-05837 (N.D. Cal. Feb. 25, 2014), ECF No. 16 (Illston, J.) ..................................5

*Lang v. Tower Group Int'l, Ltd.*,
   2014 WL 12779212 (S.D.N.Y. June 17, 2014) ..........................................................................9

*Markette v. XOMA Corp.*,
   2016 WL 2902286 (N.D. Cal. May 13, 2016) ...........................................................................8

*In re Netflix, Inc. Sec. Litig.*,
   No. 5:19-cv-04195 (N.D. Cal. Jan. 31, 2020), ECF No. 54 (Koh, J.) .......................................5

*Ret. Sys. v. Accuray Inc.*,
   2009 WL 3517667 (N.D. Cal. Oct. 26, 2009)............................................................................11

*Ret. Sys. v. Hospira, Inc.*,
   2012 WL 1339678 (N.D. Ill. Apr. 18, 2012) ...........................................................................6, 7

*Ret. Sys. v. Synovus Fin. Corp.*,
   2010 WL 11465298 (N.D. Ga. Feb. 2, 2010) .............................................................................5

*Steiner v. Aurora Foods Inc.*,
   2000 WL 33911305 (N.D. Cal. June 5, 2000) ..........................................................................11

*Taormina v. Annie's, Inc.*,
   No. 5:14-cv-02711 (N.D. Cal. Sept. 22, 2014), ECF No. 31 (Freeman, J.)................................5

*In re Tyco Int'l, Ltd. Sec. Litig.*,
   2000 U.S. Dist. LEXIS 13390 (D.N.H. Aug. 17, 2000) ...........................................................10

*In re Ubiquiti Networks, Inc. Sec. Litig.*,
   No. 12-cv-04677 (N.D. Cal. Nov. 30. 2012), ECF No. 30 (Rogers, J.).....................................5

*Vataj v. Johnson*,
   2020 WL 532981 (N.D. Cal. Feb. 3, 2020) .......................................................................3, 4, 7

*In re Xinhua Fin. Media, Ltd. Sec. Litig.*,
   No. 1:07-cv-03994 (LTS), ECF No. 20 (S.D.N.Y. Aug. 22, 2007).......................................1, 5

*In re Zynga Inc. Sec. Litig.*,
   2013 WL 257161 (N.D. Cal. Jan. 23, 2013) .............................................................................11

## Federal Statutes

15 U.S.C. § 78u–4(a)(3)(B)(v)...............................................................................................10

15 U.S.C. § 78u-4(a)(3)(A)(i) ..................................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................................................2, 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) .....................................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)......................................................................................8

PSLRA ............................................................................................................... *passim*

## Other Authorities

H.R. Rep. No. 104-369 (1995), *reprinted in* 1996 U.S.C.C.A.N. 730 ..........................................4

House Conference Report on the PSLRA...................................................................................4

Fed. R. Civ. P. 23.....................................................................................................3, 8, 9

## I. STATEMENT OF ISSUES TO BE DECIDED

In accordance with the Court's January 31, 2020 Order (ECF No. 60), Lead Plaintiff movants Roofers' Pension Fund and Ilya Trubnikov respectfully submit this supplemental brief in support of their request for joint appointment as Lead Plaintiff showing authority for appointing separate movants and appointing their selectin of two law firms representing movants as lead counsel, and showing good cause.

## II. INTRODUCTION

Good cause and ample authority exist for appointing Roofers' Pension Fund and Ilya Trubnikov as co-Lead Plaintiffs and approving their selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") to serve as co-Lead Counsel.

*First*, the requested relief promotes the interests of the Class. As other courts have recognized, investors will benefit from the movants' combined experience, sophistication, and joint decision-making.[1] Approval of the movants' respective firms as co-Lead Counsel affords the Class superior representation; specifically, two highly qualified and experienced securities class action firms with a track record of successfully collaborating on shareholder matters. This partnership increases the expertise and resources available to zealously prosecuting Plantronics investors' claims — a "force multiplier". Indeed, there are four Defendants who have retained two highly respected counsel with ample resources each. As is often the case, the amended complaint may name additional defendants and/or additional counsel may appear as the

---

[1] *See, e.g.*, *In re Xinhua Fin. Media, Ltd. Sec. Litig.*, No. 1:07-cv-03994 (LTS), ECF No. 20 at 2-3 (S.D.N.Y. Aug. 22, 2007) (endorsing stipulation between competing movants appointing them co-lead plaintiff because "employing a co-lead plaintiff structure . . . will also provide the proposed class with the substantial benefits of joint decision-making").

SUPPLEMENTAL BRIEF
CASE NO. 4:19-cv-07481-JST                                                              1

Defendants' interests diverge.[2] It is for these good reasons, Roofers' Pension Fund and Ilya Trubnikov independently decided to join forces and jointly seek appointment as Lead Plaintiff. Joint Decl., ¶¶ 4-5.[3]

**Second**, no party or Class member will suffer prejudice from movants' proposed co-lead plaintiff and co-counsel structure.  The joint appointment of Roofers' Pension Fund and Mr. Trubnikov is consistent with the statutory purposes of the PSLRA, which expressly authorizes appointment of a group of investors to serve as lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Roofers' Pension Fund and Mr. Trubnikov each claimed a larger financial interest than any other movant, and are therefore not seeking to collaborate for the purpose of aggregating their losses to supplant a competing movant.  To the contrary, the other lead plaintiff movants (and Defendants) have indicated their non-opposition to the proposed leadership of Roofers' Pension Fund and Mr. Trubnikov.  *See* ECF Nos. 38, 40, 44, 57 and 59.

Further, Roofers' Pension Fund and Mr. Trubnikov have taken significant steps to ensure their selected counsel efficiently and diligently litigate the case and maximize Class members' recovery on any successful resolution of the action.  Specifically, Roofers' Pension Fund and Mr. Trubnikov have negotiated a competitive fee arrangement with counsel capping the maximum amount of attorneys' fees and litigation expenses counsel may request.  Joint Decl., ¶ 9.  In addition, to ensure the efficient prosecution of the case and avoid duplication of efforts, they

---

[2] Robbins, Russell, Englert, Orseck, Untereiner & Sauber LLP and Fenwick & West LLP have appeared for Defendants Plantronics, Inc., Joseph Burton, Charles Boynton and Pamela Strayer. (ECF 46). In fact, Plantronics just announced that CEO Joe Burton has stepped down by mutual agreement and the terms of his separation are still being negotiated.  February 10, 2020 8-K at https://www.sec.gov/ix?doc=/Archives/edgar/data/914025/000091402520000013/a8-k2x10x20.htm.

[3] *See* Joint Declaration of Roofers' Pension Fund and Ilya Trubnikov in Support of Their Motion for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel, submitted herewith (the "Joint Decl.").

have directed proposed co-Lead Counsel to enter into a Joint Prosecution Agreement governing Counsels' activities in this litigation and counsel have begun working together to further prosecute this action . Joint Decl., ¶ 10. Both can be made available to the Court *in camera*.

***Finally***, as explained herein, there is a great weight of authority supporting entry of a stipulation between competing movants requesting to serve jointly as Lead Plaintiff.  Such stipulations avoid internecine fighting between plaintiffs and obviate the need for protracted briefing on the selection of lead plaintiff, thereby advancing conserving judicial resources and advancing the litigation.  Indeed, where, as here, the competing movants demonstrate their ability to oversee the litigation and their proposed lead counsel in an independent manner, courts have expressly endorsed such stipulations among competing lead plaintiff movants.  *See Vataj v. Johnson*, No. 4:19-cv-06996-HSG, 2020 WL 532981, at *4 (N.D. Cal. Feb. 3, 2020) (approving stipulation appointing competing institutional and individual investor movants as co-lead plaintiff, and approving their selection of law firms as co-lead counsel).

Accordingly, the Court should grant Roofers' Pension Fund and Mr. Trubnikov's request for joint appointment as Lead Plaintiff and approval of their selection of co-Lead Counsel.

### III.   ARGUMENT

#### A.   The PSLRA Expressly Permits Appointment of Co-Lead Plaintiffs

The plain text of the statute permits the appointment of co-lead plaintiffs.  The PSLRA creates a strong presumption that the Lead Plaintiff is the "person *or group of persons*" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *id*. § 78u-4(a)(3)(B)(i) (court "should appoint as lead plaintiff *the member or members* of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of the class

members"); *id*. § 78u-4(a)(3)(B)(iv).[4]  The legislative record affirms this reading.  *See* H.R. Rep. No. 104-369 at *32 (1995), *reprinted in* 1996 U.S.C.C.A.N. 730 ("The House Conference Report on the PSLRA stated that the lead plaintiff provisions were 'intended to encourage the most capable *representatives* of the plaintiff class to participate in class action litigation and to exercise supervision and control of the lawyers for the class.'").

Accordingly, this Court has appointed groups of class members as lead plaintiff.  *See Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1056 (N.D. Cal. 2017) (Tigar, J.) (appointing investor group's motion for lead plaintiff appointment); *Booth v. Strategic Realty Trust, Inc.*, No. 3:13-cv-04921-JST, 2014 WL 342625, at *2 (N.D. Cal. Jan. 27, 2014) (Tigar, J.) (appointing two individual investors who moved jointly as lead plaintiff).  Likewise, courts throughout the Ninth Circuit and the rest of the country have recognized that the PSLRA expressly permits the appointment of a group of class members as lead plaintiff.  *See, e.g.*, *In re Cavanaugh*, 306 F.3d 726, 731 n.8 (9th Cir. 2002) ("[A] 'group of persons' can collectively serve as a lead plaintiff[.]"); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff.").  While in some of these cases the class members determined to work together before filing their lead plaintiff motion, as discussed below there is strong precedent supporting the appointment of co-lead plaintiffs that moved separately and then decided to work together.

### B. Courts Routinely Appoint Co-Lead Plaintiffs When Movants Seek to Avoid Disputes Among Competing Movants

Courts in this district routinely appoint co-lead plaintiffs when movants stipulate to work together after the statutory deadline and are not simply joining forces to supplant another movant with a potentially larger financial interest.  *See, e.g.*, *Johnson*, 2020 WL 532981, at *4 (Gilliam,

---

[4] All emphasis is added and citations omitted unless otherwise noted.

J.) (approving stipulation appointing competing institutional and individual investor movants as co-lead plaintiff and approving their selection of law firms as co-lead counsel); *In re FireEye, Inc. Sec. Litig.*, No. 5:14-cv-05204 (N.D. Cal. May 1, 2015), ECF No. 64 at 4 (Davila, J.) (same); *Taormina v. Annie's, Inc.*, No. 5:14-cv-02711 (N.D. Cal. Sept. 22, 2014), ECF No. 31 at 5 (Freeman, J.) (same); *In re Facebook, Inc. Sec. Litig.*, No. 5:18-cv-01725 (N.D. Cal. Aug. 3, 2018), ECF No. 56 at 3 (Davila, J.) (approving stipulation appointing two competing institutional investor movants as co-lead plaintiff and their law firms as co-lead counsel);  *Hatamian v. Advanced Micro Devices, Inc.*, No. 4:14-cv-00226 (N.D. Cal. Apr. 4, 2014), ECF No. 37 at 3 (Hamilton, C.J.) (same); *In re Ubiquiti Networks, Inc. Sec. Litig.*, No. 12-cv-04677 (N.D. Cal. Nov. 30. 2012), ECF No. 30 at 2 (Rogers, J.) (same); *Kelly v. Elec. Arts, Inc.*, No. 3:13-cv-05837 (N.D. Cal. Feb. 25, 2014), ECF No. 16 at 2 (Illston, J.) (approving stipulation appointing two name plaintiffs as co-lead plaintiff and their law firms as co-lead counsel after no motions seeking appointment as lead plaintiff were timely filed); *Costanzo v. DXC Tech. Co.*, No. 5:19-cv-05794 (N.D. Cal. Nov. 20, 2019), ECF No. 20 at 4 (Freeman, J.) (approving stipulation appointing two competing movants and name plaintiff as co-lead plaintiff and their law firms as co-lead counsel); *In re Netflix, Inc. Sec. Litig.*, No. 5:19-cv-04195 (N.D. Cal. Jan. 31, 2020), ECF No. 54 at 4-6 (Koh, J.) (approving stipulation appointing two competing movants as co-lead plaintiff where one held options and the other held stocks and their law firms as co-lead counsel).

Similarly, district courts across the country regularly approve stipulations to resolve lead plaintiff disputes in situations such as this one.[5]  The key in these cases, as in this one, is that the

---

[5] *See, e.g.*, *In re Xinhua*, No. 1:07-cv-3994-LTS, ECF No. 20 at 2-3 (S.D.N.Y. Aug. 22, 2007) (endorsing stipulation appointing competing movants as co-lead plaintiff and their respective firms as co-lead counsel); *In re UBS AG Sec. Litig.*, No. 1:07-cv-11225, ECF No. 20 at 2 (S.D.N.Y. Mar. 6, 2008) (same); *City of Pompano Beach Gen. Emps.' Ret. Sys. v. Synovus Fin. Corp.*, No. 1:09-cv-01811-JOF, 2010 WL 11465298, at *3-4 (N.D. Ga. Feb. 2, 2010) (same).

---

SUPPLEMENTAL BRIEF
CASE NO. 4:19-cv-07481-JST                                                                                5

movants seeking to work together are not doing so for the purpose of aggregating their losses in an effort to supplant another movant with a greater financial interest.[6] Rather, two movants determined that the Class would be better served by their collaboration rather than a protracted dispute as to which should be deemed the "most adequate plaintiff." Such stipulated resolutions of competing lead plaintiff motions promote judicial efficiency and provide good cause for approving such stipulations, particularly when they are not opposed by any party—as is the case here. *See City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No, 1:11-cv-08332, 2012 WL 1339678, at *3 (N.D. Ill. Apr. 18, 2012) (citing colloquy in which the court encouraged competing lead plaintiff movants to reach agreement as an "excellent idea").

    **C.**      <u>**Good Cause Exists to Appoint Both the Roofers' Pension Fund and Ilya Trubnikov as Co-Lead Plaintiff**</u>

    **1.**      **Appointing Co-Lead Plaintiffs Will Preserve Judicial Resources**

Good cause exists to appoint the Roofers' Pension Fund and Mr. Trubnikov as Co-Lead Plaintiff because the appointment of both will preserve judicial resources, promote efficiency and expedite the prosecution of the Action. If the Roofers' Pension Fund and Mr. Trubnikov did not resolve their competing motions by stipulating to work together, the Court would be faced with a drawn-out lead plaintiff battle with multiple rounds of briefing. As demonstrated in the Joint Declaration submitted herewith, the Roofers' Pension Fund and Mr. Trubnikov decided to work together after considering the merits of their respective lead plaintiff motion submissions, and directed their respective counsel to submit a stipulation appointing both of them as Co-Lead Plaintiffs subject to the Court's approval. Joint Decl., ¶ 4. Obviating the need for such briefing and judicial resolution promotes efficiency and advances the timeline of this litigation.

---

[6] For this reason, this case is distinguishable from *Bodri v. GoPro, Inc.*, No. 4:16-cv-00232-JST, 2016 WL 1718217, at *3-4 (N.D. Cal. Apr. 28, 2016) (Tigar, J.), as the Roofers' Pension Fund and Mr. Trubnikov are not collaborating for the purpose of aggregating their loss to claim the largest financial interest.

Moreover, any arguments that competing movants raise to resolve lead Plaintiff motions can only benefit defendants, when they ultimately seek to oppose class certification and the certification of the lead plaintiff as class representatives.  Thus, while the PSLRA contemplates an adversarial briefing process, courts have recognized the benefits to the class when such adversarial briefing can be avoided.  *Compare Depomed, Inc.*, 289 F. Supp. 3d at 1055 (acknowledging the potential detriment to the class of adversarial lead plaintiff briefing), *with Johnson*, 2020 WL 532981, at *3 (approving resolution of lead plaintiff battle through stipulation); *Hedick v. Kraft Heinz Co.*, No. 1:19-cv-01339, 2019 WL 4958238, at *10 (N.D. Ill. Oct. 8, 2019) ("[T]he Court sees no problem with movants attempting to resolve competing lead plaintiff motions."); *Hospira*, 2012 WL 1339678, at *3 (approving effort to resolve competing motions as "excellent idea").

The efforts of the Roofers' Pension Fund and Mr. Trubnikov to resolve the competing Lead Plaintiff motions by agreement rather than engage in attacks that would benefit the Defendants in this Action, and to facilitate the expeditious and vigorous prosecution of the Action, should be approved by the Court.  Joint Decl., ¶¶ 4, 7.

### 2. The Roofers' Pension Fund and Ilya Trubnikov Both Satisfy the Lead Plaintiff Requirements of the PSLRA

The Court has good cause to appoint both the Roofers' Pension Fund and Mr. Trubnikov as co-Lead Plaintiff because they fulfill the Lead Plaintiff requirements of the PSLRA.  First, the Roofers' Pension Fund and Mr. Trubnikov each filed timely motions under the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Roofers' Pension Fund and Mr. Trubnikov timely moved for appointment as Lead Plaintiff and approval of their selections for Lead Counsel through the filing of their respective motions on January 13, 2020.  *See* ECF Nos. 22, 31.

Second, the Roofers' Pension Fund and Mr. Trubnikov are the presumptive "most adequate plaintiff" because there are no competing movants seeking Lead Plaintiff appointment

that have a larger financial interest in the litigation. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). All other movants who submitted lead plaintiff motions on January 13, 2020 have since withdrawn their motions or filed notices of non-opposition. *See* ECF Nos. 38, 40, 44, and 57. Moreover, Mr. Trubnikov and the Roofers' Pension Fund each lay claim to having the largest financial interest, under the various metrics used in this District to appoint lead plaintiff. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1157-58 (N.D. Cal. 1999) (citing with approval the use of the four "*Olsten-Lax*" factors for determining largest financial interest: (1) number of shares purchased during the class period; (2) number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) approximate losses suffered during the class period); *GoPro, Inc.*, 2016 WL 1718217, at *3 (Tigar, J.) (expressing preference for LIFO loss over retained shares in a case where there are multiple partial disclosures); *Markette v. XOMA Corp.*, No. 4:15-cv-03425-HSG, 2016 WL 2902286, at *6 (N.D. Cal. May 13, 2016) ("[T]he retained shares method most accurately establishes the loss amount [where] Plaintiff's complaint alleges that a single disclosure revealed Defendants' purported fraud and does not suggest that any partial disclosures occurred during the class period."). In this Action (which involves a single alleged corrective disclosure), demonstrating the potential dispute that could arise from a protracted lead plaintiff motion stage, the Roofers' Pension Fund claims the largest loss based upon number of shares purchased, net shares purchased, and net funds expended during the Class Period, and Mr. Trubnikov claims the largest LIFO loss during the Class Period.

Third, the Roofers' Pension Fund and Mr. Trubnikov otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, a movant "need only make a *prima facie* showing of its typicality and adequacy." *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018) (Tigar, J.). "The test of typicality is whether other members have the same

or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* at 1061. Both movants indicated in their Lead Plaintiff motions that their claims and the claims of all other Class members arise from the same course of conduct and their legal arguments to prove Defendants' liability are identical because they (1) purchased Plantronics securities during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were harmed when the truth was revealed. ECF Nos. 22 at 6, 31 at 5.

The Roofers' Pension Fund and Mr. Trubnikov similarly satisfy the adequacy requirement of Rule 23. "The test for adequacy is whether the class representative and his counsel 'have any conflicts of interest with other class members' and whether the class representative and his counsel will 'prosecute the action vigorously on behalf of the class.'" *Super Micro Comput.*, 317 F. Supp. 3d at 1061. Their interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Roofers' Pension Fund and other Class members. The Roofers' Pension Fund and Mr. Trubnikov have substantial losses at stake and have committed to the efficient and zealous prosecution of investors' claims. Joint Decl., ¶¶ 2-3, 7. They intend to oversee the litigation and the proposed Lead Counsel in an independent and vigorous manner. *Id.* ¶ 5.

### 3. A Co-Lead Plaintiff Structure Yields Added Benefits to the Class

There is good cause to appoint both the Roofers' Pension Fund and Mr. Trubnikov as Co-Lead Plaintiff because a co-lead structure provides added advantages to the Class through the pooling of financial resources, knowledge, and experiences, and from the benefits of joint decision-making. *See Lang v. Tower Group Int'l, Ltd.*, No. 1:13-cv-05852-AT-RLE, 2014 WL 12779212, at *3 (S.D.N.Y. June 17, 2014) (a co-lead plaintiff structure provides the class with

the substantial benefit of joint decision-making, joint funding, and added oversight of the litigation by two sophisticated investors).

Here, the joint appointment of the Roofers' Pension Fund and Mr. Trubnikov as Lead Plaintiff ensures the sharing of experiences and resources by two sophisticated investors, which will add substantial value to the prosecution of this case and to the benefit of the Class. *See* Joint Decl., ¶ 6. They have already successfully negotiated a unified fee agreement with their proposed Co-Lead Counsel law firms capping the maximum amount of attorneys' fees and litigation expenses, to ensure that having multiple firms will not incur any extra fees to the Class. *See id.* ¶ 9; Stipulation, ECF No. 58 ¶ 16.

**D.    <u>The Proposed Co-Lead Counsel Structure Provides the Class With Substantial Benefits</u>**

The PSLRA provides that the lead plaintiffs shall, subject to Court approval, select and retain counsel to represent the class they seek to represent. 15 U.S.C. § 78u–4(a)(3)(B)(v). Roofers' Pension Fund and Ilya Trubnikov have selected Bernstein Litowitz and Hagens Berman to serve as co-Lead Counsel. Joint Decl., ¶¶ 7-8. Both firms have recently successfully and harmonious joined forces to work together in another matter in this District. The Court should approve the selection of these two law firms as Co-Lead Counsel because doing so provides the Class with additional protection and both firms are highly experienced in working collaboratively and efficiently alongside other firms.

Courts have recognized the benefits of approving more than one firm as co-lead counsel in PSLRA actions. *See, e.g.*, *In re Tyco Int'l, Ltd. Sec. Litig.*, MDL No. 00-MD-1335-B, 2000 U.S. Dist. LEXIS 13390, at *35-36 (D.N.H. Aug. 17, 2000) (coordinated prosecution of action by multiple law firms "may provide the purported class with the benefits of combined resources or expertise, which may be especially valuable in a complex case"). The appointment of both of these firms as Co-Lead Counsel in this action would be consistent with a multitude of similar

securities class actions in this district in which courts have approved the appointment of multiple co-lead counsel.[7]

As demonstrated in the parties' Lead Plaintiff motions, both Bernstein Litowitz and Hagens Berman are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated an ability to conduct complex securities class action litigation effectively. *See* ECF No. 22-5 (Bernstein Litowitz Firm Resume); ECF No. 31-6 (Hagens Berman Firm Resume). Each of the proposed Co-Lead Counsel law firms have successfully handled numerous securities class action cases both in this district and across the country, and recently served together as plaintiffs' counsel in *In re McKesson Corp. Deriv. Litig.* (N.D. Cal.), in which they obtained a recovery of $175 million. The pooling of their respective resources, experience, and knowledge is necessary to obtain the best possible outcome for the Class.

Moreover, the two law firms have already agreed to divide work performed on the case equally, and to coordinate efforts to avoid the unnecessary duplication of efforts with respect to discovery, briefing, trial, and all other pertinent matters. With respect to the reporting and monitoring of time and costs, each of the proposed Co-Lead Counsel law firms, as well as their respective staff, maintain contemporaneous time records, and regularly monitor and control outside costs. In addition, and as stated in the parties' Stipulation (ECF No. 60) and the Joint Declaration, movants Roofers' Pension Fund and Mr. Trubnikov have successfully negotiated a

---

[7] As previously noted, courts in this district routinely appoint two law firms as co-lead counsel. *See supra* Part B (collecting cases wherein the court endorsed stipulations appointing co-lead counsel). *See also, e.g.*, *City of Ann Arbor Emps.' Ret. Sys. v. Accuray Inc*., No. 4:09-cv-03362-CW, 2009 WL 3517667, at *3 (N.D. Cal. Oct. 26, 2009) (approving the lead plaintiff's choice of multiple law firms as co-lead counsel); *In re Zynga Inc. Sec. Litig*., No. 3:12-cv-04007-JSC, 2013 WL 257161, at *3 (N.D. Cal. Jan. 23, 2013) (same); *Steiner v. Aurora Foods Inc*., No. 4:00-cv-00602-CW, 2000 WL 33911305, at *5 (N.D. Cal. June 5, 2000) (same).

competitive fee arrangement with Bernstein Litowitz and Hagens Berman capping the maximum amount of attorneys' fees and litigation expenses counsel may request if there is a successful resolution of the case and have instructed counsel to conduct the litigation in an efficient manner. Joint Decl., ¶ 9.

Accordingly, the appointment of Bernstein Litowitz and Hagens Berman as Co-Lead Counsel in this Action is appropriate.

## IV.   CONCLUSION

For the reasons stated above, as well as for the reasons provided in the Joint Declaration and the respective Lead Plaintiff applications (*see* ECF Nos. 22, 31), and Stipulation (ECF No. 58), movants Roofers' Pension Fund and Ilya Trubnikov have shown good cause and request that they be appointed as Co-Lead Plaintiffs in the above-referenced action, and that their selection of Hagens Berman and Bernstein Litowitz as Co-Lead Counsel be approved.

DATED:  February 11, 2020

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Reed R. Kathrein*
REED R. KATHREIN (Bar No. 139304)
(reed@hbsslaw.com)
LUCAS E. GILMORE (Bar No. 250893)
(lucasg@hbsslaw.com)
DANIELLE SMITH (Bar No. 291237)
(danielles@hbsslaw.com)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Tel:    (510) 725-3000
Fax:    (510) 725-3001

-and-

STEVE W. BERMAN
(steve@hbsslaw.com)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel:    (206) 623-7292
Fax:    (206) 623-0594

DATED:  February 11, 2020

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

/s/ Jonathan D. Uslaner
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470

-and-

AVI JOSEFSON
(avi@blbglaw.com)
MICHAEL D. BLATCHLEY
(michaelb@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel:     (212) 554-1400
Fax:     (212) 554-1444

*Counsel for Ilya Trubnikov and Roofers' Pension Fund and Proposed Lead Counsel for the Class*