GARY A. ORSECK (admitted *pro hac vice*)
gorseck@robbinsrussell.com
ALISON C. BARNES (admitted *pro hac vice*)
abarnes@robbinsrussell.com
MATTHEW M. MADDEN (admitted *pro hac vice*)
mmadden@robbinsrussell.com
JOHN B. GOERLICH (admitted *pro hac vice*)
jgoerlich@robbinsrussell.com
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
2000 K Street, NW, 4th Floor
Washington, DC 20006
Telephone:      (202) 775-4500
Facsimile:      (202) 775-4510

SUSAN SAMUELS MUCK (CSB No. 126930)
smuck@fenwick.com
FIONA Y. TANG (CSB No. 298101)
ftang@fenwick.com
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
Telephone:      (415) 875-2300
Facsimile:      (415) 281-1350

*Attorneys for Defendants Plantronics, Inc., Joseph
Burton, Charles Boynton, and Pamela Strayer*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC.<br>SECURITIES LITIGATION | **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date:          January 13, 2021<br>Time:          2:00 PM<br>Courtroom:  6, 2nd Floor<br>Judge:         Hon. Jon S. Tigar<br>Date Filed:   November 13, 2019 |

[PROPOSED] ORDER GRANTING MOT. TO
DISMISS AMENDED COMPLAINT`

CASE NO. 4:19-cv-07481-JST

The motion of defendants Plantronics, Inc. ("Plantronics"), Joseph Burton, Charles Boynton, and Pamela Strayer (collectively, "Defendants") to dismiss plaintiffs' Amended Class Action Complaint (the "AC," Dkt. No. 72) came on regularly for hearing before the Court on January 13, 2021.  The parties were represented by their respective counsel of record.

After considering the papers submitted by the parties and the argument of counsel, the Court finds that plaintiffs have not alleged facts sufficient to state a claim for violation of Sections 10(b) or 20(a) of the Securities Exchange Act of 1934. The Court holds that:

1.      Plaintiffs have failed to sufficiently allege that any challenged statement was false or misleading when made;

2.      Plaintiffs have failed to raise a strong inference of scienter as to any defendant; and

3.      Plaintiffs have not pleaded a claim for control person liability under Section 20(a) because the AC does not plead an underlying violation of Section 10(b).

The Court further finds that the allegations in the AC do not, in any event, state a plausible theory of Defendants' liability.  Nor is there a reasonable likelihood that Plaintiffs can cure their failure to plead an actionable misstatement or omission.  Granting Plaintiffs leave to amend therefore would be futile.  Thus, it is HEREBY ORDERED that Defendants' motion to dismiss the AC pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED, and the AC is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: _____          _____

The Honorable Jon S. Tigar
United States District Court Judge