GARY A. ORSECK (admitted *pro hac vice*)
gorseck@robbinsrussell.com
ALISON C. BARNES (admitted *pro hac vice*)
abarnes@robbinsrussell.com
MATTHEW M. MADDEN (admitted *pro hac vice*)
mmadden@robbinsrussell.com
JOHN B. GOERLICH (admitted *pro hac vice*)
jgoerlich@robbinsrussell.com
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
2000 K Street, NW, 4th Floor
Washington, DC 20006
Telephone:     (202) 775-4500
Facsimile:     (202) 775-4510

SUSAN SAMUELS MUCK (CSB No. 126930)
smuck@fenwick.com
FIONA Y. TANG (CSB No. 298101)
ftang@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:     (415) 875-2300
Facsimile:     (415) 281-1350

*Attorneys for Defendants Plantronics, Inc.,
Joseph Burton, Charles Boynton, and Pamela Strayer*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | No. 4:19-cv-07481-JST<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date:          January 13, 2021<br>Time:          2:00 PM<br>Courtroom:  6, 2nd Floor<br>Judge:         Hon. Jon S. Tigar<br>Date Filed:  November 13, 2019 |

DEFS' REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF MOTION TO DISMISS AC

CASE NO. 4:19-cv-07481-JST

**REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, Defendants Plantronics, Inc. ("Plantronics," or the "Company"), Joseph Burton, Charles Boynton, and Pamela Strayer (collectively, "Defendants") hereby request that, in connection with their accompanying Motion to Dismiss the Amended Class Action Complaint, the Court take judicial notice of the following documents, attached as Exhibits A to J to the Declaration of Matthew M. Madden in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint ("Madden Declaration"), filed concurrently herewith. These Exhibits are all SEC filings and earnings and investor presentation transcripts. In addition, the Court may consider many of these documents pursuant to the "incorporation by reference" doctrine.

1.    Plantronics's June 18, 2019, investor webinar transcript, which is quoted and referred to in the Amended Class Action Complaint ("AC") and is **Exhibit A** to the Madden Declaration.

2.    Plantronics's August 6, 2019, earnings call transcript, which is quoted and referred to in the AC and is **Exhibit B** to the Madden Declaration.

3.    Plantronics's November 5, 2019, earnings call transcript, which is quoted and referred to in the AC and is **Exhibit C** to the Madden Declaration.

4.    Plantronics's May 7, 2019, earnings call transcript, which is quoted and referred to in the AC and is **Exhibit D** to the Madden Declaration.

5.    Plantronics's Form 10-Q for the quarterly period ended June 30, 2018, filed with the SEC on August 7, 2018, which is quoted and referred to in the AC and the relevant excerpts of which are **Exhibit E** to the Madden Declaration.

6.    Joseph Burton's Form 4 dated and filed with the SEC on August 6, 2018, which is **Exhibit F** to the Madden Declaration.

7.    Joseph Burton's Form 4 dated September 10, 2019 and filed with the SEC on September 11, 2019, which is **Exhibit G** to the Madden Declaration.

8.    Plantronics's press release titled "Plantronics Announces Expansion of Stock Repurchase Program," which was filed with the SEC as an attachment to Plantronics's Form 8-K on November 29, 2018, and is **Exhibit H** to the Madden Declaration.

DEFS' REQUEST FOR JUDICIAL NOTICE                                   CASE NO. 4:19-cv-07481-JST
IN SUPPORT OF MOTION TO DISMISS AC            - 1 -

9.      Plantronics's May 27, 2020, earnings call transcript, which is **Exhibit I** to the Madden Declaration.

10.     Plantronics's Form DEF 14A filed with the SEC on May 17, 2019, which is quoted and referred to in the AC and the relevant excerpts of which are **Exhibit J** to the Madden Declaration.

## A.      The Court May Take Judicial Notice Of SEC Filings And Earnings Call And Investor Presentation Transcripts

"In ruling on a 12(b)(6) motion to dismiss, the Court 'must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Lopes v. Fitbit, Inc.*, 2020 WL 1465932, at *2 (N.D. Cal. Mar. 23, 2020) (Tigar, J.) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  Among the types of documents that courts take judicial notice of are SEC filings and earnings call transcripts.  *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (taking judicial notice of SEC filings and "other publicly available financial documents" "was proper"); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1058 (N.D. Cal. 2012) ("SEC filings or transcripts of [the defendant]'s earnings calls . . . are proper subjects of judicial notice.").  Here, all of the Exhibits to the Madden Declaration are either SEC filings (Exhibits E-H, J) or investor or earnings call transcripts (Exhibits A-D, I).  Therefore, they are proper subjects of judicial notice.  Judicial notice of SEC filings is proper regardless of whether the filings are referenced in the complaint or filed with the SEC outside the alleged class period.  *In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1149 n.2 (C.D. Cal. 2007); *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005).

## B.      Alternatively, The Exhibits To The Madden Declaration Are Incorporated By Reference Into The Complaint

In the alternative, six of the Exhibits to the Madden Declaration—Exhibits A-E and J—are incorporated by reference into the Amended Complaint (Dkt. No 72).  "[T]he 'incorporation by reference' doctrine . . . permits [courts] to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).  A court should consider the full text of

such documents, even if the complaint only relies on excerpts.  *See, e.g.*, *In re Bare Escentuals, Inc., Securities Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2012) ("[W]here a plaintiff references and relies on a particular document as part of the moving allegations of the complaint . . . the court is justified in looking outside the four corners of the complaint, to the document itself if offered."); *Cement Masons & Plasterers Joint Pension Trust v. Equinix, Inc.*, 2012 WL 685344, at *5 n.4 (N.D. Cal. Mar. 2, 2012) ("Where a plaintiff fails to attach to the complaint the documents upon which the complaint is premised, a defendant may attach such documents in order to show that they do not support the plaintiff's claim.").

Exhibits A-E and J to the Madden Declaration are all quoted and discussed in the Amended Complaint.  Plaintiffs quote excerpts from an investor webinar at AC ¶ 99; Exhibit A is a transcript of that webinar.  The earnings call transcripts—Exhibits B, C, and D—are referenced at AC ¶¶ 93-94 (Ex. D), 102-04 (Ex. C), and 110-12 (Ex. B).  Plaintiffs reference Plantronics's "August 7, 2018 . . . quarterly report on Form 10-Q"—Exhibit E—at AC ¶ 77.  And Plaintiffs' discussion of Burton's compensation at AC ¶¶ 133 and 135 takes that information from Plantronics's "Form DEF14A Proxy Statement filed with the SEC on May 17, 2019"—that is, Exhibit J.  Those Exhibits, therefore, are incorporated by reference into the Amended Complaint and the Court may consider them in their entirety.  *See, e.g.*, *Knievel*, 393 F. 3d at 1076.

For the foregoing reasons, Defendants respectfully ask the Court to take judicial notice of Exhibits A to J of the Madden Declaration.

DATED:  August 7, 2020

ROBBINS, RUSSELL, ENGLERT, ORSECK, UNTEREINER & SAUBER LLP
/s/ Gary A. Orseck
Gary A. Orseck (admitted *pro hac vice*)

FENWICK & WEST LLP
Susan Samuels Muck (CSB No. 126930)

*Attorneys for Defendants Plantronics Inc., Joseph Burton, Charles Boynton, and Pamela Strayer*