**HAGENS BERMAN SOBOL SHAPIRO LLP**
LUCAS E. GILMORE (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com

*Counsel for Lead Plaintiff Ilya Trubnikov and*
*Co-Lead Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
LAUREN A. ORMSBEE (*admitted pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile:(212) 554-1444
lauren@blbglaw.com

*Counsel for Lead Plaintiff Roofers' Pension*
*Fund and Co-Lead Counsel for the Class*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | No. 4:19-cv-07481-JST<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date: January 13, 2021<br>Time: 2:00 PM<br>Courtroom: 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar<br>Date Filed: November 13, 2019 |

# TABLE OF CONTENTS

**Page**

I.    ARGUMENT ........................................................................................................... 1

    A.    Standards of Judicial Notice and Incorporation By Reference ............................... 1

    B.    Defendants Improperly Invoke Judicial Notice and Incorporation by Reference .................................................................................................................... 2

II.   CONCLUSION ........................................................................................................ 8

PLAINTIFFS' OPP. TO MOT. FOR R.J.N.          i
Case No.: 4:19-cv-07481-JST

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bryant v. Mickelsen*,
551 F. App'x 348 (9th Cir. 2014) ...................................................................................7

*Eastman v. Apple*,
2019 WL 3934805 (N.D. Cal. Aug. 20, 2019) ...............................................................1

*In re Dura Pharms., Inc. Sec. Litig.*,
548 F. Supp. 2d 1126 (S.D. Cal. 2008)...........................................................................2

*In re LDK Solar Sec. Litig.*,
584 F. Supp. 2d 1230 (N.D. Cal. 2008) ..........................................................................2

*In re Viropharma Inc. Sec. Litig.*,
21 F. Supp. 3d 458 (E.D. Pa. 2014) ................................................................................5

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .............................................................................. *passim*

*Kuzmenko v. Lynch*,
606 F. App'x 399 (9th Cir. 2015) ...................................................................................7

*Plevy v. Haggerty*,
38 F. Supp. 2d 816 (C.D. Cal. 1998) ..............................................................................7

*Reina-Rodriguez v. United States*,
655 F.3d 1182 (9th Cir. 2011) ....................................................................................3, 6

*Ritz Camera & Image, LLC v. SanDisk Corp.*,
772 F. Supp. 2d 1100 (N.D. Cal. 2011) .......................................................................2, 3

*Rollins v. Dignity Health*,
338 F. Supp. 3d 1025 (N.D. Cal. 2018) ........................................................................1, 2

*Ruiz v. City of Santa Maria*,
160 F.3d 543 (9th Cir. 1998) ...........................................................................................7

*Wochos v. Tesla, Inc.*,
2018 WL 4076437 (N.D. Cal. Aug. 27, 2018) ...............................................................2

Defendants[1] have moved the Court to judicially notice or consider as "incorporated by reference" 10 exhibits purportedly referred to and incorporated in the Amended Class Action Complaint (the "Request Motion"). ECF Nos. 76 & 77.  In arguing their Motion to Dismiss the Amended Class Action Complaint (the "Motion to Dismiss" or "D. Br.", ECF No. 75), Defendants do not merely seek notice of these exhibits' contents.  Instead, they attempt to persuade the Court to determine the truth of the documents' contents and accept disputed facts. Both the Ninth Circuit and this Court have rejected this "improper application of judicial notice and the incorporation-by-reference doctrine." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) (denying requests for judicial notice and noting "Defendants repeatedly do what *Khoja* forbids – ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint"); *Eastman v. Apple*, Inc., 2019 WL 3934805, at *5 (N.D. Cal. Aug. 20, 2019) (denying request for judicial notice of patents and patent application because "[defendant] does not simply ask the Court to take judicial notice of the *fact* that the documents were in the public realm. Rather, [defendant] asks the Court to judicially notice the documents' *contents* as disclosing . . . claimed inventions") (emphasis in original). The Court should do so again here.

## I.    ARGUMENT

### A.    <u>Standards of Judicial Notice and Incorporation By Reference</u>

In *Orexigen,* 899 F.3d at 998, the Ninth Circuit instructs district courts to exercise caution when they are requested to take judicial notice of or incorporate by reference documents on a motion to dismiss:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents

---

[1] Capitalized terms herein shall have the same meaning as the defined terms in Lead Plaintiff's Memorandum of Law in Opposition to Defendants' Motions to Dismiss (the "Opposition") filed concurrently herewith.

to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery.

As this Court recognized in *Rollins,* "[t]he purpose of the judicial notice rules is to allow the court or jury to consider a matter as to which there can be no reasonable dispute." 338 F. Supp. 3d at 1032. "With respect to SEC filings, the Court takes judicial notice only of the statements contained therein, but not for the purpose of determining the truth of those statements." *In re LDK Solar Sec. Litig.,* 584 F. Supp. 2d 1230, 1254 (N.D. Cal. 2008) (quoting *In re Dura Pharms., Inc. Sec. Litig.,* 548 F. Supp. 2d 1126 (S.D. Cal. 2008)). Consequently, judicial notice is inappropriate where the substance of the document "is subject to varying interpretations, and there is a reasonable dispute as to what [it] establishes." *Orexigen,* 899 F.3d at 1000.

Similarly, with regard to the incorporation by reference doctrine, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003; *see also Wochos v. Tesla, Inc.,* 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) (stating that the court would incorporate certain documents by reference but would not "tak[e] notice of the truth of any of the facts asserted") (emphasis in original). "Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Orexigen,* 899 F.3d at 1003. In summary, because the Court may not assume the truth of matters asserted within documents that are either judicially noticed or incorporated by reference, Defendants cannot dispute the Complaint's well-pled factual allegations through their use of either doctrine.

## B.    <u>Defendants Improperly Invoke Judicial Notice and Incorporation by Reference</u>

Defendants request the Court to take judicial notice of all exhibits since they are either SEC filings or earnings call or investor presentation transcripts. Request Motion at 2. However, with regard to Defendants' request for judicial notice of SEC filings, "while a court may take judicial notice of the *existence* of SEC filings, it may not take judicial notice of documents for the truth of disputed facts asserted therein." *Ritz Camera & Image, LLC v. SanDisk Corp.,* 772 F. Supp. 2d 1100, 1109 (N.D.

Cal. 2011) (emphasis in original). With regard to earnings call transcripts, the Ninth Circuit has been clear that "[a] court must also consider—and identify—which fact or facts it is noticing from such a transcript. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Orexigen*, 899 F.3d at 999. In *Orexigen*, the Ninth Circuit held the district court abused its discretion by judicially noticing an earnings call transcript that had statements "subject to varying interpretations" where "[r]easonable people could debate what exactly this conference call disclosed." *Id.* at 1000 ("It is improper to judicially notice a transcript when the substance of the transcript 'is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes.'") (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)). Still, Defendants repeatedly ask that the Court assume the truth of documents—specifically, Exhibits E-I—for which judicial notice is requested for inappropriate means, namely to establish the truth of disputed facts asserted in the Complaint. Defendants also improperly ask the Court to invoke the incorporation-by-reference doctrine to assume the truth of Exhibit E in order to dispute well-pled factual allegations.  For the following reasons, Defendants' attempts to submit these documents for these improper purposes should be rejected.

**Exhibit E.**    Defendants improperly ask the Court to consider Exhibit E, Plantronics' August 7, 2018 Form 10-Q, as a basis to dispute well-pled allegations.  Specifically, Defendants request the Court to accept as true that Defendants disclosed that the Company used "'back end rebates' and 'discounts' to induce channel partners to purchase products." Motion to Dismiss at 13. In so doing, Defendants attempt to use the August 7, 2018 Form 10-Q to argue that FE-1's statements cannot support an allegation that Defendants practice of offering discounts facilitated illicit channel stuffing. Rather than being offered to establish the existence of the SEC filing, Defendants' use of Exhibit E is solely a blatant attempt to contest the well-pleaded allegations that Defendants misleadingly used discounts and other tactics, including Non-Standard Term Agreements, to artificially inflate revenues

in the near term in order to meet revenue targets. ¶¶68-74. This is an improper use of the judicial notice and incorporation-by-reference doctrines.

**Exhibits F and G.**    Defendants improperly ask the Court to consider Exhibits F and G, Defendant Burton's Forms 4 dated August 6, 2018 and September 10, 2019, respectively, as a basis to dispute well-pled allegations.   Specifically, Defendants ask the Court to accept as true that Defendant Burton's stock holdings increased during the Class Period and thus, go outside of the Complaint to dispute the well-pled allegation that Defendant Burton was financially motivated to cause the channel stuffing transactions and acted with scienter. ¶¶133-35. Defendants use the Forms 4 to argue "[t]here are myriad additional 'facts that cut against a finding of scienter.'" Motion to Dismiss at 18. This use of judicial notice is patently improper because it seeks to introduce documents not referenced in the Complaint for the sole purpose of disputing well-pleaded allegations regarding a defendant's state of mind. Further, the face of the Forms 4 provides no indication how or by what method Defendant Burton's stock holdings increased. If Defendants attempt at a later stage in the litigation to introduce Defendant Burton's Forms 4, the Court will have the benefit of a developed record surrounding the circumstances of his stock sales.

**Exhibit H.**    Defendants improperly ask the Court to consider Exhibit H, Plantronics' press release titled "Plantronics Announces Expansion of Stock Repurchase Program," dated November 29, 2018, as a basis to dispute well-pled allegations. Specifically, Defendants ask the Court to accept as true that Plantronics "expanded its share-repurchase program three months into the class period" to contend that "[t]here are myriad additional 'facts that cut against a finding of scienter.'" Motion to Dismiss at 18-19. Defendants inject this document into their motion to attempt to dispute Plaintiffs' well-pled allegations that during the Class Period, Plantronics' intense corporate culture pressured sales teams to engage in channel stuffing (¶116), that Plantronics' compensation program incentivized the Executive Defendants to cause Plantronics to engage in channel stuffing transactions (¶¶133), and that Defendants intentionally executed a scheme to "stock . . . up" its distributors with "moving and

non-moving product" in order to "have some good news for investors." ¶123. This use of judicial notice is patently improper because it seeks to introduce documents not referenced in the Complaint for the sole purpose of disputing well-pled allegations regarding Defendants' state of mind.

Moreover, Plaintiffs dispute the inferences that Defendants urge the Court to draw from Exhibit H. First, the face of the document provides no indication when or if Plantronics even repurchased more shares during the Class Period. Rather, the documents states "[u]nder its expanded stock repurchase program, Plantronics *may* repurchase shares from time to time in open market transactions." (emphasis added). Second, it is a matter of dispute whether share repurchasing is always inconsistent with an intent to defraud investors. *See In re Viropharma Inc. Sec. Litig.*, 21 F. Supp. 3d 458, 474 n.23 (E.D. Pa. 2014) ("There are many inferences that a Court could draw from a stock repurchase. This Court is not persuaded that the existence of the stock repurchase plan wholly negates the strong inference of scienter, in light of other factors such as the conscious misbehavior and recklessness that Plaintiff has adequately pleaded.").

**Exhibit I.** Defendants improperly ask the Court to consider Exhibit I, Plantronics' May 17, 2020 earnings call transcript, as a basis to dispute well-pled allegations. Specifically, Defendants ask the Court to accept as true that the Company, after the Class Period, "had run out of channel and on-hand inventory when the global pandemic caused an unexpected spike in demand." Motion to Dismiss at 22. Defendants argue that the "run[ing] out" of channel inventory many months after the Class Period supports the inference that "normal ebbs and flows of business were the genesis" of Defendant Burton's and Defendant Strayer's discussion about "concerns with inventory levels" and "possibly writing down inventory" detailed by FE-6. *Id*. This is an egregious attempt to use the judicial notice doctrine to dispute Plaintiffs' well-pled allegation that Defendants had contemporaneous knowledge that inventory levels at the Company's channel partners were unreasonably high as a result of discounts and Non-Standard Term Agreements, evidenced by FE-6's firsthand account of how

PLAINTIFFS' OPP. TO MOT. FOR R.J.N.                5
Case No.: 4:19-cv-07481-JST

Defendant Burton and Defendant Strayer participated in a meeting where concerns were raised regarding inventory in the channel. ¶¶145-47.

Furthermore, judicial notice of the May 17, 2020 earnings call transcript, which was never cited or referenced in the Complaint, would violate *Orexigen*'s directive that "It is improper to judicially notice a transcript when the substance of the transcript 'is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes.'" 899 F.3d at 1000 (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)). First, at the outset, it should be noted that *Orexigen* requires that "A court must also consider—***and identify***—which fact or facts it is noticing from such a transcript." *Id*. at 999. Defendants do not identify upon which passage from the 14-page transcript they are relying to make the inference that Plantronics' inventory was depleted because of the seasonality of the business cycle. This failing alone should disqualify the transcript's introduction since there is no way for Plaintiffs or this Court to determine which of Defendants' statements in the transcript is being judicially noticed for its truth. *See Id*. ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth. Here, the district court did not clearly specify what fact or facts it judicially noticed from this transcript.").

Second, Defendants assert that the inference to draw from the May 17, 2020 earnings call transcript is that Defendants Burton's and Strayer's discussion about concerns with inventory levels in October or November of 2018 (¶147) were related to "normal ebbs and flows of the business" rather than channel stuffing. D. Br. at 22. Yet, Defendants never explain how the inventory levels discussed in the May 17, 2020 earnings call, ***which occurred over one and a half years after*** Defendant Burton and Defendant Strayer are alleged to have discussed and voiced concerns regarding the Company's high inventory, have any relevance to the well-pled allegation that Defendants closely monitored and had contemporaneous knowledge of the Company's unreasonably high inventory levels during the Class Period. Nor could unexpected changes of future inventory levels have any relevance to

Defendants' states of mind during the Class Period. As such, judicial notice of this transcript is improper. *See Kuzmenko v. Lynch*, 606 F. App'x 399 (9th Cir. 2015) (denying "request for judicial notice of non-relevant, extra-record information discussed in [petitioner's] opening brief"); *Bryant v. Mickelsen*, 551 F. App'x 348, 349 (9th Cir. 2014) (holding court did not abuse its discretion denying request for judicial notice where petitioner did not show document contained facts that were relevant); *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (denying request for judicial notice of election results because they do not indicate if any winning candidate was "Hispanic-preferred," the relevant issue in the appeal); *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) ("Although the [document] is proper subject matter for judicial notice, the Court does not believe that these exhibits are relevant to Defendants' motion to dismiss. Thus, the Court will not consider these exhibits in ruling on Defendants' motion").

Third, Plaintiffs strongly contest Defendants' assertion that the inference to draw from the May 17, 2020 earnings call transcript is that seasonal "ebbs and flows" of business were the cause of the inventory concerns Defendants had in 2018. In fact, to the contrary, there are many statements in the transcript indicating that inventory was lower in 2020 due to factors other than a spike in consumer demand. Notably, Defendant Boynton told analysts that ***supply -***side constraints affected their inventory in the quarter and would affect future revenue guidance. Ex. I at 6 ("We entered April with very low headset inventory. ***We then experienced additional disruptions across our supply chain due to the pandemic.*** Today, our factory and suppliers are generally running at normal capacity. However, we remain supply-constrained on specific products."); *id*. at 7 ("As we sit here today, we are definitely focused on keeping inventory levels down, but ***we need to increase the supply of our headset business***."); *id*. at 14 ("But please recall back in early Q3, we said that we were going to reduce channel inventory in Q3 and on-hand inventory in Q4. We reduced it more than we had expected, quite frankly, because of the pandemic really accelerated the sales of headsets ***and, to an extent, had supply constraints***."). Additionally, Defendant Boynton indicated that lowering inventory and keeping it low

PLAINTIFFS' OPP. TO MOT. FOR R.J.N.          7
Case No.: 4:19-cv-07481-JST

was a conscious choice of the Company after the Class Period, thus rebutting the inference that low inventory in 2020 was solely caused by "ebbs and flows" of the business cycle. *Id*. at 7 ("As we sit here today, we are definitely focused on keeping inventory levels down."); *id*. ("[W]e went through a lot of pain and hard work last year to get channel inventories to the right level. Because we believe fundamentally that by reducing channel inventory, by reducing our on-hand inventory, that's a better financial equation for all of us in the -- across the supply chain."). Thus, judicial notice of the May 17, 2020 earnings call transcript is improper because it "'is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes.'" *Orexigen*, 899 F.3d at 1000.

## II.    CONCLUSION

For the reasons stated above, Defendants' Request Motion should be denied to the extent Defendants ask the Court to accept the truth of the matters asserted in the Exhibits, or to dispute the Complaint's well-pled allegations.

DATED: October 2, 2020                          **HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Lucas E. Gilmore*
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman (admitted *Pro Hac Vice*)
Karl P. Barth (admitted *Pro Hac Vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
karlb@hbsslaw.com

*Counsel for Lead Plaintiff Ilya Trubnikov
and Lead Counsel for the Class*

DATED: October 2, 2020                    **BERNSTEIN LITOWITZ BERGER
                                             & GROSSMANN LLP**

                                          */s/ Lauren A. Ormsbee*
                                          Lauren A. Ormsbee (*admitted pro hac vice*)
                                          Alexander T. Payne (*admitted pro hac vice*)
                                          1251 Avenue of the Americas
                                          New York, NY 10020
                                          Telephone: (212) 554-1400
                                          Facsimile:(212) 554-1444
                                          lauren@blbglaw.com
                                          alex.payne@blbglaw.com

                                          -and-

                                          Jonathan D. Uslaner (256898)
                                          2121 Avenue of the Stars, Suite 2575
                                          Los Angeles, CA 90067
                                          Telephone: (310) 819-3472
                                          jonathanu@blbglaw.com

                                          *Counsel for Lead Plaintiff Roofers' Pension
                                          Fund and Lead Counsel for the Class*

PLAINTIFFS' OPP. TO MOT. FOR R.J.N.          9
Case No.: 4:19-cv-07481-JST