GARY A. ORSECK (admitted *pro hac vice*)
gorseck@robbinsrussell.com
ALISON C. BARNES (admitted *pro hac vice*)
abarnes@robbinsrussell.com
MATTHEW M. MADDEN (admitted *pro hac vice*)
mmadden@robbinsrussell.com
JOHN B. GOERLICH (admitted *pro hac vice*)
jgoerlich@robbinsrussell.com
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
2000 K Street, NW, 4th Floor
Washington, DC 20006
Telephone:    (202) 775-4500
Facsimile:    (202) 775-4510

SUSAN SAMUELS MUCK (CSB No. 126930)
Susan.Muck@wilmerhale.com
WILMER CUTLER PICKERING HALE & DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone:    (628) 235-1002
Facsimile:    (628) 235-1001

*Attorneys for Defendants Plantronics, Inc.,*
*Joseph Burton, Charles Boynton, and Pamela Strayer*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | No. 4:19-cv-07481-JST<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE**<br><br>Date:        January 13, 2021<br>Time:        2:00 PM<br>Courtroom:  6, 2nd Floor<br>Judge:       Hon. Jon S. Tigar<br>Date Filed:  November 13, 2019 |

DEFS' REPLY IN SUPPORT OF
REQUEST FOR JUDICIAL NOTICE

CASE NO. 4:19-cv-07481-JST

Defendants in this matter, Plantronics, Inc. ("Plantronics"), Joseph Burton, Charles Boynton, and Pamela Strayer, requested judicial notice of several SEC filings and earnings call transcripts. ECF No. 76 ("RJN"); *see also* ECF No. 77 ("Madden Declaration"), Exhibits A-J. Documents like those are routinely the subject of judicial notice in this Court and elsewhere in this Circuit, and many of them are also incorporated by reference into Plaintiffs' complaint. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (taking judicial notice of SEC filings and "other publicly available financial documents"); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1058 (N.D. Cal. 2012) ("SEC filings or transcripts of [the defendant]'s earnings calls . . . are proper subjects of judicial notice.").

Plaintiffs do not object to judicial notice or dispute the incorporation by reference of Exhibits A, B, C, D, or J. Plaintiffs object only to the judicial notice of Exhibits E, F, G, H, and I, and dispute the incorporation by reference of Exhibit E. *See generally* ECF No. 80 (Pls' Opp. to Defs' Request for Judicial Notice) ("RJN Opp."). None of Plaintiffs' arguments has merit.

**Exhibit E**: Exhibit E is a three-page excerpt of Plantronics' Form 10-Q for the period ending June 30, 2018, as filed with the SEC. That SEC filing is discussed and incorporated by reference at Paragraph 77 of the Amended Complaint. ECF No. 72 ("AC").

Defendants' Motion to Dismiss cites Exhibit E for the proposition that "Plantronics *disclosed* that it used 'back end rebates' and 'discounts' to induce channel partners to purchase products." ECF No. 75 at 13 ("MTD"). That is exactly what Exhibit E shows. Plantronics told investors, on the very first day of the Class Period, that "[s]ales through its distribution and retail channels are made primarily under agreements allowing for rights of return and include various sales incentive programs, such as back end rebates, discounts, marketing development funds, price protection, and other sales incentives." Ex. E at 34.

Plaintiffs contend that this Court cannot "accept as true that Defendants *disclosed*" these things in an SEC filing. RJN Opp. 3 (emphasis added). That is wrong. Plaintiffs themselves explain that courts can and do take judicial notice "of the statements contained" in an SEC filing. *Id.* at 2 (quoting *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1254 (N.D. Cal. 2008)). Nor do Plaintiffs dispute that this Form 10-Q is incorporated by reference into their complaint. Notably, Plaintiffs do not dispute

DEFS' REPLY IN SUPPORT OF                                            CASE NO. 4:19-cv-07481-JST
REQUEST FOR JUDICIAL NOTICE                    - 1 -

that Exhibit E is an accurate excerpt of the Form 10-Q cited in their own pleading. Defendants seek judicial notice and incorporation by reference only of the *fact of the disclosure*, not of the truth of what was disclosed. In any event, there is no meaningful dispute that Plantronics engaged in the disclosed discounting, rebating and other sales incentives—those practices are, after all, the entire premise of Plaintiffs' complaint. *See, e.g.*, AC ¶¶ 68, 70, 73.

Indeed, Plaintiffs make clear that their real concern is with the legal significance of the document, and whether the fact of the disclosure undercuts their theory of liability. But while Plaintiffs are free to make whatever arguments they want about the evidentiary value of the Form 10-Q, they cannot prevent the Court from considering the fact of what was indisputably said in a document filed with the SEC and referenced in the AC. *See, e.g., Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) (it is proper to take judicial notice of SEC filings and earnings call transcripts "for the sole purpose of determining what representations [the company] made to the market").

**Exhibits F and G**: These exhibits are two Form 4s that Defendant Burton filed with the SEC— one at the beginning of the Class Period, and the other shortly after its end. The Form 4s show that Burton's stock holdings *increased* during the Class Period. Because Plaintiffs do not dispute that Form 4s are routinely subject to judicial notice, nor do they argue that the "accuracy" of these publicly filed documents can "reasonably be questioned," they are a proper subject of judicial notice. Fed. R. Evid. 201; *see also Tesla*, 2019 WL 1332395, at *2 (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018)).

Plaintiffs nevertheless argue that Defendants may not "dispute the well-pled allegation that Defendant Burton was financially motivated to cause the channel stuffing transactions and acted with scienter." RJN Opp. 4 (citing AC ¶¶ 133-135). But the paragraphs in the AC that Plaintiffs cite have nothing to do with Burton's *stock holdings*; they make allegations only about his *executive compensation* (about which Exhibits F and G say nothing). In other words, Exhibits F and G do not dispute any well-pled facts because the AC says nothing about Burton's stock holdings; instead, those documents provide additional information that the Court may consider.

This Court acknowledged that distinction in *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025 (N.D. Cal. 2018). This Court explained that the Ninth Circuit forbids defendants only from "ask[ing]

DEFS' REPLY IN SUPPORT OF                                                          CASE NO. 4:19-cv-07481-JST
REQUEST FOR JUDICIAL NOTICE                      - 2 -

the Court to take judicial notice of documents that they then use as a basis to challenge *the factual averments in the complaint.*" *Id.* at 1031 (emphasis added). By contrast, this Court explained, it is permissible to use documents subject to judicial notice or incorporated by reference for "explaining or arguing the allegations" in the complaint. *Id.* The latter is what Defendants are doing with Exhibits F and G. Defendants do not contest, at the pleading stage, Plaintiff's factual allegations that part of Burton's compensation depended on the Company achieving certain sales targets. *See* AC ¶¶ 133-135. To the contrary, they seek only to complete the picture of Burton's publicly disclosed financial incentives by pointing to the undisputed fact that his stock holdings increased during the Class Period. *See Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017) (Tigar, J.) (taking judicial notice, over plaintiff's objection, of SEC filings that "relate to the Defendants' sale, or lack thereof, of stock during the class period").

In fact, Plaintiffs' request that the Court turn a blind eye to those materials is contrary to the PSLRA and the Supreme Court's decision in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). *Tellabs* held that the PSLRA *requires* the Court to "take into account plausible opposing inferences" when determining if a complaint adequately raises a strong inference of scienter. *Id*. at 323.

Plaintiffs also complain that "the face of the Forms 4 provides no indication how or by what method Defendant Burton's stock holdings increased." RJN Opp. 4. But that has no conceivable bearing on the propriety of judicial notice. Once again, Plaintiffs are free to make arguments about what weight should be accorded the Form 4s, but they cannot preclude the Court from considering them in the first place.

**Exhibit H**: Exhibit H is a press release that Plantronics filed with the SEC during the Class Period that discloses Plantronics' expansion of its share-repurchase program. *See* MTD 19. This Court and others have held that such share repurchases "undercut[] a finding of intent" because it is "illogical" that a company would buy up its shares if it was "aware of facts that would indicate the price would fall." MTD 19 (quoting *Bodri*, 252 F. Supp. 3d at 933, in turn quoting *In re Cisco Sys. Inc. Sec. Litig.*, 2013 WL 1402788, at *8 (N.D. Cal. Mar. 29, 2013)). In *Bodri*, this Court took judicial notice of the company's SEC filing announcing its plan to expand stock repurchases during the class period. 252 F. Supp. 3d at 921.

Plaintiffs nevertheless argue that Defendants cannot obtain judicial notice of Plantronics' Class Period expansion of its stock repurchases to rebut Plaintiffs' allegations about the Company's corporate culture, executive compensation program, and supposed channel-stuffing scheme. RJN Opp. 4-5. But, as with the Form 4s, judicial notice would not contradict any factual allegations in the Complaint (none of which address corporate stock repurchases); Exhibit H merely provides additional context. *See Rollins*, 338 F. Supp. 3d at 1031. For the reasons discussed above, judicial notice of undisputed facts in the public record is not prohibited simply because they may undercut the Plaintiffs' scienter theory. That makes the facts relevant, especially in a case governed by the PSLRA. *Tellabs,* 551 U.S. at 323.

Plaintiffs argue that Exhibit H does not definitively establish that Plantronics actually repurchased stock after announcing that it would. They also dispute whether share repurchasing "is always inconsistent with an intent to defraud investors." RJN Opp. 5. Once again, those arguments go to the weight the Court should give these facts when determining whether Plaintiffs have sufficiently pled a strong inference of Defendants' scienter; they have no place in an opposition to judicial notice, because they do not show that Exhibit H contains facts that are themselves subject to genuine dispute.

**Exhibit I**: Exhibit I is a May 2020 earnings call transcript that includes Plantronics' disclosure that it had run out of channel inventory in certain products due to surging demand and supply-chain problems. Ex. I at 3, 5, 6. The Court can take judicial notice of the fact of this public disclosure regarding inventory and demand. *See* MTD 22. Notably, Plaintiffs do not dispute that the transcript accurately reflects what was said in the earnings call. *Cf. Khoja*, 899 F.3d at 1000 (company contradicted itself on whether a study was complete or ongoing in the earnings call transcript for which judicial notice was sought). Plaintiffs' arguments that the disclosure is irrelevant, lacking in specificity, or too vague (RJN Opp. 6-7) are meritless; once more, Plaintiffs are free to argue about the weight that the Court should accord such information, but there is no basis for refusing to consider it. That is especially true in a case under the PSLRA where, as discussed, the Court must consider competing inferences to determine whether Plaintiffs have established a strong inference of scienter. *Tellabs,* 551 U.S. at 323.

## CONCLUSION

While none of these documents is necessary for the Court to rule in Defendants' favor on the motion to dismiss, they confirm Plaintiffs' inability to satisfy their requirements under the PSLRA.

Defendants respectfully ask the Court to reject Plaintiffs' objections and take judicial notice of Exhibits A to J of the Madden Declaration.

DATED:  November 16, 2020

ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
/s/ Gary A. Orseck
Gary A. Orseck (admitted *pro hac vice*)

WILMER CUTLER PICKERING HALE & DORR LLP
Susan Samuels Muck (CSB No. 126930)

*Attorneys for Defendants Plantronics Inc., Joseph
Burton, Charles Boynton, and Pamela Strayer*