UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | No. 4:19-cv-07481-JST<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT**<br><br>Date:   December16, 2021<br>Time:   2:00 p.m.<br>Place:   Courtroom 6, 2nd Floor<br>Judge:  The Honorable Jon S. Tigar |

ORDER GRANTING
MOTION TO DISMISS

NO. 4:19-cv-07481-JST

Defendants Plantronics, Inc. ("Plantronics" or the "Company"), Joseph Burton, Charles Boynton, and Pamela Strayer (collectively, "Defendants") have moved to dismiss the Second Amended Complaint ("SAC") in this action, pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act ("PSLRA").  The Court, having considered the parties' written submissions and the arguments of counsel, hereby GRANTS Defendants' motion to dismiss in its entirety, without further leave to amend.

Count I of the SAC purports to state a claim against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 ("1934 Act"), and Rule 10b-5 promulgated thereunder.  The Court finds that the SAC does not plead particularized facts, in accordance with the PSLRA, sufficient to establish the elements of a claim as to any of the Defendants.

First, the SAC does not allege particularized facts demonstrating that any statement by Defendants was materially false or misleading when made.  As before, Plaintiffs fail to plead facts sufficient to show any illegitimate channel stuffing, much less that any statement was misleading for failure to disclose such a practice.  *See* Order Granting Defendants' Motion to Dismiss [ECF No. 84] ("Order") at 10-14.  Nor does the SAC plead facts showing that Defendants made a statement that was materially false or misleading for any other reason.  Accordingly, the Section 10(b) claim must be dismissed.  *See, e.g., City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 616-19 (9th Cir. 2017); *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 877-82 (9th Cir. 2012).

Second, the SAC does not allege particularized facts sufficient to raise a strong inference of scienter on the part of any of the Defendants.  As required by the PSLRA, the Court has determined that the relevant facts, whether considered individually or holistically, do not raise an inference of fraud or deliberate recklessness on the part of any Defendant that is "cogent" or "as compelling as any opposing [nonfraudulent] inference."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323-24 (2007); *see also Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1006-07 (9th Cir. 2009).  Rather, the only plausible inference is that the challenged statements were made in good faith and were believed by Defendants to be accurate.  *See, e.g., Nguyen v. Endologix, Inc.*, 962 F.3d 405, 418-19 (9th Cir. 2020).  Plaintiffs' failure to plead facts

ORDER GRANTING
MOTION TO DISMISS
- 1 -
NO. 4:19-cv-07481-JST

raising a strong inference of scienter independently mandates dismissal of the claim under Section 10(b) and Rule 10b-5. *Id.* at 419.

Count II purports to state a control person claim against Mr. Burton, Mr. Boynton, and Ms. Strayer under Section 20(a) of the 1934 Act. Inasmuch as the SAC fails to state an underlying claim for violation of Section 10(b), the control person claim must also be dismissed. *See, e.g., Webb v. SolarCity Corp.*, 884 F.3d 844, 858 (9th Cir. 2018).

For all of these reasons, the Court finds that Defendants' motion to dismiss the SAC must be granted. Because Plaintiffs have been unable to allege the necessary facts despite multiple pleading opportunities, the investigation of counsel and guidance from the Court in its order granting Defendants' motion to dismiss the previous complaint, the SAC is hereby dismissed without further leave to amend.

Dated:   _____

_____
The Honorable Jon S. Tigar
United States District Judge

ORDER GRANTING
MOTION TO DISMISS

- 2 -

NO. 4:19-cv-07481-JST