SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
WILMER CUTLER PICKERING HALE AND
     DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

NOAH S. GUINEY (SBN 324079)
noah.guiney@wilmerhale.com
WILMER CUTLER PICKERING HALE AND
     DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Defendants Plantronics, Inc.,
Joseph Burton, Charles Boynton and
Pamela Strayer*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | No. 4:19-cv-07481-JST<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:    December16, 2021<br>Time:    2:00 p.m.<br>Place:   Courtroom 6, 2nd Floor<br>Judge:   The Honorable Jon S. Tigar |

Defendants Plantronics, Inc. ("Plantronics" or the "Company"), Joseph Burton, Charles Boynton, and Pamela Strayer (collectively, "Defendants") submit this request that the Court consider the documents identified below in connection with Defendants' motion to dismiss the Second Amended Complaint (the "SAC").

When considering a motion to dismiss in a case governed by the Private Securities Litigation Reform Act, it is proper to consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The following documents, which are attached as Exhibits A through H to the Declaration of Kevin P. Muck (filed concurrently), are subject to both judicial notice and the incorporation by reference doctrine:

**Exhibit A**: a true and correct copy of a transcript of statements at a Northland Capital Markets webinar on June 18, 2019, which Plaintiffs refer to, quote and/or rely upon in Paragraphs 26, 46, 167, 168, 239(a), and 241(b) of the SAC.

**Exhibit B**: a true and correct copy of a transcript of Plantronics' August 6, 2019 quarterly earnings conference call, which Plaintiffs refer to, quote and/or rely upon in Paragraphs 171-173 and 241(b) of the SAC.

**Exhibit C**: a true and correct copy of a transcript of Plantronics' November 5, 2019 quarterly earnings conference call, which Plaintiffs refer to, quote and/or rely upon in Paragraphs 35, 182-184, 239(c) and 241(d) of the SAC.

**Exhibit D**: a true and correct copy of a transcript of Plantronics' May 7, 2019 quarterly earnings conference call, which Plaintiffs refer to, quote and/or rely upon in Paragraphs 159 and 160 of the SAC.

**Exhibit E**: true and correct excerpts of Plantronics' filing on Form 10-Q for the quarterly period ending June 30, 2018, filed with the United States Securities and Exchange Commission (SEC) on August 7, 2018, which Plaintiffs refer to, quote and/or rely upon in Paragraphs 129-134 of the SAC.

**Exhibit F**: a true and correct copy of Plantronics' May 7, 2019 press release regarding fourth quarter and fiscal year 2019 financial results, which Plaintiffs refer to, quote and/or rely upon in Paragraph 158 of the SAC.

**Exhibit G**: a true and correct copy of Plantronics' August 6, 2019 press release regarding first quarter fiscal 2020 financial results, which Plaintiffs refer to, quote and/or rely upon in Paragraphs 170 and 239(b) of the SAC.

**Exhibit H**: true and correct excerpts of Plantronics' filing on Form 10-K for the fiscal year ending March 31, 2019, filed with the SEC on May 17, 2019, which Plaintiffs refer to, quote and/or rely upon in Paragraphs 130 n.26, 162, 163 and 176, of the SAC.

Because the SAC purports to quote, refer to, and rely on portions of these press releases, transcripts and SEC filings, the incorporation-by-reference doctrine allows the Court to consider such materials on a motion to dismiss. *See, e.g.*, *Smith v. NetApp, Inc.*, 2021 WL 1233354, at *3-4 (N.D. Cal. Feb. 1, 2021) (considering conference call transcripts and SEC filings under the incorporation-by-reference doctrine). Among other things, the incorporation-by-reference doctrine permits the Court to consider the full context of statements where a complaint may only provide excerpts, and "prevent[s] plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims." *Mulquin v. Nektar Therapeutics*, 510 F. Supp.3d 854, 863 (N.D. Cal. 2020). Moreover, the Court previously considered Exhibits A-D under the incorporation-by-reference doctrine when granting Defendants' motion to dismiss the prior complaint in this action. Order Granting Defendants' Motion to Dismiss [ECF No. 84] ("Order") at 5.

Additionally, pursuant to Fed. R. Evid. 201, courts routinely take judicial notice of SEC filings and conference call transcripts, particularly in cases brought under the federal securities laws. *See, e.g., Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Smith*, 2021 WL 1233354, at *4; *Wong v. Arlo Techs., Inc.*, 2019 WL 7834762, at *4 (N.D. Cal. Dec. 19, 2019); *see also* Order at 6 (taking judicial notice of statements in SEC filings, including the Form 10-Q attached as Ex. E). Judicial notice of such materials is appropriate to establish what information was in the public realm and communicated to investors. *See, e.g.*, *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir. 2021).

Dated:   September 7, 2021

WILMER CUTLER PICKERING HALE AND
      DORR LLP


By:    /s/ Kevin P. Muck
             Kevin P. Muck

*Attorneys for Defendants Plantronics, Inc.,
Joseph Burton, Charles Boynton and
Pamela Strayer*