**HAGENS BERMAN SOBOL SHAPIRO LLP**
LUCAS E. GILMORE (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com

*Counsel for Lead Plaintiff Ilya Trubnikov and*
*Co-Lead Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**
LAUREN A. ORMSBEE (*admitted pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile:(212) 554-1444
lauren@blbglaw.com

*Counsel for Lead Plaintiff Roofers' Pension*
*Fund and Co-Lead Counsel for the Class*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | No. 4:19-cv-07481-JST<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:       February 3, 2022<br>Time:       2:00 PM<br>Courtroom: 6, 2nd Floor<br>Judge:      Hon. Jon S. Tigar<br>Date Filed:   November 5, 2021 |

PLAINTIFFS' OPP. TO DEFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
SECOND AMENDED COMPLAINT
Case No.: 4:19-cv-07481-JST

Defendants move the Court to judicially notice or consider as "incorporated by reference" eight exhibits purportedly incorporated in the Second Amended Complaint (the "Request Motion"). ECF Nos. 98 & 99. In their Motion to Dismiss Second Amended Complaint (the "Motion to Dismiss," or "MTD" ECF No. 97), Defendants do not merely seek notice of these records' contents. Instead, in some instances, they ask the Court to assess the truth of the documents' contents and accept disputed facts. Both the Ninth Circuit and this Court have rejected this "improper application of judicial notice and the incorporation-by-reference doctrine." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) ("Defendants repeatedly do what *Khoja* forbids – ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint"); *Eastman v. Apple, Inc.*, 2019 WL 3934805, at *5 (N.D. Cal. Aug. 20, 2019) ("[Defendant] does not simply ask the Court to take judicial notice of the *fact* that the documents were in the public realm. Rather, [defendant] asks the Court to judicially notice the documents' *contents* as disclosing . . . claimed inventions") (emphasis in original). The Court should similarly reject Defendants' requests here.

## I.      ARGUMENT

### A.      <u>Standards of judicial notice and incorporation by reference.</u>

In *Orexigen,* the Ninth Circuit instructed district courts to exercise caution when parties ask them to take judicial notice of documents on a motion to dismiss. The Court explained that "overuse and improper application of judicial notice and the incorporation-by-reference doctrine ... can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." 899 F.3d at 998. As this Court has stated, the "purpose of the judicial notice rules is to allow the court or jury to consider a matter as to which there can be no reasonable dispute." *Rollins*, 338 F. Supp. 3d

at 1032. "With respect to SEC filings, the Court takes judicial notice only of the statements contained therein, but not for the purpose of determining the truth of those statements." *In re LDK Solar Sec. Litig.,* 584 F. Supp. 2d 1230, 1254 (N.D. Cal. 2008) (quoting *In re Dura Pharm., Inc. Sec. Litig.,* 548 F. Supp. 2d 1126, 1129 n.1 (S.D. Cal. 2008)). Judicial notice is inappropriate where the substance of the document "is subject to varying interpretations, and there is a reasonable dispute as to what [it] establishes." *Orexigen,* 899 F.3d at 1000 (citation and internal quotation marks omitted).

Similarly, with regard to the incorporation by reference doctrine, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003; *see also Wochos v. Tesla, Inc.,* 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) (court would not "tak[e] notice of the *truth* of any of the facts asserted" in documents that "constitute the subject matter of the claim") (emphasis in original). "Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Orexigen,* 899 F.3d at 1003. In summary, because the Court may not assume the truth of matters asserted in documents that are either judicially noticed or incorporated by reference, Defendants cannot dispute the Complaint's well-pled factual allegations through their use of either doctrine.

## B.  Defendants improperly invoke judicial notice and incorporation by reference.

Defendants request the Court to take judicial notice of all exhibits since they are either SEC filings or earnings call or investor presentation transcripts. Request Motion at 2. But with regard to Defendants' request for judicial notice of SEC filings, "while a court may take judicial notice of the *existence* of SEC filings, it may not take judicial notice of the documents for the truth of disputed facts asserted therein." *Ritz Camera & Image, LLC v. SanDisk Corp.,* 772 F. Supp. 2d 1100, 1109 (N.D. Cal. 2011) (emphasis in original). With regard to earnings call transcripts, the Ninth Circuit has been clear that a "court must also consider—and identify—which fact or facts it is noticing from such a transcript. Just because the document itself is susceptible to judicial notice does not mean that

every assertion of fact within that document is judicially noticeable for its truth." *Orexigen*, 899 F.3d at 999. In *Orexigen*, the Ninth Circuit held the district court abused its discretion by judicially noticing an earnings call transcript that had statements "subject to varying interpretations" where "[r]easonable people could debate what exactly this conference call disclosed." *Id.* at 1000 ("It is improper to judicially notice a transcript when the substance of the transcript 'is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes.'") (quoting *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)). Still, Defendants repeatedly and improperly ask that the Court assume the truth of Exhibits to purportedly contradict facts asserted in the Complaint. For the following reasons, Defendants' attempts to submit these documents for these improper purposes should be rejected.

**Exhibits A and C.**  Defendants again ask the Court to consider Exhibits A and C, to which Plaintiffs did not object last time around, which the Court then accepted for consideration. Order Granting Defendant's Motion to Dismiss (the "Order" ECF No. 84) at 5. But Defendants' request now crosses the line of permissible judicial notice.

*Exhibit A.* Defendants ask the Court to accept the truth of their statements in the June 18, 2019 Northland Capital webinar transcript (Ex. A) that not until fiscal 2020 did "Plantronics beg[i]n experiencing new business challenges." MTD at 5-6. But Plaintiffs merely cite the transcript (Second Amended Complaint "SAC" ¶¶167-68) to allege Defendants' partial disclosure of early adverse results of the prior channel stuffing on Plantronics' revenue and guidance, even though Defendants had not yet admitted the channel stuffing. It would be improper for the Court to consider Defendants' well-crafted excuses as true, namely that the "business challenges" had just become known to them.

Rather, as alleged and supported by facts in the SAC, the challenges were not newly discovered:

- High level meetings in "June or August of 2018," where the problem of too much inventory being held in the channel. ¶¶11, 99-100, 231;

- "L1" meetings attended by Burton and Strayer, where significant concern about inventory in the channels were raised and the heads were having to answer about it. ¶¶100, 230-33;

- "L1" meeting in October or November 2018 where Burton, Strayer, and the Executive Vice President of Global Operations "were all talking about their concern with the inventory" and "finger pointing going on between the Polycom and Plantronics sides." ¶¶11, 36, 101, 232;

- January 2019, the head of Internal Audit openly discussed a conflict with Burton over these unsustainable changed sales practices and channel inventory. ¶¶13, 59;

- March 2019, Strayer resigned and Boynton initiated an internal Enterprise Risk Management ("ERM") team that reported to Plantronics' Audit Committee. ¶¶14, 59, 102;

- ERM identified the risks as Plantronics' second biggest enterprise risk that was "actually happening" and posed not only a reputational and financial threat to the Company, but also the risk of an SEC investigation. ¶¶14, 58, 59, 106-08, 109;

- ERM Director regularly reported to Audit Committee; was "always in contact" with Boynton with weekly in person meetings. ¶¶58, 119, 12;

- No later than May 22, 2019, ERM formally notified Boynton, Burton, and the Board that the channel stuffing and heavy product returns posed a top risk to Plantronics, with informal notice long before that date through weekly or monthly meetings. ¶¶15, 116, 119-20; and

- PwC so concerned about these sales practices that it declined to sign off on the financials at one point in July of 2019, only to give in at the eleventh hour. ¶¶19, 118.

*Exhibit C.* Defendants' request for judicial notice of the November 5, 2019, quarterly earnings conference call transcript (Ex. C) is also improper to the extent that Defendants seek judicial notice of

PLAINTIFFS' OPP. TO DEFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
SECOND AMENDED COMPLAINT        5
Case No.: 4:19-cv-07481-JST

more than the language to which the market may have reacted. MTD at 6. For example, Defendants are seeking, as with Exhibit A, to assert that the reasons proffered by Defendants are the true reasons for the sudden $65 million channel reduction, such as "an aging video product line," "China trade tensions," and "the softening gaming headset market," as to which judicial notice is improper. The SAC alleges facts establishing the strong inference that Defendants knew of the high-risk channel build up, and indeed considered an inventory reduction, much earlier than when the Company announced the $65 million channel reduction. Of course it would be "prudent" not just to work down the inventory, as Defendants claimed in Exhibit C, but for them to not admit earlier knowledge for legal reasons.

**Exhibit E.**   Defendants again improperly ask the Court to consider Exhibit E, Plantronics' August 7, 2018 Form 10-Q, as a basis to dispute well-pled allegations. Previously the Court rejected Defendants' request, except for notice that the statement was made, and not for its truth: namely that "[s]ales through its distribution and retail channels are made primarily under agreements allowing for rights of return and include various sales incentive programs, such as back-end rebates, discounts, marketing development funds, price protection, and other sales incentives." Order at 6. While Plaintiffs do not object to that limited use, Defendants' Request Motion erroneously asserts that the "Court observed previously" the discounts given to one distributor were consistent with the disclosures. Request Motion at 11. The Court made no such finding. Regardless, this statement does not address the well-pled allegations of the SAC that these "rights of return" and "various sales incentive programs, such as back-end rebates, discounts, marketing development funds, price protection, and other sales incentives" were nothing new, and that even legitimately used could be and were abused to stuff the channel.

**Exhibits F and G.**   Defendants improperly ask the Court to consider Exhibits F and G, which are the May 7 and August 6 press releases regarding fourth quarter and fiscal year 2019 financial results and the first quarter fiscal 2020 financial results. Defendants seek judicial notice for the truth

PLAINTIFFS' OPP. TO DEFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
SECOND AMENDED COMPLAINT      6
Case No.: 4:19-cv-07481-JST

of their claim that they met revenue projections and exceeded guidance. MTD at 5-6. While Plaintiffs do not contest that Defendants made the statements, Plaintiffs do not agree they are true, especially because well-pled facts in the SAC demonstrate that projections and guidance were met because of undisclosed channel stuffing. The Court should not accept these statements for the truth asserted.

**Exhibits B, C, D, G and H.** Defendants ask the Court to consider Exhibit H, along with Exhibits B, C, D and G, to show that Defendants' guidance was identified as forward-looking and "accompanied with meaningful cautionary language." MTD at 18, fn 13. Plaintiffs have no objection to judicial notice that this language is in the transcripts. But Plaintiffs note that these statements are not relevant to their claim that Defendants' statements claiming Plantronics met or exceeded guidance were false or misleading for failure to disclose the build-up of channel inventory and to warn of that actual, rather than theoretical, risk. SAC ¶¶17, 19, 36, 111, 125-26, 131, 139, 141, 144, 150, 151, 157-58, 164.

## II.   CONCLUSION

Defendants' Request Motion should be denied to the extent Defendants ask the Court to accept the truth of the matters asserted in the Exhibits or to dispute the Complaint's well-pled allegations.

DATED: November 5, 2021

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Reed R. Kathrein*
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman (admitted *Pro Hac Vice*)
Karl P. Barth (admitted *Pro Hac Vice*)
Craig Speigel
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
karlb@hbsslaw.com

*Counsel for Lead Plaintiff Ilya Trubnikov*
*and Lead Counsel for the Class*

DATED: November 5, 2021            **BERNSTEIN LITOWITZ BERGER**
                                     **& GROSSMANN LLP**

                                   */s/ Lauren A. Ormsbee*
                                   Lauren A. Ormsbee (*admitted pro hac vice*)
                                   Alexander T. Payne (*admitted pro hac vice*)
                                   1251 Avenue of the Americas
                                   New York, NY 10020
                                   Telephone: (212) 554-1400
                                   Facsimile:(212) 554-1444
                                   lauren@blbglaw.com
                                   alex.payne@blbglaw.com

                                   *Counsel for Lead Plaintiff Roofers' Pension*
                                   *Fund and Lead Counsel for the Class*