SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
WILMER CUTLER PICKERING HALE AND
    DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

NOAH S. GUINEY (SBN 324079)
noah.guiney@wilmerhale.com
WILMER CUTLER PICKERING HALE AND
    DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Defendants Plantronics, Inc.,
Joseph Burton, Charles Boynton and
Pamela Strayer*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | No. 4:19-cv-07481-JST<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:    February 3, 2022<br>Time:    2:00 p.m.<br>Place:    Courtroom 6, 2nd Floor<br>Judge:    The Honorable Jon S. Tigar |

In connection with their motion to dismiss the Second Amended Complaint ("SAC"), Defendants filed a Request for Judicial Notice ("RJN," ECF No. 98) asking the Court to consider eight documents[1] pursuant to the incorporation-by-reference doctrine and/or judicial notice. Plaintiffs object ("RJN Opp.," ECF No. 104), although they *do not dispute* that: (1) the SAC quotes and relies on each document; (2) the documents are subject to judicial notice; and (3) the documents are authentic. Instead, Plaintiffs – who also filed a 25-page opposition to Defendants' motion to dismiss (ECF No. 103) – use the RJN Opposition to make additional (and meritless) arguments in opposition to the motion to dismiss, in contravention of Civ. L.R. 7-3(a) and 7-4(b). The Court should overrule Plaintiffs' objections and disregard their arguments.[2]

**Exhibits A and C**. Exhibit A is a transcript of a June 18, 2019 webinar and Exhibit C is a transcript of Plantronics' November 5, 2019 conference call. The SAC quotes and refers to both documents (SAC ¶¶ 26, 35, 46, 167, 168, 182-184, 239(a), 239(c), 241(b), 241(d)), and the Court took judicial notice of them previously. *See* Order Granting Defendants' Motion to Dismiss ("Order," ECF No. 84) at 5. Plaintiffs do not claim it would be improper to consider these documents. Instead, they argue erroneously that "Defendants ask the Court to accept the truth of their statements" (RJN Opp. at 4) – and then offer 1½ pages of arguments having nothing to do with judicial notice or incorporation by reference. *Id*. at 4-6.

Defendants do *not* ask the Court to consider the documents for the truth of the matters asserted. Exhibits A and C are cited in the Motion to Dismiss ("Mot.," ECF No. 97) to explain what Defendants said to investors, providing context for the snippets excerpted in the SAC. Mot. at 6. The use of the documents for that purpose is proper. *See Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019). In any event, because Plaintiffs do not dispute that Exhibits A and C are incorporated by reference into the SAC, the Court *may* consider them for the truth of the matters asserted. *See Smith v. NetApp, Inc.*, 2021 WL 1233354, at *2-3 (N.D. Cal.

---

[1] The documents are Exhibits A-H to the Decl. of Kevin P. Muck (ECF No. 99-1 through 99-8).

[2] *See Blackin v. Red Brick Sys., Inc.*, 1999 WL 33953501, at *2 n.3 (N.D. Cal. Apr. 30, 1999) (disregarding arguments in connection with request for judicial notice because "Plaintiffs may not circumvent the rules regarding page limits by filing additional documents containing argument that should have been included in their brief").

Feb. 1, 2021). Plaintiffs' pretextual objections should therefore be rejected, along with their arguments (RJN Opp. at 4-6) going to whether the SAC's allegations are sufficient.

**Exhibit E** is a Form 10-Q for the quarter ending June 30, 2018. The Court took judicial notice of this document previously (Order at 6), and Defendants cite it to show that – as the Court held – the disclosures are consistent with Plaintiffs' allegations regarding a transaction with CDW. Mot. at 11; *see also* Order at 12. Plaintiffs' contentions that Defendants ask the Court to consider the 10-Q for the truth of the matters asserted, and that the Motion mischaracterizes the Court's prior ruling, are frivolous. Once more, Plaintiffs betray the real reason for their objection by making arguments regarding the putative merits of their allegations. *See* RJN Opp. at 6.

**Exhibits F and G** are May 7, 2019 and August 6, 2019 press releases regarding financial results. Defendants cite to these documents to show what Plantronics stated publicly regarding its revenue and guidance. Mot. at 5-6. Plaintiffs do not dispute that the documents are incorporated by reference into the SAC and are judicially noticeable, and again use their objections as a pretext for improper argument regarding the supposed merits of their claims. *See* RJN Opp. at 6-7.

Finally, Defendants requested that the Court consider **Exhibits B, C, D, G and H** to show the applicability of the PSLRA's safe harbor for forward-looking statements. Mot. at 18 n.13. Plaintiffs concede the documents may be considered for that purpose, and do not dispute that the safe harbor applies (RJN Opp. at 7), but then proceed to offer unrelated argument purportedly going to the sufficiency of various allegations for other purposes (*id*.).

For these reasons, the Court should reject Plaintiffs' objections to Exhibits A-H and disregard their improper arguments.

Dated:   December 13, 2021

WILMER CUTLER PICKERING HALE AND
DORR LLP

By:   <u>  */s/ Kevin P. Muck*  </u>
          Kevin P. Muck

*Attorneys for Defendants Plantronics, Inc.,
Joseph Burton, Charles Boynton and
Pamela Strayer*