SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

NOAH S. GUINEY (SBN 324079)
noah.guiney@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Defendants Plantronics, Inc.,
Joseph Burton, Charles Boynton and
Pamela Strayer*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | No. 4:19-cv-07481-JST<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF MOTION TO DISMISS ORDER**<br><br>Hearing:   Not set per L.R. 7-9(d)<br>Judge:     The Honorable Jon S. Tigar |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants Plantronics, Inc. ("Plantronics" or the "Company"), Joseph Burton, Charles Boynton and Pamela Strayer (collectively, "Defendants"), hereby respectfully move pursuant to Federal Rule of Civil Procedure 54(b) and Civil Local Rule 7-9 for an Order granting them leave to file a motion to reconsider portions of this Court's August 17, 2022 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (the "Order" [ECF No. 109]).  Specifically, Defendants request leave to file a motion for reconsideration insofar as the Order denied Defendants' motion to dismiss Plaintiffs' claims predicated on three challenged statements (dated November 6, 2018, February 5, 2019, and May 7, 2019) because the Order "manifest[ly] fail[ed] … to consider material facts or dispositive legal arguments which were presented to the Court before" it issued the Order.  Civil. L.R. 7-9(b)(3).

Defendants' proposed Notice of Motion and Motion for Reconsideration ("Motion for Reconsideration") is attached hereto as Exhibit A.

## ISSUES TO BE DECIDED

Whether, pursuant to Civil Local Rule 7-9(a), Defendants should be granted leave to file a Motion for Reconsideration, attached hereto as Exhibit A, of this Court's August 17, 2022 Order.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants respectfully request leave to file a reconsideration motion regarding the Court's findings that the Second Amended Complaint ("SAC" [ECF No. 93]), which asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), complies with the Private Securities Litigation Reform Act ("PSLRA"), Federal Rule of Civil Procedure 9(b) and governing Ninth Circuit authority by alleging: (1) specific facts to plead falsity as to three challenged statements (dated November 6, 2018, February 5, 2019, and May 7, 2019) regarding the Company's revenues; (2) facts establishing the required strong inference of scienter; and (3) a claim for control person liability.  Defendants recognize that reconsideration is an exceptional remedy, but submit it is warranted here under Civil Local Rule 7-9(b)(3) based on a "manifest failure . . . to consider material facts [and] dispositive legal arguments."

MOT. FOR LEAVE TO FILE MOT. FOR
RECON. OF MOT. TO DISMISS ORDER

- 1 -

NO. 4:19-cv-07481-JST

*Falsity*: The Order held that Plaintiffs plausibly alleged that the three challenged statements were misleading because the SAC pled sufficient facts to establish that Plantronics adopted an undisclosed new sales practice of legitimate channel stuffing that had a significant impact on the Company's revenues during the Class Period.  In so holding, the Court either misapprehended or did not address arguments Defendants made about the insufficiency of Plaintiffs' confidential witness allegations under established Ninth Circuit law, and otherwise did not consider material facts and dispositive legal arguments that required a different result.

First, the Order does not reflect consideration of Defendants' argument that the SAC failed to plead facts establishing that either FE-7 or FE-9 had *personal knowledge* that Plantronics engaged in undisclosed channel stuffing, as required by *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 995 (9th Cir. 2009).   The Order does not address *Zucco*'s requirements for establishing the reliability of confidential witnesses.  Instead, it limits its analysis of reliability to an assessment of whether the SAC adequately alleged the witnesses' job titles and duties, without taking the additional step the Ninth Circuit requires – assessing whether the SAC's allegations establish that the putative sources actually had "personal knowledge of the events they report." *Id.*; *see also Inchen Huang v. Higgins*, 2019 WL 1245136, at *6-7 (N.D. Cal. Mar. 18, 2019) (Tigar, J.) (while confidential witnesses' positions and responsibilities were adequately described, "allegations [were] too vague to establish personal knowledge that any off-label marketing took place").  And while the Order found that the allegations concerning FE-7 and FE-9 satisfied "the standard set forth in *In re Daou*" (Order at 24, citing *In re Daou Sys., Inc.*, 411 F.3d 1006 (9th Cir. 2005)), it did not address *Zucco*'s holding that merely meeting *Daou*'s threshold standard does *not* satisfy the PSLRA's stringent requirements for demonstrating the reliability of confidential witnesses.  *Zucco*, 552 F.3d at 996.

Second, the Order adopted Plaintiffs' mischaracterizations of at least three key allegations on which the Court relied:

(1)     The Order appears to have accepted Plaintiffs' claim that a "new sales practice and its problematic impact were discussed" at a Fall 2018 meeting that one of Plaintiffs' sources (FE-6) allegedly attended.  *See* Opposition at 17 [ECF No. 103] (citing SAC ¶¶ 99-101); Order at 19.

This allegation is especially critical because, under the PSLRA and Ninth Circuit law, Plaintiffs' theory – that Plantronics' reported revenue results were false or misleading because the Company failed to disclose a "new sales practice of stuffing distributors with excess inventory" (Opposition at 7) – requires specific, contemporaneous facts demonstrating that, at the time of each challenged statement, a "new sales practice" had in fact been implemented and that it actually rendered the Company's results materially misleading. *See, e.g.*, *Weston Family P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 622-23 (9th Cir. 2022). But the SAC does not allege that there was *any* discussion of a "new sales practice" at this meeting. Rather, the statements attributed to FE-6 are *nearly identical to those the Court considered in dismissing the previous complaint*, which failed to establish falsity because they did not "identif[y] any specific alleged channel-stuffing transactions." ECF No. 84 at 14. That finding applies equally here: FE-6's suggestion of general inventory "concerns" does not establish that Plantronics had adopted any new practice, let alone that such practice had a material impact on *specific* results at *specific* times.

(2)  The Order accepted Plaintiffs' mischaracterization of allegations regarding the "findings" of the ERM project. *See* Order at 19-20. Contrary to Plaintiffs' framing, the SAC does not allege that the ERM report stated channel stuffing "was already happening," much less *when* it occurred or that it was actually and *materially* impacting specific financial results – as required to satisfy Plaintiffs' burden under the PSLRA and Ninth Circuit law to plead particularized facts showing each challenged statement was materially false when made. *See, e.g.*, *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002); *Weston Family P'ship*, 29 F.4th at 622-23.

(3)  The Order also appears to have accepted Plaintiffs' mischaracterization of Mr. Boynton's November 2019 remarks about a "migration" in the timing of Plantronics' sales. *See* Order at 18. But as the SAC makes clear, Mr. Boynton's statements did *not* refer to the adoption of a new sales practice or channel stuffing at any time, nor did he "admit" that any supposed change rendered prior results materially inaccurate. *See* SAC ¶ 234. Rather, he merely observed that the timing of unspecified sales "sort of migrated" over an unspecified time period, with no suggestion that a "new sales practice" was the cause or that it had a material impact on any of the

Company's reported results. *Id.* Under the PSLRA and Ninth Circuit law, those post-Class Period comments do not establish that any statement was materially false or misleading when made.

Additionally, while the Order found that certain challenged statements were not inactionable puffery, the Ninth Circuit's analysis in two decisions issued after the parties completed their briefing– *Weston Family P'ship* and *Macomb Cty. Employees' Ret. Sys. v. Align Tech.*, Inc., 39 F.4th 1092 (9th Cir. 2022) – warrants reconsideration of this finding.

***Scienter***: The Order held that Plaintiffs adequately pled that the Individual Defendants were at least deliberately reckless in not disclosing the purported adoption of channel stuffing as a new sales practice when issuing the challenged statements regarding revenue results. But, as with falsity, the scienter analysis did not consider material facts and dispositive legal arguments.

At the outset, the Order did not address the dual requirements that the Ninth Circuit imposed in *Zucco* for confidential witness statements used to plead scienter: the witnesses "must be described with sufficient particularity to establish their reliability and personal knowledge" *and* the statements "must themselves be indicative of scienter." 552 F.3d at 995. The Order relied on statements attributed to FE-6, FE-7, and FE-9, but reflects no consideration of whether these statements are "indicative of scienter." *Id.* They are not.

Given the Court's prior ruling that FE-6's statements about general inventory level "concerns" do not "bear[] any connection to an alleged desire to artificially inflate sales" (ECF No. 84 at 14), these statements cannot support any inference (much less the *strong* inference required by the PSLRA) of an intent to deceive. Nor does discussion of such "concerns" warrant an inference that any Defendant knew the Company had adopted a new sales practice, let alone that such practice was having a material impact on any reported or anticipated results. FE-7 does not claim that he interacted with any Individual Defendant or that any of them was aware of what FE-7 purportedly "heard" about sales practices or observed about inventory levels at certain channel partners. Thus, FE-7's statements do not bear on any Individual Defendants' state of mind. And FE-9's statements about the "findings" of the ERM project team are not inconsistent with any challenged statement – and thus not indicative of scienter – because the SAC does not

allege that the ERM team found that the Company actually adopted channel stuffing as a sales practice, much less that it materially impacted revenues in any quarter. *See supra* at 3; *see also, e.g.*, *Inchen Huang v. Higgins*, 443 F. Supp. 3d 1031, 1045-46 (N.D. Cal. 2020) (Tigar, J.).

The Order also applied the so-called "core operations" doctrine, finding that the Individual Defendants must have known that Plantronics was engaging in widespread channel stuffing that was having a material impact on operations. Order at 30. To begin, the failure to plead the existence of a "new sales practice" (as discussed above) precludes application of the doctrine. *See Inchen Huang*, 443 F. Supp. 3d at 1057. Beyond that, the Order adopted the theory without the benefit of the parties' briefing on the Ninth Circuit decision on which the Court relied, *S. Ferry LP #2 v. Killinger*, 542 F.3d 776 (9th Cir. 2008). The doctrine is limited to "exceedingly rare" cases where specific adverse information "is so prominent that it would be 'absurd' to suggest that key officers lacked knowledge of it." *Shi v. Ampio Pharms., Inc.*, 2020 WL 5092910, at *6 (C.D. Cal. June 19, 2020) (quoting *S. Ferry*, 542 F.3d at 785-86)). Here, the SAC does not justify application of the core operations doctrine, as Plaintiffs fail to plead the requisite particularized facts demonstrating that it would be "absurd" to suggest the Individual Defendants were unaware of purported changes in operational details (*e.g.*, the timing of product shipments to certain distributors) rendering *specific statements* regarding the Company's reported revenues *materially misleading at specific times*. *See, e.g.*, *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1062 (9th Cir. 2014).

***Control Person Claim***: If upon reconsideration the Court determines that the SAC fails to adequately allege falsity or scienter, then the Section 20(a) claim for control person liability would also fail. *See, e.g.*, *Webb v. SolarCity Corp.*, 884 F.3d 844, 858 (9th Cir. 2018).

For the foregoing reasons, Defendants respectfully submit they have established cause under Civil Local Rule 7-9(b)(3) to be granted leave to file the Motion for Reconsideration attached as Exhibit A and for the Court to reconsider its denial of Defendants' motion to dismiss as to the challenged statements of November 6, 2018, February 5, 2019, and May 7, 2019.

Dated:  September 2, 2022

WILMER CUTLER PICKERING HALE AND
DORR LLP

By: _____*Kevin P. Muck*_____
        Kevin P. Muck

*Attorneys for Defendants Plantronics, Inc., Joseph
Burton, Charles Boynton and Pamela Strayer*