KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

PETER J. KOLOVOS (*Pro Hac Vice*)
peter.kolovos@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6493
Facsimile: (617) 526-6000

NOAH S. GUINEY (SBN 324079)
noah.guiney@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Defendants Plantronics, Inc.,*
*Joseph Burton, Pamela Strayer, and*
*Charles Boynton*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | Case No. 4:19-CV-07481-JST <br><br> **ANSWER OF DEFENDANTS PLANTRONICS, INC., JOSEPH BURTON, PAMELA STRAYER, AND CHARLES BOYNTON TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

Defendants Plantronics, Inc. ("Plantronics" or the "Company"), Joseph Burton, Pamela Strayer, and Charles Boynton (collectively, "Defendants"), by and through their undersigned counsel, hereby answer and respond as follows to the Second Amended Complaint for Violations of the Federal Securities Laws (the "SAC") filed by Lead Plaintiffs Ilya Trubnikov and Roofers' Pension Fund (collectively, "Plaintiffs"), in the above-captioned action ("Action").

On August 17, 2022, the Court entered an Order granting in part and denying in part Defendants' motion to dismiss the SAC. *See* Order Granting In Part and Denying In Part Motion to Dismiss (ECF No. 109). In the Motion to Dismiss Order, the Court dismissed "Plaintiffs' claim under Section 10(b) and Rule 10b-5 to the extent it is predicated on: (1) the challenged statements regarding revenue of August 7, 2018; (2) the statements in Forms 10-Q throughout the Class Period regarding historical data to the extent that Plaintiffs allege that such statements were misleading because Defendants failed to disclose that they lacked historical data; and (3) the statements discussed in paragraphs 144, 154, and 163 of the SAC, to the extent that Plaintiffs allege that such statements were misleading because Defendants failed to disclose that they lacked a system for monitoring inventory in the context of estimating returns or providing guidance." *See* ECF No. 109 at 34. The Court denied Defendants' motion to dismiss Plaintiffs' claims under Section 10(b) and Section 20(a) to the extent these claims are "predicated on the challenged statements regarding revenue results of November 6, 2018; February 5, 2019; and May 7, 2019." *Id*. In its Order, the Court also indicated that if Plaintiffs failed to file a further amended complaint within 30 days of the date of the Order, "all claims predicated on challenged statements other than those regarding revenue made on November 6, 2018; February 5, 2019; and May 7, 2019" would be dismissed with prejudice. *Id*. at 34-35. Plaintiffs did not further amend their complaint within the period specified by the Court. *See* ECF No. 115 (Notice of Intention Not to Amend Second Amended Complaint). As a result, no response is required in

this Answer with respect to any allegations pertaining to the purported misrepresentations, omissions, or claims dismissed by the Court.[1]

Except as expressly admitted herein, Defendants deny each and every allegation set forth in the SAC. Paragraph numbers in this Answer and the responses contained herein correspond and respond to the allegations in the like-numbered paragraphs of the SAC. To the extent the paragraphs in the SAC are grouped under headings and sub-headings, Defendants respond generally that such headings and sub-headings state unsupported legal conclusions as to which no response is required. To the extent a response is necessary, Defendants deny each heading and sub-heading in the SAC and incorporate by reference this response in each paragraph below as if fully set forth therein. Notwithstanding anything herein to the contrary, Defendant Pamela Strayer lacks knowledge or information sufficient to form a belief as to the truth of any allegations that pertain to events that purportedly took place after she left the Company on March 8, 2019, and Defendant Joseph Burton lacks knowledge or information sufficient to form a belief as to the truth of any allegations that pertain to events that purportedly took place after he resigned from the Company's Board of Directors on March 9, 2020, and therefore each deny all such allegations on that basis. To the extent Defendants respond that a document speaks for itself, such an assertion shall not be deemed to be an admission that the contents of any such document are accurate or complete unless so stated expressly. Any allegations in the SAC that state a legal conclusion do not require a response and, to the extent that any response is required, such allegations are denied. Defendants generally and specifically deny any averments in the SAC's unnumbered paragraphs, footnotes, and prayer for relief except as expressly admitted herein, and specifically deny that Plaintiffs are entitled to the relief sought in their Prayer for Relief. Defendants deny any characterization, including bolding, italics, or paraphrasing, of any alleged statement or that is

---

[1] Defendants have requested the Court's permission to file a motion for reconsideration of the Court's August 17, 2022 Order. *See* ECF No. 112 (Motion for Reconsideration). As of the date of this answer, the Court has not made a determination as to Defendants' motion for reconsideration. Defendants respectfully submit that reconsideration is appropriate in this matter and by answering Plaintiffs' SAC, Defendants do not concede that the SAC states a claim against any Defendant.

ANSWER TO PLAINTIFFS' SECOND                3                CASE NO. 4:19-CV-07481-JST
AMENDED COMPLAINT

not a full and accurate quote of the actual complete statement in context.  Defendants reserve the right to amend and/or supplement this answer.

## ANSWER TO SPECIFIC ALLEGATIONS

1.    Defendants deny each and every allegation in Paragraph 1.

2.    Defendants deny each and every allegation in Paragraph 2.

3.    In response to the first sentence in Paragraph 3, Defendants admit that, in October 2016, chief executive S. Kenneth Kannappan retired and was replaced by Joseph Burton, a former Polycom executive who had joined Plantronics in 2011.  Defendants deny the remaining allegations of the first sentence.  Defendants deny the allegations in the second and third sentences in Paragraph 3.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences in Paragraph 3, which purport to summarize statements of former employees, and therefore deny them on that basis.  In response to the sixth sentence in Paragraph 3, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Boynton, and that Mr. Boynton's full statements speak for themselves.  Defendants deny that Plaintiffs' characterization of these documents or recordings is accurate, and deny Plaintiffs' framing of these issues.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence in Paragraph 3, which purport to characterize and quote statements from alleged former employees to Plaintiffs and/or their counsel, and therefore deny them on that basis.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 3.

4.    In response to the first sentence in Paragraph 4, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Burton on March 28, 2018, which speak for themselves.  In response to the second sentence in Paragraph 4, Defendants answer that to the extent that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified market statements, Defendants admit that, to the extent such allegations accurately quote the text of the

ANSWER TO PLAINTIFFS' SECOND                    4                CASE NO. 4:19-CV-07481-JST
AMENDED COMPLAINT

documents or recordings, such documents or recordings speak for themselves. Defendants deny that Plaintiffs' characterization of these documents or recordings is accurate, and deny Plaintiffs' framing of these issues. In response to the third and fourth sentences in Paragraph 4, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements made by Mr. Burton on March 28, 2018, which speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 4.

5.    In response to Paragraph 5, Defendants admit that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves. Defendants deny that Plaintiffs' characterization of these prices, and deny Plaintiffs' framing of these issues. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 5.

6.    In response to the first sentence in Paragraph 6, Defendants admit that Plaintiffs purport to characterize and paraphrase selectively and out of context certain unidentified Company documents, which Company documents, if identified, would speak for themselves. In response to the second sentence in Paragraph 6, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified public statements, which statements, if identified, would speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 6.

7.    In response to the first sentence in Paragraph 7, Defendants admit that Plaintiffs purport to characterize and paraphrase selectively and out of context Defendants' August 8, 2018 financial results and certain other unidentified statements, which statements, if identified, would speak for themselves. Defendants lack knowledge or information regarding the consensus revenue estimates referenced in the second sentence in Paragraph 7, and therefore deny these allegations on that basis. In response to the third and fourth sentences in Paragraph 7, Defendants admit that Plaintiffs purport to characterize and paraphrase selectively and out of context Defendants' August 8, 2018 financial results and certain other unidentified statements, which

ANSWER TO PLAINTIFFS' SECOND          5          CASE NO. 4:19-CV-07481-JST
AMENDED COMPLAINT

statements, if identified, would speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 7.

8. In response to the first sentence in Paragraph 8, Defendants admit that Plaintiffs purport to characterize and paraphrase selectively and out of context Plantronics' revenue guidance, which speaks for itself. Defendants lack knowledge or information regarding the opinions of unnamed "securities analysts and investors" and therefore deny the remaining allegations of the first sentence in Paragraph 8 on that basis. In response to the remaining allegations in Paragraph 8, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by representatives of a third party, and that these full statements, if identified, speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 8.

9. In response to the first sentence in Paragraph 9, Defendants admit that Defendant Burton resigned and was replaced by Robert Hagerty, effective February 10, 2020. Defendants also admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified statements or documents, which statements or documents, if identified, would speak for themselves. Defendants deny the remaining allegations and Plaintiffs' characterizations in the first sentence in Paragraph 9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 9, which purport to characterize and quote statements from alleged former employees to Plaintiffs and/or their counsel, and therefore deny them on that basis. Defendants deny the allegations in the third sentence in Paragraph 9. In response to the fourth sentence in Paragraph 9, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified statements or documents, which statements or documents, if identified, would speak for themselves. Defendants deny that Plaintiffs' characterization of these statements or documents is accurate, and deny Plaintiffs' framing of these issues. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 9.

ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT    6    CASE NO. 4:19-CV-07481-JST

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 1 regarding what information was purportedly provided by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Defendants deny each and every remaining allegation in footnote 1.

No response is required to footnote 2, which purports to describe "commonly used" terminology and contains no factual allegations requiring admission or denial. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 2 and therefore deny them on that basis.

10. Defendants deny the allegations in the first sentence in Paragraph 10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 which purport to characterize and quote statements from alleged former employees to Plaintiffs and/or their counsel, and therefore deny them on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 10.

No response is required to footnote 3, which consists of conclusions of law. To the extent any response is required, Defendants deny the allegations in footnote 3.

11. Defendants deny the allegations in the first sentence in Paragraph 11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 (including its footnotes) which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny them on that basis. Defendants admit the allegations in footnote 4 of Paragraph 11. Defendants deny the allegations in footnote 5. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 11 and its footnotes.

12. Defendants deny the allegations in the first and second sentences in Paragraph 12. In response to the third sentence in Paragraph 12, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in the third sentence in Paragraph 12.

ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT | 7 | CASE NO. 4:19-CV-07481-JST

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and footnote 6 that purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny them on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 13.

14. Defendants deny the allegations in the first sentence in Paragraph 14. In response to the second sentence in Paragraph 14, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified statements allegedly made by Plantronics on March 11, 2019, which statements, if identified, would speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 14.

Defendants deny the allegations in the first sentence of footnote 7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of footnote 7 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations of on that basis. Except as so expressly stated, Defendants deny each and every remaining allegation in footnote 7.

15. Defendants deny the allegations in the first sentence in Paragraph 15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations in Paragraph 15 on that basis. Except as so expressly stated, Defendants deny each and every remaining allegation in Paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations

on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 16.

In response to footnote 8, Defendants admit that Plaintiffs purport to characterize and paraphrase a social media profile of Mr. Loebbaka, and this social media profile speaks for itself.  Except as so expressly admitted, Defendants deny each and every allegation in footnote 8.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 9 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in footnote 9.

17.    Defendants deny each and every allegation in Paragraph 17.

18.    Defendants deny each and every allegation in Paragraph 18.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 10 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in footnote 10.

19.    Defendants deny the allegations in the first sentence in Paragraph 19.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 19 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny these allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in the second, third and fourth sentences in Paragraph 19.

20.    Defendants deny each and every allegation in Paragraph 20.

21.    Defendants deny each and every allegation in Paragraph 21.

ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT    9    CASE NO. 4:19-CV-07481-JST

22.     In response to the first, second, and third sentences in Paragraph 22, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain documents and statements allegedly made by Plantronics and Mr. Burton, the content of which speak for themselves.  Defendants further answer that to the extent the allegations in Paragraph 22 are based on texts of written documents or recordings, Defendants admit that, to the extent such allegations accurately quote the text of the documents or recordings, the documents or recordings speak for themselves.  Defendants deny that Plaintiffs' characterization of these statements is accurate, and deny Plaintiffs' framing of these issues.  In response to the fourth sentence in Paragraph 22, Defendants admit that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for itself.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 22.

In response to footnote 11, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements allegedly made by Mr. Boynton in the Company's November 5, 2019 conference call, the content of which speaks for itself.  Defendants further answer that to the extent the allegations in footnote 11 are based on texts of written documents or recordings, Defendants admit that, to the extent such allegations accurately quote the text of the documents or recordings, the documents or recordings speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in footnote 11.

23.     Defendants deny the allegations in the first sentence in Paragraph 23.  In response to the remaining allegations of Paragraph 23, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain statements allegedly made by a third party, the contents of which speak for themselves.  Defendants further answer that to the extent the allegations in Paragraph 23 are based on texts of written documents or recordings, Defendants admit that, to the extent such allegations accurately quote the text of the documents or recordings, the documents or recordings speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 23.

24.     In response to Paragraph 24, Defendants admit that daily closing prices for the Company's publicly traded securities are readily available, and that such data speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 24.

25.     In response to Paragraph 25, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements allegedly made by Mr. Burton and Mr. Boynton on November 20, 2019, the contents of which speak for themselves. Defendants further answer that to the extent the allegations in Paragraph 23 are based on texts of written documents or recordings, Defendants admit that, to the extent such allegations accurately quote the text of the documents or recordings, the documents or recordings speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 25.

26.     In response to the first sentence in Paragraph 26, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements allegedly made by Mr. Boynton, the contents of which speak for themselves. Defendants deny the allegations in the second sentence in Paragraph 26. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 26.

In response to footnote 13, Defendants note that the claims to which the allegations in footnote 13 pertain have been dismissed, *see* Motion to Dismiss Order (ECF No. 109), and thus no response to this footnote is necessary. To the extent that any response is necessary, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's securities filings, the contents of which speak for themselves. Defendants further answer that to the extent the allegations in footnote 13 are based on texts of written documents or recordings, Defendants admit that, to the extent such allegations accurately quote the text of the documents or recordings, the documents or recordings speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in footnote 13.

Defendants note that footnote 14 does not contain factual allegations requiring admission or denial, and thus no response is required. To the extent that any response is required, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements and analysis from the U.S. Securities & Exchange Commission, the contents of which speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in footnote 14.

27. Defendants deny each and every allegation in Paragraph 27.

28. Defendants deny each and every allegation in Paragraph 28.

29. Defendants deny each and every allegation in Paragraph 29.

30. No response is required to the allegations in this paragraph, which purports to describe the Complaint. To the extent a response is required, Defendants admit that Plaintiffs purport to bring a putative class action seeking damages for alleged violations of the federal securities laws. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 30.

31. In response to Paragraph 31, Defendants admit that the Court granted Defendants' motion to dismiss the Amended Complaint for Violations of the Federal Securities Laws filed by Lead Plaintiffs on June 5, 2020 (ECF No. 72) without prejudice, and granted Lead Plaintiffs leave to amend (the "Order") (ECF No. 84), and that the Court's order speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 31.

32. Defendants deny each and every allegation in Paragraph 32.

33. In response to Paragraph 33, Defendants note that the claims to which the allegations in Paragraph 33 pertain have been dismissed, *see* Motion to Dismiss Order (ECF No. 109), and thus no response to this paragraph is necessary. To the extent a response is required, Defendants admit, in response to the first sentence in Paragraph 33, that Plaintiffs purport to have added new allegations to their amended complaint. In response to the second, third, and fourth sentences in Paragraph 33, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's securities

filings, the contents of which speak for themselves. Defendants further answer that to the extent the allegations in Paragraph 33 are based on texts of written documents, Defendants admit that, to the extent such allegations accurately quote the text of the documents, such documents speak for themselves. Except as so expressly admitted, Defendants deny each and every other allegation in Paragraph 33.

34. In response to Paragraph 34, Defendants admit that Plaintiffs purport to have added new allegations to their amended complaint. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 34.

35. In response to the first sentence in Paragraph 35, Defendants admit that Plaintiffs purport to have added new allegations to their amended complaint. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 35.

36. No response is required to Paragraph 36, which consists of conclusions of law. To the extent a response is required, Defendants deny each and every allegation in Paragraph 36.

37. No response is required to the allegations in this paragraph, which purports to describe the Complaint. To the extent a response is required, Defendants admit that Plaintiffs purport to assert claims brought pursuant under Sections 10(b) and 20(a) of the Exchange Act. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 37.

38. Defendants deny each and every allegation in Paragraph 38.

39. In response to Paragraph 39, Defendants admit that the Company has maintained its headquarters at 345 Encinal Street, Santa Cruz, California 95060 in the relevant time periods and has conducted and conducts business within the geographical limits of the U.S. District Court for the Northern District of California. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 39.

40. Defendants deny each and every allegation in Paragraph 40.

41. Defendants admit that Plaintiff Roofers' Pension Fund filed a certification in this Action, the contents of which speak for itself. Defendants deny that Plaintiff Roofers' Pension Fund has suffered any damages, and further deny the existence of any federal securities law

violations and false and/or misleading statements and/or material omissions. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41, and on that basis deny each and every remaining allegation therein.

42. Defendants admit that Plaintiff Ilya Trubnikov filed a certification in this Action, the contents of which speak for itself. Defendants deny that Plaintiff Trubnikov has suffered any damages, and further deny the existence of any federal securities law violations and false and/or misleading statements and/or material omissions. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42, and on that basis deny each and every remaining allegation therein.

43. In response to the first sentence in Paragraph 43, Defendants admit that the Company is a corporation organized under Delaware law and conducts business within the geographical limits of the U.S. District Court for the Northern District of California. In response to the second sentence in Paragraph 43, Defendants admit that the Company became a public company in 1994 with its stock listed on the New York Stock Exchange under the symbol "PLT." In response to the third sentence in Paragraph 43, Defendants admit that the Company was founded in 1961 and designs, manufactures, and markets headsets. In response to the fourth sentence in Paragraph 43, Defendants admit that the Company sells lightweight communications headsets, audio solutions, telephone headset systems, other communication endpoints, and accessories for the business and consumer markets. Except as expressly admitted, Defendants deny each and every remaining allegation in Paragraph 43.

44. In response to the first sentence in Paragraph 44, Defendants admit that on July 2, 2018, the Company completed of its acquisition of Polycom, Inc. Defendants further admit that Polycom sold phones and video conferencing equipment. In response to the second sentence in Paragraph 44, Defendants admit the Company sells a variety of communications solutions. In response to the third sentence in Paragraph 44, Defendants admit that the Company has described its product categories as including: (i) Enterprise Headsets, which includes corded and cordless communication headsets; (ii) Consumer Headsets, which includes Bluetooth and corded

ANSWER TO PLAINTIFFS' SECOND                    14                    CASE NO. 4:19-CV-07481-JST
AMENDED COMPLAINT

products for mobile device applications, personal computer ("PC") and gaming; and (iii) Voice, Video, and Content Sharing Solutions, which includes Open SIP desktop phones, conference room phones, and video endpoints, including cameras, speakers, and microphones. Defendants deny the allegations in the fourth sentence in Paragraph 44. In response to the fifth sentence in Paragraph 44, Defendants admit that the Company has disseminated SEC filings, press releases, investor presentations, and additional reports. Except as expressly admitted, Defendants deny each and every allegation in Paragraph 44.

45. In response to the first sentence in Paragraph 45, Defendants admit that Defendant Joseph Burton was the President and CEO of Plantronics from October 2016 to February 7, 2020. In response to the second sentence in Paragraph 45, Defendants admit that Mr. Burton served as a Director on the Company's Board of Directors from October 2016 to March 9, 2020 and that Mr. Burton resigned from the Company's Board in March 2020. In response to the third sentence in Paragraph 45, Defendants admit that, prior to joining the Company, Mr. Burton held various positions in the electronics industry, including executive, engineering leadership, and strategy positions. In response to the fourth sentence in Paragraph 45, Defendants admit that from 2010 to 2011, Mr. Burton was employed by Polycom, most recently as Executive Vice President, Chief Strategy and Technology Officer and, for a period of time, as General Manager, Service Provider concurrently with his technology leadership role. In response to the fifth sentence in Paragraph 45, Defendants admit that Joseph Burton stepped down as the Company's president and CEO in February 2020. Except as expressly admitted, Defendants deny each and every allegation in Paragraph 45.

46. In response to the first sentence in Paragraph 46, Defendants admit that Charles Boynton served as the Company's Executive Vice President and Chief Financial Officer ("CFO") from March 8, 2019 and continuing thereafter, through the time that the Company was acquired by HP in August 2022. Defendants further admit that Mr. Boynton was involved in establishing, maintaining and evaluating the Company's disclosure controls and procedures,

including its financial reporting.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 46.

47.     In response to the first sentence in Paragraph 47, Defendants admit that Pamela Strayer was the Senior Vice President and CFO at Plantronics from 2012 to March 8, 2019.  In response to the second and third sentences in Paragraph 47, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's securities filings, the contents of which speak for themselves.  Defendants further answer that to the extent the allegations in Paragraph 47 are based on texts of written documents, Defendants admit that, to the extent such allegations accurately quote the text of the documents, and such documents or recordings speak for themselves.  In response to the fourth sentence in Paragraph 47, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements from Ms. Strayer's personal LinkedIn profile, and that, to the extent such allegations accurately describe the text of this document, such documents speak for themselves.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 47.

48.     Defendants deny each and every allegation in the first sentence in Paragraph 48. In response to the second and third sentences in Paragraph 48, Defendants admit that in March 2019, Mr. Boynton replaced Ms. Strayer as Senior Vice President and CFO for the Company, and that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified company statements, which statements, if identified, would speak for themselves.  In response to the fourth and fifth sentences in Paragraph 48, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Burton, and that, to the extent such allegations accurately describe the text of Mr. Burton's statements, such statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 48.

49.     In response to the first and second sentences in Paragraph 49, Defendants admit that Jeff Loebbaka was Plantronics' Executive Vice President, Global Sales, from October 2017

through December 2019.  In response to the third sentence in Paragraph 49, Defendants admit that Jeff Loebbaka served as a member of Plantronics' Executive Team, together with Defendants Burton and Strayer (until March 8, 2019) and Boynton (after March 8, 2019) until his departure from the Company on November 4, 2019.  In response to the fourth sentence in Paragraph 49, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by the Company in its filing on Form 8-K on November 4, 2019, and that the full securities filing and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 49.

50.     Defendants admit that Plaintiffs purport to rely on the statements of nine former employees in Plaintiffs' amended complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50, which purport to characterize and quote statements from alleged former employees to Plaintiffs and/or their counsel, and therefore deny the remaining allegations in Paragraph 50 on that basis.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny each and every allegation in Paragraph 51 on that basis.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 52, and therefore deny each and every allegation in the first sentence on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 52.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 53, and therefore deny each and every allegation in the first sentence on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 53.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 which purport to characterize and quote statements from

an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 54.

55. Defendants deny the allegations in the final sentence in Paragraph 55. In response to the remainder of Paragraph 55, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 55.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 56.

In response to footnote 17, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Burton in the Company's July 2, 2018 press release, that the full press release and Mr. Burton's statements therein speak for themselves, and we deny the allegations in footnote 17 to the extent they are inconsistent with Mr. Burton's statements. Except as so expressly admitted, Defendants deny each and every remaining allegation in footnote 17.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 57.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 which purport to characterize and quote statements from

an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 58.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny each and such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 59.

60. In response to the first sentence in Paragraph 60, Defendants admit that the Company conducts business in Santa Cruz, California and produces audio communications equipment for businesses and consumers. In response to the second sentence in Paragraph 60, Defendants admit that the Company has described itself as designing, manufacturing, marketing, and selling integrated communications and collaboration solutions that span headsets, Open SIP desktop phones, audio and video conferencing, cloud management and analytics software solutions, and services. Except as so expressly admitted, Defendants deny each and every remaining allegation in Paragraph 60.

61. In response to the first sentence in Paragraph 61, Defendants admit that during the relevant period the Company reported its financial results on a fiscal year basis. In response to the second sentence in Paragraph 61, Defendants admit that the Company's fiscal year previously ended on the Saturday closest to the last day of March. In response to the third sentence in Paragraph 61, Defendants admit that the Company's fiscal year 2020 ran from April 2, 2019 through March 28, 2020. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 61.

62. In response to Paragraph 62, Defendants admit that Plantronics' has described its product categories as including Enterprise Headsets, which includes corded and cordless communication headsets; Consumer Headsets, which include Bluetooth and corded products; Voice, Video and Content Sharing Solutions, which includes Open SIP desktop phones,

conference room phones, and video endpoints, including cameras, speakers, and microphones. In response to the second sentence in Paragraph 61, Defendants admit that Plantronics products can be designed to work in a wide range of Unified Communications & Collaboration ("UC&C"), Unified Communication as a Service ("UCaaS"), and Video as a Service environments. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 62.

63.     In response to Paragraph 63, Defendants admit that Plantronics' has described its audio and video solutions as designed to meet the needs of a wide variety of consumers and locations, including open offices (such as cubicles and contact centers), meeting rooms (from huddle rooms to boardrooms), mobile workers (using laptops, mobile phones, and tablets in or out of the office), back-offices (for management, monitoring, and analytics), PC and gaming, residential and other specialty applications. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 63.

64.     Defendants admit that Plantronics products are well known in the Enterprise and Consumer headset market, Plantronics has been recognized for its leadership in this market, and that the Company's financial statements and balance sheets speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 64.

65.     Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context Plantronics' reported revenues for selected periods, and that the Company's reported financial results for those periods speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 65.

66.     In response to Paragraph 66, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain Company statements made on March 28, 2018, which statements, if identified, would speak for themselves. Defendants further admit that Plantronics announced it had entered into a definitive agreement to acquire Polycom on March 28, 2018, the contents of which speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 66.

ANSWER TO PLAINTIFFS' SECOND                    20                    CASE NO. 4:19-CV-07481-JST
AMENDED COMPLAINT

67.    In response to the first sentence in Paragraph 67 and footnote 18, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain market statements, the contents of which speak for themselves.  In response to the second sentence in Paragraph 67, Defendants admit that Polycom was purchased for approximately $2 billion and taken private in September 2016 by private equity firm Siris Capital Group, LLC and affiliates.  Defendants deny the allegations in the third sentence in Paragraph 67.  In response to the fourth and fifth sentences in Paragraph 67, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's securities filings, the contents of which speak for themselves.  Defendants further answer that to the extent the allegations in Paragraph 67 are based on texts of written documents, Defendants admit that, to the extent such allegations accurately quote the text of the documents, such documents speak for themselves.  In response to the sixth sentence in Paragraph 67, Defendants admit that that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified statements by unidentified "market commentators," which statements, if identified, would speak for themselves.  Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 67 and footnote 18.

68.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, which purport to characterize the business or operations of other companies, and on that basis deny each and every allegation therein.

69.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, which purport to characterize the business or operations of other companies, and on that basis deny each and every allegation therein.

70.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 which purport to characterize the business or operations of other companies, and on that basis deny each and every allegation therein.

71.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, which purport to characterize the business or operations of other companies, and on that basis deny each and every allegation therein.

72.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, which purport to characterize the business or operations of other companies, and on that basis deny each and every allegation therein.

73.   Defendants deny the allegations in the first sentence in Paragraph 73.  In response to the second and third sentences in Paragraph 73, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's securities filings, the contents of which speak for themselves.  Defendants further answer that to the extent the allegations in Paragraph 73 are based on texts of written documents, Defendants admit that, to the extent such allegations accurately quote the text of the documents, such documents speak for themselves.  Defendants deny the allegations in the fourth sentence in Paragraph 73.  In response to the fifth sentence in Paragraph 73, Defendants admit that, in connection with the acquisition of Polycom, Plantronics borrowed an additional $1.275 billion, which was financed through a senior secured term loan maturing in July 2025 and replaced its existing line of credit with a secured credit agreement.  In response to the sixth sentence in Paragraph 73, the Company moved from a zero debt-equity leverage ratio before the Polycom deal to debt-equity leverage ratio of 3.4 after the Polycom deal.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 73.

74.   In response to the first sentence in Paragraph 74, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's securities filings, the contents of which speak for themselves.  Defendants further answer that to the extent the allegations in Paragraph 74 are based on texts of written documents, Defendants admit that, to the extent such allegations accurately quote the text of the documents, such documents speak for themselves.  In response to the second sentence in Paragraph 74, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and

out of context statements made in the Company's annual reports, and that the full annual report and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 74.

75. In response to Paragraph 75, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's March 28, 2018 press release, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 75.

76. In response to the first sentence in Paragraph 76, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's March 28, 2018 press release, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 76.

77. In response to the first sentence in Paragraph 77, Defendants admit that the Company held a conference on March 28, 2018. In response to the remaining sentences in Paragraph 77, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's March 28, 2019 conference call, and that the full press conference and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 77.

78. In response to Paragraph 78, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in a *Northland Capital Markets* article and *GARP Research* report, and that the full articles and reports and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 78.

79. In response to Paragraph 79, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's July 2, 2018 press release, and that the full press release and statements therein speak

for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 79.

80.    In response to Paragraph 80, Defendants admit that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 80.

81.    Defendants deny each and every allegation in Paragraph 81.

82.    In response to the first sentence in Paragraph 82, Defendants admit that the Company has sold its enterprise products through distributors and channel partners, who then sell these products directly to end users.  In response to the second sentence in Paragraph 82, Defendants admit that the Company established distribution centers in Mexico, Thailand, Netherlands, Czech Republic, China, Australia, and the U.S.  In response to the third sentence in Paragraph 82, Defendants admit the Company utilized third-party warehouses in the Czech Republic, Thailand, Netherlands, China, and Australia and operated warehouse facilities in Mexico, China, and the U.S.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 82.

83.    In response to Paragraph 83, Defendants admit that the Company's channel network has included enterprise distributors, direct and indirect resellers, retailers, network and systems integrators, service providers, traditional and online consumer electronics retailers, consumer product retailers, office supply distributors, wireless carriers, catalog and mail order companies, and mass merchants.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 83.

In response to footnote 19, Defendants admit that the Company has sold its consumer products through both traditional and online consumer electronics retailers, consumer product retailers, office supply distributors, wireless carriers, catalog and mail order companies, and mass merchants.  Except as so expressly admitted, Defendants deny each and every allegation in footnote 19.

84.     In response to the first sentence in Paragraph 84, Defendants admit that, during the relevant period, the Company sold products to certain channel partners who maintained their own inventory of its products for sale to resellers and end-users. Defendants deny the allegations in the second and third sentence in Paragraph 84. In response to the fourth and final sentence, Defendants admit that, at various times, certain channel partners provided end-user sales reports. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 84.

85.     Defendants deny each and every allegation in Paragraph 85.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 86.

In response to footnote 20, Defendants admit Kenneth Kannappan was the former CEO of Plantronics. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 86.

87.     Defendants deny the allegations in the first sentence in Paragraph 87. In response to the second sentence in Paragraph 87, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's securities filings, the contents of which speak for themselves. Defendants further answer that to the extent the allegations in Paragraph 87 are based on texts of written documents, Defendants admit that, to the extent such allegations accurately quote the text of the documents, such documents speak for themselves. Defendants deny the allegations in the third and fourth sentences in Paragraph 87. In response to the remaining allegations in Paragraph 87, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's securities filings, the contents of which speak for themselves. Defendants further answer that to the extent the allegations in Paragraph 87 are based on texts of written documents, Defendants admit that, to the extent such allegations accurately quote the text of the documents,

such documents speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 87.

In response to footnote 21, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves.  Defendants deny that Plaintiffs' characterization of the statements is accurate, and deny Plaintiffs' framing of these issues.  Except as so expressly admitted and stated, Defendants deny each and every allegation in footnote 21.

88.     Defendants deny each and every allegation in Paragraph 88.

89.     Defendants deny each and every allegation in Paragraph 89.

90.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 90.

Defendants note that footnotes 22 and 23 do not contain factual allegations requiring admission or denial, and thus no response is required.  To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnotes 22 and 23, and on that basis deny each and every allegation therein.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 91.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and on that basis deny such

ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT                    26                    CASE NO. 4:19-CV-07481-JST

allegations.   Except as so expressly stated, Defendants deny each and every allegation in Paragraph 92.

93.    Defendants each and every allegation in Paragraph 93.

94.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.   Except as so expressly stated, Defendants deny each and every allegation in Paragraph 94.

95.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.   Except as so expressly stated, Defendants deny each and every allegation in Paragraph 95.

96.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.   Except as so expressly stated, Defendants deny each and every allegation in Paragraph 96.

97.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.   Except as so expressly stated, Defendants deny each and every allegation in Paragraph 97.

98.    Defendants deny each and every allegation in Paragraph 98.

99.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations

on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 99.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 100.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 101.

In response to footnote 24, Defendants admit that Alex Bustamante was for a period Executive Vice President of Global Operations at Plantronics, and joined the Company in 1994.  Defendants deny the remaining allegations in footnote 24.

102.    Defendants deny each and every allegation in Paragraph 102.

103.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 which purport to characterize and quote statements from alleged former employees to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 103.

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 104.

105.    Defendants deny each and every allegation in Paragraph 105.

106.     Defendants deny the allegations in the first sentence in Paragraph 106. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 106.

107.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 107.

108.     Defendants deny the allegations in the first sentence in Paragraph 108. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 108.

109.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 109.

110.     Defendants deny the allegations in the first sentence in Paragraph 110. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 110.

111.    Defendants deny the allegations in the first sentence in Paragraph 111. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 111.

112.    Defendants deny the allegations in the first sentence in Paragraph 112. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 112.

113.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 113.

114.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 114.

115.    Defendants deny the allegations in the first sentence in Paragraph 115. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 115.

116. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 116.

117. Defendants deny the allegations in the first and third sentences in Paragraph 117. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 117.

118. Defendants deny the allegations in the first sentence in Paragraph 118. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 118.

119. Defendants deny the allegations in the first sentence in Paragraph 119. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 119.

120. Defendants deny the allegations in the first sentence in Paragraph 120. Defendants admit that employees were instructed to cooperate fully with the team responsible for the ERM process. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 which purport to characterize and quote

ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT          31          CASE NO. 4:19-CV-07481-JST

statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations in on that basis.  Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 120.

121.    Defendants deny the allegations in the first and last sentences of Paragraph 121. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 121.

122.    Defendants deny the allegations in the second sentence in Paragraph 122. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 122 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 122.

123.    Defendants deny the allegations in the first and third sentences of Paragraph 123. In response to the second sentence in Paragraph 123, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context certain unidentified analyst and market statements, which statements, if identified, would speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 123.

124.    In response to Paragraph 124, Defendants admit that Plantronics filed a 2018 Form 10-K Annual Report for the fiscal year ended March 31, 2018 on May 9, 2018.  Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by the company in its Form 10-K for the fiscal year ended March 31, 2018, and that the report and statements therein and speak for themselves.  Defendants deny Plaintiffs characterization of these statements, and deny Plaintiffs' framing of the issues.  Except as so expressly admitted, Defendants deny each and every remaining allegation in Paragraph 124.

ANSWER TO PLAINTIFFS' SECOND                 32                CASE NO. 4:19-CV-07481-JST
AMENDED COMPLAINT

125. In response to Paragraph 125, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by the company in its Form 10-K for the fiscal year ended March 31, 2018, and that the report and statements therein speak for themselves. Defendants deny Plaintiffs characterization of these statements, and deny Plaintiffs' framing of the issues. Except as so expressly admitted, Defendants deny each and every remaining allegation in Paragraph 125.

126. In response to Paragraph 126 and footnote 25, Defendants note that the claims to which the allegations in Paragraph 126 and footnote 25 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is required. To the extent that any response is required, Defendants admit that the Company issued a press release and investor presentation on August 7, 2018. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's August 7, 2018 press release, and that the full press release and investor presentation, and statements in each of those materials, speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 126 and footnote 25.

127. In response to Paragraph 127, Defendants note that the claims to which the allegations in Paragraph 127 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is required. To the extent that any response is required, Defendants admit that the Company issued a press release on August 7, 2018. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's August 7, 2018 press release, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 127.

128. In response to Paragraph 128, Defendants note that the claims to which the allegations in Paragraph 128 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is required. To the extent that any response is required, Defendants admit that the Company issued a press release on August 7, 2018. Defendants further admit that

Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's August 7, 2018 press release, and that the full press release and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 128.

129.    In response to Paragraph 129, Defendants note that the claims to which the allegations in Paragraph 129 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is required.  To the extent that any response is required, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's period public filings, the contents of which speak for themselves.  Defendants further answer that to the extent the allegations in Paragraph 129 are based on texts of written documents, Defendants admit that, to the extent such allegations accurately quote the text of the documents, such documents speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 129.

130.    In response to Paragraph 130, Defendants note that the claims to which the allegations in Paragraph 130 pertain have been dismissed, see Motion to Dismiss Order, and thus no response to this paragraph is required.  To the extent that any response is required, Defendants admit that the Company issued a Form 10-Q on August 7, 2018.  Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's August 7, 2018 Form 10-Q, the contents of which speak for themselves.  Defendants further answer that to the extent the allegations in Paragraph 130 are based on texts of written documents, Defendants admit that, to the extent such allegations accurately quote the text of the documents, such documents speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 130.

In response to footnote 26, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's period public filings, the contents of which speak for themselves.  Defendants further answer that to the extent the allegations in footnote 26 are based on texts of written documents,

Defendants admit that, to the extent such allegations accurately quote the text of the documents, such documents speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in footnote 26.

131. In response to Paragraph 131, Defendants note that the claims to which the allegations in Paragraph 131 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is required. To the extent that any response is required, Defendants deny each and every allegation in Paragraph 131.

132. In response to Paragraph 132, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's August 7, 2018 Form 10-Q, the contents of which speak for themselves. Defendants further answer that to the extent the allegations in Paragraph 132 are based on texts of written documents, Defendants admit that, to the extent such allegations accurately quote the text of the documents, such documents speak for themselves. Defendants deny Plaintiffs characterization of these statements, and deny Plaintiffs' framing of the issues. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 132.

133. In response to Paragraph 133, Defendants answer that the Company's August 7, 2018 Form 10-Q and the statements therein speak for themselves. Defendants further answer that to the extent the allegations in Paragraph 133 are based on texts of written documents, Defendants admit that, to the extent such allegations accurately quote the text of the documents, such documents speak for themselves. Defendants deny Plaintiffs characterization of these statements, and deny Plaintiffs' framing of the issues. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 133.

134. In response to Paragraph 134, Defendants admit that Ms. Strayer signed the Company's August 7, 2018 Form 10-Q, and both Mr. Burton and Ms. Strayer and signed certifications for the Company's August 7, 2018 Form 10-Q, the contents of which speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 134.

In response to footnote 27, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's securities filings, the contents of which speak for themselves. Defendants further answer that to the extent the allegations in Paragraph 134 are based on texts of written documents, Defendants admit that, to the extent such allegations accurately quote the text of the documents, such documents or recordings speak for themselves. Defendants deny Plaintiffs' characterization of these statements, and deny Plaintiffs' framing of the issues. Except as so expressly admitted, Defendants deny each and every allegation in footnote 27.

135. In response to Paragraph 135, Defendants admit that the Company hosted an earnings call on August 7, 2018, the contents of which speak for themselves. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in this earnings call, and that the full earnings call and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 135.

136. In response to Paragraph 136, Defendants admit that Plaintiffs purport to characterize and paraphrase statements made in a Northland Capital Markets article, and that the full article and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 136.

137. Defendants deny each and every allegation in Paragraph 137.

138. In response to Paragraph 138 and footnote 28, Defendants admit that the Company issued a press release, earnings presentation and a Form 8-K on November 6, 2018. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's November 6, 2018 press release and Form 8-K, and that the full press release, earnings presentation and Form 8-K, and statements in each of those materials, speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 138 and footnote 28.

ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT                    36                    CASE NO. 4:19-CV-07481-JST

139.    In response to Paragraph 139, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's November 6, 2018 press release, and that the full press release and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 139.

140.    In response to Paragraph 140, Defendants admit that the Company hosted an earnings call on November 6, 2018.  Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in this November 6, 2018 earnings call, and that the full earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 140.

141.    In response to Paragraph 141, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in this November 6, 2018 earnings call, and that the full earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 141.

142.    In response to Paragraph 142, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in this November 6, 2018 earnings call, and that the full earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 142.

143.    In response to Paragraph 143, Defendants admit that, on November 7, 2018, the Company filed its Form 10-Q for the period ended September 30, 2018, and that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's November 7, 2018 Form 10-Q, the contents of which speak for themselves. Defendants further answer that to the extent the allegations in Paragraph 143 are based on texts of written documents, Defendants admit that, to the extent such allegations accurately quote the

text of the documents, such documents or recordings speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 143.

144. In response to Paragraph 144, Defendants note that the claims to which the allegations in Paragraph 144 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is necessary. To the extent that any response is necessary, Defendants answer that the Company's November 7, 2018 Form 10-Q and statements therein speak for themselves. Defendants deny Plaintiffs characterization of these statements, and deny Plaintiffs' framing of the issues. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 144.

145. In response to Paragraph 145, Defendants admit that Ms. Strayer signed the 10-Q, and both Mr. Burton and Ms. Strayer and signed the certifications for the Company's November 7, 2018 Form 10-Q, the contents of which speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 145.

146. In response to Paragraph 146, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by representatives of Northland Capital Markets, and that these full statements speak for themselves. Defendants further admit that, to the extent such allegations accurately quote the text of the documents, such documents speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 146.

147. In response to Paragraph 147 and footnote 29, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by representatives of Northland Capital Markets, and that these full statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 147 and footnote 29.

148. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 148, and therefore deny such allegations on that basis. In response to the second, fourth, and fifth sentences in Paragraph 148, Defendants

ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT

38

CASE NO. 4:19-CV-07481-JST

admit that Plaintiffs purport to characterize and paraphrase selectively and out of context statements made in certain public news media articles, and that the full articles and statements therein speak for themselves. In response to the third sentence in Paragraph 148, Defendants admit that prices and trading data for the Company's publicly traded securities are readily available, and that such data speak for themselves. Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 148.

149. Defendants deny each and every allegation in Paragraph 149.

150. In response to Paragraph 150 and footnote 30, Defendants admit that the Company issued a press release, earnings presentation and a Form 8-K on February 5, 2019. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's February 5, 2019 press release and Form 8-K, and that the full press release, earnings presentation and Form 8-K, and statements in each of those materials, speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 150 and footnote 30.

151. In response to Paragraph 151, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's February 5, 2019 press release, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 151.

152. In response to Paragraph 152, Defendants admit that the Company held a conference call February 5, 2019. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made during this February 5, 2019 conference call, and that the full statements made in this conference call speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 152.

153. In response to the first sentence in Paragraph 153, Defendants admit that, on February 6, 2019, the Company filed its quarterly report Form 10-Q for the period ended

ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT
CASE NO. 4:19-CV-07481-JST

December 29, 2018. In response to the remaining allegations in Paragraph 153, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in this Form 10-Q, and that the full securities filing and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 153.

154. In response to Paragraph 154, Defendants note that the claims to which the allegations in Paragraph 154 pertain have been dismissed, *see* Motion to Dismiss Order, and thus no response to this paragraph is necessary. To the extent that any response is necessary, Defendants answer that the Company's February 6, 2019 Form 10-Q and statements therein speak for themselves. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 154.

155. In response to Paragraph 155, Defendants admit that Ms. Strayer signed the cited Form 10-Q, that both Mr. Burton and Ms. Strayer signed the certifications for the Company's February 6, 2019 Form 10-Q, and that the contents of such filing speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 155.

156. In response to Paragraph 156, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by representatives of Northland Securities, and that these full statements speak for themselves. Defendants further admit that, to the extent such allegations accurately quote the text of the documents, such documents speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 156.

157. Defendants deny each and every allegation in Paragraph 157.

158. In response to Paragraph 158 and footnote 31, Defendants admit that the Company issued a press release, earnings presentation, and a Form 8-K on May 7, 2019. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's May 7, 2019 press release and Form 8-K, and that the full press release, earnings presentation and Form 8-K, and statements in each of

ANSWER TO PLAINTIFFS' SECOND
AMENDED COMPLAINT

40

CASE NO. 4:19-CV-07481-JST

those materials, speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 158 and footnote 31.

159.    In response to Paragraph 159, Defendants admit that the Company hosted an earnings call on May 7, 2019, the contents of which speak for themselves.  Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made on this May 7, 2019 conference call, and that the full earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 159.

160.    In response to Paragraph 160, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made on a May 7, 2019 conference call, and that the full earnings call and statements therein speak for themselves. Defendants further admit that, to the extent such allegations accurately quote the text of the documents, such documents or recordings speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 160.

161.    In response to Paragraph 161, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by representatives of Northland Securities, and that the full statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 161.

162.    In response to the first sentence in Paragraph 162, Defendants admit that, on May 17, 2019, the Company filed a Form 10-K for the period ending March 30, 2019.  In response to the remaining allegations in Paragraph 162, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in Company's May 17, 2019 Form 10-K, and that the full securities filing and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 162.

163.    Defendants deny each and every allegation in Paragraph 163.

164.    Defendants deny each and every allegation in Paragraph 164.

ANSWER TO PLAINTIFFS' SECOND                    41                    CASE NO. 4:19-CV-07481-JST
AMENDED COMPLAINT

165. Defendants deny each and every allegation in Paragraph 165.

166. Defendants deny each and every allegation in Paragraph 166.

167. In response to Paragraph 167, Defendants answer that representatives of the Company participated in a June 18, 2019 webinar with Northland Capital Markets. Defendants further answer that to the extent Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Boynton on a June 18, 2019 investor webinar, Defendants admit that, to the extent such allegations accurately quote the text of the documents or recordings, such documents speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 167.

168. Defendants deny the allegations in the last sentence in Paragraph 168. In response to the remainder of Paragraph 168, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Boynton on an investor webinar on June 18, 2019, and that the full and actual statements made by Mr. Boynton in that investor webinar speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 168.

169. In response to the first sentence in Paragraph 169, Defendants admit that Plaintiffs purport to characterize and paraphrase selectively and out of context certain unidentified market statements, which market statements, if identified, would speak for themselves. In response to the second sentence in Paragraph 169, Defendants admit that daily closing prices and trading data for the Company's publicly traded securities are readily available, and that such data speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 169.

170. In response to Paragraph 170 and footnote 32, Defendants admit that the Company issued a press release, earnings presentation, and a Form 8-K on August 6, 2019. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's August 6, 2019 press release and Form 8-K, and that the full press release, earnings presentation, and Form 8-K, and statements in each

of those materials, speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 170 and footnote 32.

171. In response to Paragraph 171, Defendants admit that the Company hosted an earnings call on August 6, 2019, the contents of which speak for themselves. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in this August 6, 2019 conference call, and that the full earnings call and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 171.

172. In response to Paragraph 172, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in this August 6, 2019 conference call, and that the full call and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 172.

173. In response to Paragraph 173, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in this August 6, 2019 conference call, and that that the full call and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 173.

174. In response to the first, second, and third sentences in Paragraph 174, Defendants admit that Plaintiffs purport to characterize and paraphrase statements made by representatives of Northland Capital, and that these full statements speak for themselves. In response to the fourth, fifth, and sixth sentences in Paragraph 174, Defendants admit that Plaintiffs purport to characterize and paraphrase statements made by representatives of Cowen, and that these full statements speak for themselves. In response to the final sentence in Paragraph 174, Defendants admit that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 174.

175. Defendants deny each and every allegation in Paragraph 175.

176. In response to Paragraph 176, Defendants admit that, on August 6, 2019, the Company filed a Form 10-Q, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's August 6, 2019 Form 10-Q, and that the full securities filing and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 176.

177. In response to Paragraph 177, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's August 6, 2019 Form 10-Q, and that the full securities filing and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 177.

178. Defendants deny each and every allegation in Paragraph 178.

179. In response to Paragraph 179, Defendants admit that the Company issued a press release on November 5, 2019 announcing second quarter fiscal year 2020 financial results. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's November 5, 2019 press release, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 179.

180. In response to Paragraph 180, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's November 5, 2019 press release, and that the full press release and statements therein speak for themselves. Defendants deny Plaintiffs characterization of these statements, and deny Plaintiffs' framing of the issues. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 180.

181. In response to Paragraph 181, Defendants admit that the Company issued a press release and earnings presentation on November 5, 2019, the contents of which speak for themselves. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's November 5, 2019 press

release, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 181.

182. In response to Paragraph 182, Defendants admit that the Company hosted an earnings call on November 5, 2019, the contents of which speak for themselves. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in this November 5, 2019 conference call, and that the full earnings call and statements therein speak for themselves conference call are accurate and speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 182.

183. In response to the first sentence in Paragraph 183, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by third parties in this November 5, 2019 conference call, and that the full and actual statements made by third parties speak for themselves. In response to the remaining allegations in Paragraph 183, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in this November 5, 2019 conference call, and that the full earnings call and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 183.

184. In response to Paragraph 184, Defendants admit that Plaintiffs purport to characterize and paraphrase selectively and out of context statements made by the Company in a November 5, 2019 conference call, and that the full call and statements therein speak for themselves. Defendants also admit that a Form 8-K was filed that speaks for itself. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 184.

185. In response to Paragraph 185, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by representatives of Cowen, and that these full statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 185.

186. Defendants deny each and every allegation in Paragraph 186.

187.    In response to Paragraph 187, Defendants admit that daily closing prices and trading data for the Company's publicly traded securities are readily available, and that such data speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 187.

188.    In response to Paragraph 188, Defendants admit that, on June 8, 2020, the Company filed a Form 10-K for the fiscal year ending March 28, 2020.  Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by the company in that Form 10-K, and that the full securities filing and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 188.

189.    In response to Paragraph 189, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by the company in its June 8, 2020 Form 10-K, and that the full securities filing and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 189.

190.    No response is required to Paragraph 190 and footnote 33, which do not contain factual allegations requiring admission or denial and purport to describe generalized beliefs or observations of unnamed third parties unrelated to the facts of this case.  To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and footnote 33, and on that basis deny each and every allegation therein.

191.    No response is required to the first and second sentences in Paragraph 191, which do not contain factual allegations requiring admission or denial and purport to describe generalized beliefs or observations of unnamed third parties unrelated to the facts of this case. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentence in Paragraph 191, and on that basis deny each and every allegation therein.  In response to the remaining

allegations in Paragraph 191 and footnote 34, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context data from certain unidentified documents, which documents and data, if identified, would speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 191 and footnote 34.

192.   In response to Paragraph 192, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context data from certain unidentified documents, which documents and data, if identified, would speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 192.

193.   No response is required to Paragraph 193, which does not contain factual allegations requiring admission or denial and purports to describe generalized beliefs or observations of unnamed third parties unrelated to the facts of this case.  To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193, and on that basis deny each and every allegation therein.

194.   In response to Paragraph 194, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context data from certain unidentified documents, which documents and data, if identified, would speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 194.

195.   In response to the first and second sentences in Paragraph 195, Defendants admit that Plaintiffs purport to characterize and paraphrase selectively and out of context data from certain unidentified documents, which documents, if identified, would speak for themselves. Defendants deny the remaining allegations in Paragraph 195.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 195.

196.   In response to the first sentence in Paragraph 196, Defendants admit that the Company's sales through its distribution channels were in certain instances made pursuant to agreements that included various sales incentive programs.  In response to the second sentence

in Paragraph 196, Defendants admit that the Company properly accounted for promotions, rebates, and other sales incentives, which may be presented as a reduction of accounts receivable at all times. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 196.

197. In response to Paragraph 197, Defendants admit that Plaintiffs purport to characterize and paraphrase selectively and out of context data from certain unidentified documents, which documents and data, if identified, would speak for themselves. Defendants further answer that Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences in Paragraph 197 which purport to characterize and quote statements from alleged former employees to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 197.

198. Defendants deny the allegations in the second sentence in Paragraph 198. No response is required to the first sentence in Paragraph 198, which does not contain factual allegations requiring admission or denial and purports to describe generalized beliefs or observations of unnamed third parties unrelated to the facts of this case. To the extent that any response to the first sentence is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 198, and on that basis deny each and every allegation therein.

199. Defendants deny the allegations in the first sentence in Paragraph 199. In response to the remaining allegations in Paragraph 199, Defendants admit that Plaintiffs purport to characterize and paraphrase selectively and out of context data from certain unidentified documents, which documents and data, if identified, would speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 199.

200. Defendants deny each and every allegation in Paragraph 200.

201. Defendants deny the allegations in the first sentence in Paragraph 201. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations

in Paragraph 201 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 201.

202.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 which purport to characterize and quote statements from alleged former employees to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 202.

203.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and footnotes 35 and 36, which purport to characterize and quote statements from alleged former employees to Plaintiffs and/or their counsel, and therefore deny each and every allegation in Paragraph 203 and footnotes 35 and 36 on that basis.

204.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204, which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny each and every allegation in Paragraph 204 on that basis.

205.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205, which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny each and every allegation in Paragraph 205 on that basis.

206.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 206.

207.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 which purport to characterize and quote statements from

an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 207.

208. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 208.

209. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 209.

210. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 210.

211. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 211.

212. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212, which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such

allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 212.

213. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213, which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 213.

214. Defendants deny the allegations in the first sentence in Paragraph 214. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 and footnotes 37 and 38 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 214 and footnotes 37 and 38.

215. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 215.

216. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 216.

217. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations

ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

51

CASE NO. 4:19-CV-07481-JST

on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 217.

218. Defendants deny the allegations in the first sentence in Paragraph 218. In response to the remaining allegations in Paragraph 218, Defendants admit that the Company filed a Form DEF 14A Proxy Statement for on May 17, 2019. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's securities filing, and that the full securities filing and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 218.

219. In response to Paragraph 219, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's May 17, 2019 Form DEF 14A Proxy Statement, and that the full securities filing and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 219.

220. In response to Paragraph 220, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in the Company's securities filings, and that the full securities filings and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 220.

221. Defendants deny each and every allegation in Paragraph 221.

222. Defendants deny each and every allegation in Paragraph 222.

223. Defendants deny the allegations in the first sentence in Paragraph 223. In response to the second sentence in Paragraph 223, Defendants admit that Mr. Loebbaka was hired by Plantronics in October 2017. In response to the third sentence in Paragraph 223, Defendants admit that Mr. Hornish was previously the President of Sales for Polycom, and after the acquisition became responsible for all sales (Enterprise, Inside, Consumer, Channel and Distribution) in North and South America. In response to the fourth sentence in Paragraph 223, Defendants admit that the Company maintained sales personnel responsible for selling the

ANSWER TO PLAINTIFFS' SECOND                    52                    CASE NO. 4:19-CV-07481-JST
AMENDED COMPLAINT

Company's enterprise products to a global network of distributors and channel partners during the relevant period.  Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 223.

224.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 which purport to characterize and quote statements from alleged former employees to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 224.

225.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 225.

226.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 226.

227.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 227.

228.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations

on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 228.

229.    Defendants deny the allegations in the first sentence in Paragraph 229. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 229 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 229.

230.    Defendants deny the allegations in the fourth sentence in Paragraph 230. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 230.

231.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 231.

232.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232, which purport to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 232.

233.    Defendants deny the allegations in the first sentence in Paragraph 233. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 which purport to characterize and quote statements from an alleged

former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 233.

234. In response to Paragraph 234, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in a November 20, 2019 investor conference meeting, and that the investor conference meeting and statements therein speak for themselves. Defendants further answer that, to the extent the allegations in Paragraph 234 are based on written documents or recordings, Defendants admit that, to the extent such allegations accurately quote the text of the documents or recordings, the documents or recordings speak for themselves. Defendants deny that Plaintiffs' characterization of these statements is accurate, and deny Plaintiffs' framing of these issues. Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 234.

235. In response to the first sentence in Paragraph 235, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in a November 20, 2019 investor conference meeting, the contents of which speak for themselves. Defendants further answer that, to the extent the allegations in Paragraph 235 are based on written documents or recordings, Defendants admit that, to the extent such allegations accurately quote the text of the documents or recordings, the documents or recordings speak for themselves. Defendants deny that Plaintiffs' characterization of these statements is accurate, and deny Plaintiffs' framing of these issues. Except as so expressly admitted and stated, Defendants deny the remaining allegations in Paragraph 235.

236. Defendants deny each and every allegation in Paragraph 236.

237. Defendants deny each and every allegation in Paragraph 237.

238. Defendants deny each and every allegation in Paragraph 238.

239. Defendants deny each and every allegation in Paragraph 239.

240. Defendants deny each and every allegation in Paragraph 240.

241. Defendants deny each and every allegation in Paragraph 241.

242. Defendants deny each and every allegation in Paragraph 242.

243. Defendants deny each and every allegation in Paragraph 243.

244. No response is required to Paragraph 244, which consists of conclusions of law. To the extent any response is required, Defendants deny each and every allegation in Paragraph 244.

245. No response is required to Paragraph 245, which consists of conclusions of law. To the extent any response is required, Defendants admit that Plantronics' stock was listed and traded on the NYSE. Defendants further admit that Plantronics filed periodic reports with the SEC and NYSE, communicated with public investors via press releases and other public disclosures, and was followed by securities analysts employed by brokerage firms. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 245.

246. Defendants deny each and every allegation in Paragraph 246.

247. Defendants deny each and every allegation in Paragraph 247.

248. In response to Paragraph 248, Defendants admit that Plaintiffs purport to bring a putative class action for alleged violations of the securities laws. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 248.

249. No response is required to the first sentence in Paragraph 249, which consists of conclusions of law. To the extent any response is required, Defendants deny the allegations in the first sentence in Paragraph 249. In response to the second sentence in Paragraph 249, Defendants admit that the Company's shares were traded on the NYSE during the relevant period. In response to the third sentence in Paragraph 249, Defendants admit that data regarding the number of shares of outstanding common stock of the Company during the relevant period are readily available, and that such data speak for themselves. Except as so expressly admitted, Defendants deny each and every remaining allegation in Paragraph 249.

250. Defendants deny each and every allegation in Paragraph 250.

251. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251, and on that basis deny each and every allegation therein.

252. Defendants deny each and every allegation in Paragraph 252.

253. Defendants deny each and every allegation in Paragraph 253.

254. In response to Paragraph 254, Defendants incorporate and reassert their response to Paragraphs 1-253, inclusive, as if set forth fully herein.

255. In response to Paragraph 255, Defendants admit that Plaintiffs purport to bring a putative class action for alleged violations of the securities laws. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 255.

256. Defendants deny each and every allegation in Paragraph 256.

257. Defendants deny each and every allegation in Paragraph 257.

258. Defendants deny each and every allegation in Paragraph 258.

259. Defendants deny each and every allegation in Paragraph 259.

260. Defendants deny each and every allegation in Paragraph 260.

261. Defendants deny each and every allegation in Paragraph 261.

262. In response to Paragraph 262, Defendants incorporate and reassert their responses to Paragraphs 1-261, inclusive, as if set forth fully herein.

263. In response to Paragraph 263, Defendants admit that Plaintiffs purport to bring a putative class action for alleged violations of the securities laws. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 263.

264. Defendants deny each and every allegation in Paragraph 264.

265. Defendants deny each and every allegation in Paragraph 265.

266. Defendants deny each and every allegation in Paragraph 266.

267. Defendants deny each and every allegation in Paragraph 267.

268. No response is required to Paragraph 268, which purports to describe the relief requested by Plaintiffs. To the extent that a response is required, Defendants deny each and every allegation in Paragraph 268 and in the "Prayer for Relief."

## AFFIRMATIVE DEFENSES

In further response to the Second Amended Complaint and each claim asserted in this action, and without assuming the burden of proof, persuasion, or production as to any issue where such burden is not legally assigned to them, Defendants assert the following affirmative and other defenses. By asserting such defenses, Defendants do not in any way waive or limit any defenses raised by the denials, allegations, and averments set forth elsewhere in this Answer. Defendants expressly reserve the right to amend and/or supplement these defenses and assert any other defense as to which discovery, investigation, or further developments may establish a basis.

### FIRST DEFENSE

### (Failure to State a Claim)

The SAC fails to state a claim upon which relief can be granted as to any of the Defendants.

### SECOND DEFENSE

### (No False Statement)

Defendants are not liable on the claims alleged in the SAC because no false or misleading statement was made by any of the Defendants, nor can any false or misleading statement be attributed to any of the Defendants.

### THIRD DEFENSE

### (No Failure to Disclose)

Defendants are not liable on the claims alleged in the SAC because they had no duty to disclose any facts allegedly not disclosed.

### FOURTH DEFENSE

### (Lack of Materiality)

Defendants are not liable on the claims alleged in the SAC because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor, including in light of the total mix of information available to investors.

## FIFTH DEFENSE

### (Safe Harbor)

To the extent the claims alleged in the SAC are based on any predictions, forecasts, expectations, or other forward-looking statements, those statements were identified as such, were accompanied by meaningful cautionary language, and/or were not made with actual knowledge of falsity. Accordingly, Plaintiffs and the alleged plaintiff class are barred from recovery, in whole or in part, by the safe harbor for forward-looking statements contained in the Exchange Act and Private Securities Litigation Reform Act of 1995. *See* 15 U.S.C. § 78u-5(c).

## SIXTH DEFENSE

### (Bespeaks Caution)

To the extent the claims alleged in the SAC are based on predictions, forecasts, expectations, or other forward-looking statements, Plaintiffs and the alleged plaintiff class are barred from recovery, in whole or in part, by the "bespeaks caution" doctrine in that Defendants' public statements, including (but not limited to) statements in SEC filings, press releases, conference calls, analyst events, and interviews, bespoke caution about the risks of investing in the Company.

## SEVENTH DEFENSE

### (Opinion Statements)

To the extent the claims alleged in the SAC are based on expressions of opinion, Plaintiffs and the alleged plaintiff class are barred from recovery in whole or in part under the principles set forth in *Omnicare, Inc. v. Laborers Dist. Council*, 575 U.S. 175 (2015).

## EIGHTH DEFENSE

### (Lack of Standing)

The claims alleged in the SAC are barred, in whole or in part, to the extent that Plaintiffs or members of the alleged plaintiff class lack standing to pursue such claims.

## NINTH DEFENSE

### (No Scienter)

Defendants are not liable on the claims alleged in the SAC because none of the Defendants acted with scienter.

## TENTH DEFENSE

### (Good Faith)

Defendants are not liable on the claims alleged in the SAC because each of the Defendants acted at all times in good faith and with good cause.

## ELEVENTH DEFENSE

### (Lack of Reliance)

The claims alleged in the SAC are barred, in whole or in part, because Plaintiffs and the alleged plaintiff class did not actually, justifiably, or reasonably rely upon any of the alleged misstatements or omissions alleged in the SAC, and because reliance may not be presumed based on the fraud on the market doctrine or on any other basis.

## TWELFTH DEFENSE

### (No Artificial Inflation)

The claims alleged in the SAC are barred, in whole or in part, because the purported misstatements, omissions, or other conduct alleged in the SAC did not inflate the price of the Company's securities.

## THIRTEENTH DEFENSE

### (No Loss Causation)

The claims alleged in the SAC are barred, in whole or in part, because Plaintiffs and the alleged plaintiff class have not suffered any injury, damage, harm, or loss as a result of the purported misstatements, omissions, or other conduct alleged in the SAC, and because any injury, damage, harm, or loss allegedly sustained by Plaintiffs and the alleged plaintiff class was caused by factors other than the purported misstatements, omissions, or other conduct alleged in the SAC (including, but not limited to, market factors, superseding or intervening

causes, or the acts and conduct of other persons for whom Defendants are not responsible).

**FOURTEENTH DEFENSE**

**(Truth on the Market)**

The claims alleged in the SAC are barred, in whole or in part, because the subjects of the alleged misstatements and omissions were, in fact, publicly disclosed or were in the public domain and, as such, were available to Plaintiffs and members of the alleged plaintiff class.

**FIFTEENTH DEFENSE**

**(Assumption of Risk)**

The claims alleged in the SAC are barred, in whole or in part, because Plaintiffs and the members of the alleged plaintiff class assumed the risks of investment in the Company's securities, including but not limited to the material facts and risks that were publicly disclosed or were otherwise available in the public domain.

**SIXTEENTH DEFENSE**

**(Lack of Inducement and Good Faith Conduct Under Section 20(a) of the Exchange Act)**

None of the Defendants is liable as a control person under Section 20(a) of the Exchange Act because each Defendant at all times acted in good faith and did not directly or indirectly induce any act or acts allegedly constituting a violation of the Exchange Act. *See* 15 U.S.C. § 78t(a).

**SEVENTEENTH DEFENSE**

**(Failure to Mitigate Damages)**

The claims alleged in the SAC are barred, in whole or in part, because Plaintiffs and the members of the alleged plaintiff class failed to make reasonable efforts to mitigate, minimize, or avoid their alleged injury, damage, harm, or loss, which efforts would have prevented all or part of any such alleged injury, damage, harm, or loss.

**EIGHTEENTH DEFENSE**

**(Reliance on Others)**

The claims alleged in the SAC are barred, in whole or in part, because at all relevant

times Defendants reasonably relied in good faith on information, representations, reports, opinions, and advice provided by others upon whom Defendants were entitled to rely.

### NINETEENTH DEFENSE

### (Conduct of Others)

The claims alleged in the SAC are barred, in whole or in part, to the extent that persons other than Defendants (including, but not limited to, persons whose alleged acts and conduct may not be imputed or attributed to Defendants) caused any injury, damage, harm, or loss allegedly sustained by Plaintiffs or members of the alleged plaintiff class.

### TWENTIETH DEFENSE

### (Contribution and/or Indemnity)

Defendants are entitled to contribution and/or indemnity from others for any liability Defendants, or any of them, might incur in this action.

### TWENTY-FIRST DEFENSE

### (Offset)

Any recovery by Plaintiffs or members of the alleged plaintiff class must be offset by benefits received through their investments in the Company's securities.

### TWENTY-SECOND DEFENSE

### (Unjust Enrichment)

Any recovery in this action must be precluded or reduced to the extent Plaintiffs and members of the alleged plaintiff class would be unjustly enriched.

### TWENTY-THIRD DEFENSE

### (Equitable Defenses)

The claims alleged in the SAC are barred, in whole or in part, by the doctrines of estoppel, unclean hands, laches, ratification, acquiescence, relinquishment, release, *in pari delicto*, and/or abandonment.

## TWENTY-FOURTH DEFENSE

### (Waiver)

The claims alleged in the SAC are barred, in whole or in part, to the extent that Plaintiffs and members of the alleged plaintiff class have knowingly and voluntarily waived any alleged claims they might have against Defendants.

## TWENTY-FIFTH DEFENSE

### (Proportionate Liability)

Any claimed recovery by Plaintiffs or members of the alleged plaintiff class with respect to a particular Defendant is limited to that Defendant's proportionate responsibility. *See* 15 U.S.C. § 78u-4(f).

## TWENTY-SIXTH DEFENSE

### (Lack of Damages)

The claims alleged in the SAC are barred, in whole or in part, because Plaintiffs and members of the alleged plaintiff class suffered no injury, damage, harm, or loss.

## TWENTY-SEVENTH DEFENSE

### (Speculative and/or Excessive Damages)

The claims alleged in the SAC are barred, in whole or in part, to the extent that any injury, damage, harm, or loss allegedly sustained by Plaintiffs or members of the alleged plaintiff class is speculative, cannot be reasonably ascertained, or exceeds the damages permitted by statute. *See* 15 U.S.C. § 78u-4(e), (f).

## TWENTY-EIGHTH DEFENSE

### (Statute of Limitations and Repose)

The claims alleged in the SAC are barred, in whole or in part, to the extent they are untimely under the applicable statute of limitations and/or the applicable statute of repose.

## TWENTY-NINTH DEFENSE

### (No Fees, Costs or Expenses)

Plaintiffs and members of the alleged plaintiff class are not entitled to recover

ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT     63     CASE NO. 4:19-CV-07481-JST

attorneys' fees, expert fees, or other costs and disbursements.

## THIRTIETH DEFENSE

### (Plaintiffs Cannot Maintain a Class Action)

This suit may not be maintained as a class action because: (1) Plaintiffs will not fairly and adequately protect the interests of the putative class; (2) common issues of fact or law do not predominate over questions affecting only individual members; (3) a class action is not an appropriate method for the fair and efficient adjudication of the controversy; (4) the other requirements of maintaining a class action have not been met; (5) a class action is not an appropriate or superior method for addressing the claims brought by Plaintiffs as individual questions exceed the common questions; and (6) aggregation of claims would deny Defendants due process by depriving Defendants of their rights to discover and present bona fide legal and factual defenses unique to a specific putative class members and transactions.

## THIRTY-FIRST DEFENSE

### (Reasonable Care)

If any alleged misstatements or omissions were made (which Defendants deny), the claims of Plaintiffs and/or putative class members are barred as Plaintiffs and/or putative class members failed to exercise reasonable care to discover the facts related to these alleged misstatements/omissions.

## THIRTY-SECOND DEFENSE

### (Other Defenses)

Defendants hereby reserve and assert all affirmative and other defenses available under federal law and under any applicable state law.  Defendants reserve the right to assert additional defenses, crossclaims, and third-party claims in the event that discovery, further investigation, or other developments may indicate that it would be appropriate.  Defendants hereby reserve all rights to amend and/or supplement any and all defenses set forth herein.

## PRAYER

WHEREFORE, Defendants respectfully pray for judgment as follows:

ANSWER TO PLAINTIFFS' SECOND                    64                    CASE NO. 4:19-CV-07481-JST
AMENDED COMPLAINT

1. That judgment be entered against Plaintiffs and in favor of Defendants, and each of them, on all claims asserted in this action;

2. That Plaintiffs' Prayer for Relief be denied;

3. That the remaining claims of the Second Amended Complaint be dismissed with prejudice;

3. That Plaintiffs and members of the alleged plaintiff class take nothing by reason of the claims asserted in this action;

4. That the Court refuse to certify this suit as a class action;

5. For costs of suit herein; and

6. For such other and further relief as the Court may deem just and proper.


Dated:  October 31, 2022

WILMER CUTLER PICKERING HALE
AND DORR LLP

By:    /s/ Kevin P. Muck
                Kevin P. Muck

*Attorneys for Defendants Plantronics, Inc.,
Joseph Burton, Pamela Strayer, and Charles
Boynton*