SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

PETER J. KOLOVOS (*Pro Hac Vice*)
peter.kolovos@wilmerhale.com
SONIA SUJANANI (*Pro Hac Vice*)
sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

NOAH S. GUINEY (SBN 324079)
noah.guiney@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Defendants Plantronics, Inc.,*
*Joseph Burton, Charles Boynton and*
*Pamela Strayer*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION. | Case No. 4:19-cv-07481-JST<br><br>**DECLARATION OF PETER J. KOLOVOS EXPLAINING MODIFICATIONS TO THE MODEL STIPULATED PROTECTIVE ORDER** |

I, Peter J. Kolovos, declare as follows:

1. I am an attorney admitted *pro hac vice* in this matter, and I am a partner with the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel of record for Defendants Plantronics, Inc. ("Plantronics"), Joseph Burton, Charles Boynton and Pamela Strayer ("Defendants") in the above-captioned matter. I have personal knowledge of the facts in this declaration and, if called upon to do so, could and would testify competently as to the matters set forth herein.

2. This declaration is made in support of the proposed Stipulated Protective Order (the "Proposed Order") filed herewith, pursuant to Section H of the Court's Standing Order for All Civil Cases. The parties have met and conferred and are in agreement as to the content of the Proposed Order. The Proposed Order is largely based on the Court's Model Stipulated Protective Order for Standard Litigation (the "Model Order"), with the proposed modifications described below.

3. Attached at Exhibit 1 is a redline comparing the Proposed Order with the Model Order, also pursuant to Section H of the Court's Standing Order for All Civil Cases.

4. The parties have agreed to the following modifications to the Model Order; the explanations for those modifications are as follows:

a. Case-identifying information was incorporated throughout the Proposed Order.

b. Sections 1, 5.1, 6.3, 7.2(g), and 13 were amended in include minor, non-substantive changes.

c. The definition of "House Counsel" in Section 2.7 was amended to include "attorneys who are employees of HP Inc.," which completed the acquisition of Defendant Plantronics in August 2022.

d. Section 2.10 was amended to include "House Counsel."

e. Section 5.2(a) was amended to allow documents produced in a native format to be designated as confidential by appending a confidential notation to the filename. The parties believe this will streamline the confidentiality designation process for

1

DECLARATION OF PETER J. KOLOVOS IN SUPPORT OF
PROPOSED PROTECTIVE ORDER

4:19-cv-07481-JST

documents produced in native format, rather than requiring the producing party to produce native files as images in order to designate material as confidential.

f.    Section 5.2(b) was amended to allow the parties to designate confidential material disclosed during a deposition up to twenty-one (21) days after receiving the transcript, recognizing that it may be impractical in certain instances to make confidentiality designations contemporaneously on the record.

g.    Section 6.2 was amended to ensure that parties providing written notice of each confidentiality designation being challenged would include relevant Bates Numbers, and making minor, non-substantive changes.

h.    Section 7.2(a) was amended to remove the language that only employees of Outside Counsel of Record who had signed an "Acknowledgement and Agreement to Be Bound" could be recipients of material designated as confidential.

i.    Section 7.2(c) was amended to additionally allow Experts' employees to be recipients of material designated as confidential.

j.    Section 7.2(f) was amended to additionally allow witnesses who agreed on the record to abide by the "Acknowledgement and Agreement to Be Bound" (in addition to witnesses who sign the Acknowledgement) to be recipients of material designated as confidential.

k.    Section 7.2(h) was added to permit the disclosure of material designated as confidential to mediators or other alternative dispute resolution neutrals (and their employees, agents, and contractors).

l.    Section 8(b) was amended to include the possibility that a subpoena for information or items designated as "CONFIDENTIAL" in this action could arise from proceedings outside litigation.

m.    Section 11 was amended to remove the reference to Federal Rules of Evidence 502(d) and (e) as premature.

DECLARATION OF PETER J. KOLOVOS IN SUPPORT OF
PROPOSED PROTECTIVE ORDER                                                4:19-cv-07481-JST

n.    Section 12 was added to set parameters regarding discoverable materials from experts or consultants in this case, which the parties believe will facilitate their communications with experts.

o.    Section 13.3 was amended to clarify that the prohibition against filing confidential materials in the public record extends to actions other than the above-referenced action.

p.    Section 14 was amended to provide that the deadline for returning or destroying confidential material may be modified by agreement of the parties, subject to the Court's approval, and making minor, non-substantive changes.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 22nd day of February, 2023.

*/s/ Peter J. Kolovos*
Peter J. Kolovos

3

DECLARATION OF PETER J. KOLOVOS IN SUPPORT OF
PROPOSED PROTECTIVE ORDER

4:19-cv-07481-JST