**HAGENS BERMAN SOBOL SHAPIRO LLP**
REED R. KATHREIN (139304)
LUCAS E. GILMORE (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

STEVE W. BERMAN (pro hac vice)
SEAN R. MATT (pro hac vice)
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com

*Counsel for Lead Plaintiff Ilya Trubnikov
and Lead Counsel for the Class*

[Additional counsel appear on signature page.]

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
JONATHAN D. USLANER (256898)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470
jonathanu@blbglaw.com

LAUREN A. ORMSBEE (pro hac vice)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile:(212) 554-1444
lauren@blbglaw.com

*Counsel for Lead Plaintiff Roofers' Pension
Fund and Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | No. 4:19-cv-07481-JST<br><br>**STIPULATION AND [PROPOSED] ORDER ESTABLISHING THE PROTOCOL FOR THE PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION ("ESI")** |

**TABLE OF CONTENTS**

Page

I.      PURPOSE.................................................................................................................1

II.     COOPERATION ......................................................................................................1

III.    LIAISON ..................................................................................................................1

IV.     PRESERVATION ....................................................................................................2

V.      SEARCH ..................................................................................................................2

VI.     PHASING.................................................................................................................3

VII.    PRODUCTION ........................................................................................................3

        A.      Each Production Will Have Four Main Components......................................3

        B.      Production of Documents Originating as Paper ............................................4

        C.      Production of ESI .........................................................................................7

        D.      Production of Databases and Other Structured Data ...................................11

        E.      Production of Audio and Video Recordings ................................................12

        F.      Production of Transcripts ...........................................................................13

        G.      Processing of Third-Party Documents.........................................................13

        H.      Miscellaneous Provisions ...........................................................................14

VIII.   ASSERTIONS OF PRIVILEGE .............................................................................16

        A.      Production of Privileged Documents............................................................16

        B.      Privilege Logs.............................................................................................17

        C.      Logging of Document Families....................................................................17

IX.     MODIFICATION....................................................................................................18

        A.      Modification by Agreement .........................................................................18

        B.      Modification by Court Order........................................................................18

Pursuant to the agreement reached between Plaintiffs and Defendants herein, this Court adopts and orders the following Protocol relating to the Production of Documents and Electronically Stored Information ("ESI") in these Proceedings, which binds all parties and their counsel of record in this Action, whether they currently are involved or become so in the future (collectively, the "Parties"). The failure of this Protocol to address any issue is without prejudice to any position that a Party may take on that issue.

## I.      PURPOSE

This Stipulated Protocol for Producing Documents and ESI (the "ESI Protocol") will govern the Production of Documents and ESI by the parties in the above-captioned litigation and will serve as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of ESI, and any other applicable orders and rules.

## II.     COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## III.    LIAISON

The parties will each identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

STIPULATION AND ESI ORDER – 1
Case No. 4:19-cv-07481-JST

## IV.    PRESERVATION

The parties understand their preservation obligations under applicable law and agree that quickly following the deadline for Initial Disclosures, the parties will meet and confer to attempt to reach an agreement on the following:

a.    the relevant period of time for which ESI will be preserved and searched;

b.    the categories of information that have been or shall be preserved in connection with this litigation and/or categories of information necessary to facilitate the parties' negotiations;

c.    a list of the most likely custodians of relevant ESI or, in the alternative, the job descriptions of the most likely custodians;

d.    the number of custodians per party for whom ESI will be preserved and searched;

e.    likely relevant data sources, including meeting and conferring to attempt to agree on any data sources that the parties agree are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B); and

f.    whether discovery is limited to certain custodians or data sources in the first instance.

Where disputes arise concerning the production of allegedly inaccessible ESI, the parties shall follow the procedures set forth in the Court's Standing Order.

## V.    SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.  To the extent that key words or other methodologies are to be used in limiting the universe of potentially responsive documents to be reviewed in advance of production, the parties shall meet and confer to develop a mutually agreeable list of search terms and protocols.  Focused terms and queries, rather than overbroad queries should be

STIPULATION AND ESI ORDER – 2
Case No. 4:19-cv-07481-JST

employed..  Should either side desire to leverage Technology Assisted Review or Continuous Active Learning to limit review and production, the parties agree to meet and confer to determine whether Technology Assisted Review or Continuous Active Learning is appropriate in this action, and if so, possible methods of employing Technology Assisted Review or Continuous Active Learning to assist in the identification and production of ESI that is subject to production and the filtering out of ESI that is not subject to discovery.

## VI.    PHASING

When a party propounds discovery requests pursuant to Federal Rule of Civil Procedure 34, the parties agree that they will use best efforts to phase ESI production where reasonably necessary, and that they will meet and confer to discuss whether certain categories of information can be prioritized over other categories. Subject to any invocation of attorney-client privilege or work product objections, the parties further agree to meet and confer regarding the sources of the parties' document productions and the identification of relevant custodians. Following the initial production, the parties will continue to prioritize the order of parties' document productions.

## VII.    PRODUCTION

### A.    Each Production Will Have Four Main Components

1.    A directory titled "images" containing images of every page of every Document in the production, Bates-numbered sequentially.

2.    A directory titled "natives" containing Native Files for a subset of the Documents, each file named with the Bates number of the first page of the Document it represents with no additional text beyond this, and with the same extension as the original Native File type of the Document.

STIPULATION AND ESI ORDER – 3
Case No. 4:19-cv-07481-JST

3.    A directory titled "text" containing OCR or Extracted Text files, one file per Document, each file named with the Bates number of the first page of the Document it represents with no additional text beyond this, followed by ".txt" suffix.

4.    A directory titled "data" containing image and metadata Load Files that contain the Bates ranges and Metadata for each Document.

### B.    Production of Documents Originating as Paper

The following production specifications apply to Documents that existed in paper format prior to production ("hard copy documents"). Documents that originated as paper, but which were scanned and maintained electronically by a party prior to inception of this Action, shall be produced in accordance with Part VII(B) of this ESI Protocol.

The parties agree to produce hard copy documents in the formats described below, to the extent reasonably practicable and not unduly burdensome. These formats are deemed to be productions in reasonably usable form. If the producing party intends to produce any hard copy documents in any manner other than as specified herein, the producing party shall notify the requesting party of its intent, including production format (*e.g.*, produced as paper, made available for inspection). If the proposed production format is not acceptable to the requesting party, the parties shall meet and confer to determine a mutually acceptable producing format for such Documents.

1.    **PDFs**. Either PDF or Single Page, black and white, 300DPI, 1 bit Group IV TIFF images (jpeg if color) shall be provided for each page of each document, with each image file named after the production number of that page.  Bates numbers, confidentiality designations (in accordance with the protective order governing the case), and redactions (to the extent they are necessary) shall be burned into the image.  Image files shall be provided in an "Images" folder.

STIPULATION AND ESI ORDER – 4
Case No. 4:19-cv-07481-JST

2.    **Unitizing Documents**. In scanning paper documents, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records (*i.e.*, paper documents shall be logically unitized). For example, documents stored in a binder, folder, or similar container (each a "container") shall be produced in the same order as they appear in the container. The front cover of the container shall be produced immediately before the first document in the container. The back cover of the container shall be produced immediately after the last document in the container. The parties will undertake reasonable efforts to, or have their vendors, logically unitize documents correctly, and will commit to address situations of improperly unitized documents.

3.    **Parent-Child Relationship**. Parent-child relationships within a document family (the association between an attachment or hyperlink and its parent document) shall be preserved. The child-document(s) shall be consecutively produced immediately after the parent-document. Each document shall be produced with the production number for the first and last page of that document in the "Begin Bates" and "End Bates" fields of the data load file, respectively, and with the "BeginFamily" and "EndFamily" fields listing the production number for the first and last page in the document family.

4.    **OCR.** Documents that exist in paper or hard copy format shall be run through optical character recognition ("OCR") software, and the full text shall be provided on a document-level in an appropriately formatted text file (.txt) that is named to match the first bates number of the document. Text files shall be provided in a "Text" folder. Text must be encoded in UTF-8. Pages must be separated by form feed character (decimal 12, hex 0xC). To the extent that a document is redacted, the text files shall not contain the text on the redacted portions.

STIPULATION AND ESI ORDER – 5
Case No. 4:19-cv-07481-JST

5. **Fixed Notes.** Paper Documents that contain fixed notes shall be scanned with the notes affixed, if it can be done so in a manner so as not to obstruct other content on the document. If the content of the document is obscured by the affixed notes, the document and notes shall be scanned first as the document was stored in the ordinary course of business, and then separately.

6. **Unique IDs.** Each image shall have a unique filename, which corresponds to the Bates number of that page. The filename shall not contain any blank spaces and shall be zero-padded (*e.g.*, ABC-0000001), taking into consideration the estimated number of pages to be produced. If a Bates number or set of bates numbers is skipped in a production, the producing party will so note in a cover letter or production log accompanying the production. Bates numbers will be unique across the entire production and prefixes will be consistent across all documents a party produces in the Action.

7. **Data Load Files.** Documents shall be provided with an Opticon Cross-Reference File and Concordance data load file using standard Concordance delimiters:

    a) Field Separator: ASCII character 20 ("¶");

    b) Quote: ASCII character 254 ("þ"); and

    c) New Line: ASCII character 174 ("®").

Concordance-compatible image and data load files shall be provided in a "Data" folder.

8. **Metadata**. Appendix 1 sets forth the minimum metadata fields that must be produced. To the extent that metadata does not exist, is not reasonably accessible or available or would be unduly burdensome to collect, nothing in the ESI Protocol shall require any party to extract, capture, collect or produce such data.

**C.      Production of ESI**

The parties agree to produce in the formats described below. These formats are deemed to be productions in reasonably usable form. If any party contends that particular Documents or ESI warrant a different format, the Parties will meet and confer to determine a mutually acceptable production for such Documents.

1.      **Image Format**. Multi-page color PDFs or Single Page, black and white, 300DPI, 1 bit Group IV TIFF images (jpeg if color) shall be provided for each page of each document, with each image file named after the production number of that page.   The document's original orientation shall be maintained (i.e., portrait to portrait and landscape to landscape). Bates numbers, confidentiality designations (in accordance with the protective order governing the case), and redactions (to the extent they are necessary) shall be burned into the image. Image files shall be provided in an "Images" folder.

2.      **Extracted Text Files**. For native files containing embedded text, the full text of native files shall be extracted directly from the native file (not OCR) and shall be delivered in an appropriately formatted text file (.txt) that is named to match the first bates number of the document. Text files shall be provided in a "Text" folder. To the extent that a document is redacted, the document shall undergo OCR after the text has been redacted in order to remove redacted text.

3.      **Unique IDs**. Each image shall have a unique filename, which corresponds to the Bates number of that page. The filename shall not contain any blank spaces and shall be zero-padded (*e.g.*, ABC-0000001), taking into consideration the estimated number of pages to be produced. If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note in a cover letter or production log accompanying the

STIPULATION AND ESI ORDER – 7
Case No. 4:19-cv-07481-JST

production. Bates numbers will be unique across the entire production and prefixes will be consistent across all documents a party produces in the litigation.

4.   **Parent-Child Relationship**. The relationship between attachments, enclosures, embedded files, and/or exhibits to any parent document shall be preserved. The child-document shall be consecutively produced immediately after the parent-document. Each document shall be produced with the production number for the first and last page of that document in the "Begin Bates" and "End Bates" fields of the data load file and with the "BeginFamily" and "EndFamily" fields listing the production number for the first and last page in the document family.

5.   **Native Format**.

a)   All documents produced in native format shall include the relative files path of the native files in the document production in the "NativePath" metadata field. All native files produced in lieu of images shall be produced in the manner set forth below in subsection (g).

b)   Non-redacted spreadsheets (.XLS, .XLSM, or similar file formats) shall be produced in native format.  Redacted spreadsheets may be produced in either redacted native format or redacted image format.

c)   Presentation files (.PPT or similar file formats) shall be provided in image format showing comments, hidden slides, speakers' notes and similar data.  Specific presentation files shall be provided in native format upon request.

d)   Responsive audio and/or video data may be stored in audio or video recordings, voicemail text messaging, and related/similar technologies, including, but not limited to, communications transmitted over proprietary business communications platforms. The parties will make best efforts to ensure care is taken for collection and production

STIPULATION AND ESI ORDER – 8
Case No. 4:19-cv-07481-JST

of any responsive audio and/or video data, and to preserve any Metadata that may be associated with those items.

e) Microsoft Word documents (.DOC, .DOCX, or substantially similar non-Microsoft file formats) shall be produced in image format, and shall be imaged in a manner that captures tracked changes and comments. To the extent a Receiving Party believes the converted image format distorts, omits, or causes information to be improperly displayed, the Receiving Party may request the Document in Native Format and the Producing Party shall meet and confer to attempt to resolve the problem(s).

f) The requesting party may ask for certain other documents and/or databases initially produced in image format to be produced in their native format in the event that the image format is not reasonably usable or has degraded usability or searchability. The requesting party shall identify the documents by their Bates numbers and the parties shall meet and confer to attempt to resolve the problem(s).

g) Where native files are produced in lieu of images, each native file will be assigned a unique Bates number. The producing party will produce a placeholder (a single-page slip sheet indicating that the native item was produced) along with the file itself in native format. The placeholder will be branded with the production number in the lower right-hand corner and the phrase "PRODUCED IN NATIVE FORMAT" branded in the center of the page. The producing party will also brand any confidentiality or similar endorsements in the lower left-hand corner of the placeholder.

h) Request for Native Files. Other than as specifically set forth above, a producing party need not produce documents in native format. If good cause exists for the requesting party to request production of certain documents in native format, the requesting party may request production in native format by providing (1) a list of the Bates numbers of

documents it requests to be produced in native format; and (2) an explanation of the need for reviewing such documents in native format. The producing party shall not unreasonably deny such requests, The producing party shall produce an overlay to ensure that the "NativePath" entry in the data load file indicates the relative file path to each Native File in such production, and all extracted text and applicable metadata fields. Documents and overlays shall be produced within 20 days of the request unless the request is reasonably denied or the parties agree to a different time.

6.    **Track Changes and Comments.** To the extent that a **document** contains track changes or comments, the document shall be imaged showing tracked changes and comments.

7.    **Password Protected Files.** The producing party shall **produce** passwords for any password-protected files to the extent the passwords are reasonably available or remove passwords and encryption form files prior to production.

8.    **Embedded Documents.** Embedded ESI documents (*e.g.*, a spreadsheet embedded within a word processing document) will be extracted, produced as independent document records, and related back to the respective top level parent document (*e.g.*, standalone file, email message, etc.) via the "BeginFamily" and "EndFamily " fields referenced in Appendix 1. Related documents will be produced within a continuous Bates range.

9.    **Data Load Files.** Documents shall be provided with an Opticon Cross-Reference File and Concordance data load file using standard Concordance delimiters:

   a) Field Separator: ASCII character 20 ("¶");

   b) Quote: ASCII character 254 ("þ"); and

   c) New Line: ASCII character 174 ("®").

Concordance-compatible image and data load files shall be provided in a "Data" folder.

10.   **Metadata.** Appendix 1 sets forth the minimum metadata fields that must be produced to the extent that metadata exists for a particular document. To the extent that metadata does not exist, is not reasonably accessible or available, or would be unduly burdensome to collect, nothing in this ESI Protocol shall require any party to extract, capture, collect, or produce such data.

11.   **Deduplication.** Documents may be deduplicated (based on MD5 or SHA 1 hash values) at the family-group level provided that the producing party identifies the additional custodians in the "All Custodians" field, and the file paths of all duplicates provided in the "All Paths" field. Attachments shall not be eliminated as duplicates for purposes of production, unless all documents within a family, such as the parent e-mail and all attachments, are also exact duplicates.

D.   **Production of Databases and Other Structured Data**

If a database or other source of structured data contains responsive information, without waiving any objection to such a request, the parties shall meet and confer to determine whether such data can be produced in existing report formats and without undue burden. To the extent there are database sources for which production or data extraction would be unduly burdensome and/or the extracted format is not usable, the parties will meet and confer to determine whether there is a reasonable form of production based on the specific circumstances. If one or more other formats of electronically-stored information come to light that due to their complex nature may not be appropriate for production as TIFF images or as Native files, the parties will meet and confer in good faith to discuss a mutually agreeable production format or formats. Nothing in this paragraph prevents any party from asserting any objection(s) to a request for data or information from database sources or

media files including, but not limited to, undue burden, relevance, proportionality, scope, and/or the imposition of costs on the other party. Before meeting and conferring, the producing party will provide the following information about the database or structured data to the requesting party, to the extent this information is reasonably available and gathering this information is not unduly burdensome and is proportional to the needs of the case:

- Database Name;
- Type of Database;
- Software Platform;
- Software Version;
- Business Purpose;
- Users;
- Size in Records;
- Size in Gigabytes (GB);
- A List of Standard Reports;
- Identity of the Database Owner or Administrator;
- Field List; and
- Field Definitions (including field type, size, and use).

**E.    Production of Audio and Video Recordings**

If audio and/or video recordings are responsive, the parties shall meet and confer to determine a mutually agreeable format for producing the audio and/or video recording. Before meeting and conferring, the producing party will provide the following information about the responsive audio and/or video recording to the requesting party, to the extent this information is reasonably available and gathering this information is not unduly burdensome and is proportional to the needs of the case:

- Date of the recording;

STIPULATION AND ESI ORDER – 12
Case No. 4:19-cv-07481-JST

- Duration of the recording;

- Names of individuals who were recorded if known;

- Event being recorded if known;

- Whether minutes for the even being recorded were prepared; and

- Whether Certified Legal Transcription was prepared by a Certified Court Reporter.

### F. Production of Transcripts

If deposition or other transcripts are responsive, the parties shall meet and confer to determine a mutually agreeable format for producing the transcripts. Before meeting and conferring, the producing party will provide the following information about the responsive transcripts to the requesting party,:

- Date of the depositions, trial, hearing or other event (each an "event");

- Duration of the event;

- Name of the individual(s) who was/were recorded;

- The forms in which the transcripts exist such as PDF, text file, livenote or e-transcript format (.lef, .ptx, or .ptz); and

- List of exhibits associated with the transcript and/or event.

### G. Processing of Third-Party Documents

1. A party that issues a non-party subpoena ("Issuing Party") shall include a copy of this ESI Protocol as an attachment to the subpoena and request that the non-party produce documents in accordance with the specifications set forth herein.

2. The Issuing Party may request that the non-party simultaneously produce documents to the Issuing Party and all other parties. If the non-party produces documents only to the

Issuing Party, to the extent practical given the data volume, productions by a non-party shall be produced by the Issuing Party to all other parties within seven days.

**H.    Miscellaneous Provisions**

The following specifications govern the production of all documents regardless of source, unless otherwise noted in the ESI Protocol:

1.    **Custodian or Originating Source.** The custodian or originating source shall be identified in the All Custodians field of the database load files. If there is more than one custodian all sources shall likewise be identified in the "All Custodians" field. Documents found in the possession of a natural person (or on a natural person's hardware or storage media) shall be produced in such fashion as to identify the natural person. Documents found in the possession of a department, group, entity, or other common facility (*e.g.*, office, file room, archive, network storage, file share, back up, hard drive, etc.) shall be produced in such a fashion as to identify the department, group, entity, or facility. A producing party shall use a uniform description of a particular custodian across productions.

2.    **Foreign Language.** Foreign language text files and metadata shall be delivered with the correct encoding to enable the preservation of the documents' original language.

3.    **Dates.** All documents shall be processed so as to show the data and time in Coordinated Universal Time ("UTC"). Dates and times must be concatenated into a single field, with a format of MM/DD/YYYY HH:MM:SS, and must be consistent within any one field. Date delimiters, such as slashes and colons, must be consistent across all fields.

4.    **Production Media.** The preferred means of producing documents is via secure FTP or secure file share. However, documents may also be provided via CD, DVD, flash drive, or hard drive if (a) the size of the production exceeds the size limitations applicable to

STIPULATION AND ESI ORDER – 14
Case No. 4:19-cv-07481-JST

the producing party's secure FTP or file share or (b) if the interest of preserving the confidentiality of the information produced outweighs the speed and efficiency of producing documents via secure FTP or secure file share. To the extent possible, physical media shall be write-protected before it is produced.

5. **Naming Convention for Production Media.** Whether produced via secure FTP, file share, or physical media, the files produced shall be combined into a compressed file such as .zip, .rar, etc. The compressed file shall be named so as to indicate the producing party, the date of the production, and the sequence of the production (*e.g.*, "Plantronics Production 20220307-001"). If the production is made using physical media, the media shall be labeled to include (a) text referencing that it was produced in *In re Plantronics, Inc. Securities Litigation*, No. 4:19-cv-07481-JST; (b) the Bates number range of the materials contained on the media; and (c) the filename(s) of the compressed file(s) contained on the media such as the example included above.

6. **Replacement Productions.** Any replacement production will be transmitted with a cover letter or email to identify the production as a replacement and cross-reference the "Begin Bates" and "End Bates" of the documents being replaced. If the replacement production is being transmitted by physical media, the media shall include the phrase "Replacement Production."

7. **Inability to Produce Metadata.** If the producing party is unable to produce metadata for a particular field, it will, provide an explanation of that inability with its document production.

8. **Encrypted Data.** To the extent data is encrypted before it is produced, the producing party shall contemporaneously transmit the credentials necessary to decrypt the data.

9. **Non-Waiver**. Nothing in this ESI Protocol shall be interpreted to require disclosure or irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents.

10. **Protective Order**. All productions are subject to the Protective Order entered by the Court in this Action.

11. **Good Faith Resolution of Disputes**. The parties shall make good faith efforts to comply with and resolve any differences concerning compliance with the ESI Protocol. If a producing party, notwithstanding their good faith efforts, cannot comply with any material aspect of this ESI Protocol or if compliance with such material aspect would be unreasonable, such party shall inform the requesting party in writing (for the avoidance of doubt, an email to the requesting party shall fulfill this requirement) a reasonable time before the date of production as to why compliance with the ESI Protocol is impossible or unreasonable. No party may seek relief from the Court concerning compliance with the ESI Protocol unless it has conferred in good faith with the affected parties.

## VIII.   ASSERTIONS OF PRIVILEGE

### A.   Production of Privileged Documents.

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, does not operate as and is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

STIPULATION AND ESI ORDER – 16
Case No. 4:19-cv-07481-JST

**B.    Privilege Logs**

Privilege logs shall be provided in Excel format and contain the following information:

1.    a sequential number associated with each Privilege Log record:

2.    if applicable, the date the document was created, the date it was last modified, and the date it was sent;

3.    to the extent reasonably available, the identity of all persons who sent, authored, signed, or otherwise prepared the documents and identification of which of them are attorneys;

4.    to the extent reasonably available, the identity of all persons designated as addressees or copyees along with other information about them necessary for the requesting party to assess the privilege (*e.g.*, title, department, job function, etc.) and identification of which of them are attorneys;

5.    the title or subject of a document to the extent the title does not reveal privileged or work-product protected information;

6.    a description of the contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity;

7.    the type or nature of the privilege asserted (*i.e.*, attorney-client privilege; work-product doctrine).

Defendants shall produce a separate privilege log in Excel format for documents with information redacted on privilege grounds.  That log shall identify the redacted document by Bates number, and shall indicate the type or nature of the privilege asserted.

**C.    Logging of Document Families**

Documents shall be logged individually and shall not be logged on the family level. For document families in which fewer than all of the documents are withheld as privileged or protected,

the privilege log entry for the withheld document(s) shall identify the Bates number of the produced family member.

Privileged communications that post-date the commencement of this action need not be placed on a privilege log.  Work product created by or for counsel in this matter after commencement of this lawsuit need not be placed on a privilege log.

In the interest of the parties' time, and to minimize litigation costs, the parties will negotiate in good faith (i) the exclusion of categories of documents from the privilege log that while technically responsive and privileged, are relatively incidental to the issue in the litigation, (ii) the logging of certain documents on metadata privilege logs, and (iii) categories of documents that a producing party may log categorically rather than document-by-document, the reasons therefore, and proposed log format and categories proposed.

## IX.  MODIFICATION

### A.  Modification by Agreement

Any practice or procedure set forth herein may be varied by agreement between the parties, which will be confirmed in writing, where such variance is deemed appropriate to facilitate the timely and economical exchange of Documents and ESI. Before seeking Court intervention, the parties shall meet and confer in good faith regarding any modification.

### B.  Modification by Court Order

Nothing in this Protocol waives the right of any party to petition the Court for an Order modifying the terms upon good cause shown, provided, however, that counsel for such party must first meet and confer with the counsel for the opposing party and the parties shall use reasonable best efforts to negotiate an exception from or modification to this Protocol prior to seeking relief from the Court.

STIPULATION AND ESI ORDER – 18
Case No. 4:19-cv-07481-JST

DATED: March 3, 2023

**HAGENS BERMAN SOBOL SHAPIRO LLP**

/s/ *Reed R. Kathrein*
Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman (pro hac vice)
Sean R. Matt (pro hac vice)
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com

*Counsel for Lead Plaintiff Ilya Trubnikov*
*and Lead Counsel for the Class*

DATED: March 3, 2023

**BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**

/s/ *Lauren A. Ormsbee*
Lauren A. Ormsbee (pro hac vice)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
lauren@blbglaw.com

Jonathan D. Uslaner (256898)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470
jonathanu@blbglaw.com

*Counsel for Lead Plaintiff Roofers' Pension*
*Fund and Lead Counsel for the Class*

STIPULATION AND ESI ORDER – 19
Case No. 4:19-cv-07481-JST

DATED: March 3, 2023

**WILMER CUTLER PICKERING HALE AND DORR LLP**

*/s/ Kevin P. Muck*
Kevin P. Muck
WILMER CUTLER PICKERING HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

*Attorneys for Defendants Plantronics, Inc.,*
*Joseph Burton, Charles Boynton and Pamela Strayer*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(I)(3)**

I, Reed R. Kathrein, am the ECF User whose identification and password are being used to file this STIPULATION AND ORDER AND ORDER ESTABLISHING THE PROTOCOL FOR THE PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION ("ESI"). In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

DATED: March 3, 2023              By:     */s/ Reed R. Kathrein*
                                       REED R. KATHREIN (139304)

**~~[PROPOSED]~~ ORDER GRANTING STIPULATION**

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated:      March 3, 2023


                                       _____
                                       The Honorable Jon S. Tigar
                                       United States District Judge

**Appendix 1**
**ESI Metadata and Coding Fields**

**A.**    For scanned hard copy documents, the Producing Party will provide the Metadata fields below.

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Begin Bates | The production Bates number associated with the first page of a Document. |
| End Bates | The production Bates number associated with the last page of a Document. |
| BeginFamily | Begin Bates number of first page of the parent Document of family of attachments. |
| EndFamily | End Bates number of the last page of last attachment to a family of Documents. |
| Pages | Total number of pages in the Document. |
| TextPath | Link to text file for the document. |
| Placeholder | Identifies a Document has a placeholder image. |
| All Custodians | Identification of all custodians of the document. |
| File Extension | The extension of the file. |
| Custodian | Identification of the custodian(s) from whom the file was sourced. |
| Confidentiality | Confidentiality designation. |
| Redacted | (Y/N) field that identifies whether the document is redacted. |
| Production Volume | Production volume number (*e.g.*, VOL001, VOL002, etc.). |
| Producing Party | Name of party producing the Document. |

**B.**    For ESI and documents that were originally stored in electronic format, all fields below should be provided, to the extent reasonably feasible. Unless otherwise agreed by the parties, the field-naming conventions shall be as stated below, and shall be consistently applied across all productions:

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| Begin Bates | The production Bates number associated with the first page of a Document. |
| End Bates | The production Bates number associated with the last page of a Document. |
| BeginFamily | Begin Bates number of the first page of parent Document of family of attachments. |
| EndFamily | End Bates number of the last page of last attachment to a family of Documents. |
| AttachCount | Number of document attachments. |
| AttachNames | Native file names of each individual attachment, separated by semicolons. |
| All Custodians | Identification of all custodians who the producing party agreed to produce and where a duplicate of the Document was de-duplicated when processing the documents. |

STIPULATION AND ESI ORDER – 22
Case No. 4:19-cv-07481-JST

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| File Path | The file path from which the document was collected |
| Custodian | Identification of the custodian(s) from whom the file was processed. |
| All Paths | Identification of all file paths for duplicate copies. |
| Author | Author field extracted from the Metadata of a Document or other creator identified for the Document. |
| From | From field extracted from the Metadata of an email message. |
| To | To field extracted from the Metadata of an email message. |
| Cc | Cc field extracted from the Metadata of an email message. |
| Bcc | Bcc field extracted from the Metadata of an email message. |
| Pages | Total number of pages in the Document. |
| Date Received | Datetime received (MM/DD/YYYY HH/MM/SS). |
| Date Sent | Datetime sent (MM/DD/YYYY HH/MM/SS). |
| Date Created | Datetime created (MM/DD/YYYY HH/MM/SS). |
| Date Modified | Datetime that a Document was last modified (MM/DD/YYYY HH/MM/SS). |
| Last Modified By | Identification of person(s) who last modified a Document. |
| Message Id | Unique Message Id. |
| In Reply To | Message ID of email that instant email is in reply to. |
| Subject | Subject line extracted from an email, e-document or e-attachment. |
| Filename | The full name of the Native File. |
| File Extension | The extension of the file. |
| File Size | The size of the file in bytes. |
| MD5 Hash | The MD5 hash value of a Document. |
| Application | Name of the application used to open the file. |
| NativePath | The relative path to the native file for this Document. |
| TextPath | The relative path to the text file for this Document. |
| Redacted | Whether a Document has redactions (Y/N). |
| Placeholder | Whether a Document has a placeholder image (Y/N). |
| Confidentiality | Level of Confidentiality assigned. |
| Track Changes | Document has track changes (Y/N). |
| Hidden Content | Identifies documents with hidden content (i.e. hidden rows, columns, sheets, or slides). |
| Speaker Notes | Document has speaker notes (Y/N). |
| Has Comments | Indicates there are comments in the document. |
| Production Volume | Production volume number (e.g., V001, V002, etc.). |
| Producing Party | Name of party producing the Document. |

STIPULATION AND ESI ORDER – 23
Case No. 4:19-cv-07481-JST