**HAGENS BERMAN SOBOL SHAPIRO LLP**
REED R. KATHREIN (139304)
LUCAS E. GILMORE (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

STEVE W. BERMAN (*pro hac vice*)
SEAN R. MATT (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com

*Counsel for Lead Plaintiff Ilya Trubnikov
and Lead Counsel for the Class*

[Additional counsel appear on signature page.]

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
JONATHAN D. USLANER (256898)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470
jonathanu@blbglaw.com

LAUREN A. ORMSBEE (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile:(212) 554-1444
lauren@blbglaw.com

*Counsel for Lead Plaintiff Roofers' Pension
Fund and Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | No. 4:19-cv-07481-JST<br><br>**STIPULATION AND [PROPOSED] ORDER ESTABLISHING THE PROTOCOL FOR THE USE OF TECHNOLOGY ASSISTED REVIEW ("TAR PROTOCOL")** |

STIPULATION AND TAR PROTOCOL
Case No. 4:19-cv-07481-JST

Pursuant to Paragraph V of the Stipulation and Order Establishing the Protocol for the Production of Documents and Electronically Stored Information (Dkt. No. 139) (the "ESI" Protocol") and the agreement reached between Plaintiffs and Defendants herein, this Court adopts and orders the following TAR Protocol relating to the use of Technology Assisted Review in connection with Defendants' search for, and identification of, electronically stored information (ESI) responsive to Plaintiffs' requests for production.

## I.    GENERAL PROVISIONS

(a)    Obligation to Produce Known, Responsive Documents.  Documents or Electronically Stored Information ("ESI") outside of the TAR review population known to be responsive to a discovery request shall be produced without regard to whether they are responsive to any search methodology described herein or developed in accordance with this Order, unless Counsel specifically identifies the documents being withheld and has a specific objection for withholding each withheld document.

(b)    Interaction with ESI Protocol.  All information and documents produced pursuant to this TAR Protocol are subject to the ESI Protocol.  Except as explicitly set forth herein, nothing in this Order supersedes any rights or obligations of the Parties pursuant to the ESI Protocol.

(c)    No Waiver.  The failure of this TAR Protocol to address any issue is without prejudice to any position that a Party may take on that issue.  Moreover, by agreeing to use TAR in this case and to follow this TAR Protocol, the Defendants do not intend to waive any rights or protections pursuant to privacy, confidentiality, attorney-client privilege, attorney work product, and any other privileges, protections, or objections to discovery (individually, "Privilege"; collectively, "Privileges").  The Defendants preserve all such Privileges.

STIPULATION AND TAR PROTOCOL – 1
Case No. 4:19-cv-07481-JST

## II.   CORPUS

(a)   Defendants will locate and collect ESI based upon previously disclosed and agreed upon custodian (no more than 27) and non-custodial sources.  From that universe, Defendants will process ESI using industry-standard eDiscovery technology, de-NIST, and de-duplicate in accordance with Section VII.C.11 of the ESI Protocol.  Defendants will then apply date filters isolating documents within the time period January 1, 2018, through March 31, 2020 (the "Corpus") for all custodians except for four agreed-upon custodians, for whom the date filters will be January 1, 2017, through March 31, 2020.  The Corpus will be reviewed using TAR.

(b)   A supplemental workflow will be used for ESI that is not suitable for TAR (e.g., images, non-text files, documents not suitable for algorithms, etc.).  ESI that is excluded from TAR will be separately evaluated for responsiveness.

(c)   Defendants reserve the right to utilize other analytical and search technologies (such as mass tagging, concept clustering, etc.) to assist in review of ESI, as needed, provided that—subject to the provisions of II(a) and (b) above—no such technology will be used to filter out ESI from being produced or excluded from privilege logging.

(d)   Plaintiffs reserve the right to propose additional custodians in meet and confers with Defendants.  If the parties are unable to agree, Plaintiffs may file a motion to add custodians based on a showing of good cause.

## III.   THE TAR TOOL

(a)   Defendants will use OpenText Insight Predict to conduct a technology-assisted review (a "TAR" review) of ESI.   Predict is a continuous active learning TAR tool, which means that the training is both continuous and active.  Being continuous means that the Predict algorithm is trained throughout the review, from the first document that is coded to the last.  Being active means that the Predict algorithm suggests documents for review.  As a continuous active learning tool, Predict does

STIPULATION AND TAR PROTOCOL – 2
Case No. 4:19-cv-07481-JST

not independently classify or categorize any documents during the review. Rather, Predict continuously ranks the entire collection based on the then-current training, and passes primarily the top ranked documents to the reviewers for review and coding. In order to rank the collection, the Predict algorithm utilizes a graph database that maintains the relationships between most every word (or group of words) in every document, and most every document containing every word. Consequently, nearly every document containing text is generally available for ranking by Predict.

(b)     As a continuous active learning tool, Predict does not utilize a control set for any purpose. As a continuous active learning tool, Predict also does not require a discrete seed set to initiate the Predict algorithm separate and apart from the ongoing review and training. As documents are coded throughout the review, Predict uses those coding decisions to periodically rank the entire collection and elevate the most likely responsive documents to the top of the ranking for prioritized review. Every ranking is based on the then-current coding decisions. Review ceases when metrics indicate that the pool of responsive documents has been mostly depleted, at which point the review is statistically validated to ensure that the estimated level of Recall (i.e., identification and production of a reasonable fraction of the expected responsive documents) is reasonable.

## IV.    THE TAR WORKFLOW

(a)     Defendants may engage contract reviewers to review and code documents through Predict. Defendants' Counsel will also have a team of attorneys with an established familiarity with the subject matter and facts of the case participate in and monitor the review, including periodically conducting algorithmic quality control through Predict to ensure the accurate and consistent coding of documents throughout the review. All attorneys who participate in the review will be trained appropriately.

(b)     In order to estimate the richness of the collection, and the number of potentially responsive documents, one or more random samples may be taken during the review. Once the ranking

STIPULATION AND TAR PROTOCOL – 3
Case No. 4:19-cv-07481-JST

is initiated via the first coded documents, Predict will elevate the most likely responsive document to the top of the ranked list, based on then-current coding.  Reviewers will obtain batches for review primarily from the top of the ranked list.  A small fraction of every batch will consist of documents about which the Predict algorithm knows the least, using an algorithm called Contextual Diversity, expanding the scope of review.  To further improve the Predict algorithm, Defendants will use selected documents already produced to Plaintiffs as part of the TAR training process.  Defendants agree to confer with Plaintiffs regarding specific requests to select documents from those productions.  As the reviewers code documents, the Predict algorithm will improve and continue to elevate the most likely responsive documents for continued prioritized review.  The cycle of review and ranking will continue until the pool of responsive documents has been reasonably depleted, as evidenced by the presence of very few responsive documents in the review batches.  At that point, it arguably becomes impractical and disproportionate to continue further review because the additional effort outweighs any additional gains.

(c)    Once review ceases, OpenText (on behalf of Defendants) will prepare a statistical validation of the review to demonstrate that a reasonable estimated level of Recall has been achieved. All unreviewed documents will be placed in ranked order, with any unranked documents appended at the bottom of the unreviewed ranked list.  The unreviewed, ranked list will be divided into a sufficient number of segments to generate a sample characterizing the unreviewed documents to a confidence level of 95%, with a confidence interval of  5% (margin of error $\pm$2.5%).  A random $n^{th}$ document will be drawn from every segment, comprising the Elusion Sample, which will then be coded for responsiveness.  The sample results will be used to estimate the number of responsive documents remaining in the unreviewed collection, within the statistical margin of error.  Recall will be estimated as the number of documents coded as responsive, divided by the total number of responsive documents in the entire collection (being the coded responsive documents plus the estimated documents in the

STIPULATION AND TAR PROTOCOL – 4
Case No. 4:19-cv-07481-JST

unreviewed collection). If the validation test suggests that Recall is not sufficiently high, additional batches of documents may be reviewed, another Elusion Sample may be created and reviewed, and Recall may be re-estimated. Defendants will endeavor to achieve an estimated Recall rate of 75 percent for the TAR universe, to the extent reasonably possible, but reserve the right to revisit this target if any additional efforts would be wasteful, unduly burdensome, or disproportional to the needs of the case.

(d)     Defendants will disclose the results of the final validation sample review which will include (i) the estimated elusion rate (the number of responsive documents in the elusion sample divided by the number of documents in the elusion sample); (ii) the number of documents in the elusion sample; (iii) the number of documents in the Corpus; (iv) the number of responsive documents from the Corpus; and (v) the number of non-responsive documents from the Corpus. As part of the broader production process, Defendants will also immediately produce to the Requesting Party any responsive, non-privileged documents found in the validation sample, and a privilege log of any responsive, privileged documents found.

(e)     If the number of responsive documents or the character or nature of such documents designated as responsive in the Elusion Sample indicates that the TAR tool's model of responsiveness was too limited, then Plaintiffs and Defendants will discuss potential remedial action to locate an adequate proportion of the remaining relevant documents in the null set.

(f)     Defendants will be prepared to discuss the methods employed for the TAR review, as needed, in meet and confers with Plaintiffs.

DATED: June 30, 2023.                          **HAGENS BERMAN SOBOL SHAPIRO LLP**

/s/ *Sean R. Matt*
Steve W. Berman (*pro hac vice*)
Sean R. Matt (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594

steve@hbsslaw.com
sean@hbsslaw.com

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Counsel for Lead Plaintiff Ilya Trubnikov
and Lead Counsel for the Class*

DATED: June 30, 2023.

**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**

*/s/ Lauren A. Ormsbee*
Lauren A. Ormsbee (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
lauren@blbglaw.com

Jonathan D. Uslaner (256898)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470
jonathanu@blbglaw.com

*Counsel for Lead Plaintiff Roofers' Pension
Fund and Lead Counsel for the Class*

STIPULATION AND TAR PROTOCOL – 6
Case No. 4:19-cv-07481-JST

DATED: June 30, 2023.                          **WILMER CUTLER PICKERING HALE AND DORR LLP**

                                               */s/ Susan S. Muck*
                                               Susan S. Muck
                                               Kevin P. Muck
                                               WILMER CUTLER PICKERING HALE AND DORR LLP
                                               One Front Street, Suite 3500
                                               San Francisco, CA 94111
                                               Telephone: (628) 235-1002
                                               Facsimile: (628) 235-1001

                                               Noah S. Guiney (324079)
                                               2600 El Camino Real, Suite 400
                                               Palo Alto, CA 94306
                                               Telephone: (650) 858-6000
                                               Facsimile: (650) 858-6100
                                               noah.guiney@wilmerhale.com

                                               *Attorneys for Defendants Plantronics, Inc.,*
                                               *Joseph Burton, Charles Boynton and Pamela Strayer*

STIPULATION AND TAR PROTOCOL – 7
Case No. 4:19-cv-07481-JST

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(I)(3)

I, Sean R. Matt, am the ECF User whose identification and password are being used to file this STIPULATION AND ORDER AND ORDER ESTABLISHING THE PROTOCOL FOR THE PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION ("ESI"). In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

DATED: June 30, 2023.                    By: _____*/s/ Sean R. Matt*_____
                                              SEAN R. MATT (pro hac vice)

## ~~[PROPOSED]~~ ORDER GRANTING STIPULATION

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated:    _____June 30, 2023_____


                                        _____
                                        The Honorable Jon S. Tigar
                                        United States District Judge

STIPULATION AND TAR PROTOCOL – 8
Case No. 4:19-cv-07481-JST