SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

PETER J. KOLOVOS (*Pro Hac Vice*)
peter.kolovos@wilmerhale.com
SONIA SUJANANI (*Pro Hac Vice*)
sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MIKE ROMEO (SBN 312264)
mike.romeo@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Defendants Plantronics, Inc.,*
*Joseph Burton, Charles Boynton and*
*Pamela Strayer*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

IN RE PLANTRONICS, INC. SECURITIES LITIGATION

Case No. 4:19-cv-07481-JST

**DECLARATION OF SUSAN S. MUCK IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

1

I, Susan S. Muck, declare as follows:

1.      I am an attorney admitted to practice before this Court, a member of the California State Bar, and a partner in the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, and counsel of record for Defendants Plantronics, Inc. ("Plantronics" or the "Company"), Joseph Burton, Charles Boynton, and Pamela Strayer (together, "Defendants").  I have personal knowledge of the matters set forth in this declaration and, if called upon, could testify competently thereto.

2.      Lead Plaintiffs' Motion to Modify the Scheduling Order for Leave to File [Proposed] Third Amended Complaint to Conform to Evidence Produced in Discovery ("Plaintiffs' Motion to Amend"), Declaration of Sean R. Matt in Support of Plaintiffs' Motion to Amend ("Matt Decl."), and Exhibits A and B to the Matt Decl. directly reference to, quote from, and/or characterize, certain materials that Defendants have designated as confidential under the Stipulation Regarding Confidentiality and Protective Order ("Protective Order" [ECF No. 137]); these materials contain sensitive and confidential nonpublic information regarding Plantronics' business, strategies, and internal decisionmaking, including product-specific inventory levels and related financial information, distributor-specific customer information and strategy discussions, and Board materials, including pre-merger strategic analysis, as well as the disclosure of the purported identities of third parties and attribution of statements to those third parties concerning this sensitive and confidential Plantronics information (together, the "Confidential Materials").

3.      Accordingly, Defendants seek to file certain portions of Lead Plaintiffs' Motion to Amend, Matt Decl., and related exhibits under seal pursuant to Civil Local Rule 79-5.

4.      The specific portions of Lead Plaintiffs' Motion to Amend, Matt Decl., and related exhibits that Defendants are seeking to be redacted are as follows:

MUCK DECL ISO DEFS' STATEMENT ISO
PLFS' ADMIN MOTION TO SEAL                                    Case No. 4:19-cv-07481-JST

| Document | Identification of Portions to Be Redacted | Basis for Redaction/Sealing |
|---|---|---|
| Plaintiffs' Motion to Amend | Only those portions designated for redaction in the proposed redacted version submitted herewith, appearing on:<br><br>i:II.D.1–4<br>2:19–27<br>3:9–16<br>8:6–17<br>8:21–11:17<br>11:24–14:19<br>20:12–22<br>21:5–8 | The identified portions contain direct references to, quotes from, and/or characterizations of documents concerning nonpublic information regarding Plantronics' business, strategies, and internal decisionmaking, including product-specific inventory levels and related financial information, distributor-specific customer information and strategy discussions, and Board materials, including pre-merger strategic analysis, as well as the disclosure of the purported identities of third parties and attribution of statements to those third parties concerning this sensitive and confidential Plantronics information, all of which has been designated as "Confidential." |
| Matt Decl. | Only those portions designated for redaction in the proposed redacted version submitted herewith, appearing on:<br><br>2:4–6 | The identified portions contain direct references to, quotes from, and/or characterizations of documents concerning nonpublic information regarding Plantronics' business, strategies, and internal decisionmaking, including product-specific inventory levels and related financial information, distributor-specific customer information and strategy discussions, and Board materials, including pre-merger strategic analysis, as well as the disclosure of the purported identities of third parties and attribution of statements to those third parties concerning this sensitive and confidential Plantronics information, all of which has been designated as "Confidential." |
| Proposed TAC | Only those portions designated for redaction in the proposed redacted | The identified portions contain direct references to, quotes from, and/or characterizations of documents concerning |

3

| | version submitted herewith, appearing on:<br><br>ii:V.D.2–4<br>4:10–5:17<br>6:6–7:13<br>17:13–22<br>18:5–11<br>35:16–38:12<br>39:13–42:7 | nonpublic information regarding Plantronics' business, strategies, and internal decisionmaking, including product-specific inventory levels and related financial information, distributor-specific customer information and strategy discussions, and Board materials, including pre-merger strategic analysis, as well as the disclosure of the purported identities of third parties and attribution of statements to those third parties concerning this sensitive and confidential Plantronics information, all of which has been designated as "Confidential." |
|---|---|---|
| Redlined TAC | Only those portions designated for redaction in the proposed redacted version submitted herewith, appearing on:<br><br>ii:V.D.2–4<br>4:21–5:20<br>6:16–7:26<br>20:20–21:6<br>21:16–22<br>39:10–42:6<br>43:13–46:6 | The identified portions contain direct references to, quotes from, and/or characterizations of documents concerning nonpublic information regarding Plantronics' business, strategies, and internal decisionmaking, including product-specific inventory levels and related financial information, distributor-specific customer information and strategy discussions, and Board materials, including pre-merger strategic analysis, as well as the disclosure of the purported identities of third parties and attribution of statements to those third parties concerning this sensitive and confidential Plantronics information, all of which has been designated as "Confidential." |

5.     At all relevant times, the Confidential Materials have been maintained in strict confidence, and neither those documents nor their contents have been disclosed to the public. Permitting such information to be made available to the public (including, but not limited to, the Company's competitors) could severely harm the Company, its business, its competitive position, and its ability to recruit and retain personnel.

4

6.      On February 23, 2023, the Court entered the Protective Order governing the use of confidential documents and information in this action.  The Protective Order provided, among other things, that Plaintiffs would maintain the confidentiality of documents designated by Defendants as "Confidential."  Before Defendants produced the documents referenced, quoted, and/or characterized in Lead Plaintiffs' Motion to Amend, Matt Decl., and related exhibits, Defendants designated each such document as "Confidential" pursuant to the terms of the Protective Order.

7.      As discussed in the accompanying Defendants' Statement in Support of Lead Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Defendants' Supporting Statement"), Defendants submit that: (i) courts in this District and elsewhere in the Ninth Circuit have held that sealing documents which contain confidential and sensitive business information is proper; and (ii) courts in this District and elsewhere in the Ninth Circuit have held that sealing identifying information regarding third parties to protect their privacy and reputational interests is proper, particularly where their identities are not relevant to the disposition of the case.  In sum, in light of governing law, the nature of the Confidential Materials, and the fact that disclosure of the Confidential Materials could severely harm the Company and third parties, Defendants have multiple compelling reasons for maintaining the confidentiality of the Confidential Materials.  Moreover, as further discussed in Defendants' Supporting Statement, the request to seal is narrowly tailored so that only properly sealable information is redacted from the public.

8.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed in San Francisco, California, this 10th day of October, 2023.

/s/ Susan M. Muck
Susan M. Muck

5

MUCK DECL ISO DEFS' STATEMENT ISO
PLFS' ADMIN MOTION TO SEAL                    Case No. 4:19-cv-07481-JST