SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

PETER J. KOLOVOS (*Pro Hac Vice*)
peter.kolovos@wilmerhale.com
SONIA SUJANANI (*Pro Hac Vice*)
sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MIKE ROMEO (SBN 312264)
mike.romeo@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Defendants Plantronics, Inc.,
Joseph Burton, Charles Boynton and
Pamela Strayer*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION. | Case No. 4:19-cv-07481-JST<br><br>**~~[PROPOSED]~~ ORDER REGARDING LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

1

Upon consideration of Lead Plaintiffs' Administration Motion to Consider Whether Another Party's Material Should be Sealed, Defendants' Statement in Support of Lead Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, as well as the Declaration of Susan S. Muck, and compelling reasons appearing, the Court **GRANTS** Lead Plaintiffs' Motion. The Clerk shall order portions of the unredacted versions of Lead Plaintiffs' Motion to Modify the Scheduling Order for Leave to File [Proposed] Third Amended Complaint to Conform to Evidence Produced in Discovery ("Plaintiffs' Motion to Amend") (ECF No. 160) and accompanying materials sealed as follows:

| Document | Identification of Portions to Be Redacted | Basis for Redaction/Sealing | Granted / Denied |
|---|---|---|---|
| Plaintiffs' Motion to Amend | Only those portions designated for redaction in the proposed redacted version submitted herewith, appearing on:<br><br>i:II.D.1–4<br>2:19–27<br>3:9–16<br>8:6–17<br>8:21–11:17<br>11:24–14:19<br>20:12–22<br>21:5–8 | The identified portions contain direct references to, quotes from, and/or characterizations of documents concerning nonpublic information regarding Plantronics' business, strategies, and internal decisionmaking, including product-specific inventory levels and related financial information, distributor-specific customer information and strategy discussions, and Board materials, including pre-merger strategic analysis, as well as the disclosure of the purported identities of third parties and attribution of statements to those third parties concerning this sensitive and confidential Plantronics information, all of which has been designated as "Confidential." | GRANTED |
| Matt Decl. | Only those portions designated for redaction in the proposed redacted | The identified portions contain direct references to, quotes from, and/or characterizations of documents concerning nonpublic information | |

2

| | | | |
|---|---|---|---|
| | version submitted herewith, appearing on:<br><br>2:4–6 | regarding Plantronics' business, strategies, and internal decisionmaking, including product-specific inventory levels and related financial information, distributor-specific customer information and strategy discussions, and Board materials, including pre-merger strategic analysis, as well as the disclosure of the purported identities of third parties and attribution of statements to those third parties concerning this sensitive and confidential Plantronics information, all of which has been designated as "Confidential." | GRANTED |
| Proposed TAC | Only those portions designated for redaction in the proposed redacted version submitted herewith, appearing on:<br><br>ii:V.D.2–4<br>4:10–5:17<br>6:6–7:13<br>17:13–22<br>18:5–11<br>35:16–38:12<br>39:13–42:7 | The identified portions contain direct references to, quotes from, and/or characterizations of documents concerning nonpublic information regarding Plantronics' business, strategies, and internal decisionmaking, including product-specific inventory levels and related financial information, distributor-specific customer information and strategy discussions, and Board materials, including pre-merger strategic analysis, as well as the disclosure of the purported identities of third parties and attribution of statements to those third parties concerning this sensitive and confidential Plantronics information, all of which has been designated as "Confidential." | GRANTED |
| Redlined TAC | Only those portions designated for | The identified portions contain direct references to, quotes from, and/or | |

3

| redaction in the proposed redacted version submitted herewith, appearing on:<br><br>ii:V.D.2–4<br>4:21–5:20<br>6:16–7:26<br>20:20–21:6<br>21:16–22<br>39:10–42:6<br>43:13–46:6 | characterizations of documents concerning nonpublic information regarding Plantronics' business, strategies, and internal decisionmaking, including product-specific inventory levels and related financial information, distributor-specific customer information and strategy discussions, and Board materials, including pre-merger strategic analysis, as well as the disclosure of the purported identities of third parties and attribution of statements to those third parties concerning this sensitive and confidential Plantronics information, all of which has been designated as "Confidential." | GRANTED |
|---|---|---|

Plaintiffs shall file redacted versions of the affected documents in the public record within seven days of the date of this order.

DATED: _____October 17, 2023_____    _____

Hon. Jon S. Tigar
United States District Judge

4

[PROPOSED] ORDER RE LEAD PLFS'                    Case No. 4:19-cv-07481-JST
ADMIN MOTION TO SEAL