SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
JESSICA L. LEWIS (SBN 302467)
jessica.lewis@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

PETER J. KOLOVOS (*Pro Hac Vice*)
peter.kolovos@wilmerhale.com
SONIA SUJANANI (*Pro Hac Vice*)
sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MIKE ROMEO (SBN 312264)
mike.romeo@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Defendants Plantronics, Inc.,
Joseph Burton, Charles Boynton and
Pamela Strayer*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION. | Case No. 4:19-cv-07481-JST<br><br>**DEFENDANTS' STATEMENT IN SUPPORT OF LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 169)** |

1

Pursuant to Civil Local Rules 7-11 and 79-5(f) and Judge Jon S. Tigar's Standing Order Governing Administrative Motions to File Materials Under Seal, Defendants Plantronics, Inc. ("Plantronics" or the "Company"), Joseph Burton, Charles Boynton, and Pamela Strayer (together, "Defendants") respectfully submit this Statement in Support of Lead Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Lead Plaintiffs' Motion to Seal") (ECF No. 169).  Lead Plaintiffs' Motion to Seal concerns the following documents:

- Lead Plaintiffs' Corrected Motion to Modify the Scheduling Order for Leave to File [Proposed] Third Amended Complaint to Conform to Evidence Produced in Discovery ("Lead Plaintiffs' Corrected Motion to Amend") (ECF No. 169-3).

- Corrected Declaration of Sean R. Matt in Support of Lead Plaintiffs' Corrected Motion to Amend ("Corrected Matt Decl.") (ECF No. 169-4).

- Lead Plaintiffs' [Proposed] Third Amended Complaint for Violations of the Federal Securities Laws ("Proposed Corrected TAC") (Exhibit A to Corrected Matt Decl.) (ECF No. 169-5).

- A redlined version of Lead Plaintiffs' Proposed Corrected TAC ("Corrected Redlined TAC") (Exhibit B to Corrected Matt Decl.) (ECF No. 169-6).

Defendants respectfully request that the Court maintain under seal certain portions of these documents.  Specifically, Lead Plaintiffs' Motion to Seal seeks to maintain the confidentiality of direct references to, quotes from, and/or characterizations of, certain materials that Defendants have designated as confidential under the Stipulation Regarding Confidentiality and Protective Order ("Protective Order" [ECF No. 137]); these materials contain sensitive and confidential nonpublic information regarding Plantronics' business, strategies, and internal decisionmaking, including product-specific inventory levels and related financial information, distributor-specific customer information and strategy discussions, and Board materials, including pre-merger strategic analysis, as well as the disclosure of the purported identities of third parties and attribution of statements to those third parties concerning this sensitive and

DEFS' STATEMENT ISO PLFS'
ADMIN MOTION TO SEAL                                              Case No. 4:19-cv-07481-JST

confidential Plantronics information (together, the "Confidential Materials"), the disclosure of which could harm the Company's competitive standing or third parties' reputations.

As set forth herein and in the accompanying Declaration of Susan S. Muck, these direct references to, quotes from, and/or characterizations of the Confidential Materials are precisely the sorts of confidential information that courts have permitted to be filed under seal.

Further, the proposed amendments in Lead Plaintiffs' Corrected Motion to Amend and accompanying materials are largely indistinguishable in substance from the previously proposed amendments in Lead Plaintiffs' Motion to Modify the Scheduling Order for Leave to File [Proposed] Third Amended Complaint to Conform to Evidence Produced in Discovery and accompanying materials ("Lead Plaintiffs' Original Motion to Amend") (ECF No. 160).  This Court granted Lead Plaintiffs' Motion to Seal for Lead Plaintiffs' Original Motion to Amend on October 17, 2023.  *See* ECF No. 159, 165.  For the same reasons, the Court should grant Lead Plaintiffs' Motion to Seal for Plaintiffs' Corrected Motion to Amend and seal certain portions of the documents.  Muck Decl. ¶ 8.

In determining whether to permit documents such as motions to amend a complaint and complaints themselves to be filed under seal, courts in the Ninth Circuit apply the "compelling reasons" test.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1095-97 (9th Cir. 2016). The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information."  *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

The Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted).  "Disclosure of information that 'might harm a litigant's competitive standing' generally meet[s] the compelling reasons standard for sealing."  *Williams v. Apple, Inc.*, 2021

3

DEFS' STATEMENT ISO PLFS'
ADMIN MOTION TO SEAL                                    Case No. 4:19-cv-07481-JST

WL 2476916, at *3 (N.D. Cal. June 17, 2021) (quoting *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008)). "Courts applying the compelling reasons standard have upheld the sealing of . . . marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing." *In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019). Specifically, courts have recognized that "compelling reasons" may exist to seal information providing insight into "business strategies and internal decisionmaking . . . and confidential finances." *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018); *see also Vigdor v. Super Lucky Casino, Inc.*, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants").

The Confidential Materials contain direct references to, quotes from, and/or characterizations of Plantronics-produced documents that contain and concern highly sensitive and confidential nonpublic information regarding Plantronics' business, strategies, and internal decisionmaking, including product-specific inventory levels and financial information, distributor-specific customer information and strategy discussions, and Board materials, including pre-merger strategic analysis, the disclosure of which could be competitively harmful to the Company. Muck Decl. ¶ 2. At all relevant times, Defendants maintained the Confidential Materials in strict confidence, and neither those documents nor their contents have been disclosed to the public. *Id.* at ¶ 5. Permitting such information to be made available to the public (including, but not limited to, the Company's competitors) could severely harm the Company, its business, its competitive position, and its ability to recruit and retain personnel. *Id.; see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 12-28 (Fed. Cir. 2013) (finding compelling reasons to seal information discussing product-specific financial information and customer information); *Rodman v. Safeway Inc.,* 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (Tigar, J.) (finding compelling reasons to seal information discussing "pricing strategy, business decisionmaking, and financial records"); *Gomo v. NetApp, Inc.*, 2019 WL 1170775, at

4

DEFS' STATEMENT ISO PLFS'
ADMIN MOTION TO SEAL

Case No. 4:19-cv-07481-JST

*2-*3 (N.D. Cal. Mar. 13, 2019) (finding compelling reasons to seal nonpublic materials from board committee meetings); *Brown v. Google LLC*, 2022 WL 816078, at *5 (N.D. Cal. Mar. 17, 2022) (finding compelling reasons to seal information which could enable competitors "to understand which employees are working on which competing products and recruit or contact those employees").

Sealing is further warranted because Lead Plaintiffs' Corrected Motion to Amend, the Corrected Matt Decl., and related exhibits disclose the purported identities of third parties to this litigation and seek to attribute certain statements to them.  Courts in this district routinely find "compelling reasons to seal" identifying information concerning third parties.  *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *2-3 (N.D. Cal. May 14, 2021); *see also Ingram v. Pacific Gas & Electric Company*, 2013 WL 5340697, at *3 (N.D. Cal. Sept. 24, 2013) (Tigar, J.) ("The sensitive and private information of third parties to a litigation ordinarily should be sealed to protect the non-party from improper disclosure." (internal citation omitted)).  Specifically, courts have recognized that "compelling reasons" exist to seal the names of third parties who are not relevant to the disposition of the litigation and where disclosure would result in an invasion of the third parties' privacy.  *See Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.,* 2015 WL 984121, at *3 (N.D. Cal. Mar. 24, 2015) (Tigar, J.) (granting request to seal because to do otherwise "would result in an invasion of [a] third party's privacy").  Here, Lead Plaintiffs' Corrected Motion to Amend, the Corrected Matt Decl., and related exhibits disclose the purported identities of third parties and attribute statements to those third parties concerning highly sensitive and confidential internal information regarding Plantronics' business, strategies, and internal decisionmaking.  Muck Decl. ¶ 2.  The disclosure of the purported identities of these third parties and the purported statements attributed to those third parties could harm their privacy and reputational interests.

Consistent with the confidential and sensitive nature of these Confidential Materials, Plantronics designated them as "Confidential" at the time of their production pursuant to the

5

Protective Order.  Muck Decl. ¶ 6.  Defendants' proposed redacted versions (submitted herewith) of Lead Plaintiffs' Corrected Motion to Amend, the Corrected Matt Decl., and related exhibits are carefully tailored to seal only those portions of these documents that reflect the Confidential Materials.

For these reasons, Defendants respectfully request that the Court seal the Confidential Materials in Lead Plaintiffs' Corrected Motion to Amend, the Corrected Matt Decl., and related exhibits as indicated in the charts below, in the proposed redacted version submitted herewith, and in the Proposed Order submitted herewith by Defendants.

| Document | Identification of Portions to Be Redacted | Basis for Redaction/Sealing |
|---|---|---|
| Plaintiffs' Corrected Motion to Amend | Only those portions designated for redaction in the proposed redacted version submitted herewith, appearing on:<br><br>i:II.D.1–4<br>1:27-28<br>2:22–3:3<br>3:12–19<br>8:5–16<br>8:20–12:5<br>12:11–15:2<br>20:21–21:3<br>21:12–18 | The identified portions contain direct references to, quotes from, and/or characterizations of documents concerning nonpublic information regarding Plantronics' business, strategies, and internal decisionmaking, including product-specific inventory levels and related financial information, distributor-specific customer information and strategy discussions, and Board materials, including pre-merger strategic analysis, as well as the disclosure of the purported identities of third parties and attribution of statements to those third parties concerning this sensitive and confidential Plantronics information, all of which has been designated as "Confidential." |
| Corrected Matt Decl. | Only those portions designated for redaction in the proposed redacted version submitted herewith, appearing on:<br><br>2:4–8 | The identified portions contain direct references to, quotes from, and/or characterizations of documents concerning nonpublic information regarding Plantronics' business, strategies, and internal decisionmaking, including product-specific inventory levels and related financial information, distributor-specific customer information and strategy discussions, and Board |

DEFS' STATEMENT ISO PLFS'
ADMIN MOTION TO SEAL                                          Case No. 4:19-cv-07481-JST

| | | materials, including pre-merger strategic analysis, as well as the disclosure of the purported identities of third parties and attribution of statements to those third parties concerning this sensitive and confidential Plantronics information, all of which has been designated as "Confidential." |
|---|---|---|
| Proposed Corrected TAC | Only those portions designated for redaction in the proposed redacted version submitted herewith, appearing on:<br><br>ii:V.D.2–4<br>4:16–5:15<br>6:8–7:14<br>17:9–18<br>17:28–18:6<br>34:20–38:1<br>39:3–41:24 | The identified portions contain direct references to, quotes from, and/or characterizations of documents concerning nonpublic information regarding Plantronics' business, strategies, and internal decisionmaking, including product-specific inventory levels and related financial information, distributor-specific customer information and strategy discussions, and Board materials, including pre-merger strategic analysis, as well as the disclosure of the purported identities of third parties and attribution of statements to those third parties concerning this sensitive and confidential Plantronics information, all of which has been designated as "Confidential." |
| Corrected Redlined TAC | Only those portions designated for redaction in the proposed redacted version submitted herewith, appearing on:<br><br>ii:V.D.2–4<br>4:19–6:2<br>6:19–8:2<br>20:16–21:2<br>21:12–18<br>38:14–41:23<br>43:4–45:24 | The identified portions contain direct references to, quotes from, and/or characterizations of documents concerning nonpublic information regarding Plantronics' business, strategies, and internal decisionmaking, including product-specific inventory levels and related financial information, distributor-specific customer information and strategy discussions, and Board materials, including pre-merger strategic analysis, as well as the disclosure of the purported identities of third parties and attribution of statements to those third parties concerning this sensitive and confidential Plantronics information, all of which has been designated as "Confidential." |

DEFS' STATEMENT ISO PLFS'
ADMIN MOTION TO SEAL                                    Case No. 4:19-cv-07481-JST

Dated:  October 27, 2023

WILMER CUTLER PICKERING HALE AND DORR LLP

By:   */s/ Susan M. Muck*
          Susan M. Muck

*Attorney for Defendants Plantronics, Inc, Joseph Burton, Charles Boynton, and Pamela Strayer*

8

DEFS' STATEMENT ISO PLFS'
ADMIN MOTION TO SEAL

Case No. 4:19-cv-07481-JST