[REDACTED VERSION]

**HAGENS BERMAN SOBOL SHAPIRO LLP**
LUCAS E. GILMORE (250893)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
LucasG@hbsslaw.com

*Attorneys for Lead Plaintiff Ilya Trubnikov*
*and Lead Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
JONATHAN D. USLANER (256898)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470
jonathanu@blbglaw.com

LAUREN A. ORMSBEE (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile:(212) 554-1444
lauren@blbglaw.com

*Attorneys for Lead Plaintiff Roofers' Pension*
*Fund and Lead Counsel for the Class*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION. | Case No. 4:19-cv-07481-JST |
| | **PLAINTIFFS' CORRECTED NOTICE OF MOTION AND MOTION TO MODIFY THE SCHEDULING ORDER AND FOR LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT TO CONFORM TO EVIDENCE PRODUCED IN DISCOVERY** |
| | Date: January 25, 2024<br>Time: 2:00 p.m.<br>Place: 6, 2nd Floor<br>Judge: Hon. Jon S. Tigar |

PLAINTIFFS' CORR. MTN TO MODIFY SCHEDULING ORDER AND
FOR LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT
010874-11/2362231 V1

Case No. 4:19-cv-07481-JST

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................................ 2

II.   RELEVANT PROCEDURAL BACKGROUND ..................................................... 5

      A.    The Order dismissed claims based on the August 7, 2018, statements. ........................................................................................ 5

      B.    The Scheduling Order preserved Lead Plaintiffs' ability to amend upon showing of good cause. ................................................. 6

      C.    Lead Plaintiffs have diligently pursued discovery. ........................... 6

      D.    Plaintiffs have uncovered powerful evidence supporting the material falsity of the August 7, 2018, challenged statements and additional statements made by Defendants on September 11, 2018. .................. 8

            1.    ████████████████████████████████
                  ████████████████████
                  ████████ .................................................. 8

            2.    FE-2's account and internal Plantronics communications corroborate ████████████████
                  ████████████████████ ............................ 12

            3.    Internal Plantronics communications demonstrate that ██████████████████████
                  ██████████████ ....................................... 12

            4.    Internal documents show that ████████
                  ████████████████████████████ 14

      E.    Plaintiffs diligently sought to amend after the necessity to amend became apparent via the recently produced evidence. ....................... 15

III.  LEGAL STANDARD .............................................................................................. 16

      A.    Federal Rule of Civil Procedure 16 ....................................................... 16

      B.    Federal Rule of Civil Procedure 15 ....................................................... 16

IV.   ARGUMENT ........................................................................................................... 16

A.    Lead Plaintiffs diligently filed the present Motion promptly after obtaining the evidence supporting the proposed amendments..............................17

B.    Defendants will not be prejudiced by the amendment. .........................................18

C.    Amendment is not futile......................................................................................20

V.    CONCLUSION .........................................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Baisa v. Indymac Fed. Reserve*,
2010 WL 2348736 (E.D. Cal. June 8, 2010)..................................................................... 16

*Chudacoff v. Univ. Med. Ctr. of S. Nevada*,
649 F.3d 1143 (9th Cir. 2011).......................................................................................... 16

*Coleman v. Quaker Oats Co.*,
232 F.3d 1271 (9th Cir. 2000)............................................................................................ 6

*In re Constellation Energy Grp., Inc. Sec. Litig.*,
2012 WL 1067651 (D. Md. Mar. 28, 2012)...................................................................... 20

*DCD Programs, Ltd. v. Leighton*,
833 F.2d 183 (9th Cir. 1987)...................................................................................... 18, 19

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003).......................................................................................... 18

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992)............................................................................................ 16

*Knappenberger v. City of Phoenix*,
566 F.3d 936 (9th Cir. 2009)............................................................................................ 20

*Lickteig v. Cerberus Cap. Mgmt., L.P.*,
2020 WL 7629876 (S.D.N.Y. Dec. 22, 2020) ............................................................. 5, 21

*Morongo Band of Mission Indians v. Rose*,
893 F.2d 1074 (9th Cir. 1990).......................................................................................... 19

*In re Pfizer Inc. Sec. Litig.*,
2012 WL 983548 (S.D.N.Y. Mar. 22, 2012) ................................................................... 19

*In re Plantronics, Inc. Sec. Litig.*,
2022 WL 3653333 (N.D. Cal. Aug. 17, 2022)............................................................ *passim*

*SEPTA v. Orrstown Fin. Servs., Inc.*,
335 F.R.D. 54 (M.D. Pa. 2020), *aff'd*, 12 F.4th 337 (3d Cir. 2021)......................................... 4

*In re Silver Wheaton Corp. Secs. Litig.*,
2018 WL 1517130 (C.D. Cal. Mar. 26, 2018) ........................................................ 4, 17, 20

*Winer Family Trust v. Queen*,
503 F.3d 319 (3d Cir. 2007).............................................................................................. 19

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15 ................................................................................................................ 16

Fed. R.Civ. P. 16 ................................................................................................. 4, 6, 16, 17

PLAINTIFFS' CORR. MTN TO MODIFY SCHEDULING ORDER AND
FOR LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT - iv
010874-11/2362231 V1

Case No. 4:19-cv-07481-JST

**NOTICE OF MOTION AND MOTION / RELIEF REQUESTED**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on January 25, 2024, at 2:00 p.m., or as soon thereafter as counsel may be heard before the Court, the Honorable District Judge Jon S. Tigar presiding, located at Courtroom 6 – 2nd Floor, 1301 Clay Street, Oakland, CA 94612, by videoconference, in accordance with the Court's Standing order and the Court's scheduling notes, Lead Plaintiffs Ilya Trubnikov and Roofers' Pension Fund ("Plaintiffs"), by their undersigned counsel, will and hereby do move the Court pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure: (1) to modify the Court's February 21, 2023 Scheduling Order's deadline to amend the pleadings for good cause (ECF No. 135 at p. 1, n.1); (2) for leave to file the attached [Proposed] Third Amended Complaint; and (3) for such other relief as the Court deems just and proper.

This Motion is made pursuant to the September 25, 2023 Stipulation and Order Re: Class Certification Briefing and is based on the memorandum of points and authorities, the declaration of Sean R. Matt and the exhibits attached thereto, such additional evidence and argument as may be presented in the briefing or at the hearing on this motion, all of the pleadings, files and records in this proceeding, and such other evidence as may later be submitted.[1]

**ISSUES PRESENTED**

1. Whether good cause exists under Rule 16(b) to modify the Court's February 21, 2023 Scheduling Order's deadline to amend the pleadings, where: (i) based on the facts and evidence available at that time, Plaintiffs could not have reasonably met the September 16, 2022 deadline by filing an amended complaint satisfying the pleading deficiencies identified in the August 17, 2022 Order as to the challenged August 7, 2018 statements; and (ii) Plaintiffs have been diligent not only in the timing of the present Motion for Leave to Amend, but throughout the litigation.

---

[1] This motion is styled as a "corrected" motion to correct authorship attribution ██████████

██████████

PLAINTIFFS' CORR. MTN TO MODIFY SCHEDULING ORDER AND                    Case No. 4:19-cv-07481-JST
FOR LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT - 1
010874-11/2362231 V1

2.     Whether the Court should grant Plaintiffs leave to file the [Proposed] Third Amended Complaint under Rule 15(a), where there can be no showing of bad faith, undue delay, futility, or undue prejudice to Defendants.

## MEMORANDUM OF POINTS & AUTHORITIES

### I.     INTRODUCTION

Plaintiffs seek leave to file the [Proposed] Third Amended Complaint ("TAC") to reassert previously dismissed Section 10(b) claims based on Defendants' August 7, 2018, statements concerning Plantronics' positive revenue results. *See* Matt Decl., Ex. 1 (TAC). In its August 17, 2022, Order Granting in Part and Denying in Part Motion to Dismiss (the "Order"), the Court upheld Plaintiffs' claims based on similar statements Defendants made on November 6, 2018, February 5, 2019, and May 7, 2019, concerning Plantronics' revenue growth, but the Court dismissed with leave to amend Defendants' August 7, 2018, statements given the Second Amended Complaint's ("SAC") absence of facts showing excessive channel inventory accumulation caused by the undisclosed channel stuffing sales practice that could have significantly contributed to the revenues that Defendants discussed on August 7, 2018. *See In re Plantronics, Inc. Sec. Litig.*, 2022 WL 3653333, at *13 (N.D. Cal. Aug. 17, 2022). Though Plaintiffs did not have access to the facts necessary to address these deficiencies by the September 16, 2022, amendment deadline (because discovery had not begun), evidence Defendants recently produced demonstrates the falsity of Defendants' August 8, 2018, statements, Defendants' scienter, and provides good cause for amendment, as provided for in the February 21, 2023, Scheduling Order (ECF No. 135, at 1, n.1). TAC, ¶¶ 91-97, 100-103.

During the ongoing discovery process, Defendants produced ███████████

███████████████████████████████████████████████████

███████████████████████████████████ *Id*. at ¶ 91. Significantly, ████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████     *Id*. at ¶ 92. Newly produced internal communications corroborate ████

PLAINTIFFS' CORR. MTN TO MODIFY SCHEDULING ORDER AND
FOR LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT - 2
010874-11/2362231 V1

Case No. 4:19-cv-07481-JST

███████████████████████ (*id.* at ¶ 100), ████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████████. *Id.* at ¶¶ 100-103. These known "material adverse facts cut against" Defendants' positive August 7, 2018, statements concerning Plantronics' reported revenue growth that Defendants falsely attributed to organic customer demand. *See* TAC, ¶¶ 150-56; *In re Plantronics, Inc. Sec. Litig.*, 2022 WL 3653333, at *16. Thus, Defendants' concealment of this negative information "gave investors an inaccurate impression of the causes for Plantronics' Q1 FY 2019 revenue results and the Company's health." *See In re Plantronics, Inc. Sec. Litig.*, 2022 WL 3653333, at *16.

The TAC also asserts additional false and misleading statements that Defendants made on September 11, 2018, concerning Polycom's reported revenues and quarterly revenue growth due to market expansion. *See* TAC, ¶¶ 156-60. Newly-produced internal communications reveal that ████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████. *See id.* at ¶ 104. Based on these documents, ██████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████.

*See id.* at ¶¶ 14, 104, 160; *In re Plantronics, Inc. Sec. Litig.*, 2022 WL 3653333, at *10 (discussing actionability of similar claim made in *Murphy v. Precision Castparts Corp.*, 2017 WL 3084274 (D. Or. June 27, 2017), *report and recommendation adopted*, 2017 WL 3610523 (D. Or. Aug. 22, 2017)).

Further, Lead Plaintiffs seek to clarify their loss causation allegations concerning the corrective adverse information disclosed on February 4, 2020. TAC, ¶¶ 211-215. While the SAC previously referenced these post-Class Period events as confirming Defendants' fraud and a materialization of the risks posed by the undisclosed truth (SAC, ¶¶ 29, 191-95, 240 (a)), the TAC

PLAINTIFFS' CORR. MTN TO MODIFY SCHEDULING ORDER AND
FOR LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT - 3
010874-11/2362231 V1

Case No. 4:19-cv-07481-JST

clarifies that the factors Defendants attributed to the disappointing third quarter fiscal year 2020 financial results—that is, "channel inventory reduction," "product transitions, sales integration and channel consolidation" and "portfolio optimization")—are all direct and foreseeable byproducts of Defendants' fraud. TAC, ¶¶ 211-15.

In its August 17, 2022, opinion granting in part and denying in part Defendants' motion to dismiss the SAC, the Court allowed Plaintiffs 30 days to amend the TAC to cure the deficiencies identified in the Order. *See In re Plantronics, Inc. Sec. Litig.*, 2022 WL 3653333, at *21. That amendment deadline was reflected in the February 21, 2023, Scheduling Order, which further noted that "[a]fter this deadline, a party may still seek amendment, but must demonstrate good cause," citing Fed. R.Civ. P. 16(b)(4). ECF No. 135 at 1, n.1. Such good cause exists for this amendment. The proposed amendments are predicated on evidence that was exclusively in the possession of Defendants until recently produced. Matt Decl., ¶ 3. Plaintiffs pursued this evidence diligently and have timely sought to amend. *Id.* at ¶¶ 4-9; s*ee also, In re Silver Wheaton Corp. Secs. Litig.*, 2018 WL 1517130, at *6 (C.D. Cal. Mar. 26, 2018) (granting plaintiff leave to amend PSLRA-governed complaint to add new claims based on discovery obtained after the deadline for amending pleadings).

Granting Plaintiffs leave to amend will not cause undue prejudice to Defendants. The TAC has no impact on the theory of liability, defenses, or scope of discovery. Indeed, the TAC contains no new causes of action and does not add new defendants; rather, it largely fills the evidentiary gaps that this Court cited in its Order. *See, e.g., SEPTA v. Orrstown Fin. Servs., Inc.*, 335 F.R.D. 54, 78 (M.D. Pa. 2020), *aff'd*, 12 F.4th 337 (3d Cir. 2021) (defendants in PSLRA-governed case would not suffer undue prejudice because the amendments cited evidence obtained in discovery that cured previously identified deficiencies).

And amendment would not be futile. Using newly obtained evidence, the TAC cures the deficiencies the Court cited in dismissing the August 7, 2018, statements. The TAC similarly provides significant evidentiary support for the falsity, materiality, and scienter as to the newly alleged September 11, 2018, statements concerning Polycom's reported revenue and revenue

growth. Further, the TAC's new loss causation allegations plead a direct and foreseeable connection between Defendants' material misrepresentation and the trading loss that occurred after the February 4, 2020, disclosures. *See, e.g., Lickteig v. Cerberus Cap. Mgmt., L.P.*, 2020 WL 7629876, at *6 (S.D.N.Y. Dec. 22, 2020) (rejecting defendants' futility arguments, where the PSLRA-governed amended complaint either added new factual allegations concerning claims that had already survived a motion to dismiss, or directly remedied previously identified deficiencies).

Accordingly, the Motion should be granted.

## II.    RELEVANT PROCEDURAL BACKGROUND

**A.    The Order dismissed claims based on the August 7, 2018, statements.**

In its Order, the Court dismissed certain challenged statements Defendants made on August 7, 2018, pertaining to Plantronics' reported revenues for the first quarter fiscal year 2021 and the drivers for such revenues, finding "that Plaintiffs' allegations do not support an inference that the challenged statements of August 7, 2018, were misleading for failure to mention the undisclosed sales practice." *See In re Plantronics, Inc. Sec. Litig.*, 2022 WL 3653333, at *13. The Court reasoned that the SAC "raises the inference that Defendants adopted the undisclosed sales practice as part of the Polycom acquisition, which was completed in July 2018, and that concerns about excessive channel inventory accumulation and potentially needing to write down some of the inventory were discussed in a meeting attended by Defendants Burton and Strayer in October or November 2018." *Id*. The Court observed that, "[i]n the absence of non-conclusory factual matter suggesting that there was, ***prior to October 2018***, excessive channel inventory accumulation caused by the undisclosed sales practice that could have significantly contributed to the revenues that Defendants discussed on August 7, 2018, the Court cannot infer that Defendants Burton and Strayer were required to mention the undisclosed sales practice when making the August 7, 2018, statements in order to avoid misleading investors as to the causes for the revenues." *Id*. (emphasis added). Accordingly, the Court granted Defendants' motion to dismiss with respect to the August 7, 2018, statements, with leave to amend. *Id*.

As to future amendment, the Order specified:

> Plaintiffs may file an amended complaint within 30 days of the date this order is filed [i.e., September 16, 2022] to cure the deficiencies discussed herein, to the extent that Plaintiffs can do so without contradicting the allegations in their prior pleadings. A failure to file an amended complaint will result in dismissal with prejudice of all claims predicated on challenged statements other than those regarding revenue made on November 6, 2018; February 5, 2019; and May 7, 2019.

*Id.* at * 21.

Based on the facts and evidence available to Plaintiffs, Plaintiffs determined that they would not be able to timely cure the deficiencies identified by the Court as to the challenged statements made by Defendants on August 7, 2018. Accordingly, on September 8, 2022, Plaintiffs notified the Court of their intent not to amend the Second Amended Complaint. ECF No. 115. Plaintiffs noted, however, "Pending any factual developments, Lead Plaintiffs reserve the right to seek to amend the Complaint upon a demonstration of good cause under Fed. R. Civ. P. 16(b)(4)." *Id.*

**B.      The Scheduling Order preserved Lead Plaintiffs' ability to amend upon showing of good cause.**

On February 21, 2023, after the initial Case Management Conference, the Court entered a Scheduling Order. ECF No. 135. Consistent with the Order, the February 21, 2023, Scheduling Order specified September 22, 2022, as the deadline to amend the pleadings in response to the August 17, 2022, Order, after which "a party may still seek amendment, but must demonstrate good cause.  Fed. R. Civ. P. 16(b)(4)." ECF No. 135 at p. 1 n.1. The deadline for substantial completion of rolling production of non-privileged documents was September 1, 2023, and the fact discovery cutoff is February 9, 2024. *Id.* at pp. 1-2.

**C.      Lead Plaintiffs have diligently pursued discovery.**

On December 2, 2022, Plaintiffs served their first sets of interrogatories and requests for the production of documents to all Defendants. Five interrogatories were submitted asking Defendants to identify witnesses with knowledge, all of Plantronics' channel partners, the relevant document custodians, and the location of documents. Seventy-one requests for production were served seeking, among other things, documents relating to Plantronics' leadership structure and key executives with knowledge of issues relevant to the case, the Enterprise Risk Management Project, Audit Committee investigations, and relevant accounting and sales practices.

On January 20, 2023, Defendants served their objections and responses thereto, and the parties have discussed Defendants' objections and responses. The parties agreed that Defendants would produce documents in a phased manner in response to Plaintiffs' discovery requests, and Defendants prioritized the production of certain categories of documents ahead of the June 22, 2023, mediation. Thereafter, Defendants reviewed and produced documents from agreed upon custodians and for agreed upon time periods in accordance with the TAR Protocol. Defendants substantially completed their rolling production of non-privileged documents on September 1, 2023. To date, Defendants have produced 444,183 pages of documents. Matt Decl., ¶ 4. Most of those pages—approximately 428,025 pages or 97% of Defendants' total production—have been produced since August 11, 2023. *Id*. And while Plaintiffs do not contest Defendants satisfied the *substantial* completion deadline, it should be noted that since September 1, Defendants produced more than 4,000 additional documents, totaling 24,072 pages. Moreover, Plaintiffs identified several technical deficiencies with Defendants' productions that impeded Plaintiffs' meaningful review of the vast majority (80,000) of Defendants' produced documents until September 20, 2023.

In addition to party discovery, Plaintiffs have served subpoenas on numerous third parties. On April 14, 2023, Plaintiffs issued a subpoena to Defendant Plantronics's auditor PriceWaterhouseCoopers ("PwC"). On April 28, 2023, Defendants served Objections to the subpoena. On May 3, 2023, PwC served its objections to the subpoena and invited Plaintiffs to discuss it. Plaintiffs and counsel for PwC held conferences on May 9, 2023, and May 18, 2023, to discuss PwC's responses, and PwC made an initial production, which Plaintiffs have reviewed. Plaintiffs continue to confer with PwC. Plaintiffs have also issued subpoenas to third parties who were channel distributors for Plantronics products, consultants on the ERM project described in the Complaint, Plantronics Board Members, and Plantronics' former Chief Executive Officer and are engaging in meet and confers with counsel hired by the third parties.

Plaintiffs continue to meet with defense counsel concerning Defendants' document production. Specifically, Plaintiffs are urging Defendants to produce text messages and messaging

apps for certain custodians. Plaintiffs continue to review and analyze Defendants' document productions and will soon begin noticing depositions.

**D.    Plaintiffs have uncovered powerful evidence supporting the material falsity of the August 7, 2018, challenged statements and additional statements made by Defendants on September 11, 2018.**

As set forth below, Defendants have produced documents demonstrating that, ██████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████ TAC, ¶¶ 91-97. The documents further demonstrate that ████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████ *Id.* at ¶¶ 100-103. This newly uncovered evidence shows that ████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████ . *Id.* at ¶¶ 152-53. Based on these new facts, the Court can now plausibly infer that Defendants Burton and Strayer were required to mention the undisclosed sales practice when making the August 7, 2018, statements to avoid misleading investors as to the true drivers of the revenues. *Id.* at ¶ 155.

1.    ████████████████████████████████████████████

On May 2, 2023, Defendants produced ████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████ *See* TAC, ¶¶ 91-97 (discussing PLANT_00007714-24). ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████



*Id.* ¶ 91-97.

*Id..*

For example,

*. Id.* at ¶ 92

(discussing PLANT_00007714).

*Id.*

*Id.*

PLAINTIFFS' CORR. MTN TO MODIFY SCHEDULING ORDER AND
FOR LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT - 9
010874-11/2362231 V1

Case No. 4:19-cv-07481-JST



*Id.* at ¶ 92 (quoting PLANT_00007715-16) (emphasis added).

*Id.* at ¶ 93 (quoting PLANT_00007718) (emphasis added).

*Id.* at ¶ 94 (quoting PLANT_00007719) (emphasis added).

PLAINTIFFS' CORR. MTN TO MODIFY SCHEDULING ORDER AND               Case No. 4:19-cv-07481-JST
FOR LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT -
10
010874-11/2362231 V1



*Id.* at ¶ 95 (quoting PLANT_00007721).

*Id.* at ¶ 96 (quoting PLANT_00007722) (emphasis added).

PLAINTIFFS' CORR. MTN TO MODIFY SCHEDULING ORDER AND
FOR LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT -
11

Case No. 4:19-cv-07481-JST

010874-11/2362231 V1

**2.      FE-2's account and internal Plantronics communications corroborate** [REDACTED]

[REDACTED], are corroborated by both a witness account as well as recently produced internal communications. As previously alleged in the SAC, FE-2, a Senior Country Manager for the Philippines and Vietnam from 2007 through July 2018, recounted how he overheard Defendant Burton in March 2017 discuss a plan to dramatically change the Company's sales practices, and was dismissed from the Company after protesting the changed sales practices and buildup of channel inventory that was not supported by actual demand. *Cf.*, SAC, ¶¶ 86-87 and TAC, ¶¶ 98-99.

Moreover, on August 11, 2023, Defendants produced [REDACTED]

[REDACTED] *See* TAC, ¶ 100 (discussing PLANT_00018562). [REDACTED]

[REDACTED] *Id.* (emphasis added). [REDACTED]

[REDACTED] *Id.* (emphasis added).

**3.      Internal Plantronics communications demonstrate that** [REDACTED]

Internal Plantronics communications further substantiate [REDACTED]



For example,

TAC, ¶ 101 (discussing PLANT_00061567). which Defendants produced on August 18, 2023 (Matt Decl., ¶ 6),

TAC, ¶ 101.

*Id.*

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ *Id.*

(emphasis added). ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████ *Id.* (emphasis added).

4.    **Internal documents show that** ███████████████████

████████████████████████████████████████

On August 11, 2023, Defendants produced internal Plantronics communications demonstrating that ██████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████. TAC, ¶¶ 103-04; Matt Decl., ¶ 6.

For example, ██████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████ TAC, ¶ 104 (discussing PLANT_00024743-44). ███

████████████████████████████████████████████████████████████████

████████ *Id.* ██████████████████████████████████████████

████████████████████████ *Id.* ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████ *Id.* ██████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

PLAINTIFFS' CORR. MTN TO MODIFY SCHEDULING ORDER AND          Case No. 4:19-cv-07481-JST
FOR LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT -
14
010874-11/2362231 V1

████████████████████████████████████████████████████████

████████████████████  *Id.*

**E.   Plaintiffs diligently sought to amend after the necessity to amend became apparent via the recently produced evidence.**

In August 2023, based on the documents produced by Defendants thus far and with Plaintiffs' October 2, 2023, deadline to move for class certification approaching, Lead Plaintiffs' counsel began considering procedural mechanisms to reinstate the originally pled class period beginning on August 7, 2018, as the operative class to be certified. Simultaneously, based on discussions with experts, Lead Plaintiffs also began to believe that the Plantronics stock drops occurring because of the adverse Company-specific information released on February 4, 2020, were directly and proximately caused by Defendants' fraud.

To that end, during an August 9, 2023, meet and confer call with Defendants' counsel, Lead Plaintiffs' counsel informed defense counsel that Lead Plaintiffs were considering amending the Second Amended Complaint to reinstate the originally pled class period. Matt Decl., ¶ 8. In an effort to avoid immediate motion practice, Plaintiffs' counsel asked whether Defendants' counsel would consent to Plaintiffs moving to certify the original class period without conceding liability, and after completion of fact discovery but before trial Plaintiffs would move to conform the pleadings to the proof, if appropriate or required. *Id.* After further meet and confer correspondence, Defendants on September 6, 2023, declined Lead Plaintiffs' proposal. Accordingly, at the September 8, 2023, Joint Case Management Conference, Lead Plaintiffs advised the Court of their intent to file a motion for leave to amend the Second Amended Complaint to conform to evidence produced in discovery to reinstate the originally pled class period (starting on August 7, 2018) as the operative class to be certified. ECF No. 153 at 4. The parties then stipulated to a Court-ordered schedule whereby Plaintiffs would provide a copy of the [Proposed] Third Amended Complaint to Defendants by September 29, 2023, and file their motion for leave to file the [Proposed] Third Amended Complaint by October 2, 2023. *See* ECF No. 158. Plaintiffs have complied with the September 25, 2023, Order.

PLAINTIFFS' CORR. MTN TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT - 15
010874-11/2362231 V1

Case No. 4:19-cv-07481-JST

## III.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 16.

Rule 16 governs a plaintiff's request to file an amended complaint after the Court has set a timetable for amending the pleadings. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Rule 16(b)(4) allows schedule modification "for good cause and with the Judge's consent." Fed. R. Civ. P. 16(b)(4). While the circumstances constituting "good cause" to modify a scheduling order to allow amendment varies with each case, the inquiry "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court also considers the existence and degree of prejudice to non-moving parties in determining whether there is good cause to permit modification. *See Johnson*, 975 F.2d at 609.

### B.    Federal Rule of Civil Procedure 15.

If the moving party shows good cause under Rule 16(b), the Court applies Rule 15(a)'s liberal standards in determining whether to grant leave to amend. *Johnson*, 975 F.2d at 608. Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, leave to amend is "denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) ). Where Plaintiffs have established "good cause," however, the Court need only evaluate the final Rule 15 requirement, futility, because "Rule 16(b)'s 'good cause' inquiry essentially incorporates the first three Rule 15 factors[.]" *Baisa v. Indymac Fed. Reserve*, 2010 WL 2348736, at *1 (E.D. Cal. June 8, 2010).

## IV.    ARGUMENT

Good cause exists for modifying the February 21, 2023, Scheduling Order and allowing Plaintiffs to file the TAC. Plaintiffs were diligent in bringing their motion for leave to amend because many of the critical documents on which the allegations of the TAC are based were produced by Defendants only weeks ago. Matt Decl., ¶¶ 4-6. And the proposed amendment is neither prejudicial to Defendants nor futile.

**A.**   **Lead Plaintiffs diligently filed the present Motion promptly after obtaining the evidence supporting the proposed amendments.**

A moving party establishes diligence under Rule 16(b)(4) "by showing that (1) she was diligent in assisting the court in crafting a workable scheduling order; (2) her noncompliance with a deadline occurred notwithstanding diligent efforts to comply because of matters that were not reasonably foreseeable or anticipated at the time of the scheduling conference; and (3) she was diligent in seeking amendment once it became apparent that she could not comply with the order." *In re Silver Wheaton Corp. Sec. Litig.*, 2018 WL 1517130, at \*2 (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)). Lead Plaintiffs meet all three prongs of this test for three reasons.

*First*, Lead Plaintiffs were diligent in assisting the Court in crafting a workable scheduling order. In connection with the initial Case Management Conference, the Parties timely provided the Court with a reasonable scheduling order (ECF No. 133 at p. 7), which the Court adopted on February 21, 2023 (ECF No. 135) and with which Plaintiffs have complied. As to the September 16, 2022, deadline to amend the pleadings, this date had already been fixed before entry of the February 21, 2023, Scheduling Order by the Order (*In re Plantronics, Inc. Sec. Litig.*, 2022 WL 3653333, at \*21). Based on the facts and evidence available to Lead Plaintiffs, Lead Plaintiffs determined that they would not be able to timely cure the deficiencies identified by Court as to the challenged statements made by Defendants on August 7, 2018. Therefore, Lead Plaintiffs timely notified the Court and Defendants of their intent not to amend the Second Amended Complaint (ECF No. 115), while noting, however, "[p]ending any factual developments, Lead Plaintiffs reserve the right to seek to amend the Complaint upon a demonstration of good cause under Fed. R. Civ. P. 16(b)(4)." *Id.* Consistent with this representation, the Scheduling Order provides, "After this deadline, a party may still seek amendment, but must demonstrate good cause. Fed. R. Civ. P. 16(b)(4)." ECF No. 135 at p. 1, n.1. The Scheduling Order thus contemplates amendment after the deadline in the event Plaintiffs were able to timely develop the necessary facts and evidence.

*Second*, the facts and evidence providing the basis for Lead Plaintiffs' amendment were not reasonably foreseeable or anticipated at the time of the February 21, 2023, Case Management and

Scheduling Conference. Critical documents on which the allegations of the [Proposed] TAC are based were produced by Defendants in May and August 2023, documents that surfaced after persistent pursuit and much negotiation. Matt Decl., ¶¶ 3-7. Further, given the number of documents produced in this case (over 444,000 pages by Defendants alone), and the complex securities fraud litigation issues involved, review and analysis of the documents produced and drafting the new allegations in the TAC required a significant amount of attorney time and consultation with subject matter experts. *Id*. at ¶¶ 4-5.

*Third*, Lead Plaintiffs were diligent in seeking leave once the necessity arose. Immediately after considering amendment in early August 2023, Lead Plaintiffs apprised Defendants of their intentions and attempted to negotiate a procedural mechanism for reinstating the originally pled class period beginning on August 7, 2018, with the goal of avoiding motion practice and serial pleading amendments. *Id*. at ¶ 8. After the negotiations broke down, Plaintiffs: (i) informed the Court their desire to amend in their September 8, 2023 Case Management Conference; (ii) followed the Court's directions at the September 15, 2023, Case Management Conference by stipulating to a Court-ordered schedule whereby Plaintiffs would provide a copy of the [Proposed] Third Amended Complaint to Defendants by September 29, 2023, and file their motion for leave to file the [Proposed] Third Amended Complaint by October 2, 2023; and (iii) and complied with the Court's September 25, 2023, Order. *See* ECF No. 158. Accordingly, there is no undue delay in seeking to file the [Proposed] TAC.

**B.     Defendants will not be prejudiced by the amendment.**

Defendants will not be unduly prejudiced if Lead Plaintiffs are granted leave to add factual allegations to the complaint at this stage of the litigation. Although "[t]he consideration of prejudice to the opposing party [ ] carries the greatest weight" in the Court's analysis, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), only "undue prejudice" warrants denial of leave to amend. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Courts in the Ninth Circuit have found "undue prejudice" where the proposed amendment "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late

hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Thus, the attendant burden of having to defend against a new claim, by itself, is not undue prejudice, and the burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187.

Here, the proposed amendment would not unduly prejudice Defendants. The TAC by no means alters the nature of the litigation. It contains no new cause of action, nor does it add new defendants or expand the prior alleged class period. It is based largely on the same underlying facts as the prior pleadings, only (i) filling evidentiary gaps that the Court cited in its August 17, 2022, Order dismissing previously alleged statements made by Defendants on August 8, 2028, (ii) adding two new statements made by Defendants on September 11, 2018, of the same character and nature as prior alleged statements, and (iii) conforming loss causation allegations to previously alleged corrective events.

Likewise, the amendment will not drastically affect the contours of this case such that Defendants would have to expend significant additional resources to conduct compressed discovery to prepare for trial. The new allegations in the TAC were drawn from materials Defendants possessed. Further, the fact and expert discovery period is still open. Similarly, the amendment would not significantly delay the resolution of this case. The deadlines for completion of discovery, dispositive motion briefing, pretrial conference obligations, and the trial date all remain in place and should not be impacted by the amendment.

Any argument by Defendants that permitting the amendment would run afoul of the policies underlying the PSLRA by permitting information obtained in discovery to be used to amend the complaint lacks merit. Courts routinely reject this argument and permit plaintiffs to amend PSLRA-governed complaints with information obtained during discovery. *See, e.g., In re Pfizer Inc. Sec. Litig.*, 2012 WL 983548, at *2–3 (S.D.N.Y. Mar. 22, 2012) (granting leave to amend PSLRA complaint using information obtained during discovery and noting that "[c]ourts routinely grant leave to amend when a plaintiff seeks to refine the complaint to reflect evidence obtained during discovery"); *Winer Family Trust v. Queen*, 503 F.3d 319, 337 (3d Cir. 2007) ("If a private securities

case proceeds past the pleadings stage against a corporation and discovery reveals individual culpability, a plaintiff may seek permission to amend the complaint to assert claims against individual defendants."); *In re Silver Wheaton Corp. Sec. Litig.*, 2018 WL 1517130, at *6 (granting leave to amend PSLRA complaint to add a defendant); *In re Constellation Energy Grp., Inc. Sec. Litig.*, 2012 WL 1067651, at *3 (D. Md. Mar. 28, 2012) (rejecting argument that "that the PSLRA prohibits plaintiffs from using information obtained through discovery to revive previously dismissed claims").

Defendants cannot show undue prejudice.

**C.     Amendment is not futile.**

The proposed amendment is not futile. An amendment is futile only if the court determines "that the pleading could not possibly be cured by the allegation of other facts." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009). "While some courts liken the futility inquiry with that of a motion to dismiss, most recognize that denial of leave to amend on futility grounds is rare." *Id*.

The proposed amendment regarding the August 7, 2018, statements are not futile because they remedy the deficiencies upon which the Court granted dismissal. The Court dismissed these statements because of "the absence of non-conclusory factual matter suggesting that there was, prior to October 2018, excessive channel inventory accumulation caused by the undisclosed sales practice that could have significantly contributed to the revenues that Defendants discussed on August 7, 2018." *In re Plantronics, Inc. Sec. Litig.*, 2022 WL 3653333, at *13. The TAC relies on ████████████████████████████ together with previously alleged former employee accounts, and newly received internal Company communications and records. TAC, ¶¶ 91-102. This evidence demonstrates that, ██████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████. Internal records demonstrate that, ████████ ████████████████████████████████████████

PLAINTIFFS' CORR. MTN TO MODIFY SCHEDULING ORDER AND
FOR LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT -
20
010874-11/2362231 V1

Case No. 4:19-cv-07481-JST

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████  *Id*. at ¶¶ 100-102. Based on these highly particularized allegations found in Defendants' internal records, the Court can now infer that "Defendants Burton and Strayer were required to mention the undisclosed sales practice when making the August 7, 2018, statements in order to avoid misleading investors as to the causes for the revenues." *In re Plantronics, Inc. Sec. Litig*., 2022 WL 3653333, at *13.

The proposed addition of the September 11, 2018, statements concerning PolyCom's reported revenues and revenue growth are likewise not futile. TAC, ¶¶ 156-60. Relying on Plantronics' internal documents, the TAC plausibly demonstrates that these statements were false and misleading and made by Defendants with the requisite scienter. When the challenged statements were made, ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████  *Id*. at ¶ 104. ████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████  *Id*. at ¶ 39. The Court has previously held that similar revenue-based statements are actionable. *In re Plantronics, Inc. Sec. Litig*., 2022 WL 3653333, at *16.

Finally, the new allegations concerning the corrective nature of the February 4, 2020, disclosures merely clarify Plaintiffs' loss causation theory. TAC, ¶¶ 211-15. Adding new factual allegations on this element, which Defendants did not challenge in their prior motions to dismiss, is not futile. *See, e.g., Lickteig*, 2020 WL 7629876, at *6 (adding new factual allegations to previously sustained securities fraud claims not futile).

## V.   CONCLUSION

Lead Plaintiffs respectfully request that the Court grant their Motion, which is well supported by fact and law.

Dated:   October 20, 2023.

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By:   */s/ Sean R. Matt*

Steve W. Berman (admitted *pro hac vice*)
Sean R. Matt (admitted *pro hac vice*)
Karl P. Barth (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com
karlb@hbsslaw.com

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Lead Plaintiff Ilya Trubnikov*
*and Lead Counsel for the Class*

Dated:   October 20, 2023.

**BERNSTEIN LITOWITZ BERGER &**
        **GROSSMANN LLP**

By:   */s/ Lauren A. Ormsbee*

Lauren A. Ormsbee (admitted *pro hac vice*)William Freeland (admitted pro hac vice)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile:(212) 554-1444
lauren@blbglaw.com
William.freeland@blbglaw.com

PLAINTIFFS' CORR. MTN TO MODIFY SCHEDULING ORDER AND
FOR LEAVE TO FILE [PROPOSED] THIRD AMENDED COMPLAINT -
22
010874-11/2362231 V1

Case No. 4:19-cv-07481-JST

Jonathan D. Uslaner (256898)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470
jonathanu@blbglaw.com

*Attorneys for Lead Plaintiff Roofers' Pension
Fund and Lead Counsel for the Class*

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)(3)

I am the ECF User whose identification and password are being used to file the foregoing Plaintiffs' Corrected Notice of Motion and Motion to Modify the Scheduling Order and For Leave to File [Proposed] Third Amended Complaint to Conform to Evidence Produced in Discovery.  Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other signatories have concurred in this filing.

By:    */s/ Lucas E. Gilmore*
                  Lucas E. Gilmore