SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
JESSICA L. LEWIS (SBN 302467)
jessica.lewis@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

PETER J. KOLOVOS (*Pro Hac Vice*)
peter.kolovos@wilmerhale.com
SONIA SUJANANI (*Pro Hac Vice*)
sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MIKE ROMEO (SBN 312264)
mike.romeo@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Defendants Plantronics, Inc.,
Joseph Burton, Charles Boynton, and
Pamela Strayer*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION. | Case No. 4:19-cv-07481-JST<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** |

## REQUEST FOR JUDICIAL NOTICE

Defendants Plantronics, Inc. ("Plantronics"), Joseph Burton, Charles Boynton, and Pamela Strayer (collectively, "Defendants") hereby request that the Court consider the documents listed below in connection with Defendants' Opposition to Plaintiffs' Motion to Modify Scheduling Order and for Leave to File a Third Amended Complaint ("Defendants' Opposition"), filed herewith. These documents are attached to the Declaration of Peter J. Kolovos in Support of Defendants' Opposition ("Kolovos Declaration"), also filed herewith, and are documents that Plaintiffs refer to, quote, and/or rely upon in their proposed Third Amended Complaint ("Proposed TAC"), SEC filings, and/or business update call transcripts:

**Exhibit B**: A true and correct copy of a document produced to Plaintiffs on August 11, 2023, bearing Bates range PLANT_00017714 to PLANT_00017715, referenced as PLANT_000018562 to PLANT_00018563 in the Proposed TAC, which Plaintiffs refer to, quote, and/or rely upon in Paragraphs 12 and 100 of the Proposed TAC.

**Exhibit C**: A true and correct copy of a document produced to Plaintiffs on August 11, 2023, bearing Bates range PLANT_00061567 to PLANT_00061571, which Plaintiffs refer to, quote, and/or rely upon in Paragraphs 13, 101, and 102 of the Proposed TAC.

**Exhibit D**: A true and correct copy of a document produced to Plaintiffs on August 18, 2023, bearing Bates number PLANT_00023924 to PLANT_00023925, referenced as PLANT_00024743 to PLANT_00024744 in the Proposed TAC, which Plaintiffs refer to, quote, and/or rely upon in Paragraphs 14 and 104 of the Proposed TAC.

**Exhibit E**: A true and correct copy of a transcript of Plantronics' business update dated September 11, 2018, and obtained from LexisNexis, which Plaintiffs refer to, quote, and/or rely upon remarks from in Paragraphs 39, 156, and 158-160 of the Proposed TAC.

**Exhibit F**: Excerpts of a true and correct copy of Plantronics's Form 10-K, filed with the United States Securities and Exchange Commission ("SEC") on May 9, 2018, which Plaintiffs refer to, quote, and/or rely on in Paragraphs in Paragraphs 147, n.25, 149,166, and 176 of the Proposed TAC.

**Exhibit G**: Excerpts of a true and correct copy of Plantronics's Form 10-Q, filed with the SEC on August 7, 2018, which Plaintiffs refer to, quote, and/or rely on in Paragraphs 6, 16, 32 n.15, 38, 146-151, 155, 166, and 176 of the Proposed TAC.

**Exhibit H**: A true and correct copy of Plantronics's Form 8-K, filed with the SEC on September 11, 2018, which Plaintiffs refer to, quote, and/or rely on in Paragraphs 39 , 157-160 of the Proposed TAC

**Exhibit I**: Excerpts of a true and correct copy of Polycom's Form 10-Q, filed with the SEC on August 4, 2016.

**Exhibit J**: Excerpts of a true and correct copy of Polycom's Form 10-Q, filed with the SEC on April 28, 2016.

**Exhibit K**: Excerpts of a true and correct copy of Polycom's Form 10-K, filed with the SEC on February 29, 2016.

In determining whether a proposed amendment is futile, the Court applies the same standards as that on a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Spitzer v. Aljoe*, 2015 WL 1843787, at *14 (N.D. Cal. Apr. 6, 2015). "In ruling on a 12(b)(6) motion to dismiss, the Court 'must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Lopes v. Fitbit, Inc.*, 2020 WL 1465932, at *2 (N.D. Cal. Mar. 23, 2020) (Tigar, J.) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

**A.    The Court May Take Judicial Notice of SEC Filings and Business Update Call Transcripts**

Courts may take judicial notice of SEC filings and earnings call transcripts. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (taking judicial notice of SEC filings and "other publicly available financial documents" "was proper"); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1058 (N.D. Cal. 2012) ("SEC filings or transcripts of [the defendant]'s earnings calls . . . are proper subjects of judicial notice."). Here, Exhibits F to K to the Kolovos Declaration are SEC filings and Exhibit E is a Plantronics' business call transcript. Therefore, they are proper subjects of judicial notice.

**B.    Exhibits B-H to the Kolovos Declaration Are Incorporated by Reference into the Proposed TAC**

Because the Proposed TAC refers to, quotes, and/or relies on portions of Exhibits B through H to the Kolovos Declaration, the incorporation-by-reference doctrine allows the Court to consider these exhibits in connection with Defendants' Opposition.[1] "[T]he 'incorporation by

---

[1] Exhibit A, ▮▮▮▮▮▮ Declaration, is properly before the Court because, in assessing a party's diligence under Fed. R. Civ. P. 16(b)(4), the court may consider factual averments in materials submitted by non-parties. *Quantum Labs, Inc. v. Maxim Integrated Prods., Inc.*, 2020 WL 7027305, at *3-4 (N.D. Cal. Nov. 30, 2020) (considering declaration of non-party, along with other materials, in concluding that plaintiff was not diligent under Rule 16(b)(4), and that therefore "the amended pleading cannot be allowed"); *and see* Defendants' Opposition at 24 n.16.

---

reference' doctrine . . . permits [courts] to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). Among other things, the doctrine permits the Court to consider the full context of statements where a complaint may only provide excerpts, and "prevent[s] plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims." *Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 863 (N.D. Cal. 2020), *aff'd sub nom. In re Nektar Therapeutics, Inc. Sec. Litig.*, 34 F.4th 828 (9th Cir. 2022); *see also In re Bare Escentuals, Inc., Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2012) ("[W]here a plaintiff references and relies on a particular document as part of the moving allegations of the complaint . . . the court is justified in looking outside the four corners of the complaint, to the document itself if offered.").

Exhibits B to H to the Kolovos Declaration are all quoted, discussed, and/or relied upon in the Proposed TAC. Plaintiffs refer to, quote, and/or rely upon excerpts of Exhibit B (Proposed TAC ¶¶ 12, 100), Exhibit C (Proposed TAC ¶¶ 13, 101-102) and Exhibit D (Proposed TAC ¶¶ 14, 104) in the Proposed TAC. Plaintiffs refer to, quote, and/or rely upon remarks from a Plantronics' September 11, 2018, business update call, at Proposed TAC ¶¶ 39, 156, 158-160; Exhibit E is a transcript of that business update call. Plaintiffs reference Plantronics' "Form 10-K for the fiscal year ended March 31, 2018" (Exhibit F at Proposed TAC ¶¶ 147, n.25, 149, 166, 176), Plantronics' "August 7, 2018 . . . quarterly report on Form 10-Q" (Exhibit G at Proposed TAC ¶¶ 6, 16, 32 n.15, 38, 146-51, 155, 166, 176), and Plantronics' "September 11, 2018 … Form 8-K/A" (Exhibit H at Proposed TAC ¶¶ 39, 157-160). Those Exhibits, therefore, are incorporated by reference into the Proposed TAC and the Court may consider them in their entirety. *See, e.g., Knievel*, 393 F.3d at 1076.

For the foregoing reasons, Defendants respectfully ask the Court to take judicial notice of Exhibits B to K of the Kolovos Declaration.

Dated:  November 21, 2023

WILMER CUTLER PICKERING HALE AND DORR LLP


By:   /s/ Susan S. Muck
        Susan S. Muck

*Attorney for Defendants Plantronics, Inc, Joseph Burton, Charles Boynton, and Pamela Strayer*