SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
JESSICA L. LEWIS (SBN 302467)
jessica.lewis@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

PETER J. KOLOVOS (*Pro Hac Vice*)
peter.kolovos@wilmerhale.com
SONIA SUJANANI (*Pro Hac Vice*)
sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MIKE ROMEO (SBN 312264)
mike.romeo@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Defendants Plantronics, Inc.,
Joseph Burton, Charles Boynton, and
Pamela Strayer*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | Case No. 4:19-cv-07481-JST<br><br>**DEFENDANTS' STATEMENT IN SUPPORT OF LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 181)** |

Pursuant to Civil Local Rules 7-11 and 79-5(f) and Judge Jon S. Tigar's Standing Order Governing Administrative Motions to File Materials Under Seal, Defendants Plantronics, Inc. ("Plantronics" or the "Company"), Joseph Burton, Charles Boynton, and Pamela Strayer (together, "Defendants") respectfully submit this Statement in Support of Lead Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Lead Plaintiffs' Motion to Seal") (ECF No. 181).  Lead Plaintiffs' Motion to Seal concerns the following documents:

- Lead Plaintiffs' Reply Memorandum of Points and Authorities in Further Support of Their Motion to Modify Scheduling Order and For Leave to File a Third Amended Complaint ("Lead Plaintiffs' Reply") (ECF No. 181-3).

- Exhibits 1 and 2 of the Declaration of Lucas E. Gilmore in Support of Lead Plaintiffs' Reply ("Gilmore Decl.") (ECF No. 181-5 and ECF No. 181-6).

Defendants respectfully request that the Court maintain under seal the entirety or certain portions of these documents.  Specifically, Defendants seek to preserve the confidentiality of direct references to, quotes from, and/or characterizations of certain materials that Defendants have designated or will designate as confidential pursuant to the Stipulation Regarding Confidentiality and Protective Order ("Protective Order" [ECF No. 137]).[1]  These materials contain sensitive and confidential nonpublic information regarding Plantronics' business strategies and internal decisionmaking, including product-specific inventory levels and related financial information, distributor-specific customer information and strategy discussions, and materials presented to committees of the Company's board of directors, including pre-merger strategic analysis.  The materials also disclose the identities of third parties and statements made by them concerning this sensitive and confidential Plantronics information (together, the

---

[1] One of the exhibits submitted by Lead Plaintiffs (Gilmore Decl. Ex. 2) are excerpts of the transcript of a deposition that occurred on December 11 and 12, 2023.  Pursuant to the Protective Order and by the parties' agreement, the parties have 21 days after the receipt of the final transcript to designate the deposition testimony as confidential.  As set forth herein, Defendants hereby designate certain portions of that deposition transcript as confidential.  Defendants reserve the right to designate additional materials in the transcript as confidential consistent with the Protective Order and the parties' agreement.

"Confidential Materials").  The public disclosure of the Confidential materials could harm the Company's competitive standing and third parties' reputations.

As set forth herein and in the accompanying Declaration of Peter J. Kolovos ("Kolovos Decl."), these direct references to, quotes from, and/or characterizations concerning the Confidential Materials are exactly the type of confidential information that courts in this District have permitted to be filed under seal.

Further, the Confidential Materials in Lead Plaintiffs' Reply and accompanying materials are largely indistinguishable in substance from the references to the Confidential Materials in Lead Plaintiffs' Motion to Modify the Scheduling Order and for Leave to File [Proposed] Third Amended Complaint to Conform to Evidence Produced in Discovery ("Plaintiffs' Initial Motion") (ECF No. 160), Lead Plaintiffs' Corrected Motion to Modify the Scheduling Order and for Leave to File [Proposed] Third Amended Complaint ("Plaintiffs' Motion") (ECF No. 168), and Defendants' Opposition to Lead Plaintiffs' Motion ("Defendants' Opposition) (ECF No. 175).  This Court previously granted Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should be Sealed with respect to Plaintiffs' Initial Motion and Plaintiffs' Motion, and Defendants' Administrative Motion to Seal Defendants' Opposition.  *See* ECF Nos. 165, 172, 176.  For the same reasons, the Court should grant Lead Plaintiffs' Motion to Seal.  Kolovos Decl. ¶ 8.

In determining whether to permit materials relating to a motion for leave to amend a complaint to be filed under seal, courts in the Ninth Circuit generally apply the "compelling reasons" standard.  *Jones v. PGA Tour, Inc.*, 2023 WL 2167400, at *1 (N.D. Cal. Feb. 21, 2023) (citing *E. W. Bank v. Shanker*, 2021 WL 3471177, at *4 (N.D. Cal. Aug. 6, 2021) ("[Plaintiff's] motion for leave to amend its FAC is a nondispositive motion that is 'more than tangentially related to the merits' of this case, and therefore the 'compelling reasons' standard applies.")).  The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or

commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

The Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used as "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted). "Disclosure of information that 'might harm a litigant's competitive standing' generally meet[s] the compelling reasons standard for sealing." *Williams v. Apple, Inc.*, 2021 WL 2476916, at *3 (N.D. Cal. June 17, 2021) (quoting *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008)). "Courts applying the compelling reasons standard have upheld the sealing of . . . marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing." *In re Apple, Inc. Device Performance Litig.*, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019). Specifically, courts have recognized that "compelling reasons" may exist to seal information providing insight into "business strategies and internal decisionmaking . . . and confidential finances." *Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018); *see also Vigdor v. Super Lucky Casino, Inc.*, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"). Courts in the Ninth Circuit have also found compelling reasons to seal materials where public disclosure of those materials would cause third parties to "suffer damage to their reputation." *Ledford v. Idaho Dept. of Juvenile Correction*, 2014 WL 3817577, at *2 (D. Idaho Aug. 4, 2014).

The Confidential Materials contain direct references to, quotes from, and/or characterizations of Plantronics' highly sensitive and confidential nonpublic information regarding Plantronics' business, strategies, and internal decisionmaking, including product-specific inventory levels and financial information, distributor-specific customer information and strategy discussions, and materials presented to committees of the Company's board of directors, including pre-merger strategic analysis, the disclosure of which could be competitively harmful

to the Company.  Kolovos Decl. ¶ 5.  At all relevant times, Defendants maintained the Confidential Materials in strict confidence and have not disclosed them to the public.  *Id.* Permitting such information to be made available to the public (including, but not limited to, the Company's competitors) could severely harm the Company, its business, its competitive position, and its ability to recruit and retain personnel.  *Id.  See also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223-28 (Fed. Cir. 2013) (applying Ninth Circuit law) (finding compelling reasons to seal information discussing product-specific financial information and customer information); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (Tigar, J.) (finding compelling reasons to seal information discussing "pricing strategy, business decisionmaking, and financial records"); *Gomo v. NetApp, Inc.*, 2019 WL 1170775, at *2-3 (N.D. Cal. Mar. 13, 2019) (finding compelling reasons to seal nonpublic materials from board committee meetings); *Brown v. Google LLC*, 2022 WL 816078, at *5 (N.D. Cal. Mar. 17, 2022) (finding compelling reasons to seal information which could enable competitors "to understand which employees are working on which competing products and recruit or contact those employees").

Sealing is further warranted because Plaintiffs' Reply discloses the identities of and statements made by third parties to this litigation.  Public disclosure of the third parties' identities and the statements would invade their privacy and potentially harm their reputations.  Courts in this District routinely find "compelling reasons to seal" identifying information concerning third parties.  *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021); *see also Ingram v. Pacific Gas & Elec. Co.*, 2013 WL 5340697, at *2 (N.D. Cal. Sept. 24, 2013) (Tigar, J.) ("The sensitive and private information of third parties to a litigation ordinarily should be sealed to protect the non-party from improper disclosure." (internal citation omitted)).  Specifically, courts have recognized that "compelling reasons" exist to seal the names of third parties who are not relevant to the disposition of the litigation where, as here, disclosure would result in an invasion of the third parties' privacy.  *See Hunt v. Continental Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015); *Icon-IP Pty Ltd. v. Specialized Bicycle Components,*

*Inc.*, 2015 WL 984121, at *3 (N.D. Cal. Mar. 24, 2015) (Tigar, J.) (finding compelling reasons to seal exhibits that revealed third parties' identities because to do otherwise "would result in an invasion of [a] third party's privacy"). Here, Plaintiffs' Reply discloses the identities of third parties and statements made by them concerning highly sensitive and confidential internal information regarding Plantronics' business, strategies, and internal decision making. Kolovos Decl. ¶ 2. The disclosure of the identities of these third parties and the statements made by them would invade their privacy, harm their reputations, and "damage [their] business interests," so there are compelling reasons to seal this information. *Icon-IP Pty Ltd.*, 2015 WL 984121 at *2. Indeed, the Court recognized these compelling reasons when it granted previous motions to seal the identities of third parties and statements made by them. *See* ECF Nos. 165, 172, 176.

Consistent with the confidential and sensitive nature of these Confidential Materials, Plantronics designated or will designate them as "Confidential" pursuant to the Protective Order. Kolovos Decl. ¶ 6. Defendants' proposed redacted versions (submitted herewith) of Plaintiffs' Reply and accompanying materials are narrowly tailored to seal only those portions of these documents that reflect the Confidential Materials.

For these reasons, Defendants respectfully request that the Court seal the Confidential Materials in Plaintiffs' Reply and accompanying materials as indicated in the table in the Proposed Order submitted herewith by Defendants and as indicated in the proposed redacted versions of those documents submitted herewith.

Dated: December 28, 2023

WILMER CUTLER PICKERING HALE AND
　　DORR LLP

By:    /s/ Peter J. Kolovos
　　　　Peter J. Kolovos

*Attorney for Defendants Plantronics, Inc, Joseph Burton, Charles Boynton, and Pamela Strayer*