SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
JESSICA L. LEWIS (SBN 302467)
jessica.lewis@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

PETER J. KOLOVOS (*Pro Hac Vice*)
peter.kolovos@wilmerhale.com
SONIA SUJANANI (*Pro Hac Vice*)
sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MIKE ROMEO (SBN 312264)
mike.romeo@wilmerhale.com
WILMER CUTLER PICKERING HALE
    AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Defendants Plantronics, Inc.,*
*Joseph Burton, Charles Boynton, and Pamela Strayer*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION. | Case No. 4:19-cv-07481-JST<br><br>**DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS WITH THEIR REPLY MEMORANDUM**<br><br>Date:  January 25, 2023<br>Time:  2:00 p.m.<br>Place:  Courtroom 6, 2nd Floor<br>Judge:  The Honorable Jon S. Tigar |

[Filed Under Seal]

DEFS' OBJECTIONS TO
PLFS' REPLY EVIDENCE

Case No. 4:19-cv-07481-JST

Pursuant to Northern District of California Civil Local Rule 7-3(d)(1), Defendants Plantronics, Inc. ("Plantronics" or the "Company"), Joseph Burton, Charles Boynton, and Pamela Strayer (collectively, "Defendants") hereby object to the new evidence improperly presented by Plaintiffs in their Reply in Support of their Motion to Modify Scheduling Order and for Leave to File a Third Amended Complaint (the "Reply" (ECF No. 180)).

In their Reply, Plaintiffs quote from and/or cite to 47 pages of testimony from the transcript of the deposition of S. Kenneth Kannappan ("Kannappan Tr."), which took place on December 11 and 12, 2023.  Plaintiffs chose to file their Motion to Modify the Scheduling Order and for Leave to File a Third Amended Complaint ("Motion to Amend") before deposing Mr. Kannappan, yet now seek "to take improper advantage of th[e] evolving record by introducing substantial new evidence on reply" including by introducing cherry-picked selections from Mr. Kannappan's deposition that are not—and because of Plaintiffs' choice, could not be— referenced in the proposed TAC.  *DEPCOM Power, Inc., v. CSUN Solar, Inc.,* 2019 WL 13110783, at *2 (N.D. Cal. Jul. 11, 2019) (Tigar, J.).  "As the Court has made clear with some regularity, it ordinarily does not consider new facts or argument made for the first time in a reply brief."  *Id*. (collecting cases) (internal quotation marks omitted).  Where an "argument [i]s made for the first time on reply, the Court need not consider it."  *Lil' Man in the Boat, Inc., v. City and Cnty. of San Francisco,* 2019 WL 1756347, at * 2 (N.D. Cal. Apr. 19, 2019) (Tigar, J.) (declining to consider new argument raised on reply to demonstrate diligence and good cause in support of motion for leave to amend complaint).  Plaintiffs' improper introduction of new evidence and argument deprives Defendants of an opportunity to adequately respond.  The Court therefore should strike the new argument and evidence, or at the very least "should not consider the new evidence without giving the non-movant an opportunity to respond."  *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) (striking new evidence presented in reply) (citations omitted).

Defendants specifically object to the following new argument and newly quoted and cited material, all of which Plaintiffs improperly relied upon in their Reply, because:  (1) the new argument and evidence are irrelevant because they do not establish the diligence required under

Fed. R. Civ. P. 16; and (2) as detailed below, the new evidence cited from Mr. Kannappan's recent deposition is inadmissible because it is not based on personal knowledge, lacks foundation (including as to the critical issue of *when* any alleged change in sales practices or purported build-up of channel inventory occurred), is irrelevant to Plaintiffs' Motion to Amend, and/or is based on hearsay and impermissible speculation and opinion.  To the extent that the Court considers the new evidence, Defendants submit herewith the deposition transcript in its entirety so that the actual testimony (as opposed to Plaintiffs' characterizations and selected excerpts) may be considered in their entirety and in context.   *See* Supplemental Declaration of Peter J. Kolovos ("Supp. Kolovos Decl."), filed herewith, Exs. 1 and 2.

| **New Argument and Evidence** | **Objections and Basis** |
|---|---|
| Reply at 2:8-15 | • New argument |
| Reply at 2:16-19, citing Kannappan Tr. 108:11-109:13 ( ██████████████ ██████████████ ██████████████ ████████████ ██████████████ ████████████ ██████████ ███ ) | • New argument<br>• Lack of Foundation/Irrelevant (FRE 403) (Kannappan Tr. 108:11-109:13, 221:11-224:14).<br>• Lack of personal knowledge (FRE 602) (Kannappan Tr. Kannappan Tr. 250:14-24, 251:9-16, 253:11-14)<br>• Speculation; improper opinion (FRE 701) |
| Reply at 2:19-22 | • New argument |
| Reply at 7:7-7:11 | • New argument |
| Reply at 7:12-13, citing Kannappan Tr. 120:25-124:12, 130:17-131:21 ( ████ ██████████████ ███████████ ) | • New argument<br>• Lack of personal knowledge (FRE 602) |
| Reply at 7:14-15 citing Kannappan Tr. 128:2-130:5 ( ██████████████ ████████ ) | • New argument<br>• Lack of personal knowledge (FRE 602) |



| | |
|---|---|
| | |
| Reply at 7:15-16 citing Kannappan Tr. 89:2-94:16 ( ) | • New argument<br>• Lack of personal knowledge (FRE 602) (Kannappan Tr. 85:18-92:2, 93:10-98:20, 99:2-22, 100:8-103:10, 103:17-108:10, 109:21-110:16, 114:18-115:21, 117:20-118:10, 132:12-133:1, 133:13-15, 263:16-264:12, 321:10-322:4, 322:18-324:8).<br>• Hearsay (FRE 801) (Kannappan Tr. 85:18-92:2, 93:10-98:20, 99:2-22, 100:8-103:10, 103:17-108:10, 109:21-110:16, 114:18-115:21, 117:20-118:10, 251:6-24, 253:3-254:7, 261:3-13, 263:16-22, 322:18-323:12).<br>• Speculation; improper opinion (FRE 701). |
| Reply at 7:17-19, citing Kannappan Tr. at 146:7-149:4, 317:18-319:18 ( ) | • New argument<br>• Relevance (FRE. 403)<br>• Lack of personal knowledge (FRE 602) (Kannappan Tr. 87:6-88:18, 89:2-18, 91:6-12, 146:10-147:9).<br>• Hearsay (FRE 801) (Kannappan Tr. 87:6-88:18, 89:15-18, 146:10-147:9, 317:10-15, 318:4-8, 319:6-18, 342:8-9)<br>• Speculation; improper opinion (FRE 701) |
| Reply at 7:20-21, citing Kannappan Tr. at 85:18-94:16, 150:21-154:7, 160:3-161:18 ) | • New argument<br>• Lack of personal knowledge (FRE 602) (Kannappan Tr. 321:21-322:17; 324:6-8))<br>• Hearsay (FRE 801) (Kannappan Tr. 323:2-324:8)<br>• Speculation; improper opinion (FRE 701) |

| | |
|---|---|
| Reply at 7:22-24, citing Kannappan Tr. 108:11-109:13 (█████████████████████████████████████████████████████████████) | <ul><li>New argument</li><li>Lack of Foundation/Irrelevant (FRE 403) (Kannappan Tr. 108:11-109:13, 221:11-224:14).</li><li>Lack of personal knowledge (FRE 602) (Kannappan Tr. Kannappan Tr. 250:14-24, 251:9-16, 253:11-14)</li><li>Speculation; improper opinion (FRE 701)</li></ul> |
| Reply at 7:25-8:5 | <ul><li>New argument</li></ul> |
| Reply at 8:15-19, citing Kannappan Tr. at 358:19-360:12[1] (███████████████████████████████████████████) | <ul><li>New argument</li><li>Lack of personal knowledge ((Kannappan Tr. 360:14-19)</li><li>Speculation; improper opinion (FRE 701)</li></ul> |
| Reply at 11:9-15, citing Kannappan Tr. at 73:11-15, 74:7-21 (███████████████████████████████████████████) | <ul><li>New argument</li><li>Lack of personal knowledge (Kannappan Tr. 85:25-86:23, 261:3-262:3, 263:16-264:11)</li><li>Mischaracterizes evidence</li><li>Speculation; improper opinion (FRE 701) (Kannappan Tr. 263:16-20)</li></ul> |
| Reply at 11:15-18, citing Kannappan Tr. at 114:18-117:12 (████████████████████████████████████████████████████) | <ul><li>New Argument</li><li>Lack of Personal Knowledge (Kannappan Tr. 114:18-117:12, 117:20-118:10, 260:2-265:16)</li><li>Hearsay (FRE 801) (Kannappan Tr. 114:16-117:12, 117:20-10, 260:2-265:16)</li><li>Speculation; improper opinion (FRE 701)</li></ul> |

---

[1] Defendants note that Plaintiffs only excerpted and highlighted the statements at 358:19-359:12 for the Court, but inadvertently omitted page 360 of the deposition transcript.

Defendants will be prepared to address how the evidence newly cited in Plaintiffs' Reply, and set forth above, does not establish Plaintiffs' diligence in seeking to modify the Court's scheduling order under Fed. R. Civ. P. 16(b)(4), or does not save Plaintiffs' proposed amendment from being futile under Fed. R. Civ. P. 15(a)(2), at the hearing on Plaintiffs' Motion to Amend currently scheduled for January 25, 2024. However, if the Court does not intend to hold a hearing on Plaintiffs' Motion to Amend, Defendants would request leave, pursuant to Civil L.R. 7-11, to file a five-page sur-reply to address those issues. *See* Order Granting in Part and Denying in Part Defendant's Motion for Leave to File a Sur-Reply at 2, *Rodman v. Safeway, Inc.*, 125 F. Supp.3d 922 (N.D. Cal. Jan. 14, 2014) (No. 3:11-cv-03003-JST), ECF No. 151 (Tigar, J.) (granting leave to file sur-reply where plaintiff raised new evidence in reply brief).

Dated:  December 28, 2023

WILMER CUTLER PICKERING
HALE AND DORR LLP

By:    */s/ Peter J. Kolovos*
       Peter J. Kolovos

*Attorneys for Defendants Plantronics, Inc., Joseph Burton, Charles Boynton, and Pamela Strayer*

DEFS' OBJECTIONS TO
PLFS' REPLY EVIDENCE      - 5 -      Case No. 4:19-cv-07481-JST