SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
JESSICA L. LEWIS (SBN 302467)
jessica.lewis@wilmerhale.com
NOAH S. GUINEY (SBN 324079)
noah.guiney@wilmerhale.com
WILMER CUTLER PICKERING HALE
     AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

PETER J. KOLOVOS (*Pro Hac Vice*)
peter.kolovos@wilmerhale.com
SONIA SUJANANI (*Pro Hac Vice*)
sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING HALE
     AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MIKE ROMEO (SBN 312264)
mike.romeo@wilmerhale.com
WILMER CUTLER PICKERING HALE
     AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Defendants Plantronics, Inc.,
Joseph Burton, Charles Boynton and
Pamela Strayer*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

IN RE PLANTRONICS, INC. SECURITIES LITIGATION

Case No. 4:19-cv-07481-JST

**DECLARATION OF PETER J. KOLOVOS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 189)**

I, Peter J. Kolovos, declare as follows:

1.    I am an attorney admitted *pro hac vice* in this matter and a member of the Massachusetts State Bar.  I am a partner with the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel of record for Defendants Plantronics, Inc. ("Plantronics" or the "Company"), Joseph Burton, Charles Boynton, and Pamela Strayer (together, "Defendants").  I have personal knowledge of the matters set forth in this declaration and, if called upon, could testify competently thereto.

2.    Lead Plaintiffs' Notice of Motion and Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel and Memorandum of Points and Authorities in Support Thereof ("Lead Plaintiffs' Class Certification Motion") and Exhibits G - J of the Declaration of Sean R. Matt and Lauren A. Ormsbee in Support of Lead Plaintiffs' Class Certification Motion ("Joint Decl.") directly reference to, quote from, and/or characterize certain materials that Defendants have designated as confidential under the Stipulation Regarding Confidentiality and Protective Order ("Protective Order" [ECF No. 137]); these materials contain highly sensitive and confidential nonpublic information regarding Plantronics' business strategies and internal decision-making, including enterprise risk management assessments, and materials presented to committees of the Company's board of directors.  The materials also disclose the identities of third parties and statements made by them concerning this highly sensitive and confidential Plantronics information (together, the "Confidential Materials").

3.    Accordingly, Defendants seek to file the entirety or certain portions of Lead Plaintiffs' Class Certification Motion and Exhibits G - J of the Joint Decl. under seal pursuant to Civil Local Rule 79-5.

4.    The specific portions of Lead Plaintiffs' Class Certification Motion and Exhibits G - J of the Joint Decl. that Defendants are seeking to be redacted are as follows:

| Document | Identification of Portions to Be Redacted | Basis for Redaction/Sealing |
|---|---|---|
| Lead Plaintiffs' Class Certification Motion | Only those portions designated for redaction in the proposed redacted version submitted herewith, appearing on:<br><br>5:19-6:1<br>6:6-16 | The identified portions contain direct references to, quotes from, and/or characterizations of documents concerning nonpublic information regarding Plantronics' business strategies and internal decision-making, including enterprise risk management assessments, and materials presented to committees of the Company's board of directors, as well as the disclosure of the identities of third parties and statements made by those third parties concerning this highly sensitive and confidential Plantronics information. |
| Exhibit G to Joint Decl. | Document to be sealed in full | The document contains direct references to, quotes from, and/or characterizations of documents concerning nonpublic information regarding Plantronics' business strategies and internal decision-making, including enterprise risk management assessments, and materials presented to committees of the Company's board of directors, as well as the disclosure of the identities of third parties and statements made by those third parties concerning this highly sensitive and confidential Plantronics information. |

| Exhibit H to Joint Decl. | Document to be sealed in full | The document contains direct references to, quotes from, and/or characterizations of documents concerning nonpublic information regarding Plantronics' business strategies and internal decision-making, including enterprise risk management assessments, and materials presented to committees of the Company's board of directors, as well as the disclosure of the identities of third parties and statements made by those third parties concerning this highly sensitive and confidential Plantronics information. |
|---|---|---|
| Exhibit I to Joint Decl. | Document to be sealed in full | The document contains direct references to, quotes from, and/or characterizations of documents concerning nonpublic information regarding Plantronics' business strategies and internal decision-making, including enterprise risk management assessments, and materials presented to committees of the Company's board of directors, as well as the disclosure of the identities of third parties and statements made by those third parties concerning this highly sensitive and confidential Plantronics information. |

| Exhibit J to Joint Decl. | Document to be sealed in full | The document contains direct references to, quotes from, and/or characterizations of documents concerning nonpublic information regarding Plantronics' business strategies and internal decision-making, including enterprise risk management assessments, and materials presented to committees of the Company's board of directors, as well as the disclosure of the identities of third parties and statements made by those third parties concerning this highly sensitive and confidential Plantronics information. |
| --- | --- | --- |

5. At all relevant times, the Confidential Materials have been maintained in strict confidence, and neither those documents nor their contents have been disclosed to the public. Permitting such information to be made available to the public (including, but not limited to, the Company's competitors) could severely harm the Company, its business, its competitive position, and its ability to recruit and retain personnel.

6. On February 23, 2023, the Court entered the Protective Order governing the use of confidential documents and information in this action. The Protective Order provided, among other things, that Lead Plaintiffs would maintain the confidentiality of documents designated by Defendants as "Confidential." Before Defendants produced the documents referenced, quoted, and/or characterized in Lead Plaintiffs' Class Certification Motion and accompanying Exhibits G - J of the Joint Decl., Defendants designated each such document as "Confidential" pursuant to the terms of the Protective Order.

7. As discussed in Defendants' Supporting Statement, Defendants submit that: (i) courts in this District and elsewhere in the Ninth Circuit have held that sealing documents which contain confidential and sensitive business information is proper; and (ii) courts in this District and elsewhere in the Ninth Circuit have held that sealing identifying information regarding third parties to protect their privacy and reputational interests is proper, particularly where their

identities are not relevant to the disposition of the case.  In sum, in light of governing law, the nature of the Confidential Materials, and the fact that disclosure of the Confidential Materials could severely harm the Company and third parties, Defendants have multiple compelling reasons for maintaining the confidentiality of the Confidential Materials.  Moreover, as further discussed in Defendants' Supporting Statement, the request to seal is narrowly tailored so that only properly sealable information is redacted from the public.

8.      The Confidential Materials in Lead Plaintiffs' Class Certification Motion and accompanying materials are largely indistinguishable in substance from the references to the Confidential Materials in Lead Plaintiffs' Motion to Modify the Scheduling Order and for Leave to File [Proposed] Third Amended Complaint to Conform to Evidence Produced in Discovery ("Lead Plaintiffs' Initial Motion") (ECF No. 160), Lead Plaintiffs' Corrected Motion to Modify the Scheduling Order and for Leave to File [Proposed] Third Amended Complaint ("Lead Plaintiffs' Motion") (ECF No. 168), Defendants' Opposition to Lead Plaintiffs' Motion ("Defendants' Opposition") (ECF No. 175), and Lead Plaintiffs' Reply to Defendants' Opposition to Lead Plaintiffs' Motion ("Lead Plaintiffs' Reply") (ECF. 180).  This Court previously granted the motions to seal with respect to Lead Plaintiffs' Initial Motion, Lead Plaintiffs' Motion, Defendants' Opposition, and Lead Plaintiffs' Reply.  *See* ECF Nos. 165, 172, 176, 186.  For the same reasons, the Court should grant Lead Plaintiffs' Motion to Seal.

9.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed in Boston, Massachusetts, this 15th day of February, 2024.

*/s/ Peter J. Kolovos*
Peter J. Kolovos