SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
JESSICA L. LEWIS (SBN 302467)
jessica.lewis@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

PETER J. KOLOVOS (*Pro Hac Vice*)
peter.kolovos@wilmerhale.com
SONIA SUJANANI (*Pro Hac Vice*)
sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MIKE ROMEO (SBN 312264)
mike.romeo@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Defendants Plantronics, Inc.,
Joseph Burton, Charles Boynton, and
Pamela Strayer*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | Case No. 4:19-cv-07481-JST<br><br>**DECLARATION OF JESSICA L. LEWIS IN SUPPORT OF DEFENDANTS' MOTION FOR ISSUANCE OF LETTERS ROGATORY TO THE SUPREME COURT OF BRITISH COLUMBIA, CANADA REGARDING GREG SMITH** |

I, Jessica L. Lewis, declare as follows:

1.      I am an attorney admitted to practice before this Court, a member of the California State Bar, and a partner in the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ("Defendants' counsel"), counsel of record for Defendants Plantronics, Inc. ("Plantronics" or the "Company"), Joseph Burton, Charles Boynton, and Pamela Strayer (collectively, the "Individual Defendants," and with Plantronics, the "Defendants") in the above-captioned matter (the "Action").  I submit this Declaration in support of Defendants' Motion for Issuance of Letters Rogatory to the Supreme Court of British Columbia, Canada Regarding Greg Smith, filed herewith.  I have personal knowledge of the facts in this declaration and, if called upon to do so, could and would testify competently as to the matters set forth herein.

2.      On May 5, 2023, Defendants served their First Set of Interrogatories to Lead Plaintiffs, seeking the identities and contact information of the former employees anonymously cited and quoted in the Second Amended Complaint, including "FE-7."

3.      By letter dated June 9, 2023, Plaintiffs responded, in part, to Defendants' First Set of Interrogatories to Lead Plaintiffs, identifying Greg Smith as "FE-7" and providing his home address, which showed he resides in Surrey, British Columbia, Canada.

4.      In Lead Plaintiffs' Initial Disclosures, served on February 21, 2023, Plaintiffs identified Greg Smith as an individual likely to have discoverable information that Plaintiffs may use to support their claims in this Action.

5.      On August 24, 2023, I and my colleague Sonia Sujanani contacted Greg Smith by telephone.  During that call, we asked him whether he would speak to us about this Action.  Mr. Smith stated that he did not want to answer any questions or speak further because he had signed a non-disclosure agreement with the Company.  When we asked Mr. Smith about the allegations attributed to him in the Second Amended Complaint, he stated that he was not familiar with Plaintiffs, and "wanted nothing to do with" this Action.

6.      In October 2023, corporate counsel for HP, Inc. ("HP"), Plantronics' parent company, informed my colleague Sonia Sujanani that HP's efforts to contact Mr. Smith to encourage him to speak to Defendants' counsel about this Action had not been successful.

LEWIS DECL. ISO DEFS.' MOT. FOR
ISSUANCE OF LETTERS ROGATORY      - 1 -        Case No. 4:19-cv-07481-JST

7.     On November 8, 2023, I and my colleague Ryan Corriveau placed a second telephone call to Greg Smith. We left a voicemail message asking to speak with him about this Action and the allegations attributed to him in the Second Amended Complaint; Mr. Smith has not responded.

8.     Attached as **Exhibit 1** is a true and correct copy of an email dated December 18, 2023, in which my colleague Sonia Sujanani asked Plaintiffs' counsel whether they "w[ould] make Greg Smith available, or reach out to [him] to confirm if [he] will voluntarily sit for a deposition."

9.     Attached as **Exhibit 2** is a true and correct copy of an email dated January 10, 2024, in which Plaintiffs' counsel stated that "[n]either Plaintiffs nor their counsel have any control over Mr. Smith." Plaintiffs' counsel also noted that they "did attempt to leave messages for [Mr. Smith] and [would] let [Defendants' counsel] know if we hear back concerning [his] position[] on accepting service of any deposition subpoena."

10.     Attached as **Exhibit 3** is a true and correct copy of an email dated January 18, 2024, in which my colleague Sonia Sujanani asked Plaintiffs' counsel, "[T]o the extent there have been any developments with respect to Plaintiffs' communications with Mr. Smith . . ., please let us know."

11.     Attached as **Exhibit 4** is a true and correct copy of an email dated January 18, 2024, in which Plaintiffs' counsel replied that they had "no further developments" to report regarding Greg Smith and his willingness to voluntarily sit for a deposition.

12.     To date, I and my colleagues have received no further communications from Plaintiffs' counsel regarding Greg Smith or his availability to voluntarily sit for a deposition in this Action.

13.     Defendants' counsel engaged local Canadian counsel to aid in executing the letters rogatory in the Supreme Court of British Columbia. Canadian counsel aided in drafting the analysis of applicable Canadian law in the Memorandum of Points and Authorities in Defendants' Motion for Issuance of Letters Rogatory to the Supreme Court of British Columbia, Canada Regarding Greg Smith, filed herewith.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 13th day of March, 2024.

/s/  Jessica L. Lewis
Jessica L. Lewis