SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
JESSICA L. LEWIS (SBN 302467)
jessica.lewis@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

PETER J. KOLOVOS (*Pro Hac Vice*)
peter.kolovos@wilmerhale.com
SONIA SUJANANI (*Pro Hac Vice*)
sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MIKE ROMEO (SBN 312264)
mike.romeo@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Defendants Plantronics, Inc.,
Joseph Burton, Charles Boynton, and
Pamela Strayer*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | Case No. 4:19-cv-07481-JST<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ISSUANCE OF LETTERS ROGATORY TO THE CENTRAL AUTHORITY OF MEXICO FOR INTERNATIONAL JUDICIAL ASSISTANCE**<br><br>Date:  May 16, 2024<br>Time:  2:00 p.m.<br>Place:  Courtroom 6, 2nd Floor<br>Judge:  The Hon. Jon S. Tigar |

**NOTICE OF MOTION AND MOTION:**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 16, 2024, at 2:00 p.m. or as soon thereafter as the matter may be heard, in the Courtroom of The Honorable Jon S. Tigar, 1301 Clay Street, 2nd Floor, Oakland, California 94612, Defendants Plantronics, Inc. ("Plantronics" or the "Company"), Joseph Burton, Charles Boynton, and Pamela Strayer (collectively, the "Individual Defendants," and with Plantronics, the "Defendants") will and hereby do move the Court for issuance of letters rogatory pursuant to Rule 28 of the Federal Rules of Civil Procedure to the Central Authority of the United Mexican States ("Mexico") to request international judicial assistance to obtain testimonial evidence from a non-party witness, Jorge Arturo Blanco Vergara, located in Mexico City, Mexico, to be used in a civil action proceeding before this Court. This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities herein; the Declaration of Jessica L. Lewis in Support of Defendants' Motion for Issuance of Letters Rogatory to the Central Authority of Mexico for International Judicial Assistance ("Lewis Decl."), the Exhibits attached thereto, oral argument as permitted by the Court, and any such other matters that the Court may deem appropriate.

**ISSUE TO BE DECIDED**

1. Whether the Court should issue letters rogatory to the Central Authority of Mexico requesting international judicial assistance to compel Jorge Arturo Blanco Vergara ("Mr. Blanco"), a relevant non-party witness, to provide testimony at a deposition upon oral examination on matters known to him that are highly relevant in establishing defenses in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Pursuant to Rule 28(b) of the Federal Rules of Civil Procedure and the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"), Defendants respectfully move the Court to issue a letter of request in the English and Spanish form attached hereto as **Exhibit A** to the Central Authority of Mexico ("Letter

Rogatory"), requesting international judicial assistance to compel the attendance of Mr. Blanco, a highly relevant non-party witness, at a deposition upon oral examination on the topics described in part **H** of the Letter Rogatory. Mr. Blanco allegedly provided information to Plaintiffs in support of their complaint allegations, including assertions that Mr. Blanco "confirmed" with Plaintiffs that Defendant Burton had a plan "to change sales practices that resulted in generating as much short-term revenue as possible in order to attract potential acquisition partners, such as Cisco and Logitech." *See* SAC ¶ 53; TAC ¶ 57. During discovery, Plaintiffs identified Mr. Blanco as the confidential witness cited in the Second Amended Complaint, Dkt. 93, ("SAC") as "FE-3." *See* Lewis Decl. ¶¶ 2-3; SAC ¶¶ 53, 214-17. Mr. Blanco remains cited in the proposed Third Amended Complaint, Dkt. 173-2 ("TAC"). TAC ¶¶ 57, 240-43.

The testimony that Mr. Blanco would be able to provide is critical for Defendants to be able to adequately prepare their defense in this action and is not available to Defendants by any other means. Defendants have attempted to arrange to conduct Mr. Blanco's deposition voluntarily, including by attempting to coordinate a voluntary deposition with Plaintiffs. More specifically, Defendants have asked whether Plaintiffs would make Mr. Blanco available for a deposition or if they would ask him if he would sit for a deposition voluntarily, given that they were relying on him in their allegations. In response to Defendants' inquiry, Plaintiffs' counsel stated that "[n]either Plaintiffs nor their counsel have any control over" Mr. Blanco and that their efforts to contact him were unsuccessful. For Defendants' part, Defendants attempted to contact Mr. Blanco three times, on August 24, 2023, September 20, 2023, and January 19, 2024, at his last known email address. To date, Defendants have received no responses.

## STATEMENT OF FACTS

Mr. Blanco resides in Mexico City, Mexico and is not a party to this Action. Lewis Decl. ¶ 11. Both the operative complaint (the SAC) and proposed amended complaint (the TAC) center on the theory that Plantronics at some point made an undisclosed change to its sales practices, and began pushing its channel partners to take on inventory in excess of actual demand, in order to inflate the Company's revenue figures and create a "feel good" story for investors that would

bolster the Company's stock price.  *See* SAC ¶¶ 6-17; TAC ¶¶ 6-23.  According to Plaintiffs, this was accomplished in part by a scheme to consolidate Plantronics' distribution network by replacing smaller, local channel partners with larger, global ones.  *See, e.g.*, SAC ¶¶ 202-17; TAC ¶¶ 228-43.  In support of their theory, Plaintiffs relied on statements supposedly provided by Mr. Blanco, who, as alleged, was the Director of Sales and Business Development for the Latin American market at Plantronics from March 2005 to August 2017.  SAC ¶ 214; TAC ¶ 240.  Specifically, Plaintiffs allege that Mr. Blanco "confirmed Defendant Burton's plan to change sales practices that resulted in generating as much short-term revenue as possible in order to attract potential acquisition partners, such as Cisco and Logitech."  SAC ¶ 53; TAC ¶ 57.

Per the complaint, Mr. Blanco stated that, "almost immediately after Defendant Burton took over as CEO," Mr. Blanco was instructed by a superior to "lie" to longtime, local channel partners that Plantronics would continue to do business with them when, in reality, Plantronics had decided to replace them with "a handful of large, global channel partners who could resell."  SAC ¶¶ 214-15; TAC ¶¶ 240-41.  The SAC and TAC further allege that Mr. Blanco's superior told him that Defendant Burton made this decision "because Plantronics was purportedly trying to move from a position as a smaller, regional company to becoming more global," but that Mr. Blanco stated that the "truth" was that Defendant Burton's plan "was to use these global distributors to generate as much short-term revenue as possible in order to look attractive to potential acquisition partners."  SAC ¶ 216; TAC ¶ 242.  In opposing Defendants' Motion to Dismiss the SAC, Plaintiffs relied on Mr. Blanco's alleged statements and position in the Company to support scienter and to argue that Defendant Burton had "reasons for engaging in fraud beyond justifying the expensive Polycom acquisition and reputation," including "the potential to make a personally profitable sale to Cisco or Logitech."  *See* Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss the SAC, Dkt. 103, at 23 (citing Mr. Blanco as having a "role[] directly involved in sales into the channel or in managing the channel partner relationships" such that his allegations were "reliable and support scienter" as to the Individual Defendants); *id.* at 3 n.2 (citing allegations attributed to Mr. Blanco at SAC ¶ 216).

On May 5, 2023, Defendants served their First Set of Interrogatories to Lead Plaintiffs, wherein Defendants sought the identities of the former employees anonymously cited in the SAC, including "FE-3," and contact information for the same.  Lewis Decl. ¶ 2.  On June 9, 2023, Plaintiffs identified Mr. Blanco as FE-3 and provided the last known email address for him but no phone number or physical address.  *Id.* ¶ 3.  On August 24, 2023, Defendants' counsel emailed Mr. Blanco, both in English and Spanish, asking to speak with him regarding the anonymous statements attributed to him in the SAC.  Lewis Decl. ¶ 4;  Ex. 1.  Receiving no reply, Defendants' counsel followed up with Mr. Blanco on September 20, 2023.  Lewis Decl. ¶¶ 4, 7; Ex. 1.  Mr. Blanco never replied to either email.  Lewis Decl. ¶ 7.  On December 18, 2023, Defendants' counsel emailed counsel for Plaintiffs informing them of Defendants' intent to take Mr. Blanco's deposition and asking for Mr. Blanco's mailing address.  Lewis Decl. ¶ 5; Ex. 2.  In that correspondence, Defendants' counsel asked whether Plaintiffs would make Mr. Blanco available or if Plaintiffs would ask him if he would sit voluntarily for a deposition, given Plaintiffs' reliance on Mr. Blanco in their allegations.  Lewis Decl. ¶ 5; Ex. 2.  Plaintiffs' counsel responded on January 10, 2024, stating that "[n]either Plaintiffs nor their counsel have any control over" Mr. Blanco and noting that they attempted to leave a message for Mr. Blanco, and that they did not have a mailing address for Mr. Blanco.  Lewis Decl. ¶ 5; Ex. 2.  On January 18, 2024, Defendants' counsel followed up with Plaintiffs' counsel to ask whether they had received any reply from Mr. Blanco and for Mr. Blanco's phone number, to which Plaintiffs' counsel replied that they had "no further developments to report" and did not have a phone number for him.  Lewis Decl. ¶ 5; Ex. 2.  On January 19, 2024, Defendants' counsel again emailed Mr. Blanco, in English and Spanish, requesting that he voluntarily sit for a deposition.  Lewis Decl. ¶ 6; Ex. 3.  As of the date of this filing, Mr. Blanco has not replied to any of Defendants' counsel's emails.  Lewis Decl. ¶ 7.  With the assistance of an investigator, for the purpose of seeking his deposition via letter rogatory, Defendants' counsel determined that Mr. Blanco's home address is in Mexico City, Mexico.  Lewis Decl. ¶ 8.

## ARGUMENT

Rule 28 of the Federal Rules of Civil Procedure provides that a deposition of a witness in a foreign country may be taken "pursuant to a letter of request, whether or not captioned a 'letter rogatory.'" Fed. R. Civ. P. 28(b)(1)(B). A letter rogatory is a formal request "from a court in which an action is pending[] to a foreign court to perform some judicial act." 22 C.F.R. § 92.54; *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (defining "letter rogatory" as "the request by a domestic court to a foreign court to take evidence from a certain witness"). Courts have "inherent power to issue Letters Rogatory." *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958); *see also Barnes & Noble, Inc. v LSI Corp.*, 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012); *accord* 28. U.S.C. § 1781(b)(2) ("This section does not preclude the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed . . . ."). Under the terms of the Hague Evidence Convention, "depositions are conducted by a letter of request where the evidence to be addressed at such deposition is intended for use in a judicial proceeding." *Evanston Ins. Co. v. OEA, Inc.*, 2006 WL 1652315, at *3 (E.D. Cal. June 13, 2006). The Hague Evidence Convention is in force between the United States and Mexico. HAGUE CONFERENCE OF PRIVATE INTERNATIONAL LAW, HAGUE EVIDENCE CONVENTION – ACCEPTANCES OF ACCESSIONS (Status as of Feb. 14, 2024), https://assets.hcch.net/docs/f094fd72-6213-4950-96ea-955f41a311eb.pdf.

Whether to issue letters rogatory is a matter for the Court's discretion. *Doe v. Uber Techs., Inc.*, 2022 WL 562740, at *1 (N.D. Cal. Feb. 24, 2022) (quoting *Barnes & Noble, Inc.*, 2012 WL 1808849, at *2)). In determining whether to issue letters rogatory, the Court considers the "scope of discovery provided by the Federal Rules of Civil Procedure." *Planet Aid, Inc. v. Reveal, Center for Investigative Reporting*, 2020 WL 887945, at *1 (N.D. Cal. Feb. 24, 2020). Rule 26 of the Federal Rules of Civil Procedure provides that, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Courts in the Northern District of California "have held

that motions requesting issuance of a letter of request or letter rogatory should generally be granted and that '[t]he opposing party must show good reason for a court to deny an application for a letter rogatory.'" *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.*, 2020 WL 7042860, at *2 (N.D. Cal. Dec. 1, 2020) (quoting *SEC v. Leslie*, 2009 WL 688836, at *2 (N.D. Cal. Mar. 16, 2009)).  Even if a letter rogatory might not be executed in time for the close of fact discovery, Civil Local Rule 37-3 provides that depositions may occur "after the applicable discovery cut-off . . . by order of the Court for good cause shown." *Doe v. Uber Techs., Inc.*, 2022 U.S. Dist. LEXIS 1285, at *4 (N.D. Cal. Jan. 4, 2022).  For example, in *Doe v. Uber Techs., Inc.*, the Court granted the issuance of letters rogatory for a deponent in Mexico despite the defendant's inability to obtain a deposition before the discovery cut-off because good cause was shown.  *Id.* at *4-5.  There, the Court recognized that "obtaining deposition testimony via letter rogatory is a time-consuming process which requires cooperation from domestic and foreign governmental entities over which the party seeking discovery has no control" and noted that the defendant had unsuccessfully sought cooperation of Plaintiff in securing the deponent's availability and "the only legal means for [the defendant] to seek his deposition [was] through the letter rogatory process." *Id.* at *5.  Here, as in *Doe,* the Letter Rogatory requested by Defendants comports with Federal Rule of Civil Procedure 26 and, should the process of securing Mr. Blanco's testimony extend past the fact discovery cut-off, merits a limited extension for good cause.

*First,* issuing letters rogatory to obtain testimony from Mr. Blanco comports with Federal Rule of Civil Procedure 26.  Mr. Blanco's testimony is relevant to Defendants' ability to investigate Plaintiffs' factual allegations and prepare their defense in this case.  Indeed, Plaintiffs put Mr. Blanco's allegations at the center of their complaint.  Specifically, Mr. Blanco will be able to provide critical testimony about key issues in this case, including Mr. Blanco's knowledge of: (1) an alleged plan to replace smaller, local channel partners with larger, global ones; (2) the purpose of this plan, including whether or not the plan was instituted so as to artificially inflate the value of Plantronics, or whether there was a legitimate business purpose for this plan; (3) the originators and drivers of this plan, including whether Mr. Burton was aware of and/or promoted

DEFS' NOTICE OF MOT. AND MOT.
FOR LETTERS ROGATORY
TO THE CENTRAL AUTH. OF MEXICO      -6-                    Case No. 4:19-cv-07481-JST

this plan; and (4) sales operations under the leadership of Mr. Burton. *See* SAC ¶¶ 53, 214-17; TAC ¶¶ 57, 240-43. Additionally, testimony from Mr. Blanco is essential for Defendants to assess the veracity of, and any other context relating to, the statements in the SAC that are attributed to Mr. Blanco as well as the reliability and sources of information that Mr. Blanco relied upon in making his alleged statements. *See* SAC ¶¶ 53, 214-17; TAC ¶¶ 57, 240-43. Without the opportunity to test the strength of Mr. Blanco's allegations, Defendants would be unable to prepare their defense in this action.

*Second,* should the letters rogatory process extend past the close of fact discovery on July 19, 2024, there would be good cause for a limited extension allowing Defendants to take Mr. Blanco's deposition after the fact discovery cut-off. Since August 2023, Defendants have tried, to no avail, to speak with Mr. Blanco and/or secure his deposition voluntarily through the cooperation of Plaintiffs and Mr. Blanco. Lewis Decl. ¶¶ 4-7; Exs. 1-3. Defendants have emailed Mr. Blanco multiple times, and Plaintiffs have attempted to contact him as well. *See* Lewis Decl. ¶¶ 4-7; Exs. 1-3. Accordingly, the letters rogatory process is the only remaining avenue for Defendants to secure Mr. Blanco's deposition and there is good cause to take Mr. Blanco's deposition after the discovery cut-off, if necessary.

Accordingly, the Court should issue the Letter Rogatory attached as **Exhibit A**. *See Evanston Ins. Co.*, 2006 WL 1652315, at *2-3 (granting motion for issuance of letters rogatory under the Hague Evidence Convention where nonparty's deposition was relevant and necessary to prosecution of action and ordering Clerk of the Court to send the Letter to the foreign authority); *Doe*, 2022 U.S. Dist. LEXIS 1285, at *4-5 (similar).

<b>CONCLUSION</b>

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and issue the Letter Rogatory to compel Mr. Blanco to give deposition testimony on the topics specified in the Letter Rogatory.

Respectfully submitted,

Dated:  March 13, 2024

WILMER CUTLER PICKERING
    HALE AND DORR LLP

By:   /s/ Jessica L. Lewis

*Attorney for Defendants Plantronics, Inc., Joseph Burton, Charles Boynton, and Pamela Strayer*

DEFS' NOTICE OF MOT. AND MOT.
FOR LETTERS ROGATORY
TO THE CENTRAL AUTH. OF MEXICO        -8-        Case No. 4:19-cv-07481-JST