SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
JESSICA L. LEWIS (SBN 302467)
jessica.lewis@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

PETER J. KOLOVOS (*Pro Hac Vice*)
peter.kolovos@wilmerhale.com
SONIA SUJANANI (*Pro Hac Vice*)
sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MIKE ROMEO (SBN 312264)
mike.romeo@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Defendants Plantronics, Inc., Joseph Burton, Charles Boynton, and Pamela Strayer*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | Case No. 4:19-cv-07481-JST |
|---|---|
| | **LETTER OF REQUEST TO THE CENTRAL AUTHORITY OF MEXICO FOR INTERNATIONAL JUDICIAL ASSISTANCE** |
| | Date: N/A<br>Time: N/A<br>Place: N/A<br>Judge: The Honorable Jon S. Tigar |

**LETTER OF REQUEST TO THE CENTRAL AUTHORITY OF THE UNITED MEXICAN STATES ("MEXICO") FOR INTERNATIONAL JUDICIAL ASSISTANCE**

Pursuant to Article 3 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention"), the undersigned applicant submits this Request on behalf of Defendants Plantronics, Inc. ("Plantronics"), Joseph Burton, Charles Boynton, and Pamela Strayer (collectively, "Defendants") in the above-captioned lawsuit.  The United States District Court for the Northern District of California presents its compliments to the judicial authorities of Mexico and requests international judicial assistance to obtain testimonial evidence from a non-party located in Mexico, as described herein, to be used in a civil proceeding before this Court at the trial of this action.

A. **Sender:**

Hon. Jon S. Tigar
United States District Judge
United States District Court for the Northern District of California
Oakland Division
Oakland Courthouse, Courtroom 6 – 2nd Floor
1301 Clay Street,
Oakland, CA 94612
United States of America

B. **Central Authority of the Requested State:**

Secretaría de Relaciones Exteriores
Plaza Juárez No. 20
Planta Baja Edificio Tlatelolco
Colonia Centro
Alcaldía Cuauhtémoc
C.P. 06010, México, Ciudad de México

C. **Person to whom the executed request is to be returned:**

Jessica L. Lewis
Wilmer Cutler Pickering Hale and Dorr LLP
One Front Street, Suite 3500
San Francisco, CA 94111
United States of America
Telephone: (628) 235-1002
Facsimile: (628) 235-1001
Email: jessica.lewis@wilmerhale.com

**D.**     **Specification of the date by which the Requesting Authority requires receipt of the response to the Letter of Request:**

As soon as reasonably practicable.  Fact discovery is scheduled to close on July 19, 2024, necessitating that this request be executed before that date if at all possible.

**E.**     **In conformity with Article 3 of the Hague Evidence Convention, the undersigned applicant has the honor to submit the following:**

    i.     Requesting judicial authority:

        Hon. Jon S. Tigar
        United States District Judge
        United States District Court for the Northern District of California
        Oakland Division
        Oakland Courthouse, Courtroom 6 – 2nd Floor
        1301 Clay Street,
        Oakland, CA 94612
        United States of America

    ii.     To the competent authority of:

        The United Mexican States

**F.**    **Names and addresses of the parties and their representatives:**

    **i.**    **Lead Plaintiff Ilya Trubnikov:**

        **Address:**

        c/o HAGENS BERMAN SOBOL SHAPIRO LLP
Reed R. Kathrein
Lucas E. Gilmore
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
United States of America

        **Representatives:**

        Reed R. Kathrein
Lucas E. Gilmore
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkely, CA 94710
United States of America

        Steve W. Berman
Sean R. Matt
Karl P. Barth
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
United States of America

    **ii.**    **Lead Plaintiff Roofers' Pension Fund**

        **Address:**

        c/o BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
Lauren A. Ormsbee
1251 Avenue of the Americas
New York, NY 10020
United States of America

        **Representatives:**

        Lauren A. Ormsbee
Alexander T. Payne
Bernstein Litowitz Berger & Grossman LLP
1251 Avenue of the Americas
New York, NY 10020
United States of America

iii.    **Defendants Plantronics, Inc., Joseph Burton, Charles Boynton, and Pamela Strayer**

**Address:**

c/o Wilmer Cutler Pickering Hale and Dorr LLP
One Front Street, Suite 3500
San Francisco, CA 94111
United States of America

**Representatives:**

Susan S. Muck
Kevin P. Muck
Jessica L. Lewis
Wilmer Cutler Pickering Hale and Dorr LLP
One Front Street, Suite 3500
San Francisco CA 94111
United States of America

Peter J. Kolovos
Sonia Sujanani
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
United States of America

Mike Romeo
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
United States of America

**G.      Nature and purpose of the proceedings and summary of the facts:**

*In Re Plantronics, Inc. Securities Litigation*, Case No. 4:19-cv-07481-JST is a class action lawsuit pending in the United States District Court for the Northern District of California.  It is brought by Lead Plaintiffs Roofers' Pension Fund and Ilya Trubnikov ("Plaintiffs") on behalf of themselves and "all other persons or entities who purchased or otherwise acquired securities of Plantronics . . . during the period from August 7, 2018 and November 5, 2019."  In the Second Amended Complaint ("SAC"), which has served as the operative complaint for the last two years, Plaintiffs allege that Defendants violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder largely on the theory that Plantronics at some point made an undisclosed change to its sales practices and began pushing its channel partners to take on inventory in excess of actual demand, in order to inflate the Company's revenue figures and create a "feel good" story for investors that would bolster the Company's stock price.

Plaintiffs include in their allegations statements and information anonymously attributed to former employees.  One such former employee ("FE-3" in the SAC) has been disclosed by Plaintiffs as Jorge Arturo Blanco Vergara.  As alleged, Mr. Jorge Arturo Blanco Vergara was the Director of Sales and Business Development for the Latin American market at Plantronics from March 2005 to August 2017 and "confirmed Defendant [Joseph] Burton's plan to change sales practices that resulted in generating as much short-term revenue as possible in order to attract potential acquisition partners, such as Cisco and Logitech."  Specifically, Plaintiffs allege that Mr. Jorge Arturo Blanco Vergara stated that immediately after Defendant Burton took over as CEO, Mr. Jorge Arturo Blanco Vergara was instructed by a superior to lie to longtime smaller, local channel partners that Plantronics would continue to do business with them when in reality Plantronics had decided to replace smaller channel partners with larger, global channel partners. The Complaint further alleges that Mr. Jorge Arturo Blanco Vergara's superior told him that Defendant Burton made this decision "because Plantronics was purportedly trying to move from a position as a smaller, regional company to becoming more global," but that the "truth" was that

Defendant Burton's plan "was to use these global distributors to generate as much short-term revenue as possible in order to look attractive to potential acquisition partners."

To succeed on a claim under Section 10(b) (and Rule 10b-5), Plaintiffs must prove that Defendants had scienter, the mental state encompassing either intent to defraud or deliberate recklessness tantamount to intent. *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 603 (9th Cir. 2014). In opposing Defendants' Motion to Dismiss the SAC, Plaintiffs relied on Mr. Jorge Arturo Blanco Vergara's alleged statements and position in the company to support scienter and to argue that that Defendant Burton had "reasons for engaging in fraud beyond justifying the expensive Polycom acquisition and reputation," including "the potential to make a personally profitable sale to Cisco or Logitech." *See* Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss the SAC, Dkt. 103, at 23 (citing Mr. Jorge Arturo Blanco Vergara as having a "role[] directly involved in sales into the channel or in managing the channel partner relationships" such that his allegations were "reliable and support scienter" as to the Individual Defendants); *see also id.* at 3 n.2. Defendants have asserted lack of scienter as an affirmative defense. Mr. Jorge Arturo Blanco Vergara's testimony is therefore of central importance to this case.

**H.     Evidence to be obtained:**

i.     Identity and address of persons to be examined:

Mr. Jorge Arturo Blanco Vergara
Avenida Revolucion 314,
Apartment 403A, Building A,
Mexico City, Mexico 11870

Edif A Dep 403A
Revol No 314
Cd De Mexico,
Mexico 11870

ii.     Statement of the subject matter about which the identified person is to be examined:

It is requested that Mr. Jorge Arturo Blanco Vergara be deposed on the following topics:

1. The employment history of Mr. Jorge Arturo Blanco Vergara, including the responsibilities that he held as "Director of Sales and Business Development for the Latin American market," and any other roles he held throughout his tenure at the Plantronics, and the corresponding responsibilities of those roles.

2. The people that Mr. Jorge Arturo Blanco Vergara reported to in his role as "Director of Sales and Business Development for the Latin American market" and in other roles that he held at Plantronics.

3. The truth, accuracy, context, and basis of the information and statements attributed to Mr. Jorge Arturo Blanco Vergara in the pleadings filed by Plaintiffs in this action, including the allegations that Mr. Jorge Arturo Blanco Vergara "confirmed Defendant Burton's plan to change sales practices that resulted in generating as much short-term revenue as possible in order to attract potential acquisition partners, such as Cisco and Logitech."

4. The truth, accuracy, context, and basis of the information and statements attributed to Mr. Jorge Arturo Blanco Vergara in the pleadings filed by Plaintiffs in this action, including the allegations that Mr. Jorge Arturo Blanco Vergara "stated that almost immediately after Defendant Burton took over as CEO, [his superior David] Sandoval instructed [him] to lie to channel partners that had been doing business with Plantronics for 40 - 50 years."

5. The truth, accuracy, context, and basis of the information and statements attributed to Mr. Jorge Arturo Blanco Vergara in the pleadings filed by Plaintiffs in this action, including the allegations that Mr. Jorge Arturo Blanco Vergara "stated that after Burton took over in 2016, [Mr. Jorge Arturo Blanco Vergara]'s local channel partners, whose present contract term would be ending in 2018 and 2019, began asking about whether Plantronics would be re-upping their contracts with them and for Plantronics to provide insight on its future product strategy and marketing efforts."

6. The truth, accuracy, context, and basis of the information and statements attributed to Mr. Jorge Arturo Blanco Vergara in the pleadings filed by Plaintiffs in this action, including the allegations that Mr. Jorge Arturo Blanco Vergara "said that Sandoval, at the direction

of [Sandoval's superior Jose] Gonzalez, instructed [Mr. Jorge Arturo Blanco Vergara] to lie to these channel partners assuring them Plantronics would until their contracts began to expire in 2018 and 2019."

7. The truth, accuracy, context, and basis of the information and statements attributed to Mr. Jorge Arturo Blanco Vergara in the pleadings filed by Plaintiffs in this action, including the allegations that Mr. Jorge Arturo Blanco Vergara "stated that the real story was that Plantronics had decided to get rid of all of their smaller distributors and exclusively use a handful of large, global channel partners who could then resell."

8. The truth, accuracy, context, and basis of the information and statements attributed to Mr. Jorge Arturo Blanco Vergara in the pleadings filed by Plaintiffs in this action, including the allegations that Mr. Jorge Arturo Blanco Vergara "explained that the smaller distributors would lose their contracts with Plantronics, so that in order to purchase Plantronics' products, they would have to purchase from the large global distributors such as Ingram Micro."

9. The truth, accuracy, context, and basis of the information and statements attributed to Mr. Jorge Arturo Blanco Vergara in the pleadings filed by Plaintiffs in this action, including the allegations that Mr. Jorge Arturo Blanco Vergara "stated that [his] superiors told [him] that Defendant Burton made this decision because Plantronics was purportedly trying to move from a position as a smaller, regional company to becoming more global."

10. The truth, accuracy, context, and basis of the information and statements attributed to Mr. Jorge Arturo Blanco Vergara in the pleadings filed by Plaintiffs in this action, including the allegations that Mr. Jorge Arturo Blanco Vergara "stated that, in truth, Burton's plan was to use these global distributors to generate as much short-term revenue as possible in order to look attractive to potential acquisition partners, such as Cisco and Logitech."

11. The truth, accuracy, context, and basis of the information and statements attributed to Mr. Jorge Arturo Blanco Vergara in the pleadings filed by Plaintiffs in this action, including the allegations that Mr. Jorge Arturo Blanco Vergara "explained that the three global

channel partners Plantronics was shifting its business to in Latin America were Ingram Micro, Teleswitch, and Anixter."

12. The content and circumstances of any firsthand communications Mr. Jorge Arturo Blanco Vergara had with Defendants Burton, Strayer, or Boynton in this litigation or other current and former Plantronics executives regarding channel partner strategy and/or sales practices at Plantronics.

13. Mr. Jorge Arturo Blanco Vergara's general knowledge of channel partner strategy and sales practices at Plantronics.

14. Mr. Jorge Arturo Blanco Vergara's communications with Plaintiffs and their counsel to date, including any promises Plaintiffs may have made to Mr. Jorge Arturo Blanco Vergara relating to his provision of information used in Plaintiffs' pleadings and/or testimony he would provide at trial or otherwise throughout this litigation.

15. Performance reviews that Mr. Jorge Arturo Blanco Vergara received while at Plantronics.

16. The circumstances of Mr. Jorge Arturo Blanco Vergara's departure from Plantronics.

17. The reasons for Mr. Jorge Arturo Blanco Vergara's request to rejoin Plantronics.

iii.     Confidentiality:

This Letter of Request also requests that the confidentiality of any evidence produced as a result of this Letter of Request be maintained pursuant to the laws of Mexico as well as pursuant to a Stipulation Regarding Confidentiality and Protective Order issued by this Court that provides specific confidentiality protections for testimony furnished in the course of this lawsuit that includes trade secrets, confidential business information, or other confidential or proprietary information. Pursuant to this Stipulation Regarding Confidentiality and Protective Order, this Court respectfully requests that this Letter of Request and any information provided in response to this Letter of Request not be disclosed to any individuals or entities other than the parties and their legal counsel, any Examiner of the Court, the transcribers, the videographers, or this Court's designees. Defendants agree to be bound by any similar protective order issued by the Mexican

Court pertaining to any information disclosed in response to this Letter of Request. Defendants will not object to a request by any witness for such an order.

**I.      Requirements that the evidence be given on oath or affirmation and any special form to be used:**

      i.      In accordance with Article 9 of the Hague Evidence Convention, this letter includes the following requests:

- That Mr. Jorge Arturo Blanco Vergara be placed under oath or affirmation in accordance with whatever procedure Mexican law provides for in these matters;

- That U.S. trial counsel for Defendants, under authorization of this Court, be given permission to attend and participate in the oral deposition of the aforementioned deponent with:

  - Defendants represented by Wilmer Cutler Pickering Hale and Dorr LLP with individual attorneys conducting the questioning to be appointed by Wilmer Cutler Pickering Hale and Dorr LLP.

- That the aforementioned deponent be examined orally by U.S. trial counsel for Defendants, as counsel for Defendants are familiar with the complex issues in this case and it would be advantageous to allow them to conduct the questioning rather than to have the questioning done by the Mexican Court. Under the circumstances, the procedure of having these counsel appointed to take the testimony is appropriate and necessary;

- That U.S. trial counsel for Defendants be permitted, not only to examine the witness in chief and re-examine him, but also to ask questions of a nature appropriate for cross-examination;

- The time available for U.S. trial counsel for Defendants to conduct the oral deposition of Mr. Jorge Arturo Blanco Vergara be no less than seven (7) hours of examination on the record;

- That an authorized shorthand writer/court reporter be present at the examinations who shall record Mr. Jorge Arturo Blanco Vergara' oral testimony verbatim and prepare a transcript

of the evidence, which shall be provided to him for review, identification of errata, and signature within 30 days of being provided the transcript;

- That a videographic record be taken of the proceedings;

- That the examination take place via videoconference, with instructions for accessing the videoconference to be provided by Defendants to Mr. Jorge Arturo Blanco Vergara prior to the date of the oral deposition;

- That any objections as to the admissibility of certain testimony or the manner in which questions are asked or answers are given be "reserved," in that they are noted for the record, but not resolved at the deposition but instead addressed and resolved by the United States District Court for the Northern District of California when the testimony is presented at trial; and

- That the conduct of the deposition and privileges or duties not to give evidence shall be the same as if the deponent were testifying under the applicable provisions of the United States Federal Rules of Civil Procedure. Such privileges include the following:

  o Under the laws of the United States, a party has a privilege to refuse to give evidence if the evidence discloses a confidential communication between that party and an attorney for that party that was made for the purpose of obtaining legal advice and which privilege has not been waived explicitly or implicitly.

  o Under the Fifth Amendment to the United States Constitution, a party has a privilege to refuse to give evidence if he reasonably believes that his disclosures could be used in a criminal prosecution or lead to other evidence that could be used in that manner.

  ii.   In the event the evidence cannot be taken in the manner requested, it is to be taken in such a manner as provided by local law.

**J.**    **Request for Notification of the time and place for the execution of the Request and identity and address of any person to be notified:**

  **i.**    **Time and Place:**

It is respectfully requested that the examination of Mr. Jorge Arturo Blanco Vergara be scheduled as soon as can practicably be arranged, but not later than four (4) weeks after the date of the order giving effect to this Letter of Request, and that the examination be conducted via remote videoconference, with instructions for accessing the videoconference to be provided by Defendants to Mr. Jorge Arturo Blanco Vergara prior to the date of the oral deposition.

  **ii.**    **Persons to be notified:**

It is respectfully requested that the following counsel be notified regarding the time and place for execution of the request:

    Susan S. Muck
    susan.muck@wilmerhale.com
    Kevin P. Muck
    kevin.muck@wilmerhale.com
    Jessica L. Lewis
    jessica.lewis@wilmerhale.com
    Wilmer Cutler Pickering Hale and Dorr LLP
    One Front Street, Suite 3500
    San Francisco CA 94111
    United States of America
    Telephone: (628) 235-1002
    Facsimile: (628) 235-1001

    Peter J. Kolovos
    peter.kolovos@wilmerhale.com
    Sonia Sujanani
    sonia.sujanani@wilmerhale.com
    Wilmer Cutler Pickering Hale and Dorr LLP
    60 State Street
    Boston, MA 02109
    United States of America
    Telephone: (617) 526-6000
    Facsimile: (617) 526-5000

    [additional counsel on next page]

Mike Romeo
mike.romeo@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
United States of America
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

Reed R. Kathrein
reed@hbsslaw.com
Lucas E. Gilmore
lucasg@hbsslaw.com
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkely, CA 94710
United States of America
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

Steve W. Berman
steve@hbsslaw.com
Sean R. Matt
sean@hbsslaw.com
Karl P. Barth
karlb@hbsslaw.com
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
United States of America
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Lauren A. Ormsbee
lauren@blbglaw.com
Alexander T. Payne
alex.payne@blbglaw.com
Bernstein Litowitz Berger & Grossman LLP
1251 Avenue of the Americas
New York, NY 10020
United States of America
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

**K.     Reciprocity**

The courts of the United States are authorized by statute codified at Title 28 of the United States Code, Section 1782, to extend similar assistance to the tribunals of Mexico and will reciprocate the courtesies shown by the judicial authorities of Mexico.

**L.     Responsibility for reimbursable fees and costs:**

Fees and costs incurred which are reimbursable under the Hague Convention shall be borne by Wilmer Cutler Pickering Hale and Dorr LLP, One Front Street, Suite 3500, San Francisco, CA 94111, United States of America.

**CONCLUSION**

In the spirit of comity and reciprocity, this Court respectfully requests that this Letter of Request be executed by the Central Authority of Mexico, and that, by its proper and usual process, the Central Authority of Mexico compel Mr. Jorge Arturo Blanco Vergara to appear on a date not later than four (4) weeks after the date of the order giving effect to this Letter of Request, to give testimony under oath by questions and answers upon oral deposition on the topics set forth in part **H** of this Letter of Request, and that the examination be conducted via remote videoconference.

This Court respectfully requests that this Letter of Request be given the highest consideration and enforced, as soon as practicable.  This Court expresses its gratitude and sincere willingness to provide similar assistance to the courts of Mexico if future circumstances should require.

Date of Request:   <u>April 2, 2024</u>          , 2024

Signature and Seal of Requesting Authority:  _____

The Hon. Jon S. Tigar
Judge of the United States District Court
Northern District of California
Oakland Division

SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
JESSICA L. LEWIS (SBN 302467)
jessica.lewis@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco CA 94111
Teléfono: (628) 235-1002
Fax: (628) 235-1001

PETER J. KOLOVOS (*Pro Hac Vice*)
peter.kolovos@wilmerhale.com
SONIA SUJANANI (*Pro Hac Vice*)
sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Teléfono: (617) 526-6000
Fax: (617) 526-5000

MIKE ROMEO (SBN 312264)
mike.romeo@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Ángeles, CA 90071
Teléfono: (213) 443-5300
Fax: (213) 443-5400

*Abogados de los Demandados
Plantronics, Inc., Joseph Burton,
Charles Boynton y Pamela Strayer*

# TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS

## DISTRITO NORTE DE CALIFORNIA

## DIVISIÓN DE OAKLAND

| | |
|---|---|
| EN REFERENCIA AL LITIGIO DE VALORES DE PLANTRONICS, INC. | No. de caso 4:19-cv-07481-JST |
| | **CARTA DE SOLICITUD A LA AUTORIDAD CENTRAL DE MÉXICO PARA ASISTENCIA JUDICIAL INTERNACIONAL** |
| | Fecha: N/A<br>Tiempo: N/A<br>Lugar: N/A<br>Juez: El Honorable Jon S. Tigar |

CARTA DE SOLICITUD A LA
AUTORIDAD CENTRAL DE MÉXICO
PARA ASISTENCIA JUDICIAL
INTERNACIONAL

No. de caso 4:19-cv-07481-JST

# CARTA DE SOLICITUD A LA AUTORIDAD CENTRAL DE LOS ESTADOS MEXICANOS UNIDOS ("MÉXICO") PARA ASISTENCIA JUDICIAL INTERNACIONAL

De conformidad con el Artículo 3 de la Convención de La Haya del 18 de marzo de 1970 sobre la Obtención de Evidencia en el Extranjero en Asuntos Civiles o Comerciales ("la Convención de La Haya sobre Pruebas"), el solicitante abajo firmante presenta esta Solicitud en nombre de los Demandados Plantronics, Inc. ("Plantronics"), Joseph Burton, Charles Boynton y Pamela Strayer (conjuntamente, los "Demandados") en la demanda antes mencionada. El Tribunal de Distrito de los Estados Unidos para el Distrito Norte de California saluda atentamente a las autoridades judiciales de México y solicita asistencia judicial internacional para obtener prueba testimonial de un tercero localizado en México, como se describe en este documento, para ser utilizada en un proceso civil ante este Tribunal en el juicio de esta acción.

A.    **Remitente:**

Honorable Jon S. Tigar
Juez de Distrito de los Estados Unidos
Tribunal de Distrito de los Estados Unidos para el Distrito Norte de California
División de Oakland
Juzgado de Oakland, Sala 6, 2o. piso
1301 Clay Street,
Oakland, CA 94612
Estados Unidos de América

B.    **Autoridad Central del Estado solicitado:**

Secretaría de Relaciones Exteriores
Plaza Juárez No. 20
Planta Baja Edificio Tlatelolco
Colonia Centro
Alcaldía Cuauhtémoc
C.P. 06010, México, Ciudad de México

C.    **Persona a quien se debe devolver la solicitud ejecutada:**

Jessica L. Lewis
Wilmer Cutler Pickering Hale and Dorr LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Estados Unidos de América
Teléfono: (628) 235-1002
Fax: (628) 235-1001

Correo electrónico: jessica.lewis@wilmerhale.com

**D.    Especificación de la fecha para la cual la Autoridad solicitante requiere la recepción de la respuesta a la Carta de solicitud:**

Tan pronto como sea razonable. La presentación de pruebas de hechos está programada para cerrar el 19 de julio de 2024, lo que requiere que esta solicitud se ejecute antes de esa fecha si es posible.

**E.    De conformidad con el Artículo 3 de la Convención de La Haya sobre Pruebas, el solicitante abajo firmante tiene el honor de presentar lo siguiente:**

      i.    Solicitud de autoridad judicial:

Honorable Jon S. Tigar
Juez de Distrito de los Estados Unidos
Tribunal de Distrito de los Estados Unidos para el Distrito Norte de California
División de Oakland
Juzgado de Oakland, Sala 6, 2o. piso
1301 Clay Street,
Oakland, CA 94612
Estados Unidos de América

      ii.    A la autoridad competente de:

Estados Unidos Mexicanos

**F.**      **Nombres y direcciones de las partes y sus representantes:**

      **i.**      **Demandante principal Ilya Trubnikov:**

      **Dirección:**

      c/o HAGENS BERMAN SOBOL
SHAPIRO LLP
Reed R. Kathrein
Lucas E. Gilmore
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Estados Unidos de América

      **Representantes:**

      Reed R. Kathrein
Lucas E. Gilmore
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkely, CA 94710
Estados Unidos de América

      Steve W. Berman
Sean R. Matt
Karl P. Barth
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Estados Unidos de América

      **ii.**      **Demandante principal de Roofers' Pension Fund**

      **Dirección:**

      c/o BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
Lauren A. Ormsbee
1251 Avenue of the Americas
Nueva York, NY 10020
Estados Unidos de América

      **Representantes:**

      Lauren A. Ormsbee
Alexander T. Payne
Bernstein Litowitz Berger & Grossman LLP
1251 Avenue of the Americas
Nueva York, NY 10020
Estados Unidos de América

**iii.    Los Demandados Plantronics, Inc., Joseph Burton, Charles Boynton y Pamela Strayer**

**Dirección:**

c/o Wilmer Cutler Pickering Hale and Dorr LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Estados Unidos de América

**Representantes:**

Susan S. Muck
Kevin P. Muck
Jessica L. Lewis
Wilmer Cutler Pickering Hale and Dorr LLP
One Front Street, Suite 3500
San Francisco CA 94111
Estados Unidos de América

Peter J. Kolovos
Sonia Sujanani
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Estados Unidos de América

Mike Romeo
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2400
Los Ángeles, CA 90071
Estados Unidos de América

**G.      Propósito del procedimiento y resumen de los hechos:**

*En referencia al Litigio de valores de Plantronics, Inc.*, Caso No, 4:19-cv-07481-JST es una demanda colectiva pendiente en el Tribunal de Distrito de los Estados Unidos para el Distrito Norte de California. La demanda ha sido interpuesta por los Demandantes principales Roofers' Pension Fund e Ilya Trubnikov ("Demandantes") en nombre propio y de "todas las demás personas o entidades que compraron o adquirieron valores de Plantronics . . . durante el período comprendido entre el 7 de agosto de 2018 y el 5 de noviembre de 2019". En la Segunda Demanda Modificada (en inglés, Second Amended Complaint, y a partir de ahora  "SAC"), que ha servido como la demanda operativa durante los últimos dos años, los Demandantes alegan que los Demandados violaron la Sección 10(b) de la Ley del Mercado de Valores de 1934 y la Regla 10b-5 en virtud de la misma en gran medida sobre la teoría de que Plantronics en algún momento hizo un cambio no revelado en sus prácticas de ventas y comenzó a presionar a sus socios de canal para que hicieran un inventario que superaba la demanda real, para inflar las cifras de ingresos de la Compañía y crear una historia para que "se sintieran bien" para los inversionistas que reforzaría el precio de los valores de la Compañía.

Los Demandantes incluyen en sus acusaciones, declaraciones e información atribuida de forma anónima a ex empleados. Uno de esos ex empleados ("FE-3" en el SAC) ha sido revelado por los Demandantes como Jorge Arturo Blanco Vergara. Como se alega, el Sr. Jorge Arturo Blanco Vergara fue el director de Ventas y Desarrollo Comercial para el mercado latinoamericano en Plantronics desde marzo de 2005 hasta agosto de 2017 y "confirmó el plan del Demandado [Joseph] Burton de cambiar las prácticas de ventas que dieron como resultado la generación de tantos ingresos a corto plazo como fuera posible para atraer socios potenciales de adquisición, como Cisco y Logitech". Específicamente, los Demandantes alegan que el Sr. Jorge Arturo Blanco Vergara declaró que inmediatamente después de que el Demandado Burton asumiera el cargo de director ejecutivo, el Sr. Jorge Arturo Blanco Vergara recibió instrucciones de un superior de mentir a los socios de canal locales más pequeños de hace mucho tiempo que Plantronics

continuaría haciendo negocios con ellos cuando, en realidad, Plantronics había decidido reemplazar a los socios de canal más pequeños por socios de canal globales más grandes. La Demanda alega además que el superior del Sr. Jorge Arturo Blanco Vergara le dijo que el Demandado Burton tomó esta decisión "porque Plantronics supuestamente estaba tratando de pasar de una posición como una compañía regional más pequeña a ser más global", pero que la "verdad" era que el plan del Demandado Burton "estaba utilizando estos distribuidores globales para generar tantos ingresos a corto plazo como fuera posible para parecer atractivo para los posibles socios de adquisición".

Para tener éxito en una reclamación en virtud de la Sección 10(b) (y la Regla 10b-5), los Demandantes deben probar que los Demandados actuaron con conocimiento, que requiere un estado mental que abarcara la intención de estafar o una imprudencia deliberada equivalente a la intención. *O. Pub. Emps. Ref. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 603 (9o. Cir. 2014). Al oponerse a la Moción de los Demandados de desestimar la SAC, los Demandantes se basaron en las supuestas declaraciones y posición del Sr. Jorge Arturo Blanco Vergara en la compañía para apoyar el conocimiento de los Demandados y argumentar que el Demandado Burton tenía "motivos para participar en fraude más allá de justificar la costosa adquisición y reputación de Polycom", incluido "el potencial de hacer una venta personalmente rentable a Cisco o Logitech". *Véase* el Memorando de los Demandantes en oposición a la Moción de los Demandados para desestimar el SAC, Dkt. 103, en 23 (citando al Sr. Jorge Arturo Blanco Vergara como que tiene una "función[] directamente involucrada en las ventas en el canal o en la gestión de las relaciones con los socios de canal" de manera que sus acusaciones eran "confiables y apoyan el conocimiento" en cuanto a los Demandados individuales); *véase también la id.* en 3 n.2. Los Demandados han afirmado la falta del conocimiento de los Demandados como defensa afirmativa. Por lo tanto, el testimonio del Sr. Jorge Arturo Blanco Vergara es de importancia central para este caso.

### H.   Evidencia a obtener:

i.   Identidad y dirección de las personas que se examinarán:

CARTA DE SOLICITUD A LA
AUTORIDAD CENTRAL DE MÉXICO
PARA ASISTENCIA JUDICIAL
INTERNACIONAL                                  -6-                    Caso No. 4:19-cv-07481-JST

Sr. Jorge Arturo Blanco Vergara
Avenida Revolución 314,
Apartamento 403A, edificio A,
Ciudad de México, México 11870

Edif A Dep 403A
Revol. No. 314
Cd de México,
México 11870

      ii.     Declaración del tema sobre el cual la persona identificada será interrogada: Se solicita la deposición del Sr. Jorge Arturo Blanco Vergara sobre los siguientes temas:

1. El historial laboral del Sr. Jorge Arturo Blanco Vergara, incluidas las responsabilidades que ejerció como "director de Ventas y Desarrollo de Negocios para el mercado latinoamericano", y cualquier otro cargo que desempeñó durante su permanencia en Plantronics, y las responsabilidades correspondientes a esas funciones.

2. Las personas a quienes les reportaba el Sr. Jorge Arturo Blanco Vergara en su función de "director de Ventas y Desarrollo de Negocios para el mercado latinoamericano" y en otros roles que desempeñó en Plantronics.

3. La verdad, exactitud, contexto y fundamento de la información y declaraciones atribuidas al Sr. Jorge Arturo Blanco Vergara en los alegatos presentados por los Demandantes en esta acción, incluyendo las acusaciones de que el Sr. Jorge Arturo Blanco Vergara "confirmó el plan del Demandado Burton para cambiar las ventas prácticas que resultaron en generar la mayor cantidad posible de ingresos a corto plazo para atraer socios potenciales de adquisición, como Cisco y Logitech".

4. La verdad, exactitud, contexto y fundamento de la información y declaraciones atribuidas al Sr. Jorge Arturo Blanco Vergara en los alegatos presentados por los Demandantes en esta acción, incluidas las acusaciones de que el Sr. Jorge Arturo Blanco Vergara "estipuló que casi inmediatamente después de que el Demandado Burton asumiera el cargo de director general, [su superior David] Sandoval le ordenó [a él] que mintiera a los socios de canal que habían estado haciendo negocios con Plantronics durante 40 a 50 años".

5. La verdad, exactitud, contexto, y fundamento de la información y declaraciones atribuidas al Sr. Jorge Arturo Blanco Vergara en los alegatos presentados por los Demandantes en esta acción, incluyendo las acusaciones de que el Sr. Jorge Arturo Blanco Vergara "declaró que después de que Burton asumiera el control en 2016, Socios de canal local del [Sr. Jorge Arturo Blanco Vergara], cuyo plazo de contrato actual finalizaría en 2018 y 2019, comenzaron a preguntar acerca de si Plantronics volvería a renovar sus contratos con ellos y para que Plantronics proporcionara información sobre su futura estrategia de productos y esfuerzos de mercadotecnia".

6. La verdad, exactitud, contexto y fundamento de la información y declaraciones atribuidas al Sr. Jorge Arturo Blanco Vergara en los alegatos presentados por los Demandantes en esta acción, incluidas las acusaciones de que el Sr. Jorge Arturo Blanco Vergara "dijo que Sandoval, bajo la dirección de [el superior de Sandoval José] González, instruyó a [el Sr. Jorge Arturo Blanco Vergara] a mentir a estos socios de canal para asegurarles que Plantronics lo haría hasta que sus contratos comenzaran a expirar en 2018 y 2019".

7. La verdad, exactitud, contexto y fundamento de la información y declaraciones atribuidas al Sr. Jorge Arturo Blanco Vergara en los alegatos presentados por los Demandantes en esta acción, incluidas las acusaciones de que el Sr. Jorge Arturo Blanco Vergara "declaró que la verdadera historia era que Plantronics había decidido deshacerse de todos sus distribuidores más pequeños y usar exclusivamente un puñado de grandes socios de canal global que luego podían revender".

8. La verdad, exactitud, contexto y fundamento de la información y declaraciones atribuidas al Sr. Jorge Arturo Blanco Vergara en los alegatos presentados por los Demandantes en esta acción, incluidas las acusaciones de que el Sr. Jorge Arturo Blanco Vergara "explicó que los distribuidores más pequeños perderían sus contratos con Plantronics, de modo que para comprar productos de Plantronics, tendrían que comprar a los grandes distribuidores globales como Ingram Micro".

9. La verdad, exactitud, contexto y fundamento de la información y declaraciones atribuidas al Sr. Jorge Arturo Blanco Vergara en los alegatos presentados por los Demandantes en esta acción, incluidas las acusaciones de que el Sr. Jorge Arturo Blanco Vergara "estipuló que [sus] superiores le dijeron [a él] que el Demandado Burton tomó esta decisión porque Plantronics supuestamente estaba tratando de pasar de una posición como una compañía regional más pequeña a llegar a ser más global".

10. La verdad, exactitud, contexto y fundamento de la información y declaraciones atribuidas al Sr. Jorge Arturo Blanco Vergara en los alegatos presentados por los Demandantes en esta acción, incluidas las acusaciones de que el Sr. Jorge Arturo Blanco Vergara "estipuló que, en realidad, el plan de Burton era utilizar estos distribuidores globales para generar tantos ingresos a corto plazo como fuera posible para parecer atractivo para los posibles socios de adquisición, como Cisco y Logitech".

11. La verdad, exactitud, contexto y fundamento de la información y las declaraciones atribuidas al Sr. Jorge Arturo Blanco Vergara en los alegatos presentados por los Demandantes en esta acción, incluidas las acusaciones de que el Sr. Jorge Arturo Blanco Vergara "explicó que los tres socios de canal global a los que Plantronics estaba cambiando su negocio en América Latina eran Ingram Micro, Teleswitch y Anixter".

12. El contenido y las circunstancias de cualquier comunicación de primera mano que el Sr. Jorge Arturo Blanco Vergara haya mantenido con los Demandados Burton, Strayer o Boynton en este litigio o con otros ejecutivos actuales y anteriores de Plantronics en relación con la estrategia de los socios de canal y/o las prácticas de ventas de Plantronics.

13. Conocimiento general del Sr. Jorge Arturo Blanco Vergara de la estrategia de socios de canal y las prácticas de ventas en Plantronics.

14. Las comunicaciones del Sr. Jorge Arturo Blanco Vergara con los Demandantes y sus abogados hasta la fecha, incluidas las promesas que los Demandantes puedan haber hecho al Sr. Jorge Arturo Blanco Vergara en relación con su provisión de información utilizada

en los alegatos y/o testimonios de los Demandantes que él proporcionaría en el juicio o de otro modo durante este litigio.

15. Revisiones de desempeño que el Sr. Jorge Arturo Blanco Vergara recibió mientras estaba en Plantronics.

16. Las circunstancias de la salida del Sr. Jorge Arturo Blanco Vergara de Plantronics.

17. Los motivos de la solicitud del Sr. Jorge Arturo Blanco Vergara para reincorporarse a Plantronics.

iii.    Confidencialidad:

Esta Carta de solicitud también solicita que la confidencialidad de cualquier evidencia producida como resultado de esta Carta de solicitud se mantenga de conformidad con las leyes de México, así como de conformidad con una Estipulación sobre confidencialidad y orden de protección emitida por este Tribunal que proporciona protecciones de confidencialidad específicas para el testimonio proporcionado en el transcurso de esta demanda que incluye secretos comerciales, información comercial confidencial u otra información confidencial o de propiedad exclusiva. De conformidad con esta Estipulación sobre confidencialidad y orden de protección, este Tribunal respetuosamente solicita que esta Carta de solicitud y cualquier información proporcionada en respuesta a esta Carta de solicitud no se divulgue a ninguna persona o entidad que no sean las partes y sus asesores legales, cualquier Examinador del Tribunal, los transcriptores, los camarógrafos o las personas designadas por este Tribunal. Los Demandados aceptan quedar obligados por cualquier orden de protección similar emitida por el Tribunal mexicano en relación con cualquier información divulgada en respuesta a esta Carta de solicitud. Los Demandados no se opondrán a la solicitud de dicha orden por parte de ningún testigo.

**I.    Requisitos de que la evidencia se proporcione bajo juramento o afirmación y cualquier formulario especial que se utilice:**

i.    De conformidad con el Artículo 9 de la Convención de La Haya sobre Pruebas, esta carta incluye las siguientes solicitudes:

CARTA DE SOLICITUD A LA
AUTORIDAD CENTRAL DE MÉXICO
PARA ASISTENCIA JUDICIAL
INTERNACIONAL                    -10-                    Caso No. 4:19-cv-07481-JST

- Que el Sr. Jorge Arturo Blanco Vergara sea puesto bajo juramento o declaración conforme al procedimiento que la legislación mexicana prevea en estas materias;

- Que se otorgue permiso al abogado litigante estadounidense de los Demandados, bajo la autorización de este Tribunal, para asistir y participar en la deposición oral del deponente antes mencionado con:

  o Demandados representados por Wilmer Cutler Pickering Hale and Dorr LLP, con abogados individuales encargados del interrogatorio que serán designados por Wilmer Cutler Pickering Hale and Dorr LLP.

- Que el declarante antes mencionado sea interrogado oralmente por los abogados litigantes estadounidenses de los Demandados, ya que los abogados de los Demandados están familiarizados con las cuestiones complejas de este caso y sería ventajoso permitirles conducir el interrogatorio en lugar de que el interrogatorio lo realice el Tribunal mexicano. Dadas las circunstancias, el procedimiento de designar a estos abogados para que tomen declaración es apropiado y necesario;

- Que se permita a los abogados litigantes estadounidenses de los Demandados, no sólo interrogar al declarante y reinterrogarlo, sino también hacer preguntas de naturaleza apropiada para el contrainterrogatorio;

- El tiempo disponible para que el abogado litigante estadounidense lleve a cabo la declaración oral del Sr. Jorge Arturo Blanco Vergara no será inferior a siete (7) horas de interrogatorio en el expediente;

- Que en los interrogatorios esté presente un taquígrafo judicial autorizado quien registrará textualmente el testimonio oral del Sr. Jorge Arturo Blanco Vergara y preparará una transcripción de las pruebas, la cual le será entregada para su revisión, identificación de errores y firma dentro de los 30 días de haber recibido la transcripción;

- Que se levante acta videográfica de las actuaciones;

CARTA DE SOLICITUD A LA
AUTORIDAD CENTRAL DE MÉXICO
PARA ASISTENCIA JUDICIAL
INTERNACIONAL                    -11-                    Caso No. 4:19-cv-07481-JST

- Que el interrogatorio se realice mediante videoconferencia, debiendo los Demandados proporcionar instrucciones para acceder a la videoconferencia al Sr. Jorge Arturo Blanco Vergara antes de la fecha de la declaración oral;

- Que cualquier objeción en cuanto a la admisibilidad de cierto testimonio o la manera en que se hacen las preguntas o se dan las respuestas sea "reservada", en el sentido de que se anotan en acta, pero no se resuelven en la declaración, sino que el Tribunal de Distrito de los Estados Unidos, por el Distrito Norte de California, las aborda y resuelve cuando el testimonio se presenta en el juicio; y

- Que la conducción de la deposición y los privilegios o deberes de no dar evidencia serán los mismos que si el declarante estuviera testificando bajo las disposiciones aplicables de las Reglas Federales de Procedimiento Civil de los Estados Unidos. Dichos privilegios incluyen los siguientes:

    o En virtud de las leyes de los Estados Unidos, una parte tiene el privilegio de negarse a proporcionar pruebas si las pruebas revelan una comunicación confidencial entre esa parte y un abogado para esa parte que se realizó con el fin de obtener asesoramiento legal y cuyo privilegio no se ha renunciado explícita o implícitamente.

    o En virtud de la Quinta Enmienda a la Constitución de los Estados Unidos, una parte tiene el privilegio de negarse a proporcionar pruebas si cree razonablemente que sus divulgaciones podrían usarse en un proceso penal o llevar a otras pruebas que podrían usarse de esa manera.

    ii. En el caso de que la evidencia no pueda tomarse de la manera solicitada, se deberán tomar de la manera prevista por la ley local.

CARTA DE SOLICITUD A LA AUTORIDAD CENTRAL DE MÉXICO para ASISTENCIA JUDICIAL INTERNACIONAL                    -12-                    Caso No. 4:19-cv-07481-JST

**J.**      **Solicitud de notificación de la hora y el lugar para la ejecución de la solicitud y la identidad y dirección de cualquier persona a ser notificada:**

**i.**      **Hora y lugar:**

Se solicita respetuosamente que el interrogatorio del Sr. Jorge Arturo Blanco Vergara se programe tan pronto como sea posible, pero a más tardar cuatro (4) semanas después de la fecha de la orden que da efecto a esta Carta de solicitud, y que el interrogatorio se realice por videoconferencia remota, con instrucciones para acceder a la videoconferencia que los Demandados proporcionarán al Sr. Jorge Arturo Blanco Vergara antes de la fecha de la declaración oral.

**ii.**      **Personas que notificar:**

Se solicita respetuosamente que se notifique a los siguientes abogados sobre la hora y el lugar para la ejecución de la solicitud:

Susan S. Muck
susan.muck@wilmerhale.com
Kevin P. Muck
kevin.muck@wilmerhale.com
Jessica L. Lewis
jessica.lewis@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
One Front Street, Suite 3500
San Francisco CA 94111
Estados Unidos de América
Teléfono: (628) 235-1002
Fax: (628) 235-1001

Peter J. Kolovos
peter.kolovos@wilmerhale.com
Sonia Sujanani
sonia.sujanani@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Estados Unidos de América
Teléfono: (617) 526-6000
Fax: (617) 526-5000

[abogados adicionales  en la página siguiente]

Mike Romeo
mike.romeo@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2400
Los Ángeles, CA 90071
Estados Unidos de América
Teléfono: (213) 443-5300
Fax: (213) 443-5400

Reed R. Kathrein
reed@hbsslaw.com
Lucas E. Gilmore
lucasg@hbsslaw.com
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkely, CA 94710
Estados Unidos de América
Teléfono: (510) 725-3000
Fax: (510) 725-3001

Steve W. Berman
steve@hbsslaw.com
Sean R. Matt
sean@hbsslaw.com
Karl P. Barth
karlb@hbsslaw.com
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Estados Unidos de América
Teléfono: (206) 623-7292
Fax: (206) 623-0594

Lauren A. Ormsbee
lauren@blbglaw.com
Alexander T. Payne
alex.payne@blbglaw.com
Bernstein Litowitz Berger & Grossman LLP
1251 Avenue of the Americas
Nueva York, NY 10020
Estados Unidos de América
Teléfono: (212) 554-1400
Fax: (212) 554-1444

**K.      Reciprocidad**

Los tribunales de los Estados Unidos están autorizados por estatuto codificado en el Título 28 del Código de los Estados Unidos, Sección 1782, a brindar asistencia similar a los tribunales de México y corresponderán a las cortesías mostradas por las autoridades judiciales de México.

**L.      Responsabilidad por honorarios y costos reembolsables:**

Los honorarios y costos incurridos que sean reembolsables en virtud de la Convención de La Haya correrán por cuenta de Wilmer Cutler Pickering Hale and Dorr LLP, One Front Street, Suite 3500, San Francisco, CA 94111, Estados Unidos de América.

**CONCLUSIÓN**

En espíritu de cortesía y reciprocidad, este Tribunal solicita respetuosamente que esta Carta de solicitud sea cumplimentada por la Autoridad Central de México, y que, mediante su debido y habitual proceso, la Autoridad Central de México obligue al Sr. Jorge Arturo Blanco Vergara a comparecer en una fecha no posterior a cuatro (4) semanas después de la fecha de la orden que da efecto a esta Carta Solicitud, para dar testimonio bajo juramento mediante preguntas y respuestas tras una declaración oral sobre los temas establecidos en la parte **H** de esta Carta de solicitud, y que el interrogatorio se realice mediante videoconferencia remota.

Este Tribunal solicita respetuosamente que esta Carta de solicitud reciba la mayor consideración y se proceda a su cumplimentación, tan pronto como sea posible. Este Tribunal expresa su gratitud y sincera voluntad de brindar asistencia similar a los tribunales de México si las circunstancias futuras lo requieren.

Fecha de solicitud: _____ 2024

Firma y sello de la autoridad solicitante:_____

El Honorable Jon S. Tigar
Juez del Tribunal de Distrito de los Estados Unidos
Distrito Norte de California
División de Oakland

CARTA DE SOLICITUD A LA
AUTORIDAD CENTRAL DE MÉXICO
PARA ASISTENCIA JUDICIAL
INTERNACIONAL                    -15-                    Caso No. 4:19-cv-07481-JST



City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**CARTA DE SOLICITUD A LA AUTORIDAD CENTRAL DE MÉXICO PARA ASISTENCIA JUDICIAL INTERNACIONAL**" is, to the best of my knowledge and belief, a true and accurate translation from English into Spanish (MX).

Jacqueline Yorke

Sworn to before me this
February 27, 2024

Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 27

Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE