SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
JESSICA L. LEWIS (SBN 302467)
jessica.lewis@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

PETER J. KOLOVOS (*Pro Hac Vice*)
peter.kolovos@wilmerhale.com
SONIA SUJANANI (*Pro Hac Vice*)
sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

MIKE ROMEO (SBN 312264)
mike.romeo@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Defendants Plantronics, Inc.,*
*Joseph Burton, Charles Boynton, and Pamela*
*Strayer*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | Case No. 4:19-cv-07481-JST <br><br> **LETTER ROGATORY TO THE SUPREME COURT OF BRITISH COLUMBIA, CANADA REGARDING GREG SMITH** <br><br> Date: N/A <br> Time: N/A <br> Place: N/A <br> Judge: The Hon. Jon S. Tigar |

LETTER ROGATORY
REGARDING GREG SMITH

Case No. 4:19-cv-07481-JST

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

## ("LETTER ROGATORY") REGARDING GREG SMITH

TO THE SUPREME COURT OF BRITISH COLUMBIA

The United States District Court, Northern District of California, Oakland Division (the "Requesting Court") presents its compliments to the Supreme Court of British Columbia, Canada, and respectfully requests international judicial assistance to obtain testimonial evidence from a non-party witness, Greg Smith, located in British Columbia, on the topics set forth below. The requested testimony is to be used in a civil action proceeding before the Requesting Court. The Requesting Court requests the assistance described herein as necessary in the interests of justice.

### Background

This request is made pursuant to Rule 28(b) of the Federal Rules of Civil Procedure; the All Writs Act, 28 U.S.C. § 1651; 28 U.S.C. § 1781 (permitting the transmittal of letters rogatory through the district courts and the U.S. Department of State); and the Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, T.I.A.S. 6820. The United States District Court for the Northern District of California, Oakland Division, is a competent court of law and equity that properly has jurisdiction over this proceeding and the power to compel the deposition of a witness both within and outside its jurisdiction. Section 46 of the Canada Evidence Act and Section 53 of the British Columbia Evidence Act provide for the right of a foreign party to apply to the Supreme Court of British Columbia for the execution of a rogatory commission at the request of the foreign Court before which the civil action is pending.

Greg Smith is a natural person residing within your jurisdiction at 6198 175a Street, Surrey, British Columbia, V3S 4B7, Canada.

The Applicants for this letter are Plantronics, Inc. ("Plantronics" or the "Company"), Joseph Burton, Charles Boynton, and Pamela Strayer (collectively, "Defendants") who are defendants in the above-captioned action.

This case is styled *In re Plantronics, Inc. Securities Litigation*, Case No. 4:19-cv-07481-JST (N.D. Cal.) ("U.S. Action"). Plaintiffs filed the U.S. Action in 2019 and alleged that

Defendants committed violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by failing to disclose to investors a material change in the Company's sales practices following the Company's acquisition of Polycom, Inc. in July 2018. Plaintiffs allege that the Company engaged in a practice of improper "channel stuffing" by inducing its distributor partners to buy more of the Company's products in each quarter than was supported by end-user demand, in a manner that bolstered the Company's quarterly revenue figures, but which was ultimately unsustainable and misleading to investors. In their complaint, Plaintiffs rely on statements by various confidential witnesses to support these allegations. Plaintiffs identified Greg Smith as one of these confidential witnesses.

**Need for Testimony from Greg Smith**

Greg Smith was employed by Plantronics from 2005 to 2020. From 2010 to 2020, he was the Company's National Channel Sales Manager for Canada. Plaintiffs allege that Mr. Smith worked directly with some of the Company's largest distribution partners in Canada, and that he had personal knowledge of the Company's sales practices during the time period at issue, both before and after the Company's acquisition of Polycom in July 2018. In the operative complaint, statements attributed to Mr. Smith detail how and when the Company changed its sales practices, and who directed these changes. Mr. Smith also alleges, according to the operative complaint, that sales leadership and other executives at the Company were not only aware of the business risks posed by the "channel stuffing" the Company was engaging in, but also understood that the practice could require the Company to have to restate its revenue figures, and possibly face an audit or a regulatory investigation.

The operative complaint also contains specific recollections provided by Mr. Smith concerning complaints received from the Company's distribution partners about the elevated levels of inventory the Company supposedly encouraged them to take on. There are also statements in the operative complaint attributed to Mr. Smith to the effect that Mr. Smith was aware that salespeople at the Company were asked by executives to falsely record shipments as sales so that revenue could be prematurely recognized in the current quarter.

In its proper exercise of its authority, the Requesting Court has determined that there are sufficient grounds to obtain the testimonial evidence sought from Mr. Smith through this Letter Rogatory, as the evidence sought is directly relevant to issues to be determined by the Requesting Court, and such evidence cannot be secured elsewhere or otherwise without the intervention of the appropriate judicial authorities in British Columbia.

## Assistance Requested

It appears to the Requesting Court that Greg Smith resides within your jurisdiction at 6198 175a Street, Surrey, British Columbia, V3S 4B7, Canada.  The Requesting Court therefore requests in furtherance of justice that you, by the proper and usual process of your Court, cause Mr. Smith to testify at a deposition upon oral examination (before a court reporter authorized by you and the usual rules of court in British Columbia) to answer under oath the questions propounded by counsel for the Defendants on the topics described in Annex B.

The testimony requested is not only relevant to the discovery of this case but is also necessary for the trial of this case and may be so used by the parties.  The testimony is not otherwise obtainable by the Requesting Court through its own compulsory process.  The evidence sought in British Columbia through this Letter Rogatory is necessary for the court to do justice in this case.

This request is made with the understanding that it will in no way require any person to commit an offense, or to undergo a broader form of inquiry than if the litigation was before the Supreme Court of British Columbia.

## Reciprocity and Costs

The Requesting Court respectfully expresses its willingness to provide similar assistance to the Supreme Court of British Columbia.  The fees and costs incurred in executing this Letter Rogatory that are reimbursable under the applicable law will be borne by the Defendants.  The Defendants have sent the sum of $63.40 to local counsel's trust account with instructions that this constitutes a bond in order to secure the payment of all costs associated with the deposition, including the fee and conduct money normally paid to witnesses, and will remain available to pay any further sums over and above this amount that are reimbursable under applicable law.

**ANNEX A**

**Letter Rogatory**

TO THE SUPREME COURT OF BRITISH COLUMBIA

**Respondent:**

> Mr. Greg Smith
> 6198 175a Street
> Surrey, British Columbia
> V3S 4B7, Canada

**Sender:**

> The Hon. Jon S. Tigar
> U.S. District Court for the Northern District of California
> Oakland Courthouse, Courtroom 6 – 2nd Floor
> 1301 Clay Street, Oakland, CA 94612

**Person to Whom the Executed Letter Rogatory is to Be Returned:**

> Jessica L. Lewis
> Wilmer Cutler Pickering Hale and Dorr LLP
> One Front Street, Suite 3500
> San Francisco, CA 94111
> Telephone: (628) 235-1160
> Email: jessica.lewis@wilmerhale.com

**Date by Which the Requesting Court Requires Receipt of Response to the Letter Rogatory:**

> As soon as reasonably practicable consistent with the Court's calendar. Fact discovery is scheduled to close on July 19, 2024, necessitating that this request be executed before that date if at all possible.

**Requesting Judicial Authority:**

> The Hon. Jon S. Tigar
> U.S. District Court for the Northern District of California
> Oakland Courthouse, Courtroom 6 – 2nd Floor
> 1301 Clay Street, Oakland, CA 94612

**To Appropriate Judicial Authority:**

> The Supreme Court of British Columbia

**Parties to Case and Case Number:**

> Case name and number: *In re Plantronics, Inc. Securities Litigation*. Case No. 4:19-cv-07481-JST, United States District Court for the Northern District of California, Oakland Division.

> Plaintiffs: Roofers' Pension Fund; Ilya Trubnikov

Plaintiffs' Representatives:

    Reed R. Kathrein
    Lucas E. Gilmore
    Hagens Berman Sobol Shapiro LLP
    715 Hearst Avenue, Suite 202
    Berkeley, CA 94710

    Steve W. Berman
    Sean R. Matt
    Karl P. Barth
    Hagens Berman Sobol Shapiro LLP
    1301 Second Avenue, Suite 2000
    Seattle, WA 98101

    (*Counsel for Lead Plaintiff Ilya Trubnikov*)

    Lauren A. Ormsbee
    Alexander T. Payne
    Bernstein Litowitz Berger & Grossman LLP
    1251 Avenue of the Americas
    New York, NY 10020

    (*Counsel for Lead Plaintiff Roofers' Pension Fund*)

Defendants:  Plantronics, Inc.; Joseph Burton; Charles Boynton; Pamela Strayer

Defendants' Representatives:

    Susan S. Muck
    Kevin P. Muck
    Jessica L. Lewis
    Noah S. Guiney
    Wilmer Cutler Pickering Hale and Dorr LLP
    One Front Street, Suite 3500
    San Francisco, CA 94111

    Peter J. Kolovos
    Sonia Sujanani
    Wilmer Cutler Pickering Hale and Dorr LLP
    60 State Street
    Boston, MA 02109

    Mike Romeo
    Wilmer Cutler Pickering Hale and Dorr LLP
    350 South Grand Avenue, Suite 2400
    Los Angeles, CA 90071

    (*Counsel for Defendants Plantronics, Inc., Joseph Burton, Charles Boynton, and Pamela Strayer*)

**Judicial Assistance to Be Performed:**

The testimony of Mr. Smith on the topics described above and in Annex B is necessary to determine facts relevant to the Defendants' defenses in the above-captioned litigation, where Defendants are being sued by Plaintiffs for damages to be established at trial for alleged violations of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 and Rule 10b–5 promulgated thereunder.  For this reason, it is respectfully requested that the Supreme Court of British Columbia compel Mr. Smith to testify at a deposition on the topics listed in Annex B.  The requested testimony is intended for use in a civil trial and is relevant to the claims and defenses in the case.  In the proper exercise of its authority, the Requesting Court has determined that the testimony of Mr. Smith on the topics described in Annex B cannot be secured except by intervention of the Supreme Court of British Columbia.  Nothing in this Court's request for assistance should be construed as requiring any person to violate any laws of Canada.

Furthermore, this Requesting Court understands that certain parts of the requested testimony that Mr. Smith may offer may be confidential.  The Stipulation Regarding Confidentiality and Protective Order ("Protective Order") entered in this case is attached as Appendix A to this Letter Rogatory.  The Requesting Court understands that the Supreme Court of British Columbia may wish to take further measures to protect confidentiality, and as such confirms that it will respect any modifications made by the Supreme Court of British Columbia to the Protective Order insofar as it applies to information provided pursuant to the present Letter Rogatory.

**Purpose of Judicial Assistance:**

The Defendants have requested evidence that consists of the deposition testimony of Greg Smith on the topics listed in Annex B.  The Defendants will use this evidence to support their defendants in this litigation, as explained above.

This Letter Rogatory has been issued based on the following criteria:

The discovery requested is relevant.

The evidence sought by the Letter Rogatory is necessary for trial and intended to be adduced at trial, if admissible.  The requested evidence is relevant to the U.S. proceeding in that it

is anticipated to have bearing on central defenses to Plaintiffs' primary cause of action for violations of the Federal securities laws and related damages claims.

The discovery requested does not violate laws and rules of civil procedure of British Columbia, particularly as they concern third parties.

The Supreme Court of British Columbia may properly authorize the deposition of a third party under oath. Supreme Court Civil Rules Rule 7-8(1) (as amended).

The Requesting Court is a court of law before which the above-captioned civil action is pending, and has the power under its enabling statutes and rules to direct the taking of evidence abroad.

Pursuant to United States Federal Rule of Civil Procedure 28(b)(1)(B), a deposition may be taken in a foreign country "under a letter of request, whether or not captioned a 'letter rogatory.'" The Requesting Court has the inherent authority to issue letters rogatory. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.l (2004) ("[A] *letter rogatory* is the request by a domestic court to a foreign court to take evidence from a certain witness.") (citation omitted); *United States v. Reagan*, 453 F.2d 165, 172 (6th Cir. 1971); *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958).

In determining whether to issue letters rogatory, the Court considers the "scope of discovery provided by the Federal Rules of Civil Procedure." *Asis Internet Servs. v. Optin Global, Inc.*, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007). Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, [and] the parties' relative access to information." Fed. R. Civ. P. 26(b)(1). "Rule 28(b) 'must be read together' with Rule 26(c) in determining whether to issue [a] letter rogatory." *Barnes & Noble, Inc. v. LSI Corp.*, 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012) (quoting *Evanston Ins. Co. v. OEA, Inc.*, 2006 WL 1652315, at *2 (E.D. Cal. June 13, 2006)).

The Requesting Court has considered the Motion for Issuance of Letters Rogatory to Greg Smith (the "Motion") and has found that the discovery requested is well within the scope of

discovery permitted by the Federal Rules of Civil Procedure and would be permitted in this action. Accordingly, upon the Motion and finding good cause therefor, the Requesting Court has granted the Motion and now issues this Letter Rogatory.

**Requirement that the Testimony Be Given Under Oath or Affirmation and Special Form to Be Used:**

It would further the interests of justice if, by the proper and usual process of your Court, you summon Greg Smith to appear before a person empowered under British Columbia law to administer oaths and take testimony, and require Mr. Smith to give testimony under oath or affirmation on the topics listed in Annex B by questions and answers upon oral examination, either at a convenient location in Vancouver, British Columbia, or by way of such technological means (such as videoconference) as may be accepted by your Court.

**Special Procedures or Method to Be Followed:**

The examination shall be conducted pursuant to the discovery rules as provided for in the Federal Rules of Civil Procedure of the United States, except to the extent such procedure is incompatible with the laws of British Columbia and the laws of Canada applicable therein. The Requesting Court further requests that: (1) the examination be taken orally; (2) the examination be taken before a stenographer and videographer selected by Defendants; (3) the videographer be permitted to record the examination by audiovisual means; (4) the stenographer be allowed to record a verbatim transcript of the examination; (5) the examination be conducted in English; (6) Mr. Smith be examined for no more than seven hours of testimony; (7) Mr. Smith be examined as soon as possible; and (8) the above-mentioned U.S. counsel for Defendants, and Canadian counsel retained by the parties, be permitted to participate in the examination, by attending the testimony of Mr. Smith either in person or by videoconference, and be permitted to examine and cross-examine Mr. Smith. In the event that the evidence cannot be taken according to some or all of the procedures described above, the Requesting Court requests that it be taken in such manner as provided by the laws of British Columbia and the Supreme Court Civil Rules for the formal taking of testimonial evidence.

**Request for Notification of the Time and Place for the Execution of the Letter Rogatory and Address of Persons to Be Notified:**

The Requesting Court requests that notification of the time and place for execution of the Letter Rogatory be sent to the following representatives of the Court and concerned parties:

The Hon. Jon S. Tigar
U.S. District Court for the Northern District of California
Oakland Courthouse, Courtroom 6 – 2nd Floor
1301 Clay Street
Oakland, CA 94612

Susan S. Muck
Kevin P. Muck
Jessica L. Lewis
Noah S. Guiney
Wilmer Cutler Pickering Hale and Dorr LLP
One Front Street, Suite 3500
San Francisco, CA 94111

Hunter Parsons
Borden Ladner Gervais LLP
Waterfront Centre
200 Burrard Street
Suite 1200
Vancouver, BC
V7X 1T2, Canada

Reed R. Kathrein
Lucas E. Gilmore
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

Steve W. Berman
Sean R. Matt
Karl P. Barth
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101

Lauren A. Ormsbee
Bernstein Litowitz Berger & Grossman LLP
1251 Avenue of the Americas
New York, NY 10020

**Specification of Privilege or Duty to Refuse to Give Evidence Under the Laws of British Columbia:**

Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and his or her attorney that was communicated specifically for the purposes of obtaining legal advice and which privilege has not been waived. United States law also recognizes a privilege against criminal self-incrimination. Other limited privileges on grounds not applicable here also exist, such as communications between doctors and patients, husband and wife, and clergy and penitent. Certain limited immunities are also recognized outside of the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation.

**Reimbursement of Fees and Costs Incurred:**

The Defendants will reimburse the Supreme Court of British Columbia for all expenses incurred in executing the Letter Rogatory.

Please direct requests for reimbursement to:

Susan S. Muck
Kevin P. Muck
Jessica L. Lewis
Wilmer Cutler Pickering Hale and Dorr LLP
One Front Street, Suite 3500
San Francisco, CA 94111

Hunter Parsons
Borden Ladner Gervais LLP
Waterfront Centre
200 Burrard Street
Suite 1200
Vancouver, BC
V7X 1T2, Canada

**Reciprocity Regarding Letter Rogatory:**

In the spirit of comity and reciprocity, the United States District Court for the Northern District of California, Oakland Division, hereby requests international judicial assistance in the form of this Letter Rogatory to obtain the oral examination, under oath, of Greg Smith on the topics set forth in Annex B. The Requesting Court expresses its sincere willingness to provide similar

LETTER ROGATORY
REGARDING GREG SMITH                - 10 -                Case No. 4:19-cv-07481-JST

assistance and to honor similar appropriate requests from the Supreme Court of British Columbia if future circumstances should so require.

For the foregoing reasons, this Court hereby issues this Letter Rogatory authorizing the taking of testimony upon oral examination, under oath, of Greg Smith, as follows:

**TESTIMONY**

If acceptable to the Supreme Court of British Columbia, Mr. Smith shall be required to sit for a deposition for no longer than seven (7) hours of testimony; and counsel for the Defendants shall conduct themselves consistent with the Federal Rules of Civil Procedure of the United States, as well as any Local Rules and Standing Orders in the Northern District of California governing the above-captioned action.

It would further the interests of justice if, by the proper and usual process of the Supreme Court of British Columbia, Mr. Smith were to be summoned to appear before a person empowered under British Columbia law to administer oaths and take testimony, and required to give testimony under oath or affirmation on the topics listed in Annex B by questions and answers upon oral examination at a convenient location in British Columbia, Canada.

This Letter Rogatory is signed and sealed by Order of the Court made on the date set forth below.

Dated: _____April 5_____, 2024

_____
The Hon. Jon S. Tigar
Judge of the United States District Court
Northern District of California
Oakland Division

**ANNEX B**

**Matters Upon Which the Witness Is to Be Examined**

**Matter No. 1:**

Mr. Smith's employment history with Plantronics from 2005 to 2020.

**Matter No 2:**

Mr. Smith's duties and responsibilities in each role he held at Plantronics while an employee from 2005 to 2020.

**Matter No. 3:**

The persons who reported to Mr. Smith while Mr. Smith was Plantronics' National Channel Sales Manager for Canada, and his communications with those individuals regarding Plantronics' sales practices.

**Matter No. 4:**

The persons to whom Mr. Smith reported while Mr. Smith was Plantronics' National Channel Sales Manager for Canada, and his communications with those individuals regarding Plantronics' sales practices.

**Matter No. 5:**

Mr. Smith's personal knowledge of Plantronics' sales practices while he was Plantronics' National Channel Sales Manager for Canada.

**Matter No. 6:**

The truth, accuracy, context, and bases of Mr. Smith's personal knowledge for the statements attributed to Mr. Smith in the pleadings filed by Plaintiffs in the above-captioned action, including, but not limited to:

a. The statement that Mr. Smith "confirmed [the Company's] risky sales practice and channel stuffing, and how it came into place in conjunction with the Polycom acquisition and the employment of Jeff Loebbaka, Plantronics' Executive Vice President of Global Sales tasked with handling both Plantronics' and Polycom's product sales."

b.  The statement that Mr. Smith "explained that Loebbaka implemented new channel-stuffing sales practices that dramatically altered the Company's historic practice of 'shipping to order' with channel partners carrying six to eight weeks of inventory, into a practice where the Company asked channel partners to carry four to six months of inventory, with large sales at the end of each quarter."

c.  The statement that Mr. Smith "said the channel stuffing policies were put into place by Loebbaka shortly after he took control and Mike Reid because the head of distribution, all while [Defendant Joseph] Burton was out on extended sick leave."

d.  The statement that Mr. Smith "was warned by numerous people that the channel stuffing policies would hurt the company and eventually trigger an audit."

e.  The statement that Mr. Smith "detailed when the channel stuffing would occur. According to [Mr. Smith], Loebbaka consistently pushed product on to the channel partners two to three weeks before the end of every quarter in order to meet or exceed sales expectations."

f.  The statement that Mr. Smith "said that channel stuffing practices were 'terrible.' [Mr. Smith] specifically recalled a manager from D&H Distributors complaining that D&H was taking on too much product."

g.  The statement that Mr. Smith "further stated that some of the channel partners had so much inventory they complained about not being able to pay storage bills as a result of the stockpile of products they were taking on and, in another instance, [Mr. Smith] said that David Angel [Plantronics Senior Director, Americas Channel Sales] had been asked to report shipments to Staples as sales prior to the shipment being received by them to prematurely recognize revenue before quarter end."

**Matter No. 7:**

Mr. Smith's communications with Jeff Loebbaka, Plantronics' former Executive Vice President of Global Sales.

LETTER ROGATORY
REGARDING GREG SMITH            - 13 -            Case No. 4:19-cv-07481-JST

**Matter No. 8:**

Mr. Smith's personal knowledge of, and communications with, Plantronics' distributors and channel partners during Mr. Smith's tenure as Plantronics' National Channel Sales Manager for Canada.

**Matter No. 9:**

Mr. Smith's personal knowledge of, and communications with, Defendants Joseph Burton, Charles Boynton, and Pamela Strayer.

**Matter No. 10:**

Mr. Smith's personal knowledge of Plantronics' channel partners, the Company's distribution strategy, and the Company's sales practices during his time as an employee of the Company.

**Matter No. 11:**

Mr. Smith's communications with Plaintiffs and their counsel to date, including but not limited to promises Plaintiffs or their counsel may have made to Mr. Smith relating to his provision of information to be used in Plaintiffs' pleadings in the above-captioned action, and relating to any testimony Mr. Smith would offer in the above-captioned action.

**Matter No. 12:**

The circumstances of Mr. Smith's departure from Plantronics.

# Appendix A

SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

PETER J. KOLOVOS (*Pro Hac Vice*)
peter.kolovos@wilmerhale.com
SONIA SUJANANI (*Pro Hac Vice*)
sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

NOAH S. GUINEY (SBN 324079)
noah.guiney@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Defendants Plantronics, Inc.,
Joseph Burton, Charles Boynton and
Pamela Strayer*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION. | Case No. 4:19-cv-07481-JST |
| | **STIPULATION REGARDING CONFIDENTIALITY AND ~~[PROPOSED]~~ PROTECTIVE ORDER** |

United States District Court
Northern District of California

STIPULATED PROTECTIVE ORDER                                    4:19-cv-07481-JST

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the

2

STIPULATED PROTECTIVE ORDER                                                4:19-cv-07481-JST

litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel: attorneys who are employees of a party to this action and attorneys who are employees of HP Inc. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, House Counsel, and Outside Counsel of Record (and their support staffs).

2.11     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3

STIPULATED PROTECTIVE ORDER                                                    4:19-cv-07481-JST

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of the material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

4

STIPULATED PROTECTIVE ORDER                                         4:19-cv-07481-JST

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings) produced as PDF or TIFF/JPEG images, that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). For documents produced in native format, the Producing Party shall append "CONFIDENTIAL" to the filename.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other

5

proceeding, all protected testimony. Alternatively, the parties may agree before the close of a deposition or other proceeding to designate material as "CONFIDENTIAL" for up to 21 days after receipt of the transcript of each deposition or proceeding. In that event,  any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated as "CONFIDENTIAL" in its entirety unless otherwise agreed to by all parties. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging (including identifying Bates Number designation as applicable) and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality

6

STIPULATED PROTECTIVE ORDER                                                          4:19-cv-07481-JST

is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain

7

STIPULATED PROTECTIVE ORDER                                                          4:19-cv-07481-JST

confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party, including the Experts' employees, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

8

STIPULATED PROTECTIVE ORDER                                                    4:19-cv-07481-JST

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed or agreed on the record to abide by the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) mediators or other alternative dispute resolution neutrals (including their employees, agents, and contractors) to whom disclosure is reasonably necessary to their involvement in this litigation.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation or proceedings that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before

9

STIPULATED PROTECTIVE ORDER                                                      4:19-cv-07481-JST

a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking

10

STIPULATED PROTECTIVE ORDER                                                      4:19-cv-07481-JST

Case 4:19-cv-07481-JST   Document 137   Filed 02/23/23   Page 11 of 14

protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12.    DISCOVERY FROM EXPERTS OR CONSULTANTS

(a)  Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b)  No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert that the testifying expert relied upon in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(c)  No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in

STIPULATED PROTECTIVE ORDER                                                                                4:19-cv-07481-JST

this case.

13.   MISCELLANEOUS

13.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this or any other action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

14.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in section 4 (DURATION), or such other time to be agreed upon by the parties and ordered by the Court, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

12

(by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:   February 22, 2023           /s/ Sean R. Matt
                                     Attorney for Lead Plaintiff Ilya Trubnikov

DATED:   February 22, 2023           /s/ Lauren A. Ormsbee
                                     Attorney for Lead Plaintiff Roofers' Pension Fund

DATED:   February 22, 2023           /s/ Peter J. Kolovos
                                     Attorney for Defendants


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED:   February 23, 2023           _____
                                     Hon. Jon S. Tigar
                                     United States District Judge

13

STIPULATED PROTECTIVE ORDER                                    4:19-cv-07481-JST

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *In re Plantronics, Inc. Securities Litigation*, Case No. 4:19-cv-07481-JST. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

14

STIPULATED PROTECTIVE ORDER                                                    4:19-cv-07481-JST