UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE PLANTRONICS, INC.
SECURITIES LITIGATION

Case No. 19-cv-07481-JST

**ORDER GRANTING IN PART AND DENYING IN PART CORRECTED MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT; ORDER GRANTING MOTION TO SEAL**

Re: ECF Nos. 173, 184

Before the Court is Plaintiffs' motion to modify the Court's scheduling order of February 21, 2023, and for leave to file the proposed Third Amended Complaint ("TAC").[1] ECF No. 173.[2] Also before the Court is Defendants' motion to seal certain portions of their objections to Plaintiffs' reply evidence and materials that Defendants submitted in support of their objections. ECF No. 184. The Court will grant in part and deny in part the motion to modify the scheduling order and for leave to file the proposed TAC, and grant the motion to seal.

I.    **BACKGROUND**

This action was filed on November 13, 2019. ECF No. 1. After the Court appointed Roofers' Pension Fund and Ilya Trubnikov as Lead Plaintiffs ("Plaintiffs"), ECF No. 62, they filed the amended complaint in which they alleged that Defendants Plantronics, Joseph Burton (Plantronics' CEO), Pamela Strayer (Plantronics' CFO from 2012 to March 8, 2019), and Charles

---

[1] Plaintiffs filed the proposed TAC partially under seal. The unredacted version of the proposed TAC is ECF No. 169-5.

[2] The unredacted version of the corrected motion to modify the scheduling order and for leave to file the proposed TAC is ECF No. 169-3.

United States District Court
Northern District of California

Boynton (Plantronics' CFO since March 8, 2019) violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by making false and misleading statements to investors. ECF No. 72. Plaintiffs asserted those claims on their own behalf and on behalf of "all other persons or entities who purchased or otherwise acquired securities of Plantronics" from August 7, 2018 to November 5, 2019, inclusive. *See id.* at 1.

On March 29, 2021, the Court granted Defendants' motion to dismiss all claims in the amended complaint, with leave to amend. ECF No. 84.

On June 22, 2021, Plaintiffs filed the Second Amended Complaint ("SAC"), which is the operative complaint. ECF No. 93. There, Plaintiffs assert the same claims under Sections 10(b) and 20(a) against the same Defendants as in the FAC. In relevant part, Plaintiffs allege that several statements by Defendants were false or misleading because they attributed Plantronics' positive revenue results to organic consumer demand for the company's products and the synergies achieved via Plantronics' acquisition of another company (non-party Polycom) when, in reality, those positive revenue results were the byproduct of an undisclosed sales practice. That sales practice, which Plantronics' employees referred to as "channel stuffing," involved incentivizing distributors to purchase more inventory from Plantronics than normal by giving them discounts and other concessions at the end of each quarter. The practice allowed Plantronics to report higher quarterly revenues than it otherwise would report, but it was unsustainable in the long term because it could, and allegedly did, lead distributors to accumulate more channel inventory than they could sell to end users, which eventually negatively impacted distributors' willingness to purchase more inventory from Plantronics.

On August 17, 2022, the Court granted in part and denied in part Defendants' motion to dismiss the SAC. ECF No. 109; *see also In re Plantronics, Inc. Sec. Litig.*, No. 19-CV-07481-JST, 2022 WL 3653333 (N.D. Cal. Aug. 17, 2022). The Court denied Defendants' motion to dismiss Plaintiffs' Section 10(b) and Section 20(a) claims to the extent that they were premised on three statements made by Defendants on November 6, 2018; February 5, 2019; and May 7, 2019. The Court found that the allegations in the SAC raised the inference that those three statements were misleading when made because they discussed Plantronics' positive revenue results and

attributed them to organic consumer demand for Plantronics' products without mentioning that the revenue results were a byproduct of the undisclosed sales practice. *In re Plantronics*, 2022 WL 3653333, at \*10-12. The Court granted Defendants' motion to dismiss Plaintiffs' Section 10(b) and Section 20(a) claims, with leave to amend, to the extent that they were premised, in relevant part, on allegations that August 7, 2018 statements that discussed Plantronics' positive revenue results and attributed them to consumer demand for Plantronics' products were not plausibly misleading for failure to disclose the sales practice at issue. The Court gave Plaintiffs thirty days, by September 16, 2022, to file an amended complaint curing the deficiencies with respect to the August 7, 2018 statements.

On September 8, 2022, Plaintiffs filed a notice stating that they did not "currently intend" to amend the complaint, and that, "[p]ending any factual developments, Lead Plaintiffs reserve the right to seek to amend the Complaint upon a demonstration of good cause under Fed. R. Civ. P. 16(b)(4)." ECF No. 115.

On February 21, 2023, the Court entered a scheduling order. ECF No. 135. It provides, in relevant part, that the deadline to amend the pleadings is September 16, 2022, and that, after that deadline, "a party may still seek amendment, but must demonstrate good cause" under Federal Rule of Civil Procedure 16(b)(4). *See id.* at 1 n.1.

On October 2, 2023, Plaintiffs filed a motion to modify the scheduling order to permit them to file the proposed TAC. ECF No. 160. However, in that motion, and in the proposed TAC that was attached to it, Plaintiffs incorrectly attributed certain ███████████████ that Defendants produced in discovery to a person that Plaintiffs later discovered did not author ███ *See* ECF No. 169-3 at 6 n.1. Accordingly, on October 20, 2023, Plaintiffs filed a "corrected" motion to modify the scheduling order to permit them to file the proposed TAC, ECF No. 169-3, as well as a corrected proposed TAC, ECF No. 169-5. Defendants oppose the corrected motion. ECF No. 174-3. Defendants also object to evidence that Plaintiffs filed in support of their reply. ECF No. 184-3.

## II.    LEGAL STANDARD

After a Court has set a deadline for amending the pleadings, a request to file an amended

United States District Court
Northern District of California

complaint that is made after the deadline for amending the pleadings has passed is governed by Federal Rule of Civil Procedure 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992). Rule 16(b)(4) provides that a schedule may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citation omitted). "If that party was not diligent, the inquiry should end." *Id.*

If a plaintiff demonstrates good cause under Rule 16(b), then the Court considers whether the requested amendment of the complaint is proper under Rule 15(a). *See Johnson*, 975 F.2d at 607-09. Under Federal Rule of Civil Procedure 15(a), a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). The Court considers five factors (known as the *Foman* factors) in deciding a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and repeated failure to cure the complaint's deficiencies by amendment. *See id.* at 1051-52 (citations omitted). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *See Eminence*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* at 1052.

## III.    DISCUSSION

Plaintiffs move to modify the Court's February 21, 2023 scheduling order to permit them to file the proposed TAC, ECF No. 169-5. The proposed TAC differs from the SAC in three ways: (1) the TAC challenges, for the first time in this action, statements that Defendants allegedly made on September 11, 2018, *see* TAC ¶¶ 156-60; (2) the TAC contains new allegations that were not pleaded in the SAC, which Plaintiffs contend "clarify" their theory of loss causation, *see id.* ¶¶ 211-15; and (3) the TAC contains new allegations that Plaintiffs claim cure the pleading

United States District Court
Northern District of California

deficiencies that the Court identified in its order of August 17, 2022 with respect to the previously challenged statements of August 7, 2018.

Defendants oppose the motion, arguing that Plaintiffs have not made the requisite showing of diligence with respect to any of the three proposed amendments, and that, even if Plaintiffs had made that requisite showing, permitting Plaintiffs to amend the complaint would not be proper under Rule 15(a) because Plaintiffs' proposed amendments are futile. ECF No. 174-3. As noted, Defendants also object to evidence that Plaintiffs filed in support of their reply. ECF No. 184-3. The evidence to which Defendants object is the December 2023 deposition testimony of Plantronics' former CEO, Ken Kannappan, which Plaintiffs offer in support of their arguments that their proposed amendments to the complaint are not futile.

As a threshold matter, for the purpose of resolving Plaintiffs' motion to modify the scheduling order, the Court will not consider the reply evidence to which Defendants object on the ground that Defendants did not have an opportunity to respond to it. The Court overrules Defendants' objections to that reply evidence as moot. The Court grants Defendants' motion to seal the materials they filed in support of their objections, ECF No. 184, on the ground that the Court will not consider those materials for the purpose of resolving Plaintiffs' motion to modify the scheduling order.

Because the absence of diligence is dispositive of a motion to modify a scheduling order, *see Johnson*, 975 F.2d at 609 ("If that party was not diligent, the inquiry should end"), the Court first determines whether Plaintiffs have shown that they were diligent in seeking to amend the complaint in the three ways they propose. If Plaintiffs have shown that they were diligent with respect to a proposed amendment, the Court then considers whether the proposed amendment satisfies the requirements of Rule 15(a).

### A.    New Challenged Statements of September 11, 2018

In the proposed TAC, Plaintiffs allege, for the first time in this action, that two statements that Defendants made on September 11, 2018 were false or misleading.

The first statement was allegedly made during a conference call with analysists on September 11, 2018, two months after Plantronics' acquisition of non-party Polycom closed. *See*

TAC ¶ 156. Plaintiffs aver in the proposed TAC that "Defendant Strayer announced that the Company's integration efforts and business synergies were exceeding expectations, stating that Plantronics now expected to achieve $85 million in annualized run rate cost synergies within one year of transaction close, up from $75 million." *Id.* Defendant Strayer also stated:

> I also want to note that we have already begun work on realizing these synergies and will continue to do so in the coming months, with the expectation the majority of the year one cost savings will be realized in the latter half of the first year following transaction close. In addition, we're pleased to announce improved long-term operating model targets. ***We expect to accelerate revenue growth through fiscal 2020 and are targeting 5% to 8% annual revenue growth in fiscal 2021.*** These growth expectations are largely in line with market growth rates, but will ramp over the next several quarters as we integrate the two portfolios, focus our investments and launch new products targeting specific growth segments in our core markets.

*Id.* (emphasis in the original).

The second statement was allegedly made on September 11, 2018, when Plantronics "filed an Amendment to its July 2, 2018 Current Report with the SEC on Form 8-K/A signed by Defendant Strayer, which included, among other things the unaudited condensed consolidated financial statements of Polycom, Inc. as of March 31, 2018 and for the three months ended March 31, 2018 and 2017, wherein Defendants represented that Polycom, Inc. earned $271.228 million in total revenues for the three months ended March 31, 2018, including $192,312 million in product revenues." *Id.* ¶ 157.

In the proposed TAC, Plaintiffs allege that the two September 11, 2018 statements described above were misleading because they failed to disclose that "Plantronics' revenue growth was reliant upon a new sales practice that intentionally replaced Plantronics' stable and predictable 30-30-40 model with a hockey stick model wherein sales were generated from quarter-end deals to get distributors to take product." TAC ¶ 160. In other words, Plaintiffs allege that the statements were misleading for failing to disclose Plantronics' undisclosed sales practice involving channel stuffing. With respect to the second statement, Plaintiffs aver that it was misleading for the

6

*additional* reason that "it omitted that a material part of the growth [of Polycom] was attributable to Polycom's policy of orchestrating revenue at the end of the quarter." *Id.*

Defendants contend that Plaintiffs have not provided any justification for their belated challenge of the two September 11, 2018 statements. ECF No. 174-3 at 29. Defendants argue that the alleged falsity of the statements is premised on Defendants' failure to "disclose Plantronics' supposedly new sales model" involving channel stuffing, which is "the exact theory advanced in the SAC." *See id.* Defendants further argue that Plaintiffs have not explained why they did not challenge the statements at issue sooner. *See id.*

In their reply, Plaintiffs do not respond to Defendants' arguments. *See generally* ECF No. 183-1.

The Court finds that Plaintiffs have not shown that they were diligent in seeking to amend the complaint to challenge the September 11, 2018 statements. The falsity of the statements is premised on Defendants' alleged failure to disclose Plantronics' sales practice involving channel stuffing.[3] That theory is alleged in the SAC with respect to other statements that Plaintiffs challenged in that pleading. Because the September 11, 2018 statements were allegedly false or misleading for the same reason that other statements that Plaintiffs challenged in the SAC were allegedly false or misleading, Plaintiffs could have challenged the September 11, 2018 statements in the SAC. Plaintiffs have not explained why they did not do so. Plaintiffs also could have challenged the September 11, 2018 statements sooner by filing a third amended complaint within the thirty-day deadline that the Court set after it granted in part and denied in part Defendants' motion to dismiss the SAC (as noted above, that deadline was September 16, 2022). Plaintiffs have not explained why they did not do that either. Because Plaintiffs have not shown that they

---

[3] As noted, Plaintiffs allege that the second statement of September 11, 2018 was misleading for the *additional* reason that Defendants failed to disclose that Polycom's revenue growth was attributable to its "policy of orchestrating revenue at the end of the quarter." TAC ¶ 160. However, Polycom's end-of-quarter sales practice was alleged in the SAC. *See, e.g.*, SAC ¶¶ 9, 234. Therefore, Plaintiffs could have challenged the second September 11, 2018 statement in the SAC based on Defendants' failure to disclose Polycom's end-of-quarter sales practice. Plaintiffs have not shown otherwise.

United States District Court
Northern District of California

were diligent in challenging the September 11, 2018 statements, Plaintiffs have not shown good cause for modifying the scheduling order to permit them to do so now.

### B. New Allegations Regarding Loss Causation

In the proposed TAC, Plaintiffs also seek to add new allegations to their theory of loss causation. Plaintiffs allege that, on February 4, 2020, "after the Class Period, the risks posed by Defendants' fraud further materialized when Plantronics announced disappointing third quarter fiscal year 2020 results." *See* TAC ¶ 211. Plantronics' disappointing results allegedly led to negative commentary and downgrades by analysists, and that, in turn, allegedly caused the price of Plantronics' stock to decline. *See id.* ¶¶ 212-15.

Defendants argue that Plaintiffs have not demonstrated that they were diligent in seeking to add the new loss causation allegations in question to the complaint. ECF No. 174-3 at 30. Defendants contend that the new allegations are based on publicly available statements that Defendants made in February 2020, which means that Plaintiffs could have included the new allegations at issue in a prior pleading.

Plaintiffs do not directly respond to those arguments. Plaintiffs contend only that the loss causation allegations they seek to add to the complaint are "clarifications" of the loss causation allegations they included in the SAC. *See* ECF No. 183-1 at 19. Plaintiffs do not explain why they did not include the allegations they now seek to add to the complaint in prior pleadings (including the SAC), or why they did not move to amend the complaint sooner to add them. *See id.*

The Court finds that Plaintiffs have not shown that they were diligent in moving to amend the complaint to add the new loss causation averments. The allegations are based on statements that Defendants allegedly made in 2020. Plaintiffs have not explained why they waited until now to add those allegations to the complaint. Accordingly, the Court finds that Plaintiffs have not shown good cause to modify the scheduling order to permit them to add the allegations in question to the complaint.

**C.    New Allegations Regarding Challenged Statements of August 7, 2018**

As noted above, in its order of August 17, 2022, the Court dismissed Plaintiffs' Section 10(b) and Section 20(a) claims to the extent that they were premised on the alleged falsity of statements made on August 7, 2018, which discussed Plantronics' positive revenue results and attributed them to market demand for Plantronics' products. The Court found that the allegations in the SAC did "not support an inference that the challenged statements of August 7, 2018 were misleading for failure to mention the undisclosed sales practice." *See In re Plantronics*, 2022 WL 3653333, at *13. The Court reasoned that, "[i]n the absence of non-conclusory factual matter suggesting that there was, prior to October 2018, excessive channel inventory accumulation caused by the undisclosed sales practice that could have significantly contributed to the revenues that Defendants discussed on August 7, 2018, the Court cannot infer that Defendants Burton and Strayer were required to mention the undisclosed sales practice when making the August 7, 2018 statements in order to avoid misleading investors as to the causes for the revenues." *Id.*

In the proposed TAC, Plaintiffs seek to add new allegations that they contend cure the defects that the Court found with respect to the August 7, 2018 statements. Those new allegations are that, ███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████ *See* ECF No. 169-3 at 13; TAC ¶¶ 38, 91-104. Plaintiffs further allege that excessive channel inventory accumulation caused by the undisclosed sales practice significantly contributed to the revenues that Defendants discussed on August 7, 2018, which meant that Defendants were required to disclose the undisclosed sales practice when making the August 7, 2018 statements to avoid misleading inventors. *See* TAC ¶¶ 38, 155. Defendants' failure to disclose the sales practice when discussing Plantronics' positive revenue results and

United States District Court
Northern District of California

9

other purported causes for those results allegedly rendered the August 7, 2018 statements misleading. *See id.*

The new allegations are based on documents that Defendants produced in discovery, including: (1) ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *see* TAC ¶¶ 91-95; (2) █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *see id.* ¶ 96; (3) ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *see id.* ¶ 100; (4) ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *see id.* ¶ 101-02; and (5) █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *see id.* ¶¶ 103-04.

Defendants argue that Plaintiffs have not shown that they were diligent in moving to add these new facts to the complaint. Defendants contend that they produced to Plaintiffs the

███████████████████████████████████████████████████████████████ on May 2, 2023, in a separate production with a cover letter that specifically called those documents to Plaintiffs' attention. *See* ECF No. 174-3 at 29. Defendants contend that Plaintiffs waited five months from the date of that production, until October 2, 2023, to file the present motion.

Plaintiffs respond that they were diligent in seeking to add the new facts at issue to the complaint. Plaintiffs do not dispute that Defendants produced the ████████████████████ ████████████ on May 2, 2023, but they contend that they could not have moved for leave to amend the complaint at that time in light of "the parties' agreement to mediate" in late June 2023. ECF No. 183-1 at 16. Plaintiffs argue that their delay in seeking leave to amend was further justified by the fact that Defendants did not produce until mid-August 2023 other key documents discussed above that contain some of the new facts they seek to add to the complaint. *See id*. Plaintiffs contend that they notified the Court of their intent to move to amend the complaint during the September 15, 2023 case management conference, and they moved to modify the scheduling order and for leave to amend the TAC soon thereafter pursuant to a stipulation approved by the Court. *See id.*

The Court credits Plaintiffs' representations as to when and how they discovered the new facts they now seek to add to the complaint and finds that Plaintiffs have shown that they were diligent in moving to modify the scheduling order to permit them to add those facts to the complaint. Plaintiffs discovered some of the facts they seek to add to the complaint in documents that Defendants produced in May 2023 and August 2023. *See* Sean Matt Decl. ¶ 6, ECF No. 169-4. The record shows that Plaintiffs discussed their intent to amend the complaint with Defendants in early August 2023 and again in early September 2023. *See id.* ¶ 8. Plaintiffs raised the issue to the Court in a joint case management statement filed on September 8, 2023. *See* ECF No. 153. Plaintiffs filed the present motion and proposed TAC a few weeks later, on October 2, 2023, consistent with a Court-approved stipulation. *See* ECF No. 157. Because Plaintiffs were diligent in moving to modify the scheduling order, the Court finds that Plaintiffs have shown good cause under Rule 16 for modifying the scheduling order.

United States District Court
Northern District of California

The Court now turns to the question of whether Plaintiffs have shown that their proposed amendment to the complaint to add the facts at issue complies with Rule 15(a).

Defendants contend that Plaintiffs' proposed amendment to the complaint does not comply with Rule 15(a) for two reasons: Plaintiffs were not diligent in seeking amendment, and the proposed amendment is futile. ECF No. 174-3 at 12-22, 28-30. Defendants do not argue that they would be prejudiced if the Court permits Plaintiffs to add the new facts at issue to the complaint. *See id.*

Where, as here, there is no showing that a proposed amendment to the complaint would prejudice the opposing party, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *See Eminence*, 316 F.3d at 1052. For the reasons discussed below, Defendants' arguments pertaining to Plaintiffs' purported lack of diligence and futility of amendment are insufficient to rebut that presumption.

Defendants' first argument that Plaintiffs delayed in seeking to amend the complaint to add the new facts fails. For the reasons discussed above, the Court finds that that Plaintiffs were diligent in seeking to amend the complaint to add the new facts at issue.

Defendants' second argument is that permitting Plaintiffs to add the new facts at issue would be futile, because those facts do not cure the deficiencies that the Court identified in its order of August 17, 2022. Defendants contend that the new facts do not give rise to the inference that Defendants were required to mention the undisclosed sales practice when making the August 7, 2018 statements in order to avoid misleading investors as to the causes for the positive revenue results they discussed therein. ECF No. 174-3 at 12-14. According to Defendants: (1) the new facts do not raise the inference that, at the time the August 7, 2018 statements were made, Plantronics was already experiencing excessive channel inventory accumulation due to channel stuffing such that the Court can infer that the channel stuffing sales practice was materially contributing to the revenues discussed in the August 7, 2018 statements; (2) Plaintiffs do not aver facts in the proposed TAC that establish that people who wrote some of the documents upon which the new facts at issue are based had personal knowledge of the matters they reported or of the purported impact of channel stuffing at Plantronics as of August 2018. *See id.* at 14-27.

United States District Court
Northern District of California

United States District Court
Northern District of California

Defendants also contend, in passing, that the Court should not permit Plaintiffs to add the new facts at issue because those facts are inconsistent with the facts alleged in the SAC. Defendants argue that Plaintiffs alleged in the SAC that Plantronics began engaging in the undisclosed sales practice *as part of* its acquisition of Polycom, which was completed in July 2018, whereas the new allegations they seek to add to the complaint suggest that Plantronics engaged in the undisclosed sales practice *prior* to the Polycom acquisition, since 2016. *See id.* at 8.

After carefully reviewing the proposed TAC, the Court finds that permitting Plaintiffs to amend the complaint to add the new facts at issue would not be futile. As noted, Plaintiffs allege that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* TAC ¶ 96. Plaintiffs also aver that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See id.* ¶¶ 103-04 (internal quotation marks omitted). Those allegations, when combined with allegations that Plaintiffs previously alleged in the SAC, including that Defendants had meetings in October 2018 during which the possibility of needing to write down some channel inventory was discussed because of concerns about excessive channel inventory levels, *see, e.g.*, SAC ¶ 101; *see also* TAC ¶ 118, are more than sufficient to raise the inference that (1) by the time the August 7, 2018 statements were made, Plantronics' undisclosed sales practice was materially contributing to the positive revenue results that Defendants discussed in those statements and was creating excess channel inventory accumulation; and (2) Defendants were required to disclose the channel stuffing sales practice to avoid misleading investors as to the causes for the positive revenue results they discussed on August 7, 2018. The proposed TAC raises the inference that

Defendants' failure to disclose the sales practice at issue when making the August 7, 2018 statements rendered those statements misleading.

Defendants' arguments to the contrary are not persuasive. Defendants contend that Plaintiffs' allegations regarding ███████████████████████ do not support Plaintiffs' allegations that the August 7, 2018 statements were misleading because "nothing in the Proposed TAC establishes that ███████████████████████████████████████████████████████████████████████████████████████████████████████[4] ECF No. 174-3 at 18. Those arguments are unavailing. The authorities that Defendants rely upon to support them are inapposite because they address the standards for evaluating the reliability and personal knowledge of *confidential witnesses*. *See McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1053 (N.D. Cal. 2019) (discussing reliability of statements of confidential witnesses); *Costabile v. Natus Med. Inc.*, 293 F. Supp. 3d 994, 1015 (N.D. Cal. 2018) (same). The proposed TAC identifies Kannapan by name and sets forth his various roles at Plantronics. *See* TAC ¶ 10 n.5. ███████████████████████ In any case, Plaintiffs allege sufficient facts in the proposed TAC that indicate that ███████████████████████████████████████████████ ██████████ ███████████████████████████████████████████████████████ because Plaintiffs allege that he was Plantronics' CEO from 1999 to until October 2016, when Defendant Burton became CEO; that he served as Executive Vice Chairman of Plantronics and reported to Defendant Burton from October 2016 to September 2017; that he traveled with Burton to meet with distributors while he served as Executive Vice Chairman of Plantronics; and that he served as a consultant for Plantronics until March 1, 2019. *See id.* ¶¶ 10 n.5, 98. Additionally, Plaintiffs allege that ███████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ████████████ *See id.* ¶ 96. Those allegations suggest that ████████████████████████████████████

---

[4] Defendants make the same arguments with respect to the ███████████████████████ alleged in the proposed TAC. Because the rulings in this order do not rely on the ████████████ ████████████████████ the Court does not address Defendants' arguments regarding ████████████

14

United States District Court
Northern District of California

United States District Court
Northern District of California

Defendants also argue that Plaintiffs' allegations are insufficient to raise the inference that the August 7, 2018 statements were misleading for failure to disclose the undisclosed sales practice based on *Yaron v. Intersect ENT, Inc.*, No. 19-CV-02647-JSW, 2020 WL 6750568, at *8 (N.D. Cal. June 19, 2020). *See* ECF No. 174-3 at 13-14. Defendants argue that, "[i]n *Yaron*, "[a]lthough bulk discounting eventually resulted in built-up inventory among customers, the court dismissed the claim because the plaintiff did not allege facts to show that channel stuffing negatively impacted sales or growth at the time of the challenged statements." *See id.* at 14 (internal quotation marks omitted). *Yaron* is distinguishable. There, the plaintiff alleged that statements that attributed *weakening* sales growth and lowered guidance to specific factors were misleading for failure to disclose that channel stuffing was another factor that had materially contributed to those negative results. *See id.* ("According to plaintiff, these statements were misleading because defendants affirmatively opined on the causes of weakening PROPEL sales without disclosing the material impact of channel stuffing."). The court found that the plaintiff had not plausibly alleged that those statements were misleading when made for failure to disclose channel stuffing because he "fail[ed] to allege facts to show that channel stuffing *negatively impacted* PROPEL sales or growth prospects during the Class Period[.]" *See id.* at *8-9 (emphasis added). Here, Plaintiffs do not allege that the August 7, 2018 statements were misleading for failure to disclose that the undisclosed sales practice was negatively impacting the sales or revenues that Defendants discussed on that date. Accordingly, unlike the plaintiff in *Yaron*, Plaintiffs are not required to allege facts indicating that the channel stuffing at Plantronics negatively impacted Plantronics' sales or growth at the time the August 7, 2018 statements were made.

Defendants next argue that the new facts that Plaintiffs seek to add to the complaint contradict their allegations in prior pleadings. That is not convincing. The allegations in the SAC raise the inference that Plantronics adopted the undisclosed sales practice as part of the Polycom acquisition, which was finalized in July 2018. Plaintiffs now seek to add facts to the complaint,

based on documents they obtained in discovery, as discussed above, indicating that ███████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████ *See, e.g.*, TAC ¶ 103.  The new facts that Plaintiffs seek to add to the complaint do not contradict the allegations in the SAC; rather, the new facts expand upon the SAC's allegations to conform to information that Plaintiffs obtained in discovery.

Defendants' other arguments invite the Court to draw inferences in their favor or to adopt their own interpretation of Plaintiffs' allegations and the documents upon which those allegations are based.  The Court declines to do so and construes the allegations in the proposed TAC in the light most favorable to Plaintiffs, as it must at this juncture.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1014 (9th Cir. 2018) (holding "that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage").

### CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' motion to modify the scheduling order to permit them to file the proposed TAC.  The Court DENIES Plaintiffs' motion to modify the scheduling order to permit them to (1) challenge for the first time the statements of September 11, 2018; (2) add new facts to the complaint regarding loss causation.  The Court GRANTS Plaintiffs' motion to modify the scheduling order to permit them to add new facts to the complaint in connection with the challenged statements of August 7, 2018.  Within seven days of the date this order is filed, Plaintiffs may file a third amended complaint that is identical in all respects to the proposed TAC, except that it shall not challenge the statements of September 11, 2018 or allege the new facts about loss causation that are discussed above and in the parties' briefs in connection with the present motion to modify the scheduling order.

The Court grants Defendants' motion to seal material they filed in support of their objections to Plaintiffs' reply evidence, ECF No. 184, on the ground that the Court will not

/ / /

/ / /

United States District Court
Northern District of California

16

United States District Court
Northern District of California

consider Plaintiffs' reply evidence or Defendants' objections thereto for the purpose of resolving the present motion to modify the scheduling order.

**IT IS SO ORDERED.**

Dated:  April 4, 2024



_____
JON S. TIGAR
United States District Judge