SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
JESSICA L. LEWIS (SBN 302467)
jessica.lewis@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

PETER J. KOLOVOS (*Pro Hac Vice*)
peter.kolovos@wilmerhale.com
SONIA SUJANANI (*Pro Hac Vice*)
sonia.sujanani@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

CHRISTOPHER W. JOHNSTONE (SBN 242152)
chris.johnstone@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | Case No. 4:19-cv-07481-JST |
| | **ANSWER OF DEFENDANTS PLANTRONICS, INC., JOSEPH BURTON, PAMELA STRAYER, AND CHARLES BOYNTON TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

Defendants Plantronics, Inc. ("Plantronics" or the "Company"), Joseph Burton, Pamela Strayer, and Charles Boynton (collectively, "Defendants"), by and through their undersigned counsel, hereby answer and respond as follows to the Third Amended Complaint for Violations of the Federal Securities Laws (the "TAC") filed by Lead Plaintiffs Ilya Trubnikov and Roofers' Pension Fund (collectively, "Plaintiffs"), in the above-captioned action ("Action").

On August 17, 2022, the Court entered an Order granting in part and denying in part Defendants' motion to dismiss the Second Amended Complaint ("SAC") in this action. *See* Order Granting In Part and Denying In Part Motion to Dismiss (ECF No. 109). In the Motion to Dismiss Order, the Court dismissed "Plaintiffs' claim under Section 10(b) and Rule 10b-5 to the extent it is predicated on: (1) the challenged statements regarding revenue of August 7, 2018; (2) the statements in Forms 10-Q throughout the Class Period regarding historical data to the extent that Plaintiffs allege that such statements were misleading because Defendants failed to disclose that they lacked historical data; and (3) the statements discussed in paragraphs 144, 154, and 163 of the SAC, to the extent that Plaintiffs allege that such statements were misleading because Defendants failed to disclose that they lacked a system for monitoring inventory in the context of estimating returns or providing guidance." *See* ECF No. 109 at 34. The Court denied Defendants' motion to dismiss Plaintiffs' claims under Section 10(b) and Section 20(a) to the extent these claims are "predicated on the challenged statements regarding revenue results of November 6, 2018; February 5, 2019; and May 7, 2019." *Id*. On October 2, 2023, Plaintiffs filed a motion to modify the scheduling order to permit them to file the proposed Third Amended Complaint. On April 4, 2024, the Court granted in Part and Denied in Part Plaintiffs' Corrected Motion to Modify the Scheduling Order and for Leave to File a Third Amended Complaint. In this Order, the Court granted Plaintiffs' "motion to modify the scheduling order to permit them to add new facts to the complaint in connection with the challenged statements of August 7, 2018" but denied Plaintiffs' motion to modify the scheduling order to permit them to "(1) challenge for the first time the statements of September 11, 2018; (2) add new facts to the complaint regarding loss causation." *See* ECF No. 215 (redacted version) at 16. As a result, no response is required in this Answer with respect to any allegations as to which the Court denied Plaintiffs leave to amend, allegations

pertaining to the claims dismissed by the Court, or allegations relating to claims previously dismissed in the Court's order to dismiss the SAC that were not the subject of Plaintiffs' motion to modify the scheduling order and for leave to file the proposed TAC.

Except as expressly admitted herein, Defendants deny each and every allegation set forth in the TAC.  Paragraph numbers in this Answer and the responses contained herein correspond and respond to the allegations in the like-numbered paragraphs of the TAC.  To the extent the paragraphs in the TAC are grouped under headings and subheadings, Defendants respond generally that such headings and subheadings state unsupported legal conclusions as to which no response is required.  To the extent a response is necessary, Defendants deny each heading and subheading in the TAC and incorporate by reference this response in each paragraph below as if fully set forth therein.  Unless otherwise stated expressly to the contrary, Defendant Pamela Strayer lacks knowledge or information sufficient to form a belief as to the truth of any allegations that pertain to events that purportedly took place after she left the Company on or about March 8, 2019, Defendant Charles Boynton lacks knowledge or information sufficient to form a belief as to the truth of any allegations that pertain to events that purportedly took place before he joined the Company on or about March 8, 2019, and Defendant Joseph Burton lacks knowledge or information sufficient to form a belief as to the truth of any allegations that pertain to events that purportedly took place after he resigned from the Company's Board of Directors on or about March 9, 2020, and therefore each deny all such allegations on that basis.  To the extent Defendants respond that a document speaks for itself, such an assertion shall not be deemed to be an admission that the contents of any such document are accurate or complete unless so stated expressly.  Any allegations in the TAC that state a legal conclusion do not require a response and, to the extent that any response is required, such allegations are denied.  Defendants generally and specifically deny any averments in the TAC's unnumbered paragraphs, footnotes, and prayer for relief except as expressly admitted herein, and specifically deny that Plaintiffs are entitled to the relief sought in their Prayer for Relief.  Defendants deny any characterization, including bolding, italics, or paraphrasing, of any alleged statement or that is not a full and accurate quote of the actual complete statement in context.  Defendants reserve the right to amend and/or supplement this answer.

**ANSWER TO SPECIFIC ALLEGATIONS**

1.      Defendants deny each and every allegation in Paragraph 1.

2.      Defendants deny each and every allegation in Paragraph 2.

3.      In response to the first sentence in Paragraph 3, Defendants admit that, in October 2016, chief executive S. Kenneth Kannappan retired and was replaced by Joseph Burton, a former Polycom executive who had joined Plantronics in 2011.  Defendants deny the remaining allegations of the first sentence of Paragraph 3.  Defendants deny the allegations in the second and third sentences in Paragraph 3.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences in Paragraph 3, which purport to summarize statements of alleged former employees, and therefore deny those allegations on that basis.  In response to the sixth sentence in Paragraph 3, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain statements made by Mr. Boynton, and that Mr. Boynton's full statements speak for themselves.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence in Paragraph 3, which purport to characterize and quote statements from alleged former employees to Plaintiffs and/or their counsel, and therefore deny them on that basis.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 3.

4.      In response to the first sentence in Paragraph 4, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain statements made by Mr. Burton on March 28, 2018, and that the full contents of Mr. Burton's actual statements speak for themselves.  Defendants deny the allegations in the second sentence of Paragraph 4.  In response to the third and fourth sentences in Paragraph 4, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain statements made by Mr. Burton on March 28, 2018, which speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 4.

5.      In response to Paragraph 5, Defendants admit that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 5.

6.      In response to the first sentence in Paragraph 6, Defendants admit that Plaintiffs purport to characterize and paraphrase, selectively and out of context, certain unidentified Company documents, which Company documents, if identified, would speak for themselves.  In response to the second sentence in Paragraph 6, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain unidentified public statements, which statements, if identified, would speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 6.

7.      In response to the first sentence in Paragraph 7, Defendants admit that Plaintiffs purport to characterize and paraphrase, selectively and out of context, Plantronics' August 7, 2018 report of its financial results and certain other unidentified statements, and that the full contents of such statements, if identified, would speak for themselves.  Defendants lack knowledge or information regarding the consensus revenue estimates referenced in the second sentence in Paragraph 7, and therefore deny these allegations on that basis.  In response to the third and fourth sentences in Paragraph 7, Defendants admit that Plaintiffs purport to characterize and paraphrase selectively and out of context Plantronics' August 7, 2018 report of its financial results and certain other unidentified statements, which statements, if identified, would speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 7.

8.      In response to the first sentence in Paragraph 8, Defendants admit that Plaintiffs purport to characterize and paraphrase selectively and out of context Plantronics' reports of its financial results and that the full contents of such statements speak for themselves.  Defendants lack knowledge or information regarding the opinions of unnamed "securities analysts and investors" and therefore deny the remaining allegations of the first sentence in Paragraph 8 on that basis.  In response to the remaining allegations in Paragraph 8, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made by representatives of a third party, and that these full third-party statements, if identified, would speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 8.

9.      In response to the first sentence in Paragraph 9, Defendants admit that Defendant Burton resigned as Chief Executive Officer and was replaced by Robert Hagerty, effective February 10, 2020.  Defendants also admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain unidentified statements or documents, which statements or documents, if identified, would speak for themselves.  Defendants deny the remaining allegations in the first sentence in Paragraph 9.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 9, which purport to characterize and quote statements from alleged former employees to Plaintiffs and/or their counsel, and therefore deny them on that basis.  Defendants deny the allegations in the third sentence in Paragraph 9.  In response to the fourth sentence in Paragraph 9, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain unidentified statements or documents, which statements or documents, if identified, would speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 9.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 1 regarding what information was purportedly provided by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in footnote 1.

No response is required to footnote 2, which purports to describe "commonly used" terminology and contains no factual allegations requiring admission or denial.  To the extent that any response is required, Defendants admit that the term "hockey stick" is used in certain circumstances to refer to, among other things, revenues or other financial metrics within a given period of time, and that the meaning of such term in such circumstances is commonly understood and speaks for itself.  Except as so expressly admitted, Defendants deny each and every allegation in footnote 2.

10.      In response to Paragraph 10, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, documents produced in this

Action, and that the full contents of such documents speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 10.

No response is required to footnote 3, consisting of a purported characterization of SEC guidance which speaks for itself. To the extent any response is required, Defendants deny the allegations in footnote 3.

In response to footnote 4, Defendants admit that Frank Baker was a member of the Plantronics Board of Directors from 2018 to 2021. Defendants further admit Marshall Mohr was previously a member of the Plantronics Board of Directors and Chairman of the Audit Committee, and joined the Board in 2005. Defendants further admit that Marv Tseu was Chairman of the Board of Plantronics from 1999 to 2018, and later served as the Vice Chairman of the Board of the company following its merger with Polycom. Defendants further admit that Bob Hagerty was a member of the Plantronics Board of Directors and began serving on the Board in 2011. Defendants further admit that Mr. Hagarty previously served as CEO, President and Chairman of Polycom, and became interim CEO in 2020. Except as so expressly admitted, Defendants deny each and every allegation in footnote 4.

In response to footnote 5, Defendants admit that Ken Kannappan was CEO of Plantronics from 1999 to 2016, and that Mr. Kannappan served as Executive Vice Chairman of Plantronics and reported to Joe Burton from October 2016 to October 2017. Defendants further admit that Mr. Kannappan served as a consultant to Plantronics beginning on October 1, 2017, and extending until March, 2019. Except as so expressly admitted, Defendants deny each and every allegation in footnote 5.

11. Defendants deny the allegations in the first sentence in Paragraph 11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 11 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly admitted, Defendants deny each and every allegation in the second, third, and fourth sentences of Paragraph 11.

12.    Defendants deny the allegations in the first sentence of Paragraph 12.  In response to the second, third and fourth sentences in Paragraph 12, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, a document produced in this Action, and that the full contents of such document speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in the second, third and fourth sentences of Paragraph 12.

13.    Defendants deny the allegations in the first sentence of Paragraph 13.  In response to the remaining allegations in Paragraph 13, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain statements from a document produced in this Action, and that the full contents of such document speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 13.

14.    Defendants deny the allegations in the first sentence of Paragraph 14.  In response to the remaining allegations in Paragraph 14, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain statements from a document produced in this Action, and that the full contents of such document speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 14.

15.    In response to Paragraph 15, Defendants admit that Plaintiffs purport to assert claims with a putative class period beginning on August 8, 2018, and that Plantronics reported its first quarter fiscal year 2019 results the previous day.  Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, portions of the Company's press release dated August 7, 2018, and that the full contents of that press release speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 15.

16.    Defendants deny each and every allegation in Paragraph 16.

17.    Defendants deny the allegations in the first sentence in Paragraph 17.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in Paragraph 17 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Defendants admit the allegations in footnote 6 of Paragraph 17. Defendants deny the allegations in footnote 7 of Paragraph 17. Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 17 and its footnotes.

18.    Defendants deny the allegations in the first and second sentences in Paragraph 18. In response to the third sentence in Paragraph 18, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain unidentified statements, which statements, if identified, would speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 18.

19.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and footnote 8 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny those allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 19 and footnote 8.

20.    Defendants deny the allegations in the first sentence in Paragraph 20. In response to the second sentence in Paragraph 20, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain unidentified statements allegedly made by Plantronics on March 11, 2019, and that the full contents of such statements, if identified, would speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 20.

Defendants deny the allegations in the first sentence of footnote 9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of footnote 9 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations of on that basis. Except as so expressly stated, Defendants deny each and every remaining allegation in footnote 9.

21.    Defendants deny the allegations in the first sentence in Paragraph 21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 21 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every remaining allegation in Paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 22.

In response to footnote 10, Defendants admit that Plaintiffs purport to characterize and paraphrase a social media profile of Mr. Loebbaka, and that the full contents of the social media profile speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in footnote 10.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 11 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in footnote 11.

23. Defendants deny each and every allegation in Paragraph 23.

24. Defendants deny each and every allegation in Paragraph 24.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 12 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in footnote 12.

25. Defendants deny the allegations in the first sentence in Paragraph 25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 25 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in the second, third and fourth sentences in Paragraph 25.

26. Defendants deny each and every allegation in Paragraph 26.

27.    Defendants deny each and every allegation in Paragraph 27.

28.    In response to the first, second, and third sentences in Paragraph 28, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain documents and statements allegedly attributed to Plantronics and Mr. Burton, and that the full contents of such documents and statements speak for themselves.  In response to the fourth sentence in Paragraph 28, Defendants admit that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 28.

Defendants are unable to review the full allegations in footnote 13 because a portion of that footnote is apparently obscured by the image of a chart included in the TAC.  To the extent that a portion of footnote 13 can be read, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements allegedly made by Mr. Boynton in the Company's November 5, 2019 conference call, and that the full content of those statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in footnote 13.

29.    Defendants deny the allegations in the first sentence in Paragraph 29.  In response to the remaining allegations of Paragraph 29, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain statements allegedly made by a third party, and that the full contents of such statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 29.

Defendants are unable to review any allegations in footnote 14, which is fully obscured by the image of a chart included in the TAC, and therefore deny all such allegations on that basis.

30.    In response to Paragraph 30, Defendants admit that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 30.

31.    In response to Paragraph 31, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements allegedly made by Mr. Burton and Mr. Boynton on November 20, 2019, and that the full contents of those statements

speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 31.

32.    In response to the first sentence in Paragraph 32, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements allegedly made by Mr. Boynton, and that the full contents of those statements speak for themselves. Defendants deny the allegations in the second sentence in Paragraph 32.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 32.

In response to footnote 15, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements in the Company's securities filings, and that the full contents of such filings speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in footnote 15.

Defendants note that footnote 16 does not contain factual allegations requiring admission or denial, and thus no response is required.  To the extent that any response is required, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made by Staff of the U.S. Securities and Exchange Commission, and that the full contents of such statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in footnote 16.

33.    Defendants deny each and every allegation in Paragraph 33.

34.    Defendants deny each and every allegation in Paragraph 34.

35.    Defendants deny each and every allegation in Paragraph 35.

36.    No response is required to the allegations in Paragraph 36, which purports to describe this action.  To the extent a response is required, Defendants admit that Plaintiffs purport to bring a putative class action seeking damages for alleged violations of the federal securities laws. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 36.

37.    Defendants admit that Paragraph 37 purports to characterize, paraphrase, and quote, selectively and out of context, statements made in the Court's August 17, 2022 Order granting in part and denying in part Defendants' Motion to Dismiss, and that the contents of that Order speak

for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 37.

38.    Defendants deny each and every allegation in Paragraph 38.

39.    No response is required to Paragraph 39, which was removed by order of the Court and thus does not contain factual allegations requiring admission or denial.  *See* Order Granting in Part and Denying in Part Corrected Motion to Modify Scheduling Order and for Leave to File a Third Amended Complaint; Order Granting Motion to Seal, ECF No. 209.

40.    No response is required to Paragraph 40, which was removed by order of the Court and thus does not contain factual allegations requiring admission or denial.  *See* Order Granting in Part and Denying in Part Corrected Motion to Modify Scheduling Order and for Leave to File a Third Amended Complaint; Order Granting Motion to Seal, ECF No. 209.

41.    No response is required to the allegations in Paragraph 41, which purports to describe the action.  To the extent a response is required, Defendants admit that Plaintiffs purport to assert claims under Sections 10(b) and 20(a) of the Exchange Act.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 41.

42.    Defendants deny each and every allegation in Paragraph 42.

43.    In response to Paragraph 43, Defendants admit that the Company maintained its headquarters at 345 Encinal Street, Santa Cruz, California 95060 during the relevant time periods and conducted business within the geographical limits of the U.S. District Court for the Northern District of California.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 43.

44.    Defendants deny each and every allegation in Paragraph 44.

45.    Defendants admit that Plaintiff Roofers' Pension Fund filed a certification in this Action, the contents of which speak for themselves.  Defendants deny that Plaintiff Roofers' Pension Fund has suffered any damages, and further deny the existence of any federal securities law violations, any false and/or misleading statements, and any material omissions.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45, and on that basis deny each and every remaining allegation therein.

46.    Defendants admit that Plaintiff Ilya Trubnikov filed a certification in this Action, the contents of which speak for itself.  Defendants deny that Plaintiff Trubnikov has suffered any damages, and further deny the existence of any federal securities law violations, any false and/or misleading statements, and any material omissions.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, and on that basis deny each and every remaining allegation therein.

47.    In response to the first sentence in Paragraph 47, Defendants admit that the Company is a corporation organized under Delaware law and conducts business within the geographical limits of the U.S. District Court for the Northern District of California.  In response to the second sentence in Paragraph 47, Defendants admit that the Company became a public company in 1994 with its stock listed on the New York Stock Exchange under the symbol "PLT." In response to the third sentence in Paragraph 47, Defendants admit that the Company was founded in 1961 and, among other things, designs, manufactures, and markets headsets.  In response to the fourth sentence in Paragraph 47, Defendants admit that the Company sells lightweight communications headsets, audio solutions, telephone headset systems, other communication endpoints, and accessories for the business and consumer markets.  Except as expressly admitted, Defendants deny each and every remaining allegation in Paragraph 47.

48.    In response to the first sentence in Paragraph 48, Defendants admit that on July 2, 2018, the Company completed its acquisition of Polycom, Inc.  Defendants further admit that Polycom sold phones and video conferencing equipment.  In response to the second sentence in Paragraph 48, Defendants admit the Company sells a variety of communications solutions.  In response to the third sentence in Paragraph 48, Defendants admit that the Company has described its product categories as including: (i) Enterprise Headsets, which includes corded and cordless communication headsets; (ii) Consumer Headsets, which includes Bluetooth and corded products for mobile device applications, personal computer ("PC") and gaming; and (iii) Voice, Video, and Content Sharing Solutions, which includes Open SIP desktop phones, conference room phones, and video endpoints, including cameras, speakers, and microphones.  Defendants deny the allegations in the fourth sentence in Paragraph 48.  In response to the fifth sentence in Paragraph

48, Defendants admit that the Company has disseminated SEC filings, press releases, investor presentations, and additional reports. Except as expressly admitted, Defendants deny each and every allegation in Paragraph 48.

49. In response to the first sentence in Paragraph 49, Defendants admit that Defendant Joseph Burton was the President and CEO of Plantronics from October 2016 to February 7, 2020. In response to the second sentence in Paragraph 49, Defendants admit that Mr. Burton served on the Company's Board of Directors from October 2016 to March 9, 2020 and that he resigned from the Company's Board in March 2020. In response to the third sentence in Paragraph 49, Defendants admit that, prior to joining the Company, Mr. Burton held various positions in the electronics industry, including executive, engineering leadership, and strategy positions. In response to the fourth sentence in Paragraph 49, Defendants admit that from 2010 to 2011, Mr. Burton was employed by Polycom, most recently as Executive Vice President, Chief Strategy and Technology Officer and, for a period of time, as General Manager, Service Provider concurrently with his technology leadership role. In response to the fifth sentence in Paragraph 49, Defendants admit that Joseph Burton stepped down as the Company's president and CEO in February 2020. Except as expressly admitted, Defendants deny each and every allegation in Paragraph 49.

50. In response to the first sentence in Paragraph 50, Defendants admit that Charles Boynton served as the Company's Executive Vice President and Chief Financial Officer ("CFO") from March 8, 2019 and continuing thereafter, through the time that the Company was acquired by HP Inc. in August 2022. Defendants further admit that Mr. Boynton was involved in establishing, maintaining and evaluating the Company's disclosure controls and procedures, including its financial reporting. Except as expressly admitted, Defendants deny each and every allegation in Paragraph 50.

51. In response to the first sentence in Paragraph 51, Defendants admit that Pamela Strayer was the Senior Vice President and CFO at Plantronics from 2012 to March 8, 2019. In response to the second and third sentences in Paragraph 51, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements in the Company's securities filings, and that the full contents of such filings speak for themselves. In

response to the fourth sentence in Paragraph 51, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements from Ms. Strayer's personal LinkedIn profile, and that the full contents of the actual statements speak for themselves. Except as expressly admitted, Defendants deny each and every allegation in Paragraph 51.

52.    Defendants deny each and every allegation in the first sentence in Paragraph 52. In response to the second and third sentences in Paragraph 52, Defendants admit that in March 2019, Mr. Boynton replaced Ms. Strayer as Senior Vice President and CFO for the Company, and that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain unidentified Company statements, and that the full contents of such statements, if identified, would speak for themselves. In response to the fourth and fifth sentences in Paragraph 52, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made by Mr. Burton, and that the full contents of such statements speak for themselves. Defendants deny each and every allegation in the sixth sentence of Paragraph 52. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 52.

53.    In response to the first and second sentences in Paragraph 53, Defendants admit that Jeff Loebbaka was Plantronics' Executive Vice President, Global Sales, from October 2017 through December 2019. In response to the third sentence in Paragraph 53, Defendants admit that Mr. Loebbaka served as a member of Plantronics' Executive Team, together with Mr. Burton and Ms. Strayer (until March 8, 2019) and Mr. Burton and Mr. Boynton (after March 8, 2019) until Mr. Loebbaka's departure from the Company on November 4, 2019. In response to the fourth sentence in Paragraph 53, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made by the Company in its filing on Form 8-K on November 4, 2019, and that the full filing and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 53.

54.    In response to Paragraph 54, Defendants admit that Plaintiffs purport to rely on the supposed statements of nine alleged former employees in the TAC. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 54.

55.     Defendants are informed and believe that the person referred to as FE-1 was an Inside Territory Account Manager at Plantronics for a portion of the time period alleged in Paragraph 55, and on that basis admit such allegation.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 55.

56.     Defendants are informed and believe that the person referred to as FE-2 was a Senior Country Manager for the Philippines at Plantronics for a portion of the time period alleged in Paragraph 56, and on that basis admit such allegation.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 56.

57.     Defendants are informed and believe that the person referred to as FE-3 was Director of Sales and Business Development for Latin America at Plantronics from March 2005 to August 2017, and on that basis admit such allegation.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 57.

58.     Defendants are informed and believe that the person referred to as FE-4 was an Operations Finance Manager at Polycom from July 2017 to July 2, 2018, and continued in a similar role at Plantronics from July 2, 2018 until January 28, 2019, and on that basis admit such allegation. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 58.

59.     Defendants are informed and believe that the person referred to as FE-5 was a Senior Director of Global Sales Compensation at Plantronics from June 2018 to September 2019, and on that basis admit such allegation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations purporting to characterize statements from FE-5 to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 59.

60.     Defendants are informed and believe that the person referred to as FE-6 was an Executive Vice President of Engineering for a portion of the time period alleged in Paragraph 60, and on that basis admit such allegation.  In response to the second sentence of Paragraph 60, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made by Mr. Burton in the Company's July 2, 2018 press release, and that the full press release and Mr. Burton's full statements therein speak for themselves.  In response

to the third sentence of Paragraph 60, Defendants admit that the person believed to be FE-6 attended meetings with Mr. Burton and Ms. Strayer.  Except as so expressly admitted, Defendants deny each and every allegation in the first, second and third sentences of Paragraph 60.  Defendants lack knowledge of information sufficient to form a belief as to the truth of the remaining allegations purporting to characterize and/or quote statements allegedly made to Plaintiffs and/or their counsel, and therefore deny all such allegations on that basis.  Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 60.

In response to footnote 17, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made by Mr. Burton in the Company's July 2, 2018 press release, and that the full press release and Mr. Burton's full statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every remaining allegation in footnote 17.

61.    Defendants are informed and believe that the person referred to as FE-7 was Plantronics' National Channel Sales Manager for Canada for a portion of the time period alleged in Paragraph 61, and on that basis admit such allegation.  Defendants lack knowledge or information sufficient to form a belief as to truth of allegations in Paragraph 61 purporting to characterize and quote from statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 61.

62.    Defendants are informed and believe that the person referred to as FE-8 was a Senior Associate in Internal Audit at Plantronics from January 2019 to June 2020, and on that basis admit such allegation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 62 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 62.

63.    Defendants are informed and believe that the person referred to as FE-9 was an Internal Audit Manager at Plantronics from January 2019 to September 2019, and on that basis

admit such allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 63.

64. In response to the first sentence in Paragraph 64, Defendants admit that the Company conducts business in Santa Cruz, California and produces audio communications equipment for businesses and consumers. In response to the second sentence in Paragraph 64, Defendants admit that the Company has described itself as designing, manufacturing, marketing, and selling integrated communications and collaboration solutions that span headsets, Open SIP desktop phones, audio and video conferencing, cloud management and analytics software solutions, and services. Except as so expressly admitted, Defendants deny each and every remaining allegation in Paragraph 64.

65. In response to the first sentence in Paragraph 65, Defendants admit that during the relevant period the Company reported its financial results on a fiscal year basis. In response to the second sentence in Paragraph 65, Defendants admit that the Company's fiscal year previously ended on the Saturday closest to the last day of March. In response to the third sentence in Paragraph 65, Defendants admit that the Company's fiscal year 2020 ran from April 2, 2019 through March 28, 2020. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 65.

66. In response to Paragraph 66, Defendants admit that Plantronics has described its product categories as including Enterprise Headsets, which includes corded and cordless communication headsets; Consumer Headsets, which include Bluetooth and corded products; Voice, Video and Content Sharing Solutions, which includes Open SIP desktop phones, conference room phones, and video endpoints, including cameras, speakers, and microphones. In response to the second sentence in Paragraph 66, Defendants admit that Plantronics products can be designed to work in a wide range of Unified Communications & Collaboration ("UC&C"),

Unified Communication as a Service ("UCaaS"), and Video as a Service environments. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 66.

67. In response to Paragraph 67, Defendants admit that Plantronics has described its audio and video solutions as designed to meet the needs of a wide variety of consumers and locations, including open offices (such as cubicles and contact centers), meeting rooms (from huddle rooms to boardrooms), mobile workers (using laptops, mobile phones, and tablets in or out of the office), back-offices (for management, monitoring, and analytics), PC and gaming, residential and other specialty applications. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 67.

68. Defendants admit that Plantronics products are well known in the Enterprise and Consumer headset market, that Plantronics has been recognized for its leadership in this market, and that the Company's financial statements and balance sheets speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 68.

69. Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, Plantronics' reported revenues for selected periods, and that the Company's reported financial results for those periods speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 69.

70. In response to Paragraph 70, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain Company statements made on March 28, 2018, and that the full contents of such statements, if identified, would speak for themselves. Defendants further admit that Plantronics announced it had entered into a definitive agreement to acquire Polycom on March 28, 2018, and that the full contents of that announcement speaks for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 70.

71. In response to the first sentence in Paragraph 71 and footnote 18, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain third-party statements, and that the full contents of such statements speak for themselves. In response to the second sentence in Paragraph 71, Defendants admit that Polycom was acquired for

consideration of approximately $2 billion and taken private in September 2016 by private equity firm Siris Capital Group, LLC and affiliates. Defendants deny the allegations in the third sentence in Paragraph 71. In response to the fourth and fifth sentences in Paragraph 71, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements in the Company's securities filings, and that the full contents of such documents speak for themselves. In response to the sixth sentence in Paragraph 71, Defendants admit that that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain unidentified statements by unidentified "market commentators," and that the full contents of such statements, if identified, would speak for themselves. Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 71 and footnote 18.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, which purport to characterize the business or operations of other companies, and on that basis deny each and every allegation therein.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, which purport to characterize the business or operations of other companies, and on that basis deny each and every allegation therein.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, which purport to characterize the business or operations of other companies, and on that basis deny each and every allegation therein.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, which purport to characterize the business or operations of other companies, and on that basis deny each and every allegation therein.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, which purport to characterize the business or operations of other companies, and on that basis deny each and every allegation therein.

77. Defendants deny the allegations in the first sentence in Paragraph 77. In response to the second and third sentences in Paragraph 77, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements in the Company's

Securities filings, and that the full contents of such documents speak for themselves. Defendants deny the allegations in the fourth sentence in Paragraph 77. In response to the fifth sentence in Paragraph 77, Defendants admit that, in connection with the acquisition of Polycom, Plantronics borrowed an additional $1.275 billion, which was financed through a senior secured term loan maturing in July 2025 and replaced its existing line of credit with a secured credit agreement. In response to the sixth sentence in Paragraph 77, Defendants admit that the Company's debt-equity leverage ratio moved from zero before the Polycom transaction to approximately 3.4 after. Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 77.

78. In response to the first sentence in Paragraph 78, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements in the Company's securities filings, and that the full contents of such documents speak for themselves. In response to the second sentence in Paragraph 78, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's annual reports, and that the full annual reports and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 78.

79. In response to Paragraph 79, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's March 28, 2018 press release, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 79.

80. In response to the first sentence in Paragraph 80, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's March 28, 2018 press release, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 80.

81. In response to the first sentence in Paragraph 81, Defendants admit that the Company held a conference call on March 28, 2018. In response to the remaining sentences in

Paragraph 81, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's March 28, 2018 conference call, and that the full statements made in that conference call speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 81.

82. In response to Paragraph 82, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in a *Northland Capital Markets* article and *GARP Research* report, and that the full documents and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 82.

83. In response to Paragraph 83, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's July 2, 2018 press release, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 83.

84. In response to Paragraph 84, Defendants admit that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 84.

85. Defendants deny each and every allegation in Paragraph 85.

86. In response to the first sentence in Paragraph 86, Defendants admit that the Company has sold its enterprise products through distributors and channel partners, who then sold these products directly to end users. In response to the second sentence in Paragraph 86, Defendants admit that the Company established distribution centers in Mexico, Thailand, Netherlands, Czech Republic, China, Australia, and the United States. In response to the third sentence in Paragraph 86, Defendants admit the Company utilized third-party warehouses in the Czech Republic, Thailand, the Netherlands, China, and Australia and operated warehouse facilities in Mexico, China, and the United States. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 86.

87.     In response to Paragraph 87, Defendants admit that the Company's channel network has included enterprise distributors, direct and indirect resellers, retailers, network and systems integrators, service providers, traditional and online consumer electronics retailers, consumer product retailers, office supply distributors, wireless carriers, catalog and mail order companies, and mass merchants.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 87.

In response to footnote 19, Defendants admit that the Company has sold its consumer products through both traditional and online consumer electronics retailers, consumer product retailers, office supply distributors, wireless carriers, catalog and mail order companies, and mass merchants.  Except as so expressly admitted, Defendants deny each and every allegation in footnote 19.

88.     In response to the first sentence in Paragraph 88, Defendants admit that, during the relevant period, the Company sold products to certain channel partners who maintained their own inventory of its products for sale to resellers and end users.  Defendants deny the allegations in the second and third sentences in Paragraph 88.  In response to the fourth and final sentence of Paragraph 88, Defendants admit that, at various times, certain channel partners provided end-user sales reports.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 88.

89.     Defendants deny each and every allegation in Paragraph 89.

90.     Defendants deny each and every allegation in Paragraph 90.

91.     Defendants deny each and every allegation in Paragraph 91.

92.     Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in a document produced in this Action.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 92.

93.     Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in a document produced in this Action.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 93.

94.    Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in a document produced in this Action.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 94.

95.    Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in a document produced in this Action.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 95.

96.    Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in an email produced in this Action.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 96.

97.    Defendants admit that the documents produced at PLANT_00007714, PLANT_00007718, and PLANT_00007721, as well as the document produced at PLANT_00007722, were addressed to members of Plantronics' Board of Directors and the Company's executive-level management.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 97.

98.    Defendants deny the allegations in the first sentence of Paragraph 98.  Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 98 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and Defendants therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 98.

99.    Defendants deny the allegations in the first sentence of Paragraph 99.  With regard to the second through eighth sentences of Paragraph 99, Defendants admit that Plaintiffs purport to characterize and paraphrase, selectively and out of context, certain unidentified Company documents, and that the full contents of such Company documents, if identified, would speak for themselves.  Defendants deny each and every allegation in the final sentence of Paragraph 99. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 99.

Defendants admit that in footnote 20, Plaintiffs purport to characterize and paraphrase, selectively and out of context, certain unidentified statements regarding the "channel rationalization process" made by Mr. Burton and unnamed "Defendants," and that the full contents

of such statements, if identified, would speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in footnote 20.

100. Defendants deny each and every allegation in the first sentence of Paragraph 100. With respect to the second and third sentences of Paragraph 100, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain statements made in emails, and that the full contents of those emails speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 100.

101. Defendants deny each and every allegation in the first sentence of Paragraph 101. In response to the second and third sentences of Paragraph 101, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain statements in Company emails, and that the full contents of those emails speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 101.

102. In response to Paragraph 102, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain statements in Company emails, and that the full contents of those emails speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 102.

103. Defendants deny each and every allegation in Paragraph 103.

104. In response to Paragraph 104, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain statements in Company emails, and that the full contents of those emails speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 104.

105. Defendants deny each and every allegation in Paragraph 105.

106. Defendants deny each and every allegation in Paragraph 106.

107. Defendants are informed and believe that the person referred to as FE-1 was an Inside Territory Account Manager at Plantronics for a portion of the time period alleged in Paragraph 107, and on that basis admit such allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their

counsel, and therefore deny such allegations on that basis.  Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 107.

Defendants note that footnotes 21 and 22 do not contain factual allegations requiring admission or denial, and thus no response is required.  To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnotes 21 and 22, and on that basis deny each and every allegation in those footnotes.

108.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 purporting to characterize statements from an alleged former employee to Plaintiffs and/or their counsel, and on that basis such allegations.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 108.

109.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 purporting to characterize statements from an alleged former employee to Plaintiffs and/or their counsel, and on that basis deny such allegations.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 109.

110.    In response to the first sentence in Paragraph 110, Defendants are informed and believe that, during the relevant period, the person referred to as FE-7 served as National Channel Sales Manager for Canada and reported to Roland Rice, and on that basis admit such allegations.  Except as so expressly admitted, Defendants deny each and every allegation in the first sentence of Paragraph 110.  In response to the second sentence in Paragraph 110, Defendants are informed and believe that the person referred to as FE-7 worked with Ingram Micro, Insight, CDW, Synex, Jenne, and D&H at certain times, and on that basis admit such allegations.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 110.

111.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 111.

112. In response to Paragraph 112, Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations purporting to characterize statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 112.

113. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 113 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 113.

114. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 114 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 114.

115. Defendants deny each and every allegation in Paragraph 115.

116. In response to Paragraph 116, Defendants are informed and believe that the person referred to as FE-6 was an Executive Vice President of Engineering for a portion of the time period alleged in Paragraph 116, and that after the closing of the Polycom acquisition in July 2018, such person reported to Mr. Burton and attended certain L-1 meetings chaired by Mr. Burton and attended by his direct reports, and on that basis admit such allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 116.

117. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 purporting to characterize statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 117.

118. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 purporting to characterize and quote from statements from an

alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 118.

In response to footnote 23, Defendants admit that Alejandro Bustamante was for a period Executive Vice President of Global Operations at Plantronics, and joined the Company in 1994. Except as so expressly admitted, Defendants each and every allegation in footnote 23.

119.    In response to Paragraph 119, Defendants admit that Mr. Boynton began working at Plantronics in March 2019. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 119.

120.    In response to Paragraph 120, Defendants are informed and believe that the persons referred to as FE-8 and FE-9 were at various times members of the Internal Audit team and worked on the ERM project, and on that basis admit such allegations. Defendants admit that Brigitte Ho was Senior Director of Internal Audit at Plantronics from 2014 to 2020. Defendants further admit that the objectives of the ERM process included identifying, categorizing, assessing and prioritizing risks facing the Company, providing awareness and insight on the Company's risk landscape to those responsible for its governance and oversight, provide input for leadership focus and prioritization of risk mitigation strategies, and to mitigate and reduce the Company's risk, and was performed using, among other things, a systematic, interview-based approach entailing interviews with leaders across the organization, including sales, finance, operations and marketing. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 120.

121.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 purporting to characterize statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 121.

122.    Defendants deny each and every allegation in Paragraph 122.

123.    Defendants deny each and every allegation in the first sentence of Paragraph 123. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or

their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 123.

124. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 124.

125. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 125.

126. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 126.

127. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 127 purporting to characterize or quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 127.

128. Defendants deny each and every allegation in the first sentence of Paragraph 128. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 128.

129. Defendants deny each and every allegation in the first sentence of Paragraph 129. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 129 purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 129.

130.    In response to the first sentence of Paragraph 130, Defendants admit that Jeff Loebbaka, Diane Boudreault-Owen, and members of the Company's finance organization were interviewed as part of the ERM process.  Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 130 purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 130.

131.    In response to the first sentence of Paragraph 131, Defendants admit that Mr. Loebbaka was interviewed as part of the ERM process.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 131.

132.    Defendants deny each and every allegation in the first sentence of Paragraph 132. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 132 purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 132.

133.    In response to the first sentence of Paragraph 133, Defendants deny each and every allegation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 133.

134.    In response to the first and third sentences of Paragraph 134, Defendants deny each and every allegation.  Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 134 purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on

that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 134.

135. In response to the first sentence of Paragraph 135, Defendants deny each and every allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 135 purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 135.

136. Defendants deny each and every allegation in the first sentence of Paragraph 136. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 136 purporting to characterize or quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 136.

137. In response to the first sentence in Paragraph 137, Defendants deny each and every allegation. Defendants admit that employees were instructed to comply fully with the team responsible for the ERM process, and that Mr. Boynton received information regarding the ERM process. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 137 purporting to characterize statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 137.

138. Defendants deny the allegations in the first and last sentences of Paragraph 138. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 138.

139. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 139 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny

such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 139.

140.    Defendants deny each and every allegation in the first and third sentences of Paragraph 140.  In response to the second sentence in Paragraph 140, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, certain statements by unidentified market analysts and participants, and that the full contents of such statements, if identified, would speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 140.

141.    In response to Paragraph 141, Defendants admit that on May 9, 2018, Plantronics filed with the SEC a Form 10-K Annual Report for the fiscal year ended March 31, 2018. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Form 10-K for the fiscal year ended March 31, 2018, and that the full filing and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 141.

142.    In response to Paragraph 142, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made by the Company in its Form 10-K for the fiscal year ended March 31, 2018, and that the full report and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 142.

143.    In response to Paragraph 143 and footnote 24, Defendants admit that the Company issued a press release and investor presentation on August 7, 2018.  Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's August 7, 2018 press release, and that the full press release and investor presentation, and statements in each of those materials, speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 143 and footnote 24.

144.    In response to Paragraph 144, Defendants admit that the Company issued a press release on August 7, 2018.  Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's August

7, 2018 press release, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 144.

145. In response to Paragraph 145, Defendants admit that the Company issued a press release on August 7, 2018. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's August 7, 2018 press release, and that the full press release and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 145.

146. In response to Paragraph 146, Defendants admit that the Company filed with the SEC a Form 8-K and Form 10-Q on August 7, 2018. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's periodic public filings with the SEC, and that the full contents of such documents speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 146.

147. In response to Paragraph 147, Defendants admit that the Company filed with the SEC a Form 10-Q on August 7, 2018. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's period public filings with the SEC, and that the full contents of such documents speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 147.

In response to footnote 25, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's period public filings, and that the contents of such documents speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in footnote 25.

148. Defendants deny each and every allegation in Paragraph 148.

149. In response to Paragraph 149, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's August 7, 2018 Form 10-Q, and that the full contents of that document speak for

themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 149.

150.   In response to Paragraph 150, Defendants answer that the full contents of the Company's August 7, 2018 Form 10-Q and the statements therein speak for themselves.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 150.

151.   In response to Paragraph 151, Defendants admit that Ms. Strayer signed the Company's August 7, 2018 Form 10-Q, that both Mr. Burton and Ms. Strayer and signed certifications for the Company's August 7, 2018 Form 10-Q, and that the full contents of the Form 10-Q speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 151.

In response to footnote 26, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's securities filings, and that the full contents of such documents speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in footnote 26.

152.   In response to Paragraph 152, Defendants admit that the Company hosted a conference call on August 7, 2018, that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Burton in that call, and that the full contents of Mr. Burton's statements made therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 152.

153.   In response to Paragraph 153, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made by analysts and Mr. Burton in the August 7, 2018 conference call, and that the full call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 153.

154.   In response to Paragraph 154, Defendants admit that Plaintiffs purport to characterize and paraphrase statements made in a Northland Capital Markets article, and that the full article and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 154.

155.   Defendants deny each and every allegation in Paragraph 155.

156.   No response is required to Paragraph 156, which was removed by order of the Court and thus does not contain factual allegations requiring admission or denial.  *See* Order Granting in Part and Denying in Part Corrected Motion to Modify Scheduling Order and for Leave to File a Third Amended Complaint; Order Granting Motion to Seal, ECF No. 209.

157.   No response is required to Paragraph 157, which was removed by order of the Court and thus does not contain factual allegations requiring admission or denial.  *See* Order Granting in Part and Denying in Part Corrected Motion to Modify Scheduling Order and for Leave to File a Third Amended Complaint; Order Granting Motion to Seal, ECF No. 209.

158.   No response is required to Paragraph 158, which was removed by order of the Court and thus does not contain factual allegations requiring admission or denial.  *See* Order Granting in Part and Denying in Part Corrected Motion to Modify Scheduling Order and for Leave to File a Third Amended Complaint; Order Granting Motion to Seal, ECF No. 209.

159.   No response is required to Paragraph 159, which was removed by order of the Court and thus does not contain factual allegations requiring admission or denial.  *See* Order Granting in Part and Denying in Part Corrected Motion to Modify Scheduling Order and for Leave to File a Third Amended Complaint; Order Granting Motion to Seal, ECF No. 209.

160.   No response is required to Paragraph 160, which was removed by order of the Court and thus does not contain factual allegations requiring admission or denial.  *See* Order Granting in Part and Denying in Part Corrected Motion to Modify Scheduling Order and for Leave to File a Third Amended Complaint; Order Granting Motion to Seal, ECF No. 209.

161.   In response to Paragraph 161 and footnote 27, Defendants admit that the Company issued a press release and earnings presentation, and filed a Form 8-K, on November 6, 2018. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's November 6, 2018 press release and Form 8-K, and that the full press release, earnings presentation and Form 8-K, and statements in each of those materials, speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 161 and footnote 27.

---

ANSWER TO TAC                     - 35 -                     Case No. 4:19-cv-07481-JST

162.   In response to Paragraph 162, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's November 6, 2018 press release, and that the full press release and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 162.

163.   In response to Paragraph 163, Defendants admit that the Company hosted a conference call on November 6, 2018.  Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in this November 6, 2018 conference call, and that the full contents of the conference call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 163.

164.   In response to Paragraph 164, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the November 6, 2018 conference call, and that the full contents of the call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 164.

165.   In response to Paragraph 165, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the November 6, 2018 conference call, and that the full contents of the call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 165.

166.   In response to Paragraph 166, Defendants admit that on November 7, 2018, the Company filed with the SEC its Form 10-Q for the period ended September 30, 2018, that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements in the Company's November 7, 2018 Form 10-Q, and that the full contents of the Form 10-Q speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 166.

167.    In response to Paragraph 167, Defendants answer that the full contents of the Company's November 7, 2018 Form 10-Q and statements therein speak for themselves. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 167.

168.    In response to Paragraph 168, Defendants admit that Ms. Strayer signed the November 7, 2018 Form 10-Q, that Mr. Burton and Ms. Strayer signed the certifications for that Form 10-Q, and that the full contents of the Form 10-Q speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 168.

169.    In response to Paragraph 169, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made by representatives of Northland Capital Markets, and that the full statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 169.

170.    In response to Paragraph 170 and footnote 28, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made by representatives of Northland Capital Markets, and that the full statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 170 and footnote 28.

171.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 171, and therefore deny such allegations on that basis. In response to the second, fourth, and fifth sentences in Paragraph 171, Defendants admit that Plaintiffs purport to characterize and paraphrase, selectively and out of context, statements made in certain public news media articles, and that the full articles and statements therein speak for themselves. In response to the third sentence in Paragraph 171, Defendants admit that prices and trading data for the Company's publicly traded securities are readily available, and that such data speak for themselves. Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 171.

172.    Defendants deny each and every allegation in Paragraph 172.

173.    In response to Paragraph 173 and footnote 29, Defendants admit that the Company issued a press release and earnings presentation, and filed a Form 8-K, on February 5, 2019.

Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made in the Company's February 5, 2019 press release and Form 8-K, and that the full contents of the press release, earnings presentation and Form 8-K, and statements in each of those materials, speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 173 and footnote 29.

174. In response to Paragraph 174, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's February 5, 2019 press release, and that the full contents of the press release and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 174.

175. In response to Paragraph 175, Defendants admit that the Company held a conference call on February 5, 2019, that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context statements made during this February 5, 2019 conference call, and that the full statements made in this conference call speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 175.

176. In response to the first sentence in Paragraph 176, Defendants admit that, on February 6, 2019, the Company filed with the SEC its quarterly report Form 10-Q for the period ended December 29, 2018. In response to the remaining allegations in Paragraph 176, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in this Form 10-Q, and that the full securities filing and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 176.

177. In response to Paragraph 177, Defendants note that the claims to which the allegations in Paragraph 177 pertain have been dismissed, *see* ECF No. 109 (Order Granting in Part and Denying in Part Motion to Dismiss) at 34, and thus no response to this paragraph is necessary. To the extent that any response is necessary, Defendants answer that the Company's February 6, 2019 Form 10-Q and statements therein speak for themselves. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 177.

178.    In response to Paragraph 178, Defendants admit that Ms. Strayer signed the referenced Form 10-Q, that Mr. Burton and Ms. Strayer signed the certifications for the Company's February 6, 2019 Form 10-Q, and that the full contents of such filing speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 178.

179.    In response to Paragraph 179, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made by representatives of Northland Securities, and that these full statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 179.

180.    Defendants deny each and every allegation in Paragraph 180.

181.    In response to Paragraph 181 and footnote 30, Defendants admit that the Company issued a press release and earnings presentation, and filed a Form 8-K, on May 7, 2019. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's May 7, 2019 press release and Form 8-K, and that the full press release, earnings presentation and Form 8-K, and statements in each of those materials, speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 181 and footnote 30.

182.    In response to Paragraph 182, Defendants admit that the Company hosted a conference call on May 7, 2019, the contents of which speak for themselves.  Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made on this May 7, 2019 conference call, and that the full contents of the call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 182.

183.    In response to Paragraph 183, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made on a May 7, 2019 conference call, and that the full contents of the conference call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 183.

184. In response to Paragraph 184, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made by representatives of Northland Securities, and that the full statements speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 184.

185. In response to the first sentence in Paragraph 185, Defendants admit that, on May 17, 2019, the Company filed with the SEC a Form 10-K for the period ending March 30, 2019. In response to the remaining allegations in Paragraph 162, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements in Company's May 17, 2019 Form 10-K, and that the full securities filing and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 185.

186. Defendants deny each and every allegation in Paragraph 186.

187. Defendants deny each and every allegation in Paragraph 187.

188. Defendants deny each and every allegation in Paragraph 188.

189. Defendants deny each and every allegation in Paragraph 189.

190. In response to Paragraph 190, Defendants admit that representatives of the Company participated in a June 18, 2019 webinar with Northland Capital Markets, that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements by Mr. Boynton in the June 18, 2019 webinar, and that the full contents of Mr. Boynton's statements in that webinar speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 190.

191. In response to Paragraph 191, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements by Mr. Boynton in a webinar on June 18, 2019, and that the full contents of Mr. Boynton's statements in that webinar speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 191.

192. In response to the first sentence in Paragraph 192, Defendants admit that Plaintiffs purport to characterize and paraphrase, selectively and out of context, certain unidentified third-party statements, and that the contents of such third-party statements would, if identified, speak

for themselves.  In response to the second sentence in Paragraph 192, Defendants admit that daily closing prices and trading data for the Company's publicly traded securities are readily available, and that such data speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 192.

193.   In response to Paragraph 193 and footnote 31, Defendants admit that the Company issued a press release and earnings presentation, and filed a Form 8-K, on August 6, 2019. Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context, statements made in the Company's August 6, 2019 press release and Form 8-K, and that the full contents of the press release, earnings presentation, and Form 8-K, and statements in each of those materials, speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 193 and footnote 31.

194.   In response to Paragraph 194, Defendants admit that the Company hosted a conference call on August 6, 2019, and that the full contents of statements made during that conference call speak for themselves.  Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements by Mr. Burton in this August 6, 2019 conference call, and that the full contents of Mr. Burton's statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 194.

195.   In response to Paragraph 195, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the August 6, 2019 conference call, and that the full contents of statements made during that conference call speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 195.

196.   In response to Paragraph 196, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the August 6, 2019 conference call, and that the full contents of statements made during that conference call speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 196.

197.    In response to the first, second, and third sentences in Paragraph 197, Defendants admit that Plaintiffs purport to characterize and paraphrase, selectively and out of context, statements made by representatives of Northland Capital, and that the full contents of the statements speak for themselves.  In response to the fourth, fifth, and sixth sentences in Paragraph 197, Defendants admit that Plaintiffs purport to characterize and paraphrase, selectively and out of context, statements made by representatives of Cowen, and that the full contents of the statements speak for themselves.  In response to the final sentence in Paragraph 197, Defendants admit that daily closing prices for the Company's publicly traded securities are readily available, and that such data speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 197.

198.    Defendants deny each and every allegation in Paragraph 198.

199.    In response to Paragraph 199, Defendants admit that, on August 6, 2019, the Company filed with the SEC a Form 10-Q for the period ended June 29, 2019, that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements in the Company's August 6, 2019 Form 10-Q, and that the full securities filing and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 199.

200.    In response to Paragraph 200, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's August 6, 2019 Form 10-Q, and the full securities filing and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 200.

201.    Defendants deny each and every allegation in Paragraph 201.

202.    In response to Paragraph 202, Defendants admit that the Company issued a press release on November 5, 2019 discussing, among other things, second quarter fiscal year 2020 financial results.  Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's November 5, 2019 press

release, and that the full contents of the press release and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 202.

203. In response to Paragraph 203, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's November 5, 2019 press release, and that the full contents of the press release and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 203.

204. In response to Paragraph 204, Defendants admit that the Company issued a press release and earnings presentation on November 5, 2019, that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the Company's November 5, 2019 press release, and that the full contents of the press release and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 204.

205. In response to Paragraph 205, Defendants admit that the Company hosted a conference call on November 5, 2019, that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in the November 5, 2019 conference call, and that the full contents of the conference call and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 205.

206. In response to the first sentence in Paragraph 206, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made by third parties in the November 5, 2019 conference call, and that the full and actual statements made by such third parties speak for themselves. In response to the remaining allegations in Paragraph 206, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote selectively and out of context statements made by Mr. Burton and Mr. Boynton in the November 5, 2019 conference call, and that the full contents of the conference call and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 206.

207.    In response to Paragraph 207, Defendants admit that Plaintiffs purport to characterize and paraphrase, selectively and out of context, statements made in the November 5, 2019 conference call, and that the full contents of the call and statements therein speak for themselves.  Defendants also admit that a Form 8-K was filed that speaks for itself.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 207.

208.    In response to Paragraph 208, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made by representatives of Cowen, and that the full contents of such statements speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 208.

209.    Defendants deny each and every allegation in Paragraph 209.

210.    In response to Paragraph 210, Defendants admit that daily closing prices and trading data for the Company's publicly traded securities are readily available, and that such data speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 210.

211.    No response is required to Paragraph 211, which was removed by order of the Court and thus does not contain factual allegations requiring admission or denial.  *See* Order Granting in Part and Denying in Part Corrected Motion to Modify Scheduling Order and for Leave to File a Third Amended Complaint; Order Granting Motion to Seal, ECF No. 209.

212.    No response is required to Paragraph 212, which was removed by order of the Court and thus does not contain factual allegations requiring admission or denial.  *See* Order Granting in Part and Denying in Part Corrected Motion to Modify Scheduling Order and for Leave to File a Third Amended Complaint; Order Granting Motion to Seal, ECF No. 209.

213.    No response is required to Paragraph 213, which was removed by order of the Court and thus does not contain factual allegations requiring admission or denial.  *See* Order Granting in Part and Denying in Part Corrected Motion to Modify Scheduling Order and for Leave to File a Third Amended Complaint; Order Granting Motion to Seal, ECF No. 209.

214.    No response is required to Paragraph 214, which was removed by order of the Court and thus does not contain factual allegations requiring admission or denial.  *See* Order Granting in

Part and Denying in Part Corrected Motion to Modify Scheduling Order and for Leave to File a Third Amended Complaint; Order Granting Motion to Seal, ECF No. 209.

215.    No response is required to Paragraph 215, which was removed by order of the Court and thus does not contain factual allegations requiring admission or denial.  *See* Order Granting in Part and Denying in Part Corrected Motion to Modify Scheduling Order and for Leave to File a Third Amended Complaint; Order Granting Motion to Seal, ECF No. 209.

216.    In response to Paragraph 216, Defendants admit that, on June 8, 2020, the Company filed with the SEC a Form 10-K for the fiscal year ending March 28, 2020.  Defendants further admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made by the company in that Form 10-K, and that the full contents of that filing and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 216.

217.    In response to Paragraph 217, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made by the Company in its June 8, 2020 Form 10-K, and that the full contents of that filing and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 217.

218.    No response is required to Paragraph 218 and footnote 32, which do not contain factual allegations requiring admission or denial and purport to describe generalized beliefs or observations of unnamed third parties unrelated to the facts of this case.  To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 and footnote 32, and on that basis deny each and every allegation therein.

219.    No response is required to the first and second sentences in Paragraph 219, which do not contain factual allegations requiring admission or denial and purport to describe generalized beliefs or observations of unnamed third parties unrelated to the facts of this case.  To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences in Paragraph 219, and on that

basis deny each and every allegation therein. In response to the remaining allegations in Paragraph 219 and footnote 33, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, data from certain unidentified documents, and that the full contents of such documents and data, if identified, would speak for themselves. Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 219 and footnote 33.

220. In response to Paragraph 220, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, data from certain unidentified documents, and that the full contents of such documents and data, if identified, would speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 220.

221. No response is required to Paragraph 221, which does not contain factual allegations requiring admission or denial and purports to describe generalized beliefs or observations of unnamed third parties unrelated to the facts of this case. To the extent that any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221, and on that basis deny each and every allegation therein.

222. In response to Paragraph 222, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, data from unidentified documents, and that the full contents of such documents and data, if identified, would speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 222.

223. In response to the first and second sentences in Paragraph 223, Defendants admit that Plaintiffs purport to characterize and paraphrase, selectively and out of context, data from unidentified documents, and that the full contents of such documents, if identified, would speak

for themselves. Defendants deny the remaining allegations in Paragraph 223. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 223.

224. In response to the first sentence in Paragraph 224, Defendants admit that the Company's sales through its distribution channels were in certain instances made pursuant to agreements that included various sales incentive programs, and that the full agreements speak for themselves. In response to the second sentence in Paragraph 224, Defendants admit that the Company properly accounted for promotions, rebates, and other sales incentives, which may be presented as a reduction of accounts receivable at all times. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 224.

225. In response to Paragraph 225, Defendants admit that Plaintiffs purport to characterize and paraphrase, selectively and out of context, data from certain unidentified documents, and that the full contents of such documents and data, if identified, would speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences in Paragraph 225 purporting to characterize and quote statements from alleged former employees to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 225.

226. No response is required to the first sentence in Paragraph 226, which does not contain factual allegations requiring admission or denial and purports to describe generalized beliefs or observations of unnamed third parties unrelated to the facts of this case. To the extent that any response to the first sentence is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 226, and on that basis deny each and every allegation therein. Defendants deny each and every allegation in the second sentence in Paragraph 226.

227. Defendants deny each and every allegation in the first sentence in Paragraph 227. In response to the remaining allegations in Paragraph 227, Defendants admit that Plaintiffs purport to characterize and paraphrase, selectively and out of context, data from certain unidentified documents, and that the full contents of such documents and data, if identified, would speak for

themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 227.

228.    Defendants deny each and every allegation in Paragraph 228.

229.    Defendants deny the allegations in the first sentence in Paragraph 229.  Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 229 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 229.

230.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230 purporting to characterize and quote statements from alleged former employees to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 230.

231.    In response to the first sentence of Paragraph 231, Defendants are informed and believe that the person referred to as FE-2 was employed by Plantronics from August 2007 until FE-2's termination in October 2018 and from 2013 to July 2018 was Senior Country Manager for the Philippines and Vietnam, and on that basis admit such allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 231 purporting to characterize statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 231.

In response to footnote 34, Defendants admit that Don Houston was previously employed by Plantronics, and was for a time an SVP Worldwide Sales.  Except as so expressly stated and admitted, Defendants deny each and every allegation in footnote 34.

In response to footnote 35, Defendants admit that Susan Hansen was employed by Plantronics from May 2004 to June 2018, and for a portion of that time served as the Company's

Vice President of Sales & Marketing for the Asia Pacific region.  Except as so expressly admitted, Defendants deny each and every allegation in footnote 35.

232.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232 purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 232.

233.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 purporting to characterize statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 233.

234.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 which purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 234.

235.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 235.

236.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236 purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 236.

237.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 purporting to characterize and quote statements by an alleged

former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 237.

238. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238 purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 238.

239. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 239.

240. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 purporting to characterize and quote statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 240.

241. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 241.

242. Defendants deny the allegations in the first sentence in Paragraph 242. In response to the second sentence of Paragraph 242, Defendants are informed and believe that the person referred to as FE-3 was employed by the Company from March 2005 to August 2017 and reported to Jose Gonzales for a portion of FE-3's tenure, and on that basis admit such allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 and footnotes 36 and 37 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny

such allegations on that basis.  Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 242.

In response to footnote 36, Defendants admit that David Sandoval was for a time Latin America Sales Manager at Plantronics.  Defendants deny all remaining allegations in footnote 36.

In response to footnote 37, Defendants admit that Jose Gonzales was for a time a Vice President, Global Sales and Channel Practices at Plantronics.  Defendants deny all remaining allegations in footnote  37.

243.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 243.

244.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 244.

245.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 245.

246.    Defendants deny the allegations in the first sentence in Paragraph 246.  In response to the remaining allegations in Paragraph 218, Defendants admit that the Company filed a Form DEF 14A Proxy Statement on May 17, 2019, that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements in that filing, and that the full contents of that filing and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 246.

247.    In response to Paragraph 247, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements in the Company's May 17, 2019 Form DEF 14A Proxy Statement, and that the full contents of that filing and

statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 247.

248.    In response to Paragraph 248, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements in the Company's securities filings, and that the full contents of those filings and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 248.

249.    Defendants deny each and every allegation in Paragraph 249.

250.    Defendants deny each and every allegation in Paragraph 250.

251.    Defendants deny each and every allegation in the first sentence of Paragraph 251.  In response to the second sentence of Paragraph 251, Defendants admit that Mr. Loebbaka was hired by Plantronics in October 2017.  In response to the third sentence of Paragraph 251, Defendants admit that Mr. Hornish was previously the President of Sales for Polycom, and after the acquisition assumed certain responsibilities for sales (Enterprise, Inside, Consumer, Channel and Distribution) in North and South America.  In response to the fourth sentence in Paragraph 251, Defendants admit that the Company maintained sales personnel responsible for selling the Company's enterprise products to a global network of distributors and channel partners during the relevant period.  Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 251.

252.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252 purporting to characterize and/or quote statements by alleged former employees to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 252.

253.    Defendants are informed and believe that the person referred to as FE-4 was an Operations Finance Manager at Polycom from 2007 to July 2, 2018, and continued in the same role at Plantronics from July 2, 2018 until January 2019, and on that basis admit such allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253 purporting to characterize and quote from statements by an alleged

former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 253.

254. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 254.

255. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255 purporting to characterize and quote from statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 255.

256. In response to Paragraph 256, Defendants are informed and believe that the person referred to as FE-5 was a Senior Director of Global Sales Compensation at Plantronics from June 2018 to September 2019, and on that basis admit such allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256 purporting to characterize and/or quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 256.

257. Defendants deny each and every allegation in the first sentence of Paragraph 257. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257 purporting to characterize and quote from statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 257.

258. In response to Paragraph 258, Defendants are informed and believe that the person referred to as FE-6 was Plantronics' Executive Vice President of Engineering for a portion of the time period alleged and attended certain senior leadership meetings, and on that basis admit such allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 258 purporting to characterize and quote from statements by an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly admitted and stated, Defendants deny each and every allegation in Paragraph 258.

259. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259 purporting to characterize statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 259.

260. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260 purporting to characterize and/or quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 260.

261. Defendants deny each and every allegation in the first sentence of Paragraph 261. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261 purporting to characterize and quote statements from an alleged former employee to Plaintiffs and/or their counsel, and therefore deny such allegations on that basis. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 261.

262. Defendants deny each and every allegation in the first sentence of Paragraph 262. In response to the remainder of Paragraph 262, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made in a November 20, 2019 conference, and that the full statements made in that conference speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 262.

263. In response to the first sentence in Paragraph 263, Defendants admit that Plaintiffs purport to characterize, paraphrase, and quote, selectively and out of context, statements made during a November 20, 2019 conference, and that the full contents of statements made in that conference speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 263.

264. Defendants deny each and every allegation in Paragraph 264.

265. Defendants deny each and every allegation in Paragraph 265.

266. Defendants deny each and every allegation in Paragraph 266.

267. Defendants deny each and every allegation in Paragraph 267.

268. Defendants deny each and every allegation in Paragraph 268.

269. Defendants deny each and every allegation in Paragraph 269.

270. No response is required to Paragraph 270, which consists of conclusions of law. To the extent any response is required, Defendants deny each and every allegation in Paragraph 270.

271. Defendants deny each and every allegation in Paragraph 271.

272. No response is required to Paragraph 272, which consists of conclusions of law. To the extent any response is required, Defendants deny each and every allegation in Paragraph 272.

273. No response is required to Paragraph 273, which consists of conclusions of law. To the extent any response is required, Defendants admit that Plantronics' stock was listed and traded on the NYSE. Defendants further admit that Plantronics filed periodic reports with the SEC and NYSE, communicated with public investors via press releases and other public disclosures, and was followed by securities analysts employed by brokerage firms. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 273.

274. Defendants deny each and every allegation in Paragraph 274.

275. Defendants deny each and every allegation in Paragraph 275.

276. In response to Paragraph 276, Defendants admit that Plaintiffs purport to bring a putative class action for alleged violations of federal securities laws. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 276.

277. No response is required to the first sentence in Paragraph 277, which consists of conclusions of law. To the extent any response is required, Defendants deny the allegations in the first sentence in Paragraph 277. In response to the second sentence in Paragraph 277, Defendants admit that the Company's shares were traded on the NYSE during the relevant period. In response

to the third sentence in Paragraph 277, Defendants admit that data regarding the number of shares of outstanding common stock of the Company during the relevant period are readily available, and that such data speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 277.

278.   Defendants deny each and every allegation in Paragraph 278.

279.   Defendants deny each and every allegation in Paragraph 279.

280.   Defendants deny each and every allegation in Paragraph 280.

281.   Defendants deny each and every allegation in Paragraph 281.

282.   In response to Paragraph 282, Defendants incorporate and reassert their responses to Paragraphs 1–281, inclusive, as if set forth fully herein.

283.   In response to Paragraph 283, Defendants admit that Plaintiffs purport to bring a putative class action for alleged violations of the federal securities laws.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 283.

284.   Defendants deny each and every allegation in Paragraph 284.

285.   Defendants deny each and every allegation in Paragraph 285.

286.   Defendants deny each and every allegation in Paragraph 286.

287.   Defendants deny each and every allegation in Paragraph 287.

288.   Defendants deny each and every allegation in Paragraph 288.

289.   Defendants deny each and every allegation in Paragraph 289.

290.   In response to Paragraph 290, Defendants incorporate and reassert their responses to Paragraphs 1–289, inclusive, as if set forth fully herein.

291.   In response to Paragraph 291, Defendants admit that Plaintiffs purport to bring a putative class action for alleged violations of the federal securities laws.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 291.

292.   Defendants deny each and every allegation in Paragraph 292.

293.   Defendants deny each and every allegation in Paragraph 293.

294.   Defendants deny each and every allegation in Paragraph 294.

295.   Defendants deny each and every allegation in Paragraph 295.

296. No response is required to the so-called "Prayer for Relief," which purports to describe the relief requested by Plaintiffs. To the extent that a response is required, Defendants deny each and every allegation in the "Prayer for Relief."

297. No response is required to Paragraph 296, which purports to demand a trial by jury. To the extent a response is required, Defendants deny each and every allegation in Paragraph 296.

## AFFIRMATIVE DEFENSES

In further response to the Third Amended Complaint and each claim asserted in this action, and without assuming the burden of proof, persuasion, or production as to any issue where such burden is not legally assigned to them, Defendants assert the following affirmative and other defenses. By asserting such defenses, Defendants do not in any way waive or limit any defenses raised by the denials, allegations, and averments set forth elsewhere in this Answer. Defendants expressly reserve the right to amend and/or supplement these defenses and assert any other defense as to which discovery, investigation, or further developments may establish a basis.

## FIRST DEFENSE

## (Failure to State a Claim)

The TAC fails to state a claim upon which relief can be granted as to any of the Defendants.

## SECOND DEFENSE

## (No False Statement)

Defendants are not liable on the claims alleged in the TAC because no false or misleading statement was made by any of the Defendants, nor can any false or misleading statement be attributed to any of the Defendants.

## THIRD DEFENSE

## (No Failure to Disclose)

Defendants are not liable on the claims alleged in the TAC because they had no duty to disclose any facts allegedly not disclosed.

**FOURTH DEFENSE**

**(Lack of Materiality)**

Defendants are not liable on the claims alleged in the TAC because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor, including in light of the total mix of information available to investors.

**FIFTH DEFENSE**

**(Safe Harbor)**

To the extent the claims alleged in the TAC are based on any predictions, forecasts, expectations, or other forward-looking statements, those statements were identified as such, were accompanied by meaningful cautionary language, and/or were not made with actual knowledge of falsity. Accordingly, Plaintiffs and the alleged plaintiff class are barred from recovery, in whole or in part, by the safe harbor for forward-looking statements contained in the Exchange Act and Private Securities Litigation Reform Act of 1995. *See* 15 U.S.C. § 78u-5(c).

**SIXTH DEFENSE**

**(Bespeaks Caution)**

To the extent the claims alleged in the TAC are based on predictions, forecasts, expectations, or other forward-looking statements, Plaintiffs and the alleged plaintiff class are barred from recovery, in whole or in part, by the "bespeaks caution" doctrine in that Defendants' public statements, including (but not limited to) statements in SEC filings, press releases, conference calls, analyst events, and interviews, bespoke caution about the risks of investing in the Company.

**SEVENTH DEFENSE**

**(Opinion Statements)**

To the extent the claims alleged in the TAC are based on expressions of opinion, Plaintiffs and the alleged plaintiff class are barred from recovery in whole or in part under the principles set forth in *Omnicare, Inc. v. Laborers Dist. Council*, 575 U.S. 175 (2015).

## EIGHTH DEFENSE

## (Lack of Standing)

The claims alleged in the TAC are barred, in whole or in part, to the extent that Plaintiffs or members of the alleged plaintiff class lack standing to pursue such claims.

## NINTH DEFENSE

## (No Scienter)

Defendants are not liable on the claims alleged in the TAC because none of the Defendants acted with scienter.

## TENTH DEFENSE

## (Good Faith)

Defendants are not liable on the claims alleged in the TAC because each of the Defendants acted at all times in good faith and with good cause.

## ELEVENTH DEFENSE

## (Lack of Reliance)

The claims alleged in the TAC are barred, in whole or in part, because Plaintiffs and the alleged plaintiff class did not actually, justifiably, or reasonably rely upon any of the alleged misstatements or omissions alleged in the TAC, and because reliance may not be presumed based on the fraud on the market doctrine or on any other basis.

## TWELFTH DEFENSE

## (No Artificial Inflation)

The claims alleged in the TAC are barred, in whole or in part, because the purported misstatements, omissions, or other conduct alleged in the TAC did not inflate the price of the Company's securities.

## THIRTEENTH DEFENSE

## (No Loss Causation)

The claims alleged in the TAC are barred, in whole or in part, because Plaintiffs and the alleged plaintiff class have not suffered any injury, damage, harm, or loss as a result of the purported misstatements, omissions, or other conduct alleged in the TAC, and because any injury,

damage, harm, or loss allegedly sustained by Plaintiffs and the alleged plaintiff class was caused by factors other than the purported misstatements, omissions, or other conduct alleged in the TAC (including, but not limited to, market factors, superseding or intervening causes, or the acts and conduct of other persons for whom Defendants are not responsible).

**FOURTEENTH DEFENSE**

**(Truth on the Market)**

The claims alleged in the TAC are barred, in whole or in part, because the subjects of the alleged misstatements and omissions were, in fact, publicly disclosed or were in the public domain and, as such, were available to Plaintiffs and members of the alleged plaintiff class.

**FIFTEENTH DEFENSE**

**(Assumption of Risk)**

The claims alleged in the TAC are barred, in whole or in part, because Plaintiffs and the members of the alleged plaintiff class assumed the risks of investment in the Company's securities, including but not limited to the material facts and risks that were publicly disclosed or were otherwise available in the public domain.

**SIXTEENTH DEFENSE**

**(Lack of Inducement and Good Faith Conduct Under Section 20(a) of the Exchange Act)**

None of the Defendants is liable as a control person under Section 20(a) of the Exchange Act because each Defendant at all times acted in good faith and did not directly or indirectly induce any act or acts allegedly constituting a violation of the Exchange Act. *See* 15 U.S.C. § 78t(a).

**SEVENTEENTH DEFENSE**

**(Failure to Mitigate Damages)**

The claims alleged in the TAC are barred, in whole or in part, because Plaintiffs and the members of the alleged plaintiff class failed to make reasonable efforts to mitigate, minimize, or avoid their alleged injury, damage, harm, or loss, which efforts would have prevented all or part of any such alleged injury, damage, harm, or loss.

## EIGHTEENTH DEFENSE

### (Reliance on Others)

The claims alleged in the TAC are barred, in whole or in part, because at all relevant times Defendants reasonably relied in good faith on information, representations, reports, opinions, and advice provided by others upon whom Defendants were entitled to rely.

## NINETEENTH DEFENSE

### (Conduct of Others)

The claims alleged in the TAC are barred, in whole or in part, to the extent that persons other than Defendants (including, but not limited to, persons whose alleged acts and conduct may not be imputed or attributed to Defendants) caused any injury, damage, harm, or loss allegedly sustained by Plaintiffs or members of the alleged plaintiff class.

## TWENTIETH DEFENSE

### (Contribution and/or Indemnity)

Defendants are entitled to contribution and/or indemnity from others for any liability Defendants, or any of them, might incur in this action.

## TWENTY-FIRST DEFENSE

### (Offset)

Any recovery by Plaintiffs or members of the alleged plaintiff class must be offset by benefits received through their investments in the Company's securities.

## TWENTY-SECOND DEFENSE

### (Unjust Enrichment)

Any recovery in this action must be precluded or reduced to the extent Plaintiffs and members of the alleged plaintiff class would be unjustly enriched.

## TWENTY-THIRD DEFENSE

### (Equitable Defenses)

The claims alleged in the TAC are barred, in whole or in part, by the doctrines of estoppel, unclean hands, laches, ratification, acquiescence, relinquishment, release, *in pari delicto*, and/or abandonment.

## TWENTY-FOURTH DEFENSE

### (Waiver)

The claims alleged in the TAC are barred, in whole or in part, to the extent that Plaintiffs and members of the alleged plaintiff class have knowingly and voluntarily waived any alleged claims they might have against Defendants.

## TWENTY-FIFTH DEFENSE

### (Proportionate Liability)

Any claimed recovery by Plaintiffs or members of the alleged plaintiff class with respect to a particular Defendant is limited to that Defendant's proportionate responsibility. *See* 15 U.S.C. § 78u-4(f).

## TWENTY-SIXTH DEFENSE

### (Lack of Damages)

The claims alleged in the TAC are barred, in whole or in part, because Plaintiffs and members of the alleged plaintiff class suffered no injury, damage, harm, or loss.

## TWENTY-SEVENTH DEFENSE

### (Speculative and/or Excessive Damages)

The claims alleged in the TAC are barred, in whole or in part, to the extent that any injury, damage, harm, or loss allegedly sustained by Plaintiffs or members of the alleged plaintiff class is speculative, cannot be reasonably ascertained, or exceeds the damages permitted by statute. *See* 15 U.S.C. § 78u-4(e), (f).

## TWENTY-EIGHTH DEFENSE

### (Statute of Limitations and Repose)

The claims alleged in the TAC are barred, in whole or in part, to the extent they are untimely under the applicable statute of limitations and/or the applicable statute of repose.

## TWENTY-NINTH DEFENSE

### (Reasonable Care)

If any alleged misstatements or omissions were made (which Defendants deny), the claims of Plaintiffs and/or putative class members are barred as Plaintiffs and/or putative class members

failed to exercise reasonable care to discover the facts related to these alleged misstatements/omissions.

## THIRTIETH DEFENSE

### (Other Defenses)

Defendants hereby reserve and assert all affirmative and other defenses available under federal law and under any applicable state law. Defendants reserve the right to assert additional defenses, crossclaims, and third-party claims in the event that discovery, further investigation, or other developments may indicate that it would be appropriate. Defendants hereby reserve all rights to amend and/or supplement any and all defenses set forth herein.

## PRAYER

WHEREFORE, Defendants respectfully pray for judgment as follows:

1.      That judgment be entered against Plaintiffs and in favor of Defendants, and each of them, on all claims asserted in this action;

2.      That Plaintiffs' Prayer for Relief be denied in its entirety;

3.      That the claims of the Third Amended Complaint be dismissed with prejudice;

4.      That Plaintiffs and members of the alleged plaintiff class take nothing by reason of the claims asserted in this action;

5.      That the Court refuse to certify this suit as a class action;

6.      For costs of suit herein; and

7.      For such other and further relief as the Court may deem just and proper.


Dated:  May 10, 2024                    WILMER CUTLER PICKERING
                                        HALE AND DORR LLP

                                        By:  */s/ Jessica L. Lewis*
                                             Jessica L. Lewis


                                        *Attorneys for Defendants Plantronics, Inc.,*
                                        *Joseph Burton, Charles Boynton, and*
                                        *Pamela Strayer*