# Exhibit 1

EXECUTION COPY

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Sean R. Matt (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
sean@hbsslaw.com

*Counsel for Lead Plaintiff Ilya Trubnikov and*
*Lead Counsel for the Settlement Class*

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
John Rizio-Hamilton (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile:(212) 554-1444
johnr@blbglaw.com

*Counsel for Lead Plaintiff Roofers' Pension*
*Fund and Lead Counsel for the Settlement Class*

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | No. 4:19-cv-07481-JST <br><br> <u>CLASS ACTION</u> <br><br> **STIPULATION AND AGREEMENT OF SETTLEMENT** |

STIPULATION AND AGREEMENT
OF SETTLEMENT

4:19-cv-07481-JST

This Stipulation and Agreement of Settlement, dated as of July 18, 2024 (the "Stipulation"), is entered into between (a) Lead Plaintiffs Ilya Trubnikov and Roofers' Pension Fund ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined in ¶ 1(qq) below); and (b) defendants Plantronics Inc. ("Plantronics") and Joseph Burton, Charles Boynton, and Pamela Strayer (collectively, the "Individual Defendants" and, with Plantronics, "Defendants"), and embodies the terms and conditions of the settlement of the Action.[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever settle, resolve, and dismiss with prejudice the Action and settle and release all Released Claims (defined below). Lead Plaintiffs continue to assert that the claims and allegations have merit and that they and members of the Settlement Class are entitled to recovery.  Defendants continue to deny that the claims and allegations have any merit, deny that they engaged in any wrongdoing or other misconduct, deny that Lead Plaintiffs and the Settlement Class have been damaged, and deny that they have any liability to Lead Plaintiffs or members of the Settlement Class.

WHEREAS:

A.	On November 13, 2019, the first of the related class actions was filed in the United States District Court for the District of Northern District of California (the "Court"), alleging violations of the federal securities laws.

B.	On February 13, 2020, the Court entered an Order appointing Roofers' Pension Fund and Ilya Trubnikov as Lead Plaintiffs for the Action and approving their selection of Bernstein Litowitz Berger & Grossmann LLP and Hagens Berman Sobol Shapiro LLP as Lead Counsel.  ECF No. 62.

C.	On June 5, 2020, Lead Plaintiffs filed the Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint").  ECF No. 72.  The Amended Complaint asserted claims on behalf of all persons and entities who purchased the common stock of Plantronics from August 7, 2018, through November 5, 2019, inclusive.  The Amended Complaint

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

STIPULATION AND AGREEMENT OF SETTLEMENT
- 1 -
4:19-cv-07481-JST

alleged that Defendants made materially false and misleading statements or omissions regarding Plantronics' sales practices. The Amended Complaint asserted claims under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against all Defendants; and claims under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against the Individual Defendants.

D. On August 7, 2020, Defendants moved to dismiss the Amended Complaint, asserting (among other things) that Lead Plaintiffs failed to sufficiently allege (i) actionable misstatements or omissions and (ii) that Defendants acted with scienter. ECF No. 75. On October 2, 2020, Lead Plaintiffs filed their opposition to Defendants' motion to dismiss. ECF No. 79. On November 16, 2020, Defendants filed their reply. ECF No. 81.

E. On March 29, 2021, the Court issued an order granting Defendants' motion to dismiss and permitting Lead Plaintiffs to file an amended complaint within 21 days to correct the deficiencies identified in the Court's order. ECF No. 84.

F. Lead Plaintiffs filed a Second Amended Complaint for Violations of the Federal Securities Laws (the "SAC") on June 22, 2021, which contained new allegations meant to address the concerns identified by the Court. ECF No. 93. Defendants filed their motion to dismiss the SAC on September 7, 2021. ECF No. 97. Lead Plaintiffs filed their opposition to that motion on November 5, 2021. ECF No. 103. Defendants filed their reply in further support of their motion on December 13, 2021. ECF No. 105. On August 17, 2022, the Court issued an order granting in part and denying in part Defendants' Motion to Dismiss the SAC, which had the effect of limiting the Class Period to November 6, 2018, through November 5, 2019, inclusive. ECF No. 109. The Court permitted Lead Plaintiffs to amend the SAC within thirty days of the order. ECF No. 109. Defendants sought leave to file a motion for the Court to reconsider its order (ECF No. 112), which the Court denied on November 7, 2022. ECF No. 128.

G. Discovery in the Action commenced in December 2022 and continued into June 2024. In response to Lead Plaintiffs' requests for production of documents, Defendants produced hundreds of thousands of documents to Lead Plaintiffs. The Parties subpoenaed more than twenty third parties and received additional documents from them. The Parties also took or defended a

total of eight depositions, including depositions of each of the Lead Plaintiffs and of former Plantronics employees.  In addition, the Parties propounded and responded to interrogatories and requests for admission.

H.      The Parties began exploring the possibility of a settlement in the spring of 2023. The Parties agreed to engage in private mediation and retained Michelle Yoshida of Phillips ADR Enterprises to act as mediator in the Action.  On June 22, 2023, counsel for the Parties participated in a full-day mediation session before Ms. Yoshida.  In advance of that session, the Parties exchanged and submitted detailed confidential mediation statements to Ms. Yoshida, accompanied by documents and exhibits.  The session ended without any agreement being reached.

I.      On October 2, 2023, Lead Plaintiffs moved for leave to file a Third Amended Complaint for Violations of the Federal Securities Laws (the "TAC" or "Complaint").  ECF No. 160.  On November 7, 2023, Lead Plaintiffs filed a motion to correct the TAC.  ECF No. 173. Defendants filed their opposition to Lead Plaintiffs' motion for leave to file the TAC on December 1, 2023. ECF No. 177.

J.      On February 8, 2024, Lead Plaintiffs filed their motion for class certification and appointment of class representatives and class counsel, which was accompanied by a report from Lead Plaintiffs' expert on market efficiency and common damages methodologies.  ECF No. 190. On March 21, 2024, Defendants filed their opposition to that motion.  ECF No. 201.  On April 18, 2024, Lead Plaintiffs filed their reply papers in further support of the motion.  ECF No. 217.  On May 17, 2024, the Court informed the Parties that it would consider the motion on their papers and vacated the hearing on the motion.  ECF No. 224.  Lead Plaintiffs' motion for class certification was still pending when the Parties reached their agreement to settle.

K.      On April 12, 2024, the Court issued an order granting in part and denying in part Lead Plaintiffs' motion for leave to file the TAC.  ECF No. 215.  As a result of this order, the original Class Period of August 7, 2018, through November 5, 2019, was reinstated.  On May 10, 2024, Defendants filed their Answer to the TAC.  ECF No. 220.

L.      On June 7, 2024, the Parties participated in a second full-day mediation session before The Honorable Layn R. Phillips (Ret.) of Phillips ADR Enterprises (the "Mediator").  In

advance of the mediation session, the Parties again exchanged and submitted confidential mediation statements to the Mediator, accompanied by documents and exhibits.  At the conclusion of this second mediation session, and following extensive arm's-length negotiations conducted with the assistance and facilitation of the Mediator, the Parties reached agreement to settle this Action in its entirety for $29,500,000.00.

M.      The agreement's terms were memorialized in a term sheet executed by counsel for the Parties on June 7, 2024 (the "Term Sheet").  The Term Sheet set forth, among other things, the Parties' agreement to settle and release all claims against Defendants and Defendants' Releasees (defined below) in return for a cash payment of $29,500,000.00 by or on behalf of Defendants for the benefit of the Settlement Class, subject to, among other things, certain terms and conditions, the execution of definitive settlement documentation, and Court approval.

N.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties and supersedes the Term Sheet.

O.      Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other Settlement Class Members, and in their best interests.  Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other Settlement Class Members will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

P.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, distraction, and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Defendants with respect to any claim or allegation of, any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that

Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiffs have asserted any valid claims, expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other Settlement Class Members) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the securities class action in the matter styled *In re Plantronics, Inc. Securities Litigation*, No. 4:19-cv-07481-JST, pending in the United States District Court for the Northern District of California.

(b)      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)      "Authorized Claimant" means a Settlement Class Member who submits a Claim to the court-approved Claims Administrator and who is approved for payment from the Net Settlement Fund.

(d)      "Claim" means a paper claim submitted on a Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e)      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)      "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)      "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h)      "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i)      "Class Period" means the period from August 7, 2018 through November 5, 2019, both dates inclusive.

(j)      "Complaint" means the Third Amended Complaint for Violations of the Federal Securities Laws filed in the Action on April 11, 2024.

(k)      "Court" means the United States District Court for the Northern District of California.

(l)      "Defendants" means Plantronics and the Individual Defendants.

(m)      "Defendants' Counsel" means Wilmer Cutler Pickering Hale and Dorr LLP.

(n)      "Defendants' Releasees" means Defendants and all of Defendants' past and present officers, directors, employees, insurers, reinsurers, parents, subsidiaries, affiliates, successors, representatives, auditors, attorneys, underwriters, and agents, and the heirs, predecessors, and assigns of the foregoing.

(o)      "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 33 of this Stipulation have been met and have occurred or have been waived.

(p)      "Escrow Account" means an account maintained at Citibank, N.A. wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(q)     "Escrow Agent" means Citibank, N.A.

(r)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(s)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(t)     "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(u)     "Individual Defendants" means Joseph Burton, Charles Boynton, and Pamela Strayer.

(v)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(w)     "Lead Counsel" means the law firms of Hagens Berman Sobol Shapiro LLP and Bernstein Litowitz Berger & Grossmann LLP.

(x)     "Lead Plaintiffs" means Ilya Trubnikov and Roofers' Pension Fund.

STIPULATION AND AGREEMENT OF SETTLEMENT                    - 7 -                    4:19-cv-07481-JST

(y)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intend to apply to the Court for payment from the Settlement Fund.

(z)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(aa)    "Notice" means the Notice of (i) Pendency of Class Action and Proposed Settlement; (ii) Settlement Hearing; and (iii) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed or emailed to Settlement Class Members.

(bb)    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with:  (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(cc)    "Officer" means any officer of a corporation as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(dd)    "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

(ee)    "Plaintiffs' Releasees" means Lead Plaintiffs, Lead Counsel, and all other Settlement Class Members, and their respective past and present officers, directors, employees, insurers, reinsurers, subsidiaries, affiliates, successors, representatives, auditors, attorneys, and agents, and the heirs, predecessors, and assigns of the foregoing.

(ff)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(gg)   "Plantronics" or the "Company" means Plantronics Inc., and its parents, subsidiaries, affiliates, predecessors and successors.

(hh)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(ii)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(jj)   "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(kk)   "Released Defendants' Claims" means all claims and causes of action of every nature and description whatsoever, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted against Defendants in the Action.  For avoidance of doubt, Released Defendants' Claims do not cover, include, or release: (i) any claims relating to the enforcement of the Settlement; or (ii) any claim by any Defendants for insurance coverage, or any claim for indemnification or advancement that the Individual Defendants may have against the Company.

(ll)   "Released Plaintiffs' Claims" means all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment matters, issues, claims, and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether known claims or Unknown Claims, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether direct, representative, derivative, or class in nature, concerning, based on, arising out of, relating to, or in connection with all claims and causes of action that Lead Plaintiffs or any other member of the Settlement Class (i) asserted in the Complaint, or (ii) were or could have been asserted in any forum that both (a) arise out of the same facts, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, disclosures, and/or omissions alleged in the Complaint and (b) relate to the purchase or other acquisition of Plantronics

common stock during the Class Period.  For the avoidance of doubt, Lead Plaintiffs and the Settlement Class will release all claims for damages by Settlement Class members provided for under Sections 10(b) and 20(a) of the Securities Exchange Act which relate to the purchase or other acquisition of Plantronics common stock during the Class Period arising out of the same facts, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, disclosures, and/or omissions alleged in the Complaint.  This Release does not cover, include, or release claims relating to the enforcement of the Settlement.

(mm)   "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(nn)   "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(oo)   "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(pp)   "Settlement Amount" means $29,500,000.00 in cash.

(qq)   "Settlement Class" means all persons or entities who purchased or otherwise acquired the publicly-traded common stock of Plantronics during the Class Period, and were damaged thereby.  Excluded from the Settlement Class are (i) Defendants, (ii) the Immediate Family Members of Defendants Burton, Boynton, and Strayer; (iii) any current or former Officers and directors of Plantronics; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Plantronics; (vii) all Plantronics plans that are covered by ERISA; and (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such.  Also excluded from the Settlement Class are any persons or entities that exclude themselves by submitting a request for exclusion that is accepted by the Court.

(rr)   "Settlement Class Member" means each person or entity who or which is a member of the Settlement Class.

(ss)   "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(tt)   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(uu)   "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(vv)   "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(ww)   "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, their, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, them, or it, might have affected his, her, their, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was

separately bargained for and is a material element of the Settlement.

## CLASS CERTIFICATION

2.	Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to:  (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.	No later than July 19, 2024 (or such later date specifically permitted by the Court), Lead Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.	The obligations incurred pursuant to this Stipulation are in consideration of:  (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

5.	Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims

against any of the Defendants' Releasees, regardless of whether such Settlement Class Members execute and deliver a Proof of Claim Form or share in the Settlement Fund.

6. Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

7. Notwithstanding the provisions of ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8. In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants shall cause the Settlement Amount to be paid into the Escrow Account no later than thirty (30) days after the date by which both of the following have occurred: (a) the entry by the Court of an order preliminarily approving this Settlement; and (b) Lead Counsel have provided Defendants' Counsel with (i) a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited, (ii) a completed wire transfer, ACH transfer, or similar anti-fraud payment request form signed by an authorized representative of the Escrow Account, and (iii) all required wire and check funding instructions and information, including payee name, telephone, and e-mail contact information and a physical address for the Escrow Agent.

## USE OF SETTLEMENT FUND

9. The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance

remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 19-31 below.

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.

11.     The Parties agree that the Settlement Fund is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are

STIPULATION AND AGREEMENT OF SETTLEMENT                        - 14 -                        4:19-cv-07481-JST

necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is a non-recapture settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants (as defined in the Notice), the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.

15.     Such Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this

Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

16.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to be paid solely from (and out of) the Settlement Fund.  Lead Counsel will also apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is expressly set forth in this Stipulation.

17.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award (other than any withholding that the Court may impose), notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

18.     Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

19.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Plantronics' obligation to provide its shareholder list as provided in ¶ 20 below, none of the Defendants, nor any of the other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Settlement Class Members, or Lead Counsel in connection with the foregoing.  Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

20.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, Plantronics shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names, mailing addresses, and, if available, email addresses) of the record purchasers of Plantronics common stock during the Class Period.

STIPULATION AND AGREEMENT          - 17 -                    4:19-cv-07481-JST
OF SETTLEMENT

21.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715, et seq. ("CAFA").  Plantronics is solely responsible for the costs of the CAFA notice and administering the CAFA notice on behalf of all Defendants.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.  The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

22.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

23.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, or any of the other Defendants' Releasees, shall have any involvement with, or liability, obligation or responsibility whatsoever for, the application of the Court-approved plan of allocation.

24.     Any Settlement Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other

proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

25.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Defendants' Releasee, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

26.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in

accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

27.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

28.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

30.     No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees, shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

31.     All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members, other Claimants, and parties to this Settlement expressly

STIPULATION AND AGREEMENT                        - 21 -                        4:19-cv-07481-JST
OF SETTLEMENT

waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

32.     If the Settlement contemplated by this Stipulation is approved by the Court, the Parties shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

33.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)     Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment substantially in the form attached hereto as Exhibit B and the Judgment has become Final, or the Court has entered an Alternate Judgment and neither Lead Plaintiffs nor Defendants seek to terminate the Settlement and the Alternate Judgment has become Final.

34.     Upon the occurrence of all of the events referenced in ¶ 33 above, any and all remaining interest or right of Defendants or their insurance carriers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, the Releases herein shall be effective.

35.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Parties' Term Sheet on June 7, 2024.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 35 and ¶¶ 15, 17, 39, 60, and 61, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 17 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 17 above.

36.     It is further stipulated and agreed that Lead Plaintiffs and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material

respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Third Circuit or the United States Supreme Court, and the provisions of ¶ 35 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

37.     In addition to the grounds set forth in ¶ 36 above, Plantronics shall have the right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be publicly filed with the Court and its terms shall not be publicly disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement).  Lead Plaintiffs shall submit the Supplemental Agreement to the Court under seal in connection with their motion for preliminary approval of the Settlement and will request that the Court afford it confidential treatment.

38.     In addition to the grounds set forth in ¶ 36 above, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, by providing written notice of the election to terminate to Defendants' Counsel no sooner than five (5) business days after the deadline for payment set forth in ¶ 8 above.

STIPULATION AND AGREEMENT OF SETTLEMENT          - 24 -          4:19-cv-07481-JST

## **NO ADMISSION OF WRONGDOING**

39.     Neither the Term Sheet, nor the Settlement (whether or not consummated), nor this Stipulation, including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor the negotiations leading to the execution of the Term Sheet, the Settlement or this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or that any alleged act, statement, omission or conduct by any of the Defendants' Releasees caused injury or damage to Lead Plaintiffs or members of the Settlement Class, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

STIPULATION AND AGREEMENT                    - 25 -                    4:19-cv-07481-JST
OF SETTLEMENT

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

Notwithstanding the foregoing, however, if the Settlement is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

40.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

41.     Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

42.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment. or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 35 above and any cash amounts in the Settlement Fund (less any Taxes paid, due,

or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 35 above.

43. The Parties will use their best efforts to maintain confidentiality of the existence and terms of the Settlement until the Stipulation has been submitted to the Court. This provision will not prevent the Parties from communicating the terms of the Settlement to their insurers, reinsurers, auditors or advisors, to any other Person to whom disclosure is required by law or to comply with applicable legal obligations, or to any escrow agent or claims administrator considered for retention or retained in connection with the Settlement or from complying with their disclosure obligations.

44. The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by The Honorable Layn R. Phillips of Phillips ADR Enterprises, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

45. While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. The Parties shall, in good faith, endeavor to communicate the terms of the Settlement in a manner that is respectful of the fact that no final adjudication of fault was determined by a court or jury. In all events, Lead Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of

wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

46. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of all Parties (or their respective successors-in-interest).

47. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

48. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses and enforcing the terms of this Stipulation, including approval of the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

49. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

50. This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

51. This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

52. This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

53.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

54.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

55.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

56.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

57.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

58.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Lead Plaintiffs or Lead Counsel:     **HAGENS BERMAN SOBOL SHAPIRO LLP**
Attn:   Steve W. Berman
            Sean R. Matt
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

sean@hbsslaw.com

-and-

**BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**
Attn:   John Rizio-Hamilton
            Jesse L. Jensen
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444
johnr@blbglaw.com
jesse.jensen@blbglaw.com

If to Defendants or Defendants' Counsel:    **WILMER CUTLER PICKERING**
**HALE AND DORR LLP**
Attn:   Susan S. Muck
            Kevin P. Muck
            Jessica Lewis
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001
susan.muck@wilmerhale.com
kevin.muck@wilmerhale.com
jessica.lewis@wilmerhale.com

59.    Except as otherwise provided herein, each Party shall bear its own costs.

60.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential, except where disclosure may be required by law or may be necessary to effectuate the terms of the Settlement.

61.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

62.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole

STIPULATION AND AGREEMENT                - 30 -                4:19-cv-07481-JST
OF SETTLEMENT

responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of July 18, 2024.

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Steve W. Berman (admitted *pro hac vice*)
Sean R. Matt (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com

-and-

Reed R. Kathrein (Bar No. 139304)
Lucas E. Gilmore (Bar No. 250893)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Counsel for Lead Plaintiff Ilya Trubnikov and Lead Counsel for the Settlement Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

John Rizio-Hamilton (admitted *pro hac vice*)
William E. Freeland (admitted *pro hac vice*)
Alexander M. Noble (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile:(212) 554-1444
johnr@blbglaw.com
jesse.jensen@blbglaw.com
billy.freeland@blbglaw.com
alexander.noble@blbglaw.com

responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of July 18, 2024.

**HAGENS BERMAN SOBOL SHAPIRO LLP**

_____
Steve W. Berman (admitted *pro hac vice*)
Sean R. Matt (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com

-and-

Reed R. Kathrein (Bar No. 139304)
Lucas E. Gilmore (Bar No. 250893)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

***Counsel for Lead Plaintiff Ilya Trubnikov and Lead Counsel for the Settlement Class***

**BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP**

_____
John Rizio-Hamilton (admitted *pro hac vice*)
William E. Freeland (admitted *pro hac vice*)
Alexander M. Noble (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile:(212) 554-1444
johnr@blbglaw.com
jesse.jensen@blbglaw.com
billy.freeland@blbglaw.com
alexander.noble@blbglaw.com

STIPULATION AND AGREEMENT                - 31 -                4:19-cv-07481-JST
OF SETTLEMENT

-and-

Jonathan D. Uslaner (Bar No. 256898)
2121 Avenue of the Stars, Suite 2575
Los Angeles, California 90067
Tel: (310) 819-3470
jonathanu@blbglaw.com

***Counsel for Lead Plaintiff Roofer's Pension Fund
and Lead Counsel for the Settlement Class***

**WILMER CUTLER PICKERING HALE AND
DORR LLP**

Susan S. Muck (Bar No. 126930)
Kevin P. Muck (Bar No. 120918)
Jessica L. Lewis (Bar No. 302467)
Noah S. Guiney (Bar No. 324079)
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001
susan.muck@wilmerhale.com
kevin.muck@wilmerhale.com
jessica.lewis@wilmerhale.com
noah.guiney@wilmerhale.com

-and-

Peter J. Kolovos (admitted *pro hac vice*)
Sonia Sujanani (admitted *pro hac vice*)
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
peter.kolovos@wilmerhale.com
sonia.sujanani@wilmerhale.com

***Counsel for Defendants Plantronics, Inc., Joseph
Burton, Charles Boynton, and Pamela Strayer***

# Exhibit A

**Exhibit A**

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Counsel for Lead Plaintiff Ilya Trubnikov and*
*Lead Counsel for the Settlement Class*

**BERNSTEIN LITOWITZ BERGER**
**  & GROSSMANN LLP**
John Rizio-Hamilton (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile:(212) 554-1444
johnr@blbglaw.com

*Counsel for Lead Plaintiff Roofers' Pension*
*Fund and Lead Counsel for the Settlement Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC.<br>SECURITIES LITIGATION | No. 4:19-cv-07481-JST<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER**<br>**PRELIMINARILY APPROVING**<br>**SETTLEMENT AND AUTHORIZING**<br>**DISSEMINATION OF NOTICE**<br><br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6 |

WHEREAS, a securities class action is pending in this Court entitled *In re Plantronics, Inc. Securities Litigation*, No. 4:19-cv-07481-JST (the "Action");

WHEREAS, (a) Lead Plaintiffs Ilya Trubnikov and Roofers' Pension Fund ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants Plantronics Inc. ("Plantronics") and Joseph Burton, Charles Boynton, and Pamela Strayer (collectively, the "Individual Defendants" and, with Plantronics, "Defendants", and with Lead Plaintiffs, the "Parties"), have determined to settle and dismiss with prejudice all claims asserted in this Action on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated July 18, 2024 and the exhibits attached thereto (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation, including the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Parties have proposed the certification of the following Settlement Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement:  all persons or entities who purchased or otherwise acquired the publicly-traded common stock of Plantronics during the period from August 7, 2018 through November 5, 2019, inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class").  Excluded from the Settlement Class are: (i) Defendants, (ii) the Immediate Family Members of Defendants Burton, Boynton, and Strayer; (iii) any current or former Officers and directors of Plantronics; (iv) any firm or entity in which any Defendant has or had a controlling

interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Plantronics; (vii) all Plantronics plans that are covered by ERISA; and (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such.  Also excluded from the Settlement Class are any persons or entities that exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.	The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement.  Specifically, and solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met:  (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.	The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that it will likely be able to certify Lead Plaintiffs as Class Representatives for the Settlement Class and appoint Lead Counsel Hagens Berman Sobol Shapiro LLP and Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.	The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that: (i) the Settlement appears to be the product of good faith, arms'-length negotiations, conducted by the Parties and their respective counsel with the assistance of experienced, independent mediators; and (ii) the Court will likely be able to finally approve the Settlement under

Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 20__ at __:__ _.m. either in person in Courtroom 6 of the Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612 or by telephone or videoconference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.      Lead Counsel are hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      Not later than five (5) business days after the date of entry of this Order, Plantronics shall provide or cause to be provided to the Claims Administrator in electronic format

(at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names, mailing addresses, and, if available, email addresses) of the record purchasers of Plantronics common stock during the Class Period;

(b)    not later than ten (10) business days after the date of entry of this Order (such date that is ten (10) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail and/or emailed to potential Settlement Class Members at the addresses set forth in the records provided by Plantronics or in the records which Plantronics caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)    contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the *Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.    The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for

attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.	Brokers and other nominees who purchased or otherwise acquired Plantronics common stock during the Class Period for the benefit of another person or entity shall:  (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.	No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA").

11.     Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12.     Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing,

maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.     Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:     *Plantronics Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91496, Seattle, WA 98111, and (b) each request for exclusion must (i) state the name of the person or entity requesting exclusion; (ii) that such person or entity requests to be excluded from the Settlement Class in *In re Plantronics, Inc. Securities Litigation*, No. 4:19-cv-07481-JST; and (iii) be signed by the person or entity requesting exclusion

15.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.  Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order:  (a) shall be deemed to have waived his, her, their, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16.     Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, their, or its own expense,

individually or through counsel of his, her, their, or its own choice, by filing with the Court such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member that does not enter an appearance will be represented by Lead Counsel.

17.     Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court such that it is filed or postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing.

18.     To be valid, any such objection must contain the Settlement Class Member's name, the basis for the objector's belief that they are a member of the Settlement Class, the basis of their objection (including whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class), and their signature.  All written objections and supporting papers must (a) clearly identify the case name and number (*In re Plantronics, Inc. Securities Litigation*, No. 4:19-cv-07481-JST); (b) be submitted to the Court either by filing them electronically, by mailing them to the Clerk of Court, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing.

19.     Any Settlement Class Member who or which does not make his, her, their, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead

Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.     Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

21.     All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22.     The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.     Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24.     If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and Lead Plaintiffs and

Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Parties' Term Sheet on June 7, 2024, as provided in the Stipulation.

25.     Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet or the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or that any alleged act, statement, omission or conduct by any of the Defendants' Releasees caused injury or damage to Lead Plaintiffs or members of the Settlement Class, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents an amount which could be or would have been recovered after trial;

*provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26.    Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Stipulation.

SO ORDERED this _____ day of _____, 2024.

_____
The Honorable Jon S. Tigar
United States District Judge

# Exhibit A-1

**Exhibit A-1**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | No. 4:19-cv-07481-JST <br><br> <u>CLASS ACTION</u> <br><br> Judge: Hon. Jon S. Tigar |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND
(III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of California (the "Court"), if you purchased or otherwise acquired the publicly-traded common stock of Plantronics, Inc. ("Plantronics" or the "Company") during the period from August 7, 2018 through November 5, 2019, inclusive (the "Class Period") and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs, Ilya Trubnikov and Roofers' Pension Fund ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 26 below), have reached a proposed settlement of the Action for **$29,500,000.00** in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Plantronics, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 74 below).**

1.    **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging that Plantronics and several of its senior officers violated the federal securities laws by making false

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 18, 2024 (the "Stipulation"), which is available at www.PlantronicsSecuritiesLitigation.com.

and misleading statements regarding Plantronics' sales practices.  Defendants deny that the claims and allegations have merit, deny that they engaged in any wrongdoing or other misconduct, and deny that they have any liability to Lead Plaintiffs or members of the Settlement Class.  A more detailed description of the Action is set forth in paragraphs 11-25 below.  If the Court approves the proposed Settlement, the Action will be dismissed and members of the Settlement Class (defined in paragraph 26 below) will settle and release all Released Plaintiffs' Claims (defined in paragraph 38 below).

2.   **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $29,500,000.00 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court; and (e) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is attached hereto as Appendix A.

3.   **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages expert's estimate of the number of shares of Plantronics common stock purchased during the Class Period that may have been affected by the conduct alleged in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is $1.50 per eligible share.  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased or sold their Plantronics common stock, and the total number and value of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth in Appendix A or such other plan of allocation as may be ordered by the Court.

4.   **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants deny that any damages were suffered by any members of the Settlement Class as a result of Defendants' alleged conduct.

5.   **Attorneys' Fees and Expenses Sought:**  Lead Counsel, which have been prosecuting the Action on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel, Hagens Berman Sobol Shapiro LLP and Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees in an amount not to exceed 22% of the Settlement Fund.  In addition, Lead Counsel will apply for payment of Litigation Expenses paid or incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $750,000.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for

any such fees or expenses.  The estimated average cost per affected share of Plantronics common stock, if the Court approves Lead Counsel's fee and expense application, is $0.38 per share.

6.  **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the Settlement Class are represented by John Rizio-Hamilton of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, (800) 380-8496, settlements@blbglaw.com; and Sean R. Matt of Hagens Berman Sobol Shapiro LLP, 1301 Second Avenue, Suite 2000, Seattle, WA 98101, (206) 623-7292, sean@hbsslaw.com.

7.  **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after further contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who believe that Lead Plaintiffs would not be able to prove their claims or overcome Defendants' defenses, and who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, distraction, and expense of further protracted litigation, and to fully, finally and forever settle, resolve, and dismiss with prejudice the Action and settle and release all Released Claims.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM *POSTMARKED OR SUBMITTED ONLINE* NO LATER THAN _____, 2024.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 38 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 39 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *FILED OR POSTMARKED* NO LATER THAN _____, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |

| **GO TO A HEARING ON _____, 20__ AT __:__ __.M.** | Filing a written objection by _____, 2024 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
|---|---|
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form by [        ], 2024, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options—and the deadlines to exercise them—are further explained in this Notice.  Please Note: the date and time of the Settlement Hearing—currently scheduled for _____, 2024 at __:__ __.m. Pacific Time—is subject to change without further notice to the Settlement Class.  It is also within the Court's discretion to hold the hearing in person, by videoconference, or telephonically.  If you plan to attend the hearing, you should check the Settlement website, www.PlantronicsSecuritiesLitigation.com, the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

| **WHAT THIS NOTICE CONTAINS** |
|---|

Why Did I Get This Notice?                                                                          Page __
What Is This Case About?                                                                            Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class?                                           Page __
What Are Lead Plaintiffs' Reasons For The Settlement?                         Page __
What Might Happen If There Were No Settlement?                                 Page __
How Are Settlement Class Members Affected By The Action
   And The Settlement?                                                                           Page __
How Do I Participate In The Settlement?  What Do I Need To Do?      Page __
How Much Will My Payment Be?                                                            Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid?                                                         Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself?                                                                 Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
   Don't Like The Settlement?                                                                Page __
What If I Bought Shares On Someone Else's Behalf?                            Page __

4

Can I See The Court File?  Whom Should I Contact If I Have Questions?        Page __

| **WHY DID I GET THIS NOTICE?** |
|---|

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased Plantronics common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for attorneys' fees and Litigation Expenses (the "Settlement Hearing").  *See* ¶¶ 63-64 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| **WHAT IS THIS CASE ABOUT?** |
|---|

11.    During the period relevant to this lawsuit, Plantronics was a company that produced and marketed a variety of communications equipment for businesses and consumers.  In July 2018, Plantronics acquired Polycom, Inc.  During the Class Period, Plantronics's common stock traded on the New York Stock Exchange under the ticker symbol "PLT."  In May 2021, the Company's ticker symbol changed to "POLY."

12.    This Action involves allegations that, following the acquisition of Polycom and during the Class Period (from August 7, 2018 through November 5, 2019, inclusive), Plantronics and the Individual Defendants—Joseph Burton, Plantronics' Chief Executive Officer during the Class Period; Pamela Strayer, Plantronics' Chief Financial Officer ("CFO") for a portion of the Class Period; and Charles Boynton, Plantronics' CFO for a later portion of the Class Period— made certain material misrepresentations and omissions about Plantronics' sales practices, which allegedly caused the price of Plantronics's common stock to be inflated, and that the price of Plantronics common stock declined when the truth was disclosed through a series of corrective disclosures from June 18, 2019 through November 5, 2019.

13.    On November 13, 2019, the first of the related class actions was filed in the United States District Court for the District of Northern District of California (the "Court"), alleging violations

5

of the federal securities laws.  On February 13, 2020, the Court entered an Order appointing Roofers' Pension Fund and Ilya Trubnikov as Lead Plaintiffs for the Action and approving their selection of Bernstein Litowitz Berger & Grossmann LLP and Hagens Berman Sobol Shapiro LLP as Lead Counsel.

14.   On June 5, 2020, Lead Plaintiffs filed the Amended Complaint for Violations of the Federal Securities Laws ("Amended Complaint").  The Amended Complaint asserted claims on behalf of all persons and entities who purchased the common stock of Plantronics from August 7, 2018, through November 5, 2019, inclusive.  The Amended Complaint alleged that Defendants made materially false and misleading statements or omissions regarding Plantronics' sales practices.  The Amended Complaint asserted claims under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, against all Defendants; and claims under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against the Individual Defendants.

15.   On August 7, 2020, Defendants moved to dismiss the Amended Complaint, asserting (among other things) that Lead Plaintiffs failed to sufficiently allege (i) actionable misstatements or omissions and (ii) that Defendants acted with scienter.  After full briefing on the motion, on March 29, 2021, the Court issued an order granting Defendants' motion to dismiss and permitting Lead Plaintiffs to file an amended complaint within 21 days to correct the deficiencies identified in the Court's order.

16.   Lead Plaintiffs filed a Second Amended Complaint for Violations of the Federal Securities Laws (the "SAC") on June 22, 2021, which contained new allegations meant to address the deficiencies identified by the Court.

17.   Defendants filed their motion to dismiss the SAC on September 7, 2021.  The motion was fully briefed by December 13, 2021.  On August 17, 2022, the Court issued an order granting in part and denying in part Defendants' Motion to Dismiss the SAC, which had the effect of limiting the Class Period to November 6, 2018, through November 5, 2019, inclusive.  The Court permitted Lead Plaintiffs to amend the SAC within thirty days of the order.  Defendants sought leave to file a motion for the Court to reconsider its order, which the Court denied on November 7, 2022. Defendants filed an Answer to the SAC on October 31, 2022 in which, among other things, they denied that they made any misstatements or omissions, denied that they knowingly or recklessly made any misstatement or omission, and denied that they have any liability for the claims asserted by Lead Plaintiffs.

18.   Discovery in the Action commenced in December 2022 and continued into June 2024.  In response to Lead Plaintiffs' requests for production of documents, Defendants produced hundreds of thousands of documents to Lead Plaintiffs.  The Parties subpoenaed more than twenty third parties and received additional documents from them.  The Parties also took or defended a total of eight depositions, including depositions of each of the Lead Plaintiffs and of former Plantronics employees.  In addition, the Parties propounded and responded to interrogatories and requests for admission.

19.   The Parties began exploring the possibility of a settlement in the spring of 2023.  The Parties agreed to engage in private mediation and retained Michelle Yoshida, Esq. of Phillips ADR Enterprises to act as mediator in the Action.  On June 22, 2023, the Parties participated in a full-day mediation session before Ms. Yoshida.  In advance of that session, the Parties exchanged and submitted detailed confidential mediation statements to Ms. Yoshida,

accompanied by documents and exhibits. The session ended without any agreement being reached.

20. On October 2, 2023, Lead Plaintiffs moved for leave to file a Third Amended Complaint for Violations of the Federal Securities Laws (the "TAC" or "Complaint"). On November 7, 2023, Lead Plaintiffs filed a motion to correct the TAC. Defendants filed their opposition to Lead Plaintiffs' motion for leave to file the TAC on December 1, 2023.

21. On February 8, 2024, Lead Plaintiffs filed their motion for class certification and appointment of class representatives and class counsel, which was accompanied by a report from Lead Plaintiffs' expert on market efficiency and common damages methodologies. On March 21, 2024, Defendants filed their opposition to that motion. On April 18, 2024, Lead Plaintiffs filed their reply papers in further support of the motion. Lead Plaintiffs' motion for class certification was still pending when the Parties reached their agreement to settle.

22. On April 12, 2024, the Court issued an order granting in part and denying in part Lead Plaintiffs' motion for leave to file the TAC. As a result of this order, the original Class Period of August 7, 2018, through November 5, 2019, was reinstated. On May 10, 2024, Defendants filed their Answer to the TAC in which, among other things, they denied that they made any misstatements or omissions, denied that they knowingly or recklessly made any misstatement or omission, and denied that they have any liability for the claims asserted by Lead Plaintiffs.

23. On June 7, 2024, the Parties participated in a second full-day mediation session before former United States District Judge Layn R. Phillips of Phillips ADR Enterprises (the "Mediator"). In advance of the mediation session, the Parties again exchanged and submitted confidential mediation statements to the Mediator, accompanied by documents and exhibits. At the conclusion of this second mediation session and following extensive arm's-length negotiations conducted with the assistance and facilitation of the Mediator, the Parties reached an agreement to settle the Action in its entirety for $29,500,000.00. The agreement's terms were memorialized in a term sheet executed on June 7, 2024.

24. On July 18, 2024, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement. The Stipulation can be viewed at www.PlantronicsSecuritiesLitigation.com.

25. On _____, 2024, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
| :---: |
| WHO IS INCLUDED IN THE SETTLEMENT CLASS? |

26. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons or entities who purchased or otherwise acquired the publicly-traded common stock of Plantronics during the period from August 7, 2018 through November 5, 2019, inclusive (the "Class Period"), and were damaged thereby

Excluded from the Settlement Class are: (i) Defendants, (ii) the Immediate Family Members of Defendants Burton, Boynton, and Strayer; (iii) any current or former Officers and directors of

7

Plantronics; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Plantronics; (vii) all Plantronics plans that are covered by ERISA; and (vii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such.   Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive proceeds from the Settlement.**

**If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked (or submitted online) no later than _____, 2024.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|---|

27.   Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the very substantial risks they would face in establishing liability and damages through the Court's ruling on class certification, summary judgment, pre-trial motions, a trial, and appeals, as well as the length and expense to the Settlement Class of continued proceedings.  The risks of continued litigation concerned each main element of Lead Plaintiffs' claims.  Lead Plaintiffs would have been required to prove (i) that Defendants' misstatements and omissions were materially false and misleading when made; (ii) that Defendants knew or recklessly disregarded that the statements and related omissions were false when made (i.e., Defendants acted with "scienter"); (iii) that the revelation of Defendants' fraud caused the loss suffered by Plaintiffs and the Class (i.e., loss causation); and (iv) the amount of class-wide damages.  Defendants would have had arguments concerning each of these issues.

28.   To start, Lead Plaintiffs faced challenges in proving that Defendants made misleading statements or omissions by failing to disclose that the Company's revenues were the result of an alleged channel stuffing scheme that temporarily boosted the Company's short-term revenues at the expense of long-term revenue.  For example, Lead Plaintiffs expected that Defendants would argue that the Company's channel sales and inventory data from the Class Period was inconsistent with Lead Plaintiffs' allegations that the Company had engaged in a channel stuffing scheme.   Lead Plaintiffs also expected that Defendants would argue that the alleged misstatements were not made with "scienter" as required under the Exchange Act.  Defendants would likely have argued that the Individual Defendants did not have fraudulent intent to mislead investors, did not act recklessly, and that, even if their challenged statements were false or misleading (which they denied), that they believed those statements to be true based on information available when the statements were made.  There was a meaningful risk that the Court or jury could find against Lead Plaintiffs on these issues on a complete record at summary judgment or trial.

8

29.   In addition, Lead Plaintiffs expected that Defendants would raise challenges to loss causation, arguing that the price declines at issue were caused by the disclosure of information unrelated to the alleged misstatements and omissions.  For example, Defendants were expected to argue that the price declines following the alleged corrective disclosure on June 18, 2019 resulted from, among other things, the Company's disclosure of tariffs impacting its sales in China, rather than disclosure of harms resulting from the alleged channel stuffing scheme.  Lead Plaintiffs also expected that Defendants would challenge loss causation for the two remaining alleged corrective disclosures on August 6, 2019 and November 5, 2019, on the basis that information they disclosed was not sufficiently related to the alleged misstatements.  Similarly, Defendants would have challenged Lead Plaintiffs' alleged damages and argued that all or a significant portion of the Company's stock price declines could not support recoverable damages.  If Defendants had succeeded on these arguments, the recoverable damages could have been substantially less than the amount provided in the Settlement.

30.   Further, in order to obtain recovery for the Settlement Class, Lead Plaintiffs would have to prevail at several stages—on the pending motion for class certification, at summary judgment, and at trial—and, even if it prevailed on those, on the appeals that were likely to follow.  Thus, there were significant risks attendant to the continued prosecution of the Action, and there was no guarantee that further litigation would have resulted in a higher recovery, or any recovery at all.

31.   Defendants have denied and continue to deny all claims asserted against them in the Action, have denied and continue to deny having engaged in any wrongdoing or violation of law of any kind whatsoever in connection with claims that were alleged, or could have been alleged, in the Action, have denied and continued to deny that their alleged acts or conduct caused damage to anyone, and have maintained and continue to maintain that Defendants' acts and conduct were at all times proper and in compliance with applicable provisions of law.  Defendants have agreed to the Settlement solely to eliminate the burdens, uncertainty, distraction and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants or as a concession as to the merits of any claims or allegations in the Action.

32.   In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.  Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $29,500,000.00 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial, and appeals, possibly years in the future.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

33.   If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover less than the amount provided in the Settlement, or nothing at all.

9

> ### HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
> ### BY THE ACTION AND THE SETTLEMENT?

34.    As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

35.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page [__] below.

36.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page [__] below.

37.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a Judgment.  The Judgment will, among other things, dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 38 below) against Defendants and the Defendants' Releasees (as defined in ¶ 39 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

38.    "Released Plaintiffs' Claims" means all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment matters, issues, claims, and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether known claims or Unknown Claims, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether direct, representative, derivative, or class in nature, concerning, based on, arising out of, relating to, or in connection with all claims and causes of action that Lead Plaintiffs or any other member of the Settlement Class (i) asserted in the Complaint, or (ii) were or could have been asserted in any forum that both (a) arise out of the same facts, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, disclosures, and/or omissions alleged in the Complaint and (b) relate to the purchase or other acquisition of Plantronics common stock during the Class Period.  For the avoidance of doubt, Lead Plaintiffs and the Settlement Class will release all claims for damages by Settlement Class members provided for under Sections 10(b) and 20(a) of the Securities Exchange Act which relate to the purchase or other acquisition of Plantronics common stock during the Class Period

10

arising out of the same facts, matters, events, transactions, acts, occurrences, statements, representations, misrepresentations, disclosures, and/or omissions alleged in the Complaint.  This Release does not cover, include, or release claims relating to the enforcement of the Settlement.

39.   "Defendants' Releasees" means Defendants and all of Defendants' past and present officers, directors, employees, insurers, reinsurers, parents, subsidiaries, affiliates, successors, representatives, auditors, attorneys, underwriters, and agents, and the heirs, predecessors, and assigns of the foregoing.

40.   "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, their, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, their, or its favor at the time of the release of such claims, which, if known by him, her, them, or it, might have affected his, her, their, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code § 1542, or any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a material element of the Settlement.

41.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 42 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 43 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

42.   "Released Defendants' Claims" means all claims and causes of action of every nature and description whatsoever, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted against Defendants in the Action.   For avoidance of doubt, Released Defendants' Claims do not cover, include, or release: (i) any claims relating to the enforcement of the Settlement; or (ii) any claim by any Defendants for insurance coverage.

43.   "Plaintiffs' Releasees" means Lead Plaintiffs, Lead Counsel, and all other Settlement Class Members, and their respective past and present officers, directors, employees, insurers,

reinsurers, subsidiaries, affiliates, successors, representatives, auditors, attorneys, and agents, and the heirs, predecessors, and assigns of the foregoing.

| HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO? |
|---|

44.    To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed) or submitted online* **at www.PlantronicsSecuritiesLitigation.com no later than _____, 2024**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.PlantronicsSecuritiesLitigation.com.   You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-855-680-9512    or    by    emailing    the    Claims    Administrator    at info@PlantronicsSecuritiesLitigation.com.  **Please retain all records of your ownership of and transactions in Plantronics common stock, as they will be needed to document your Claim.** The Parties and Claims Administrator do not have information about your transactions in Plantronics common stock.

45.    If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
|---|

46.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

47.    Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid twenty-nine million five hundred thousand dollars ($29,500,000.00) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

48.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

49.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

12

50.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

51.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (or submitted online) on or before _____, 2024 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 38 above) against the Defendants' Releasees (as defined in ¶ 39 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

52.    Participants in and beneficiaries of a Plantronics employee benefit plan covered by ERISA ("Plantronics ERISA Plan") should NOT include any information relating to their transactions in Plantronics common stock held through the Plantronics ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares or notes that they purchased outside of the Plan.

53.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

54.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

55.    Only Settlement Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only security that is included in the Settlement is Plantronics common stock.

56.    **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiffs.  At the Settlement Hearing, Lead Plaintiffs will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
|---|

57.    Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 22% of the Settlement Fund.  At the same time, Lead Counsel also intend to apply for payment of Litigation Expenses paid or incurred by Lead Counsel in an amount not to exceed $750,000.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

13

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

58.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Plantronics Securities Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91496, Seattle, WA 98111. The exclusion request must be ***received* no later than _____, 2024**.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must include (a) the class member's name, (b) a statement that the class member wishes to be excluded from the settlement class in *In re Plantronics, Inc. Securities Litigation*, No. 4:19-cv-07481-JST; and (c) the class member's signature.

59.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

60.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

61.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

62.    **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

63.    **Please Note**:  The date and time of the Settlement Hearing may change without further written notice to the Settlement Class.  The Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket in the Action through the Federal Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov or the Settlement website, www.PlantronicsSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.PlantronicsSecuritiesLitigation.com.**

64.    The Settlement Hearing will be held on _____, 20__ at __:__ __.m., before the Honorable Jon S. Tigar, either in person at the United States District Court for the Northern

District of California, Courtroom 6 of the Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612, or by telephone or videoconference (in the discretion of the Court). At the Settlement Hearing, the Court will consider: (a) whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class, and should be finally approved; (b) whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) whether the Settlement Class should be certified for purposes of the Settlement; (d) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

65. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. You may object to the proposed Settlement, the Plan of Allocation or the requested fees and expenses. If you wish to object, your objection must be made in writing and include the following: your full name, the basis for your belief that you are a member of the Settlement Class, the basis of your objection (including whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class), and your signature. You may not ask the Court to order a larger settlement; the Court can only approve or deny the Settlement. You may also appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

66. All written objections and supporting papers must: (a) clearly identify the case name and number (*In re Plantronics, Inc. Securities Litigation*, Case No. No. 4:19-cv-07481-JST); (b) be submitted to the Court either by filing them electronically, by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) **be filed or postmarked on or before _____, 2024**.

67. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

68. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

69. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office so that it is *received* **on or before _____, 2024**. Such persons may be heard orally at the discretion of the Court.

70.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court so that the notice is *received* **on or before _____, 2024**.

71.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class, other than a posting of the adjournment on the case website, www.PlantronicsSecuritiesLitigation.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

72.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for attorneys' fees and Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

73.    If you purchased Plantronics common stock from August 7, 2018 through November 5, 2019, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Plantronics Securities Litigation*, c/o JND Legal Administration, P.O. Box 91496, Seattle, WA 98111.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.PlantronicsSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-855-680-9512.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

74.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be reviewed by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Suite 400S, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted

16

on the website maintained by the Claims Administrator, www.PlantronicsSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Plantronics Securities Litigation*
c/o JND Legal Administration
P.O. Box 91496
Seattle, WA 98111
855-680-9512
www.PlantronicsSecuritiesLitigation.com

| | | |
|---|---|---|
| John Rizio-Hamilton | and/or | Sean R. Matt |
| BERNSTEIN LITOWITZ BERGER | | HAGENS BERMAN SOBOL |
| & GROSSMANN LLP | | SHAPIRO LLP |
| 1251 Avenue of the Americas, 44th Floor | | 1301 Second Avenue, Suite 2000 |
| New York, NY 10020 | | Seattle, WA 98101 |
| 800-380-8496 | | (206) 623-7292 |
| settlements@blbglaw.com | | sean@hbsslaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2024

By Order of the Court
United States District Court
Northern District of California

17

## Appendix A

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

75.    As discussed above, the Settlement provides $29,500,000.00 in cash for the benefit of the Settlement Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment by the Court—in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation or modify it without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the settlement website, www.PlantronicsSecuritiesLitigation.com.

76.    The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation is not a formal damages analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

77.    The Plan of Allocation was developed in consultation with Lead Plaintiffs' damages expert.  In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the per-share price of Plantronics common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions.  In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Plantronics common stock in reaction to the public disclosure that allegedly corrected the alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market or industry forces.

78.    In order to have recoverable damages in connection with purchases and/or acquisitions of Plantronics common stock during the Class Period, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the Plantronics common stock.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period from August 7, 2018 through November 5, 2019, which had the effect of artificially inflating the prices of Plantronics common stock.  Alleged artificial inflation was removed from the price of Plantronics common stock as the result of alleged corrective disclosures that occurred on June 18, 2019 (during trading hours at 2:30 pm Eastern Time); on August 6, 2019 (after the close of trading); and on November 5, 2019 (after the close of trading),

18

which partially removed the artificial inflation from the price of Plantronics common stock on June 18, 2019 (after 2:30 p.m.), June 19, 2019, August 7, 2019 and November 6, 2019.  In order to have a "Recognized Claim Amount" under the Plan of Allocation, shares of Plantronics common stock must have been purchased or otherwise acquired during the Class Period and held through at least one of the dates where new corrective information was released to the market and partially removed the artificial inflation from the price of Plantronics common stock.

### CALCULATION OF RECOGNIZED CLAIM AMOUNT

79.    Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Plantronics common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.[2]

80.    For each share of Plantronics common stock purchased or otherwise acquired during the Class Period (from August 7, 2018 through November 5, 2019, inclusive), and:

A.    Sold prior to 2:30 pm Eastern Time on June 18, 2019, the Recognized Loss Amount per share is zero.[3]

B.    Sold on or after 2:30 pm Eastern Time on June 18, 2019 through and including the close of trading on November 5, 2019, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A, or (ii) the purchase price *minus* the sale price;

C.    Sold from November 6, 2019 through and including the close of trading on February 3, 2020, the Recognized Loss Amount will be *the least of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase price *minus* the sale price, or (iii) the purchase price *minus* the average closing price between November 6, 2019 and the date of sale as stated in Table B at the end of this Notice; and

---

[2] Any transactions in Plantronics common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[3] For purposes of this Plan of Allocation, the Claims Administrator will assume that any shares purchased/acquired or sold on June 18, 2019 at any price less than $43.00 per share occurred after the allegedly corrective information was absorbed by the market, and that any shares purchased/acquired or sold on June 18, 2019 at any price equal to or greater than $43.00 per share occurred before the allegedly corrective information was absorbed by the market.  If a Claimant provides documentation with the time stamp for the trade on June 18, 2019, any trade made prior to 2:30 p.m. Eastern Time will be considered as having occurred before the information was disclosed to the market, and any trade at or after 2:30 p.m. Eastern Time will be considered to have occurred after the information was disclosed to the market.

D.   Held as of the close of trading on February 3, 2020, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase price *minus* $27.19, the average closing price for Plantronics common stock from November 6, 2019 through February 3, 2020 (the last entry on Table B at the end of this Notice).[4]

## ADDITIONAL PROVISIONS

81.   **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶ 80 above.

82.   **FIFO Matching:** If a Claimant made more than one purchase/acquisition or sale of Plantronics common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

83.   **Purchase/Sale Prices:** For the purposes of calculations in ¶ 80 above, "purchase price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

84.   **"Purchase/Acquisition/Sale" Dates:** Purchases or acquisitions and sales of Plantronics common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Plantronics common stock during the Class Period will not be deemed a purchase, acquisition, or sale of Plantronics common stock for the calculation of a Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Plantronics common stock unless (i) the donor or decedent purchased or otherwise acquired or sold such Plantronics common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Plantronics common stock.

85.   **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Plantronics common stock. The date of a "short sale" is deemed to be the date

---

[4] Under Section 21D(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Plantronics common stock during the 90-day look-back period from November 6, 2019 through February 3, 2020. The mean (average) closing price for Plantronics common stock during this 90-day look-back period was $27.19.

of sale of the Plantronics common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

86.   In the event that a Claimant has an opening short position in Plantronics common stock, the earliest purchases or acquisitions of Plantronics common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

87.   **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement.  With respect to Plantronics common stock purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

88.   **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Plantronics common stock during the Class Period.  For purposes of making this calculation, the Claims Administrator will determine the difference between (i) the Claimant's Total Purchase Amount[5] and (ii) the sum of the Claimant's Total Sales Proceeds[6] and the Claimant's Holding Value.[7]  If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

89.   If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Plantronics common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement.  If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Plantronics common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

90.   **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share will be the Authorized Claimant's

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares of Plantronics common stock purchased/acquired during the Class Period.

[6] The Claims Administrator will match any sales of Plantronics common stock during the Class Period first against the Claimant's opening position in Plantronics common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any fees, commissions, and taxes) for sales of the remaining shares of Plantronics common stock sold during the Class Period is the "Total Sales Proceeds."

[7] The Claims Administrator will ascribe a "Holding Value" of $25.00 to each share of Plantronics common stock purchased/acquired during the Class Period that was still held as of the close of trading on November 5, 2019.

Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

91.   If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

92.   If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

93.   After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund seven (7) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to the Investor Justice and Education Clinic at Howard University Law School.

94.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants.  No person shall have any claim against Lead Plaintiffs, Lead Counsel, Lead Plaintiffs' damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

**TABLE A**

**Estimated Artificial Inflation with Respect to
Plantronics Common Stock from August 7, 2018 through November 5, 2019**

| Date Range | Artificial Inflation Per Share |
|---|---|
| August 7, 2018 to June 18, 2019 (before 2:30 pm ET) | $24.72 |
| June 18, 2019 (on or after 2:30 pm ET) | $22.61 |
| June 19, 2019 to August 6, 2019 | $19.51 |
| August 7, 2019 to November 5, 2019 | $14.35 |
| After November 5, 2019 | $0.00 |

TABLE B

**90-Day Look-Back Table for Plantronics Common Stock**
**(Closing Price and Average Closing Price:  November 6, 2019 – February 3, 2020)**

| Date | Closing Price | Average Closing Price Between November 6, 2019, and Date Shown | Date | Closing Price | Average Closing Price Between November 6, 2019, and Date Shown |
|---|---|---|---|---|---|
| 11/6/2019 | $25.00 | $25.00 | 12/19/2019 | $26.69 | $25.02 |
| 11/7/2019 | $24.78 | $24.89 | 12/20/2019 | $26.90 | $25.08 |
| 11/8/2019 | $25.47 | $25.08 | 12/23/2019 | $26.48 | $25.12 |
| 11/11/2019 | $25.47 | $25.18 | 12/24/2019 | $26.85 | $25.17 |
| 11/12/2019 | $25.29 | $25.20 | 12/26/2019 | $27.28 | $25.23 |
| 11/13/2019 | $25.25 | $25.21 | 12/27/2019 | $26.74 | $25.27 |
| 11/14/2019 | $25.91 | $25.31 | 12/30/2019 | $26.89 | $25.31 |
| 11/15/2019 | $26.22 | $25.42 | 12/31/2019 | $27.34 | $25.37 |
| 11/18/2019 | $26.40 | $25.53 | 1/2/2020 | $27.79 | $25.43 |
| 11/19/2019 | $25.76 | $25.56 | 1/3/2020 | $27.45 | $25.48 |
| 11/20/2019 | $24.70 | $25.48 | 1/6/2020 | $27.72 | $25.54 |
| 11/21/2019 | $24.36 | $25.38 | 1/7/2020 | $28.99 | $25.62 |
| 11/22/2019 | $24.90 | $25.35 | 1/8/2020 | $29.36 | $25.70 |
| 11/25/2019 | $25.50 | $25.36 | 1/9/2020 | $30.45 | $25.81 |
| 11/26/2019 | $25.51 | $25.37 | 1/10/2020 | $30.99 | $25.93 |
| 11/27/2019 | $25.40 | $25.37 | 1/13/2020 | $31.90 | $26.06 |
| 11/29/2019 | $25.34 | $25.37 | 1/14/2020 | $32.33 | $26.19 |
| 12/2/2019 | $25.30 | $25.36 | 1/15/2020 | $33.16 | $26.34 |
| 12/3/2019 | $24.59 | $25.32 | 1/16/2020 | $33.00 | $26.47 |
| 12/4/2019 | $24.22 | $25.27 | 1/17/2020 | $31.79 | $26.58 |
| 12/5/2019 | $23.60 | $25.19 | 1/21/2020 | $30.74 | $26.66 |
| 12/6/2019 | $23.92 | $25.13 | 1/22/2020 | $31.17 | $26.75 |
| 12/9/2019 | $23.37 | $25.05 | 1/23/2020 | $32.26 | $26.85 |
| 12/10/2019 | $22.92 | $24.97 | 1/24/2020 | $31.84 | $26.94 |
| 12/11/2019 | $24.07 | $24.93 | 1/27/2020 | $29.84 | $27.00 |
| 12/12/2019 | $24.01 | $24.89 | 1/28/2020 | $30.70 | $27.06 |
| 12/13/2019 | $24.00 | $24.86 | 1/29/2020 | $30.25 | $27.12 |
| 12/16/2019 | $25.96 | $24.90 | 1/30/2020 | $29.33 | $27.16 |
| 12/17/2019 | $25.90 | $24.94 | 1/31/2020 | $28.72 | $27.18 |
| 12/18/2019 | $25.69 | $24.96 | 2/3/2020 | $27.47 | $27.19 |

24

# Exhibit A-2

**Exhibit A-2**

*Plantronics Securities Litigation*
**Toll-Free Number:  (855) 680-9512**
**Email:  info@PlantronicsSecuritiesLitigation.com**
**Website:  www.PlantronicsSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class Mail to the address below, or submit it online at www.PlantronicsSecuritiesLitigation.com, with supporting documentation, *postmarked* **(if mailed) or submitted online no later than _____, 2024**.

## Mail to:

*Plantronics Securities Litigation*
**c/o JND Legal Administration**
**P.O. Box 91496**
**Seattle, WA 98111**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN PLANTRONICS COMMON STOCK (NYSE: formerly PLT; currently POLY; CUSIP: 727493108)** | **6** |
| **PART IV – RELEASE OF CLAIMS, CERTIFICATION, AND SIGNATURE** | **7** |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                              Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                              Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

Street Address (second line, if needed)

City                                                   State/Province     Zip Code

Foreign Postal Code (if applicable)          Foreign Country (if applicable)

Telephone Number (Day)                           Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)        ☐ Corporation        ☐ UGMA Custodian        ☐ IRA

☐ Partnership          ☐ Estate             ☐ Trust                 ☐ Other (describe: _____)

Questions? Visit www.PlantronicsSecuritiesLitigation.com or call toll-free (855) 680-9512.          Page 2 of 9

**PART II – GENERAL INSTRUCTIONS**

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  Other definitions of defined terms indicated by initial capital letters are set forth in the Stipulation and Agreement of Settlement ("Stipulation"), filed with the Court on July 19, 2024, and available at www.PlantronicsSecuritiesLitigation.com.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  If you are not a Settlement Class Member (see the definition of the Settlement Class on page [__] of the Notice), or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class, do not submit a Claim Form.  **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.**  Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice or by such other plan of allocation as the Court approves.**

4.      On the **Schedule of Transactions in Part III of this Claim Form**, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Plantronics common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Please note**:  Only purchases or acquisitions of publicly-traded common stock of Plantronics, Inc. ("Plantronics") from August 7, 2018 through November 5, 2019, inclusive, are eligible under the Settlement and the proposed Plan of Allocation set forth in the Notice.  However, under the "90-day look-back period" (described in the Plan of Allocation), sales of Plantronics common stock during the period from November 6, 2019 through the close of trading on February 3, 2020 will be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Plantronics common stock set forth in the Schedule of Transactions in Part III.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Plantronics common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.

7.      **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Plantronics common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the Plantronics common stock in your own name, you were the beneficial owner as well as the record owner. If, however, your shares of Plantronics common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.      **One Claim should be submitted for each separate legal entity or separately managed account.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his, her or their IRA transactions with transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Plantronics common stock made on behalf of a single beneficial owner.

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Plantronics common stock; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the Plantronics common stock you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

12.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.     Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

14.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant

calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

15.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@PlantronicsSecuritiesLitigation.com, or by toll-free phone at (855) 680-9512, or you can visit the website, www.PlantronicsSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the settlement website at www.PlantronicsSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@PlantronicsSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission.  **Do not assume that your file has been received until you receive that email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@PlantronicsSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT (855) 680-9512.**

## PART III – SCHEDULE OF TRANSACTIONS IN PLANTRONICS COMMON STOCK

The only eligible security is the publicly traded common stock of Plantronics, Inc. ("Plantronics"). Plantronics trades on the New York Stock Exchange. During the Class Period, its ticker symbol was **PLT**, it is currently **POLY**. Its **CUSIP** is (and was) **727493108**. Do not include information regarding securities other than Plantronics common stock. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions ¶ 6, above.

| | | | | |
|---|---|---|---|---|
| **1. HOLDINGS AS OF AUGUST 7, 2018 –** State the total number of shares of Plantronics common stock held as of the opening of trading on August 7, 2018. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed<br><br>☐ |
| **2. PURCHASES/ACQUISITIONS FROM AUGUST 7, 2018 THROUGH NOVEMBER 5, 2019** – Separately list each and every purchase or acquisition (including free receipts) of Plantronics common stock from August 7, 2018 through the close of trading on November 5, 2019. (Must be documented.) | | | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| **3. PURCHASES/ACQUISITIONS FROM NOVEMBER 6, 2019 THROUGH FEBRUARY 3, 2020** – State the total number of shares of Plantronics common stock purchased or acquired (including free receipts) from November 6, 2019, through the close of trading on February 3, 2020. If none, write "zero" or "0." _____ | | | | |
| **4. SALES FROM AUGUST 7, 2018 THROUGH FEBRUARY 3, 2020** – Separately list each and every sale or disposition (including free deliveries) of Plantronics common stock from August 7, 2018 through the close of trading on February 3, 2020. (Must be documented.) | | | | **IF NONE, CHECK HERE**<br>☐ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| **5. HOLDINGS AS OF FEBRUARY 3, 2020 –** State the total number of shares of Plantronics common stock held as of the close of trading on February 3, 2020. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed<br><br>☐ |
| **IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐ | | | | |

**PART IV – RELEASE OF CLAIMS, CERTIFICATION, AND SIGNATURE**

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.**

I (We) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim, including Unknown Claims, against all of the Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims, including Unknown Claims, against any or all of the Defendants' Releasees.

I (we) hereby further acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, expressly waive, and by operation of law and of the Judgment shall be deemed to have waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent applicable), and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3.    that the claimant(s) did *not* submit a request for exclusion from the Settlement Class;

4.    that I (we) own(ed) the Plantronics common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.    that the claimant(s) has (have) not submitted any other claim covering the same purchases of Plantronics common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.    that the claimant(s) has (have) not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any Released Plaintiffs' Claim against any of the Defendants' Releasees;

7.      that the claimant(s) submit(s) to the jurisdiction of the United States District Court for the Northern District of California with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

8.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

9.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

10.     that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

11.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                   Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                                   Date

_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of claimant                                           Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee,

custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 10 on page 4 of this Claim Form.)

## REMINDER CHECKLIST

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at (855) 680-9512.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@PlantronicsSecuritiesLitigation.com, or by toll-free phone at (855) 680-9512, or you may visit www.PlantronicsSecuritiesLitigation.com.  DO NOT call Plantronics, the other Defendants, or their counsel with questions regarding your claim.

**This Claim Form must be mailed to the Claims Administrator by First-Class Mail or submitted online to www.PlantronicsSecuritiesLitigation.com, postmarked (or submitted online) no later than _____, 2024.  If mailed, the Claim Form should be addressed as follows:**

*Plantronics Securities Litigation*
c/o JND Legal Administration
P.O. Box 91496
Seattle, WA 98111

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

Questions? Visit www.PlantronicsSecuritiesLitigation.com or call toll-free (855) 680-9512.                    Page 9 of 9

# Exhibit A-3

**Exhibit A-3**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

IN RE PLANTRONICS, INC.
SECURITIES LITIGATION

No. 4:19-cv-07481-JST

<u>CLASS ACTION</u>

Judge: Hon. Jon S. Tigar

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND <u>(III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES</u>

**TO:   All persons and entities who purchased or otherwise acquired the publicly-traded common stock of Plantronics, Inc. ("Plantronics") during the period from August 7, 2018 through November 5, 2019, inclusive (the "Class Period") and were damaged thereby (the "Settlement Class").**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that the above-captioned litigation (the "Action") has been provisionally certified as a class action for the purposes of settlement only on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action, Ilya Trubnikov and Roofers' Pension Fund, have reached a proposed settlement of the Action for **$29,500,000.00** in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

The Action involves allegations that Plantronics and certain of its senior officers violated federal securities laws. Lead Plaintiffs allege that, during the period from August 7, 2018 through November 5, 2019, Plantronics and the Individual Defendants—Joseph Burton, Plantronics' Chief Executive Officer during the Class Period; Pamela Strayer, Plantronics' Chief Financial Officer for a portion of the Class Period; and Charles Boynton, Plantronics' CFO for a latter portion of the Class Period—made certain material misrepresentations and omissions about Plantronics' business, in violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), including misleading investors regarding Plantronics' sales practices. Lead Plaintiff also allege that the Individual Defendants controlled Plantronics when the alleged misstatements were made, in violation of Section 20(a) of the Exchange Act. Defendants deny the allegations in the Action, deny that they made any misleading statements or omissions, and deny any violations of

the federal securities laws.  Issues and defenses at issue in the Action included (i) whether Defendants made materially false statements or omissions; (ii) whether Defendants made the statements with the required state of mind; (iii) whether the alleged misstatements caused class members' losses; and (iv) the amount of damages, if any.  These disputes issues have not been determined by the Court. The proposed settlement was reached following two mediation sessions and extensive arm's-length negotiations conducted with the assistance of experienced third-party mediators.

**A hearing will be held on _____, 20__ at __:__ __.m.**, before the Honorable Jon S. Tigar of the United States District Court for the Northern District of California, either in person in Courtroom 6 of the Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612, or by telephone or videoconference (in the discretion of the Court), to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated July 18, 2024 (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's motion for attorneys' fees and Litigation Expenses should be approved.  The date and time of the Settlement Hearing are subject to change without further notice to the Settlement Class. If you plan to attend the hearing, you should check the Settlement website, www.PlantronicsSecuritiesLitigation.com to confirm that the date and time of the hearing have not changed.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Plantronics Securities Litigation*, c/o JND Legal Administration, P.O. Box 91496, Seattle, WA 98111, 1-855- 680-9512.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.PlantronicsSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2024, or submit it online by this date.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2024, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

2

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses, must be submitted to the Court no later than _____, 2024, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Plantronics, any other Defendants or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP | HAGENS BERMAN SOBOL SHAPIRO LLP |
|---|---|
| John Rizio-Hamilton | Sean R. Matt |
| 1251 Avenue of the Americas, 44th Floor | 1301 Second Avenue, Suite 2000 |
| New York, NY 10020 | Seattle, WA 98101 |
| (800) 380-8496 | (206) 623-7292 |
| settlements@blbglaw.com | sean@hbsslaw.com |

Requests for the Notice and Claim Form should be made to:

*Plantronics Securities Litigation*
c/o JND Legal Administration
P.O. Box 91496
Seattle, WA 98111
(855) 680-9512
www.PlantronicsSecuritiesLitigation.com

By Order of the Court

3

# Exhibit B

**Exhibit B**

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Counsel for Lead Plaintiff Ilya Trubnikov and*
*Lead Counsel for the Settlement Class*

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
John Rizio-Hamilton (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile:(212) 554-1444
johnr@blbglaw.com

*Counsel for Lead Plaintiff Roofers' Pension*
*Fund and Lead Counsel for the Settlement Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | No. 4:19-cv-07481-JST <br><br> CLASS ACTION <br><br> **[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT** <br><br> Judge: Hon. Jon S. Tigar <br> Courtroom: 6 |

JUDGMENT                                No. 4:19-cv-07481-JST

WHEREAS, a securities class action is pending in this Court entitled *In re Plantronics, Inc. Securities Litigation*, No. 4:19-cv-07481-JST (the "Action");

WHEREAS, (a) Lead Plaintiffs Ilya Trubnikov and Roofers' Pension Fund ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants Plantronics Inc. ("Plantronics") and Joseph Burton, Charles Boynton, and Pamela Strayer (collectively, the "Individual Defendants" and, with Plantronics, "Defendants", and with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated July 18, 2024, including the exhibits thereto (the "Stipulation");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, the Stipulation provides for a complete dismissal with prejudice of claims asserted against Defendants, including all of the Claims in the Action, as well claims against Defendants' Releasees, on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, by Order dated _____, 2024 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____, 20__  (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; (b) whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class and (c) whether a judgment should be entered dismissing the

Action with prejudice as against the Defendants and whether the Releases specified and described in the Stipulation should be granted; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on _____, 2024; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____, 2024.

3. The Court hereby certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons or entities who purchased or otherwise acquired the publicly-traded common stock of Plantronics during the period from August 7, 2018 through November 5, 2019, inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class").  Excluded from the Settlement Class are (i) Defendants, (ii) the Immediate Family Members of Defendants Burton, Boynton, and Strayer; (iii) any current or former Officers and directors of Plantronics; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Plantronics; (vii) all Plantronics plans that are covered by ERISA; and (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such.  [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.]

4. For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure

has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Lead Plaintiffs as Class Representatives for the Settlement Class and appoints Lead Counsel Hagens Berman Sobol Shapiro LLP and Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class.  The Court finds that Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private

Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

7.      Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation:  the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  Specifically, the Court finds that:  (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties and their respective counsel at arm's length, including negotiations during two mediation sessions with the assistance of highly experienced mediators, following completion of substantial fact discovery; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of protracted litigation, including pretrial proceedings, trial and appellate proceedings, the proposed means of distributing the Settlement Fund to the Settlement Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other.  [All objections to the Settlement are hereby overruled.]  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed in their entirety with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.      The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

10.     The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

(b)     Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

11.     Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment, any claim by any Defendants for insurance coverage, or any claim for indemnification or advancement that the Individual Defendants may have against the Company.

12.     The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.     Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Settlement set forth in the Stipulation, the negotiations leading to the execution of the Term Sheet, the Settlement, or the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or that any alleged act, statement, omission or conduct by any of the Defendants' Releasees caused injury or damage to Lead Plaintiffs or members of the Settlement Class, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any

other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents an amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14.      Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15.      Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.      If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Parties' Term Sheet on June 7, 2024, as provided in the Stipulation.

17.     There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2024.

_____
The Honorable Jon S. Tigar
United States District Judge