**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Counsel for Lead Plaintiff Ilya Trubnikov and Lead Counsel for the Settlement Class*

**BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**
John Rizio-Hamilton (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile:(212) 554-1444
johnr@blbglaw.com

*Counsel for Lead Plaintiff Roofers' Pension Fund and Lead Counsel for the Settlement Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | No. 4:19-cv-07481-JST<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE \*\*AS MODIFIED\*\*<br><br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6 |

WHEREAS, a securities class action is pending in this Court entitled *In re Plantronics, Inc. Securities Litigation*, No. 4:19-cv-07481-JST (the "Action");

WHEREAS, (a) Lead Plaintiffs Ilya Trubnikov and Roofers' Pension Fund ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants Plantronics Inc. ("Plantronics") and Joseph Burton, Charles Boynton, and Pamela Strayer (collectively, the "Individual Defendants" and, with Plantronics, "Defendants", and with Lead Plaintiffs, the "Parties"), have determined to settle and dismiss with prejudice all claims asserted in this Action on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated July 18, 2024 and the exhibits attached thereto (the "Stipulation"), ECF No. 230-1, subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation, including the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Parties have proposed the certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement: all persons or entities who purchased or otherwise acquired the publicly-traded common stock of Plantronics during the period from August 7, 2018 through November 5, 2019, inclusive (the "Class Period"), and were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are: (i) Defendants, (ii) the Immediate Family Members of Defendants Burton, Boynton, and Strayer; (iii) any current or former Officers and directors of Plantronics; (iv) any firm or entity in which any Defendant has or had a controlling

interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Plantronics; (vii) all Plantronics plans that are covered by ERISA; and (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are any persons or entities that exclude themselves by submitting a request for exclusion that is accepted by the Court.

2. The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of judgment on the proposed Settlement. Specifically, and solely for purposes of judgment on the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and for the purposes of judgment on the proposed Settlement only, that it will likely be able to certify Lead Plaintiffs as Class Representatives for the Settlement Class, and appoint Lead Counsel Hagens Berman Sobol Shapiro LLP and Bernstein Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that: (i) the Settlement appears to be the product of good faith, arms'-length negotiations, conducted by the Parties and their respective counsel with the assistance of experienced,

1  independent mediators; and (ii) the Court will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.   The Court will hold a settlement hearing (the "Settlement Hearing") on August 14, 2025 at 2:00 p.m. by Zoom videoconference for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (c) to determine whether a Judgment substantially in the form filed as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.  Instructions for accessing the Settlement Hearing by Zoom videoconference will be available on the Court's website at https://www.cand.uscourts.gov/judges/tigar-jon-s-jst/ and shall be made available on the case website, www.PlantronicsSecuritiesLitigation.com.

6.   The Court may change the date or time of the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  Up-to-date information about the date and time of the Settlement Hearing shall be made available on the case website, www.PlantronicsSecuritiesLitigation.com.

7.   Lead Counsel are hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the

proposed Settlement, as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) Not later than five (5) business days after the date of entry of this Order, Plantronics shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names, mailing addresses, and, if available, email addresses) of the record purchasers of Plantronics common stock during the Class Period;

(b) not later than ten (10) business days after the date of entry of this Order (such date that is ten (10) business days after the date of entry of this Order, the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms filed as Exhibits A-1 and A-2 to the Stipulation, ECF No. 230-1, respectively (the "Notice Packet"), to be mailed by first-class mail and/or emailed to potential Settlement Class Members at the addresses set forth in the records provided by Plantronics or in the records which Plantronics caused to be provided, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, www.PlantronicsSecuritiesLitigation.com, from which copies of the Notice and Claim Form can be downloaded;

(d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form filed as Exhibit A-3 to the Stipulation, ECF No. 230-1, to be published once in the *Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e) Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication on the same date on which they file a motion for final approval of the proposed Settlement.

8. The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, filed as Exhibits A-1, A-2, and A-3 to the Stipulation, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the

Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing, as well as a statement that the Settlement Hearing will be conducted by videoconference and that instructions for accessing the videoconference will be made available on the case website (www.PlantronicsSecuritiesLitigation.com) and on the Court's website (https://www.cand.uscourts.gov/judges/tigar-jon-s-jst/), shall be included in the Notice and Summary Notice before they are mailed and published, respectively. Additionally, the deadlines set forth in this order for submitting Claim Forms, opting out of the Settlement, and objecting to the Settlement, also shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. Brokers and other nominees who purchased or otherwise acquired Plantronics common stock during the Class Period for the benefit of another person or entity shall: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial

owners. Upon full compliance with this Order, such brokers and other nominees may seek payment of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by brokers and other nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. No later than fourteen (14) calendar days after this order is filed, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA").

11. Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted online at www.PlantronicsSecuritiesLitigation.com no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the

1  person executing the Claim Form is acting in a representative capacity, a certification of his, her,
2  or its current authority to act on behalf of the Settlement Class Member must be included in the
3  Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim
4  Form must be complete and contain no material deletions or modifications of any of the printed
5  matter contained therein and must be signed under penalty of perjury.

6        13.     Any Settlement Class Member that does not timely and validly submit a Claim
7  Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived
8  his, her, their, or its right to share in the Net Settlement Fund; (b) shall be forever barred from
9  participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation
10 and the Settlement and all proceedings, determinations, orders, and judgments in the Action
11 relating thereto, including, without limitation, the Judgment and the Releases provided for therein,
12 whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing,
13 maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the
14 Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding
15 the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

16       14.     Any member of the Settlement Class who wishes to exclude himself, herself,
17 themselves, or itself from the Settlement Class must request exclusion in writing within the time
18 and in the manner set forth in the Notice, which shall provide that: (a) any such request for
19 exclusion from the Settlement Class must be mailed or delivered such that it is received no later
20 than one hundred twenty (120) calendar days after the Notice Date, to:  *Plantronics Securities*
21 *Litigation*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91496, Seattle, WA 98111,
22 and (b) each request for exclusion must (i) state the name of the person or entity requesting
23 exclusion; (ii) that such person or entity requests to be excluded from the Settlement Class in *In re*
24 *Plantronics, Inc. Securities Litigation*, No. 4:19-cv-07481-JST; and (iii) be signed by the person
25 or entity requesting exclusion

26       15.     Any person or entity who or which timely and validly requests exclusion in
27 compliance with the terms stated in this Order and is excluded from the Settlement Class shall not
28 be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or

judgments in the Action, and shall not receive any payment out of the Net Settlement Fund. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, their, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16. Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court such that it is filed or postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Any Settlement Class Member who or which does not request exclusion from the Settlement Class and files a timely written objection with the Court may request to speak at the Settlement Hearing, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its choice, by including this request in the timely written objection. Any such request to speak at the Settlement Hearing may be granted or denied by the Court in the exercise of its discretion. If a Settlement Class Member who files a timely written objection wishes to hire an attorney to represent him, her, them, or it in making the written objection or in appearing at the Settlement Hearing, that will be at his, her, their, or its own expense and that attorney must file a notice of appearance with the Court no later than twenty-one (21) calendar days before the Settlement Hearing.

17. To be valid, a written objection must contain the Settlement Class Member's full name, the basis for the objector's belief that they are a member of the Settlement Class, the basis of their objection (including whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class), and their signature. All written objections and supporting papers must (a) clearly identify the case name and number (*In re Plantronics, Inc. Securities Litigation*, No. 4:19-cv-07481-JST); (b) be submitted to the Court either by filing them electronically, by mailing them to the Clerk of Court, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California; and (c) be filed or postmarked no later than one hundred twenty (120) calendar days after the Notice Date.

18. Any Settlement Class Member who or which does not make his, her, their, or its objection in the manner provided herein shall be deemed to have waived his, her, their, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses.

19. Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

20. All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court so long as such costs do not exceed the

$380,000 estimated by the Claims Administrator. *See* ECF No. 230-5 ¶ 26. For costs of administering the Settlement that exceed the $380,000 estimate, Lead Counsel shall move the Court for approval before such costs are paid out of the Settlement Fund.

21. The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22. Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23. If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Parties' Term Sheet on June 7, 2024, as provided in the Stipulation.

24. Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet or the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that

has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or that any alleged act, statement, omission or conduct by any of the Defendants' Releasees caused injury or damage to Lead Plaintiffs or members of the Settlement Class, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents an amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

25.     Lead Counsel shall file a motion for an award of attorneys' fees and payment of Litigation Expenses no later than sixty (60) days after the Notice Date, and they shall file a motion for final approval of the proposed Settlement and the proposed Plan of Allocation no later than one hundred and thirty-five (135) days after the Notice Date.

26.     The motion for final approval shall address the final approval guidelines in the Northern District of California's Procedural Guidance for Class Action Settlements, available at https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/, in the order the guidelines are presented on the website.

27. As reflected in the Guidance, the Court will require a post-distribution accounting within 21 days after the distribution of settlement funds. The Court will typically withhold between 10% and 25% of the attorney's fees granted at final approval until after the post-distribution accounting has been filed. The final approval motion should specify what percentage class counsel believes it is appropriate to withhold and why.

28. Lead Counsel shall cause to be made available on the case website, , a copy of the operative complaint, the Stipulation, this order, their forthcoming motion for attorneys' fees and Litigation Expenses, and the forthcoming motion for final approval of the proposed Settlement and the proposed Plan of Allocation.

29. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

30. The Court grants the parties' joint administrative motion to seal the supplemental agreement to the Stipulation, ECF No. 231. The supplemental agreement contains confidential information concerning the conditions under which requests for exclusion received from potential Settlement Class Members will permit Plantronics to terminate the Settlement. *See* ECF No. 231-3. The Court finds that the parties have shown that there are compelling reasons to keep this information under seal, namely to prevent third parties from utilizing it for the improper purpose of obstructing the settlement. *See Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 4207245, at *7 (N.D. Cal. Sept. 4, 2018) (granting motion to seal a confidential supplemental agreement outlining the conditions under which the defendant could terminate the settlement agreement on the ground that sealing the information was necessary to prevent third parties from using it to obstruct the settlement).

31. This order terminates docket numbers 230 and 231.

SO ORDERED this 10th day of February, 2024.

_____
HON. JON S. TIGAR
UNITED STATES DISTRICT JUDGE