**HAGENS BERMAN SOBOL SHAPIRO LLP**
Sean R. Matt (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
sean@hbsslaw.com

*Counsel for Lead Plaintiff Ilya Trubnikov and Lead Counsel for the Settlement Class*

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
John Rizio-Hamilton (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile:(212) 554-1444
johnr@blbglaw.com

*Counsel for Lead Plaintiff Roofers' Pension Fund and Lead Counsel for the Settlement Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | Case No. 4:19-cv-07481-JST<br><br>**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT AS MODIFIED**<br><br>Judge:  Hon. Jon S. Tigar<br>Courtroom:  6, 2nd Floor |

1    WHEREAS, a securities class action is pending in this Court entitled *In re Plantronics,*
2    *Inc. Securities Litigation*, No. 4:19-cv-07481-JST (the "Action");

3    WHEREAS, (a) Lead Plaintiffs Ilya Trubnikov and Roofers' Pension Fund ("Lead Plaintiffs"),
4    on behalf of themselves and the Settlement Class (defined below); and (b) defendants Plantronics Inc.
5    ("Plantronics") and Joseph Burton, Charles Boynton, and Pamela Strayer (collectively, the "Individual
6    Defendants" and, with Plantronics, "Defendants", and with Lead Plaintiffs, the "Parties") have entered
7    into a Stipulation and Agreement of Settlement dated July 18, 2024, including the exhibits thereto (the
8    "Stipulation"), ECF No. 230-1;

9    WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall
10   have the same meaning as they have in the Stipulation;

11   WHEREAS, the Stipulation provides for a complete dismissal with prejudice of claims asserted
12   against Defendants, including all of the Claims in the Action, as well as claims against Defendants'
13   Releasees, on the terms and conditions set forth in the Stipulation, subject to the approval of this Court
14   (the "Settlement");

15   WHEREAS, by Order dated February 10, 2025 (ECF No. 240) (the "Preliminary Approval
16   Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure,
17   that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule
18   23(e)(2); and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement;
19   (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members;
20   (c) provided Settlement Class Members with the opportunity either to exclude themselves from the
21   Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final
22   approval of the Settlement;

23   WHEREAS, due and adequate notice has been given to the Settlement Class;

24   WHEREAS, the Court conducted a hearing on August 21, 2025 (the "Settlement Hearing") to
25   consider, among other things, (a) whether the terms and conditions of the Settlement are fair,
26   reasonable, and adequate to the Settlement Class, and should therefore be approved; (b) whether, for
27   purposes of the Settlement only, the Action should be certified as a class action on behalf of the
28   Settlement Class; and (c) whether a judgment should be entered dismissing the Action with prejudice

1  as against the Defendants and whether the Releases specified and described in the Stipulation should
2  be granted; and

3      WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and
4  proceedings held herein in connection with the Settlement, all oral and written comments received
5  regarding the Settlement, and the record in the Action, and good cause appearing therefor;

6      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

7      1.     The Court has jurisdiction over the subject matter of the Action, and all matters relating
8  to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement
9  Class Members.

10     2.     This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the
11  Court on July 19, 2024 (ECF No. 230-1); and (b) the Notice and the Summary Notice, both of which
12  were filed with the Court on April 25, 2025 (ECF No. 243-4).

13     3.     The Court hereby certifies, for the purposes of the Settlement only, the Action as a class
14  action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the
15  Settlement Class consisting of all persons or entities who purchased or otherwise acquired the
16  publicly-traded common stock of Plantronics during the period from August 7, 2018, through
17  November 5, 2019, inclusive (the "Class Period"), and were damaged thereby (the "Settlement
18  Class"). Excluded from the Settlement Class are (i) Defendants; (ii) the Immediate Family
19  Members of Defendants Burton, Boynton, and Strayer; (iii) any current or former Officers and
20  directors of Plantronics; (iv) any firm or entity in which any Defendant has or had a controlling
21  interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of
22  Plantronics; (vii) all Plantronics plans that are covered by ERISA; and (viii) the legal
23  representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any
24  excluded person or entity, in their respective capacity as such.

25     4.     For purposes of the Settlement only, the Court finds that each element required for
26  certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has
27  been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action
28  would be impracticable; (b) there are questions of law and fact common to the Settlement Class which

1  predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical
2  of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and
3  adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior
4  to other available methods for the fair and efficient adjudication of the Action.

5        5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of
6  the Settlement only, the Court hereby certifies Lead Plaintiffs as Class Representatives for the
7  Settlement Class and appoints Lead Counsel Hagens Berman Sobol Shapiro LLP and Bernstein
8  Litowitz Berger & Grossmann LLP as Class Counsel for the Settlement Class. The Court finds that
9  Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in
10 terms of litigating the Action and for purposes of entering into and implementing the Settlement
11 and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g),
12 respectively.

13       6. The Court finds that the dissemination of the Notice and the publication of the
14 Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b)
15 constituted the best notice practicable under the circumstances; (c) constituted notice that was
16 reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the
17 pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be
18 provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv)
19 their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's
20 motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the
21 Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate,
22 and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement;
23 and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United
24 States Constitution (including the Due Process Clause), the Private Securities Litigation Reform
25 Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

26       7. Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil
27 Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in
28 all respects (including, without limitation: the amount of the Settlement; the Releases provided for

therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties and their respective counsel at arm's length, including negotiations during two mediation sessions with the assistance of highly experienced mediators, following completion of substantial fact discovery; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of protracted litigation, including pretrial proceedings, trial and appellate proceedings, the proposed means of distributing the Settlement Fund to the Settlement Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. No Settlement Class Members requested to exclude themselves from the Settlement Class, and no objections to the Settlement were received. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed in their entirety with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

10. The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

    (a) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators,

predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

(b) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

11. Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment, any claim by any Defendants for insurance coverage, or any claim for indemnification or advancement that the Individual Defendants may have against the Company.

12. The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13. Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Settlement set forth in the Stipulation, the negotiations leading to the execution of the Term Sheet, the Settlement, or the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the

Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

    (a)    shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or that any alleged act, statement, omission or conduct by any of the Defendants' Releasees caused injury or damage to Lead Plaintiffs or members of the Settlement Class, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

    (b)    shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

    (c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents an amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this

Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14. Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Parties' Term Sheet on June 7, 2024, as provided in the Stipulation.

17. Lead Counsel shall file a post-distribution accounting within 21 days after all funds have been paid under the Settlement and any checks that were issued have become stale. In addition to the information contained in the Northern District of California's Procedural Guidance for Class Action Settlements, available at https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/, the post-distribution accounting shall discuss any significant or recurring concerns communicated by Settlement Class Members to the Claims Administrator or Lead Counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved.

18. The Court will withhold 10% of the attorneys' fees granted by the Court via a separate order until the post-distribution accounting has been filed. Lead Counsel shall file a proposed order releasing the remainder of the fees when they file their post-distribution accounting.

19. This matter is set for a further case management conference on February 17, 2026, with a case management statement due on February 10, 2026. The parties may request that the case management conference be continued if additional time is needed to complete the distribution. The conference will be vacated if the post-distribution accounting has been filed and the Court has released the remaining attorneys' fees.

20. There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

21. This order terminates ECF No. 246.

SO ORDERED this 25th day of August, 2025.

_____
THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE