**HAGENS BERMAN SOBOL SHAPIRO LLP**
Sean R. Matt (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
sean@hbsslaw.com

*Counsel for Lead Plaintiff Ilya Trubnikov and Lead Counsel for the Settlement Class*

**BERNSTEIN LITOWITZ BERGER**
 **& GROSSMANN LLP**
John Rizio-Hamilton (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile:(212) 554-1444
johnr@blbglaw.com

*Counsel for Lead Plaintiff Roofers' Pension Fund and Lead Counsel for the Settlement Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | No. 4:19-cv-07481-JST<br><br>[~~PROPOSED~~] ORDER APPROVING PLAN OF ALLOCATION AS MODIFIED<br><br>Judge:      Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

This matter came on for hearing on August 21, 2025 (the "Settlement Hearing") on Lead Plaintiffs' motion to approve the proposed plan of allocation ("Plan of Allocation") of the Net Settlement Fund created under the Settlement in the above-captioned class action (the "Action"). The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; it appearing that: (i) the Notice of the Settlement Hearing (which included a summary of the Settlement as well as the full text of the proposed Plan of Allocation) (the "Notice") was mailed to all Settlement Class Members who or which could be identified with reasonable effort substantially in the form approved by the Court; and (ii) a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the proposed Plan of Allocation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order approving the proposed Plan of Allocation incorporates by reference the definitions in the Stipulation of Settlement dated July 18, 2024 (ECF No. 230-1) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order approving the proposed Plan of Allocation, and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3. Notice of Lead Plaintiffs' motion for approval of the proposed Plan of Allocation was given to all Settlement Class Members who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for approval of the proposed Plan of Allocation satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.     Over 22,000 copies of the Notice, which included the Plan of Allocation, were mailed to potential Settlement Class Members and nominees, and no objections to the Plan of Allocation have been received.

5.     The Court hereby finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation mailed to Settlement Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Settlement Class Members with due consideration having been given to administrative convenience and necessity.

6.     The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Settlement Class.  Accordingly, the Court hereby approves the Plan of Allocation proposed by Lead Plaintiffs.

7.     Any appeal or any challenge affecting this Order approving the Plan of Allocation shall in no way disturb or affect the finality of the Judgment.

8.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 25th day of August, 2025.



THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE