**HAGENS BERMAN SOBOL SHAPIRO LLP**
Sean R. Matt (admitted *pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
sean@hbsslaw.com

*Counsel for Lead Plaintiff Ilya Trubnikov and Lead Counsel for the Settlement Class*

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
John Rizio-Hamilton (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile:(212) 554-1444
johnr@blbglaw.com

*Counsel for Lead Plaintiff Roofers' Pension Fund and Lead Counsel for the Settlement Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE PLANTRONICS, INC. SECURITIES LITIGATION | No. 4:19-cv-07481-JST<br><br>**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES AS MODIFIED**<br><br>Judge:     Hon. Jon S. Tigar<br>Courtroom: 6 |

WHEREAS, this matter came on for hearing on August 21, 2025 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated July 18, 2024 (ECF No. 230-1) (the "Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. "While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, Fed. R. Civ. P. 23(h), courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). In carefully considering Lead Counsel's motion for an award of attorneys' fees and

payment of Litigation Expenses, the Court has considered the reasonableness of the request in light of percentage-of-the-common-fund awards in similar cases and additional factors including (1) the results achieved, (2) the risks of litigation, (3) the skill required and the quality of work, (4) the contingent nature of the fee and the financial burden carried by Lead Counsel, (5) awards made in similar cases, (6) the reaction of the Settlement Class, and (7) a lodestar cross-check. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).

5. Lead Counsel are hereby awarded attorneys' fees in the amount of 22% of the Settlement Fund, or $6,490,000 (plus interest earned on this amount at the same rate as the interest earned on the Settlement Fund). Lead Counsel are also hereby awarded $593,198.12 for payment of their litigation expenses. These attorneys' fees and expenses, which the Court finds to be fair and reasonable, shall be paid from the Settlement Fund.

6. Lead Counsel shall be paid 90% of the attorneys' fees awarded ($5,841,000) and 100% of the approved expenses immediately upon entry of the Judgment approving the Settlement and this Order. The remaining 10% of the attorneys' fees awarded ($649,000) (and any interest earned thereon) will be paid after the distribution of the Net Settlement Fund to eligible claimants is conducted and Lead Counsel file a post-distribution accounting. Lead Counsel shall file a proposed order releasing the remainder of the fees when they file their post-distribution accounting.

7. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

    a. The Settlement has created a Settlement Fund of $29,500,000 in cash, which is an amount that is fair and reasonable, that has been funded into an interest-bearing escrow account pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

    b. Lead Counsel litigated this case on a purely contingent basis, and have not received any compensation for their work on this matter over the last five years;

c. The award of attorneys' fees amounts to less than the Ninth Circuit's 25% benchmark in percentage-of-recovery cases, *see In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015) ("Under the percentage-of-recovery method, the attorneys' fees equal some percentage of the common settlement fund; in this circuit, the benchmark percentage is 25%.");

d. The requested fees have been reviewed and approved as reasonable by Lead Plaintiffs, two sophisticated investors that actively supervised the Action;

e. Over 22,000 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 22% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $750,000, and no objections to the requested award of attorneys' fees or Litigation Expenses were submitted;

f. Lead Counsel, who have substantial experience in handling securities class actions and the types of claims asserted herein, conducted the litigation and achieved the Settlement, which is a favorable result for members of the Settlement Class, with skill, perseverance, and diligent advocacy;

g. Had Lead Counsel not achieved the Settlement, there would be a significant risk that Lead Plaintiffs and the other members of the Settlement Class would have recovered less or nothing from Defendants;

h. A lodestar cross-check supports the reasonableness of the attorneys' fees requested and awarded. Lead Counsel devoted over 20,500 hours to the investigation and prosecution of this Action, with a lodestar value of approximately $11.785 million through July 19, 2024, *see* Joint Decl. ¶ 79, ECF No. 243, and will continue to perform work on behalf of the Settlement Class in overseeing the Claims Administrator's processing of claims received and the distribution of the Net Settlement Fund. The attorneys' fees requested and awarded represent a multiplier of .55 of Lead Counsel's lodestar of approximately $11.785 million, which is below the range of multipliers typically awarded in similar cases and supports the reasonableness of the fees requested and awarded, *see*

*Davis v. Yelp, Inc.*, No. 18-CV-00400-EMC, 2023 WL 3063823, at *2 (N.D. Cal. Jan. 27, 2023) (noting that "an upwards fee multiplier" is "commonplace in complex class actions" and that "a multiplier of less than one suggests that the negotiated fee award is reasonable") (collecting cases);

    i.    The attorneys' fees awarded to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases. *See, e.g.*, *In re QuantumScape Sec. Class Action*, Case No. 21-cv-00058-WHO, 2025 WL 353556, at *5 (N.D. Cal. Jan. 22, 2025) (awarding 30% of $47.5 million settlement); *Fleming v. Impax Lab'ys Inc.*, Case No. 16-cv-6557-HSG, 2022 WL 2789496, at *9 (N.D. Cal. July 15, 2022) (awarding 30% of $33 million settlement).

8. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

9. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

10. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

12. This order terminates ECF No. 242.

SO ORDERED this 25th day of August, 2025.

_____
The Honorable Jon S. Tigar
United States District Judge